1
2
3
4
5

David Young, Esq. (SBN 53341)
Law Offices of David Young
12400 Wilshire Blvd., Suite 360
Los Angeles, CA, 90025
Email: dyounglaw@verizon.net
Tel: (310) 575 0308
Fax: (310) 575 0311

6
7

Attorney for Defendant STEVE SMEAD

8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10
11
12
13

CLINTON BROWN,
            Plaintiff,
      vs.
STEVE SMEAD,
                  Defendant

Case No.: LACV23-02938-MEMF-KS

**DEFENDANT'S STATEMENT OF GENUINE DISPUTES**

14
15
16

**Judge:**
      Honorable Maame Ewuse-Mensah Frimpong
**Magistrate Judge:**
      Honorable Karen L. Stevenson
**Hearing Date:**
      PLAINTIFF HAS NOT PROVIDED ANY HEARING DATE
**Hearing Time:** PLAINTIFF HAS NOT PROVIDED ANY HEARING TIME
**Place:**  PLAINTIFF HAS NOT PROVIDED ANY HEARING PLACE

**ACTION FILED:  04/19/2023**

17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANT'S STATEMENT OF GENUINE DISPUTES

**TO THE HONORABLE COURT AND TO ALL PARTIES:**

Defendant, STEVE SMEAD, submits this Statement of Genuine Disputes pursuant to Central District of California Local Rule 56-2, in opposition to the Motion for Summary Judgment herein filed by Plaintiff, Clinton Brown.

Facts 1-37 below correspond to the facts and supporting evidence presented in the Statement of Uncontroverted Facts filed by the moving party, Plaintiff Clinton Brown.  Plaintiff's "Uncontroverted Facts" constitute an undifferentiated mélange of legal conclusions and supposed facts. Defendant has retained the same numbering order which Plaintiff filed. These "facts" are followed by additional material facts and supporting evidence showing a genuine issue, as well as conclusions of law.

| MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | STATUS | RESPONSE TO OPPOSITION |
| --- | --- | --- |
| 1.   The Securities Act of 1933 prohibits the offer as well as the sale of unregistered, non-exempt securities. *(Securities Act of 1933 §5(a), 15 U.S.C. § 77e(a) (1933), as amended through P.L. 117-263 (2022).* | Disputed. | 1.     This calls for a legal conclusion.  The Acts speak for themselves. Defendant disputes that the Acts referenced have any application to either Defendant or this case regarding the transactions which are the subject of Plaintiff's Complaint.  This issue has already been addressed in Defendant's Motion to Dismiss. |
| 2.    An investment contract is a security. *(Securities Act* | Disputed. | 2.     This calls for a legal conclusion.  The Acts |

| MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | STATUS | RESPONSE TO OPPOSITION |
|---|---|---|
| *of 1933 § 2(a)(1), 15 U.S.C. §77b(a)(1) (1933), as amended through P.L. 117-263 (2022); (Securities Exchange Act of 1934 §3(a)(10), 15 U.S.C. §78c(a)(10) (1934), as amended through P.L. 117-328, enacted December 29, 2022).* | | referenced speak for themselves.  Defendant disputes that the Acts referenced have any application to either Defendant or this case regarding the transactions which are the subject of Plaintiff's Complaint.  This issue has already been addressed in Defendant's Motion to Dismiss. |
| 3.    The term investment contract under federal securities law means, an investment (1) in a common venture premised on (2) a reasonable expectation of profits to be (3) derived solely from the entrepreneurial or managerial efforts of others. *(SEC v. W. J. Howey Co., 328 U.S. 293, 298-299, 301, 66 S. Ct. 1100, 1102-1104, 90 L. Ed. 1244, reh. denied 329 U.S. 819, 67 S. Ct. 27,* | Disputed. | 3.      This calls for a legal conclusion.  The Acts referenced speak for themselves.  Defendant disputes that the Acts referenced have any application to either Defendant or this case regarding the transactions which are the subject of Plaintiff's Complaint.  This issue has already been addressed in Defendant's Motion to Dismiss. |

DEFENDANT'S STATEMENT OF GENUINE DISPUTES

| MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | STATUS | RESPONSE TO OPPOSITION |
|---|---|---|
| *91 L. Ed. 697 (1946)).* | | |
| 4.     Any contract or action that involves exchanging a security or interest in a security for something of value is considered a sale or an offer to sell. *(Securities Act of 1933 § 2(a)(3), 15 U.S.C. § 77b(a)(3) (1933), as amended through P.L. 117-263 (2022)).* | Disputed. | 4.     This calls for a legal conclusion.  The Acts referenced speak for themselves.  Defendant disputes that the Acts referenced have any application to either Defendant or this case regarding the transactions which are the subject of Plaintiff's Complaint.  This issue has already been addressed in Defendant's Motion to Dismiss. |
| 5.     The term issuer means every person who issues or proposes to issue any security. *(Securities Act of 1933 § 2(a)(4), 15 U.S.C. § 77b(a)(4) (1933), as amended through P.L. 117-263 (2022)).* | Disputed. | 5.     This calls for a legal conclusion.  The Acts referenced speak for themselves.  Defendant disputes that the Acts referenced have any application to either Defendant or this case regarding the transactions which are the subject of Plaintiff's Complaint.  Defendant specifically |

DEFENDANT'S STATEMENT OF GENUINE DISPUTES

| MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | STATUS | RESPONSE TO OPPOSITION |
|---|---|---|
| | | denies that he is an "issuer" of any "security" regarding the transactions which are the subject of Plaintiff's Complaint. This issue has already been addressed in Defendant's Motion to Dismiss. |
| 6.    Interstate commerce refers to any communication involving securities that crosses state lines. (*Securities Act of 1933 § 2(a)(7), 15 U.S.C. § 77b(a)(7) (1933), as amended through P.L. 117-263 (2022)).* | Disputed. | 6.    This calls for a legal conclusion. The Acts referenced speak for themselves. Defendant disputes that the Acts referenced have any application to either Defendant or this case regarding the transactions which are the subject of Plaintiff's Complaint. Both Plaintiff and Defendant are residents of the State of California. Defendant specifically disputes that he engaged in interstate commerce regarding the two (2) properties in California which are the subject of |

DEFENDANT'S STATEMENT OF GENUINE DISPUTES

25

| MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | STATUS | RESPONSE TO OPPOSITION |
|---|---|---|
| | | Plaintiff's Complaint. Interstate commerce has no relevance to the issues in Plaintiff's Complaint regarding the Securities Acts of 1933 and 1934. |
| 7.  The Securities Exchange Act of 1934 makes it unlaw to use or employ, in connection with the purchase or sale of any security or any security not so registered, any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors. (*Securities Exchange Act of 1934 § 10(b), 15 U.S.C. § 78j(b) (as amended through P.L. 117-328, enacted December 29, 2022)).* | Disputed. | 7.     This calls for a legal conclusion.  The Acts referenced speak for themselves.  Defendant disputes that the Acts referenced have any application to either Defendant or this case regarding the transactions which are the subject of Plaintiff's Complaint.  This issue has already been addressed in Defendant's Motion to Dismiss. |
| 8.    Defendant is an | Disputed. | 8.     This calls for a legal |

DEFENDANT'S STATEMENT OF GENUINE DISPUTES

| MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | STATUS | RESPONSE TO OPPOSITION |
|---|---|---|
| accredited investor per regulations set forth in *17 C.F.R. §230.501(a) (2023)*. | | conclusion.  The Regulation referenced speaks for itself.  Defendant disputes that the Regulation referenced has any application to either Defendant or this case regarding the transactions which are the subject of Plaintiff's Complaint.  Defendant disputes that he is an investor, accredited or not, regarding any of the transactions which are the subject of Plaintiff's Complaint. |
| 9.     Plaintiff is not an accredited investor per regulations set forth in *17 C.F.R. §230.501(a) (2023)*. | Disputed. | 9.       This calls for a legal conclusion.  The Regulation referenced speaks for itself.  Defendant disputes that the Regulation referenced has any application to either Plaintiff, Defendant, or this case regarding the transactions which are the subject of Plaintiff's Complaint.  Defendant disputes that Plaintiff is an |

DEFENDANT'S STATEMENT OF GENUINE DISPUTES

| MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | STATUS | RESPONSE TO OPPOSITION |
|---|---|---|
| | | investor, accredited or not, pursuant to the Regulation, regarding any of the transactions which are the subject of Plaintiff's Complaint. |
| 10.  The Complaint is one cause of action. *(Dk. 11, 15, 25-26).* | Disputed. | 10.    This calls for a legal conclusion.  The Complaint referenced speaks for itself.  The Complaint is so jumbled and confusing that it is difficult to tell what, if any, cause or causes of action are stated, and on that basis, Defendant disputes that the Complaint states one or any cause or causes of action.  Specifically, Defendant denies, pursuant to F.R.C.P. 12(b)(1) and 12(b)(6) that the Complaint states any cause of action cognizable by this Court, as set forth in Defendant's Motion to Dismiss. |
| 11.  The transfer in question are properties located in | Disputed. | 11.    Defendant cannot determine what "transfer" |

DEFENDANT'S STATEMENT OF GENUINE DISPUTES

| MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | STATUS | RESPONSE TO OPPOSITION |
|---|---|---|
| California and Utah. *(Dk. 11, 7, lines 13-16).* | | Plaintiff is referring to. His citations do not help. Defendant cannot in good faith affirm or deny Item 11. |
| 12.  Exhibit 1 *(Dk. 11, 28-29)* are true and correct copies. | Undisputed. | 12.    To the extent Plaintiff is referring to Exhibit 1, attached to the May 20, 2023 Declaration of Steve Smead, that Exhibit is a true and correct copy of an email sent by Clinton Brown to Steve Smead on August 23, 2022, at 12:52 a.m. |
| 13.  Exhibit 2 *(Dk 11, 31)* is a true and correct copy. | Undisputed. | 13.    To the extent Plaintiff is referring to Exhibit 2, attached to the May 20, 2023 Declaration of Steve Smead, that Exhibit is a true and correct copy of an email sent by Clinton Brown to Steve Smead on August 23, 2022, at 1:10 a.m. |
| 14.  Local Rules must not disadvantage a party. *(F.R.C.P. 83(a)(2).* Thus, a 'meet and confer' should occur through the Court with | Disputed. | 14.    Disputed.  Plaintiff Clinton Brown totally misstates the law. |

DEFENDANT'S STATEMENT OF GENUINE DISPUTES

| MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | STATUS | RESPONSE TO OPPOSITION |
|---|---|---|
| the Magistrate. *(Dk. 11, 35-47, Exhibits A-D); (Hickman v. Taylor, 329 U.S. 495, 67 S. Ct. 385 (1947)).* | | |
| 15.  Between September 2020 and March 2023, the Plaintiff and Defendant had at least two hundred eighty-seven (287) written email communications.[1] <br><br> [1]Gmail Conversation Log, Clinton Brown v. Steve Smead, No. 2:23-cv-02938 (C.D. Cal. June 11, 2023). (Dk. 21, 7-17). | Disputed. | 15.    Since Plaintiff has not provided copies of the email communications, Defendant cannot accurately respond to Item 15.  Therefore, Defendant will dispute this Item.  Defendant will not dispute that he had phone conversations and/or email communications with Plaintiff. |
| 16.  In 2022 the Plaintiff and Defendant had at least twenty-nine (29) phone call conversations equal to no less than 643 minutes.[2] <br><br> [2]Phone Call Record Log, Clinton Brown v. Steve Smead, No. 2:23-cv-02938 (C.D. Cal. June 11, 2023). (Dk. 21, 18). | Disputed. | 16.    Since Plaintiff has not provided copies of the transcripts of the phone conversations, and no discovery has taken place, Defendant cannot accurately respond to Item 16.  Therefore, Defendant will not dispute that he had phone conversations and/or email communications with Plaintiff. |

DEFENDANT'S STATEMENT OF GENUINE DISPUTES

| MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | STATUS | RESPONSE TO OPPOSITION |
|---|---|---|
| 17.  The Defendant received a copy of the Harper appraisal report valuing the property at $1,100,000. *(Brown, Clinton. Email to Steve Smead. "Harper Lake Appraisal" 25 May 2022, Email #169).* | Disputed. | 17.     Since Plaintiff has not provided a copy of the email involved, Defendant cannot in good faith answer Item 17.  Plaintiff has not stated under what conditions such valuation would be effective. |
| 18.  The Defendant purchased and was assigned the Harper property first deed of trust from American Pacific Investments for the full-face recorded value. *(Smead, Steve. Email to Clinton Brown. "Harper Lake purchase docs" 11 July 2022, Email #187).* | Undisputed. | 18.     Defendant purchased the First Trust Deed on the Harper Property in order to protect his interest in his Second Trust Deed.  The First Trust Deed holder was threatening to foreclose, and if foreclosure happened, the Defendant would have been wiped out.  Plaintiff was in default on the First and Second Trust Deeds, and had failed to pay any property taxes.  (Smead Decl., ¶¶ 8, 9) |
| 19.  The Defendant purchased a Nevada property deed of trust from the Plaintiff for approximately | Undisputed. | 19.     Undisputed. |

DEFENDANT'S STATEMENT OF GENUINE DISPUTES

| MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | STATUS | RESPONSE TO OPPOSITION |
|---|---|---|
| 50% of the face value on or about September 28, 2022. *(Smead, Steve. Email to Clinton Brown. "Trust Deed Purchase" 28 September 2022, Email #263).* | | |
| 20.  The Plaintiff confirmed the offer from the Defendant. *(Brown, Clinton. Email to Steve Smead. "Trust Deed Purchase" 28 September 2022, Email #264).* | Disputed. | 20.    This Item is confusing as to what "offer" is involved; Defendant cannot in good faith respond to this Item.  No documentation is provided. Therefore, Defendant disputes this Item. |
| 21.  The Plaintiff and Defendant exchanged CONFIDENTIAL information regarding Harper Lake's proposed offer from a third-party solar developer on October 17, 2022. *(Brown, Clinton. Email exchange with Steve Smead. "CONFIDENTIAL"17 October 2022, Email #265 and #266, respectively).* | Disputed. | 21.    Disputed in that Defendant never exchanged Confidential information with Plaintiff.  Defendant cannot in good faith confirm or deny the remainder of this Item, since Defendant has not provided any underlying documentation as to what confidential information he is referring to. |
| 22.  The Plaintiff sent a | Undisputed. | 22.    Undisputed.  The |

DEFENDANT'S STATEMENT OF GENUINE DISPUTES

| MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | STATUS | RESPONSE TO OPPOSITION |
|---|---|---|
| Proposal to stave off foreclosure for (6) six months on December 3, 2022. *(Brown, Clinton. Email to Steve Smead. "Proposal" 03 December 2022, Email #276)*[3.] <br><br> [3.]Modification Agreement, December 2, 2022. (Dk 21, 19) | | proposal was inadequate, as Plaintiff was so informed. |
| 23. The Plaintiff sent the third-party solar developer contract to the Defendant on December 15, 2022. *(Brown, Clinton. Email to Steve Smead. "Lease for Harper" 15 December 2022, Email #278).* | Undisputed. | 23. Undisputed. The contract was inadequate, as Plaintiff was so informed. |
| 24. The Plaintiff notified the Defendant of a Chapter 11 Sub V bankruptcy filing and the automatic stay on December 28, 2022 and December 29, 2022, respectively. *(Brown, Clinton. Emails to Steve Smead. "Information Regarding Chapter 11* | Undisputed. | 24. Undisputed. Plaintiff threatened to go into bankruptcy, but it is unclear if he ever filed for bankruptcy. Discovery would be needed on this issue. |

DEFENDANT'S STATEMENT OF GENUINE DISPUTES

| MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | STATUS | RESPONSE TO OPPOSITION |
|---|---|---|
| *Subchapter V Filing and Alternative."; "Automatic Stay Chapter 11 Subchapter V," 28-29 December 2022, Emails #279-282).* | | |
| 25.  The Malibu property appraised for $450,000 in February 2021*. (Varon, B. (2021). Appraisal Report: Residential Property (Calle Del Barco), Tract No 10570 Lot 182, Malibu, CA 90265. Prepared for FMC Lending, 380 Beach Road, Suite D, Burlingame, CA 94010. Date of Report: February 12, 2021).* | Undisputed. | 25.    Undisputed. |
| 26.  The Utah property appraised for $240,000 in June 2021. *(Colliers International (2021). Appraisal Report File #: SLC210208), Vacant Land (Millard County), APN/Parcel 8710-1. Prepared for FMC Lending, 380 Beach Road, Suite D, Burlingame, CA* | Undisputed. | 26.    Undisputed. |

**DEFENDANT'S STATEMENT OF GENUINE DISPUTES**

| MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | STATUS | RESPONSE TO OPPOSITION |
|---|---|---|
| *94010. Date of Report: June 8, 2021).* | | |
| 27.  The Harper property appraised for $1,100,000 in December 2021. *(Pacific Valuation (2021). A Restricted Appraisal Report: A 400-Acre Entitled Vacant Lot* 3 Modification Agreement, December 2, 2022. (Dk 21, 19) *located at 42829 Harper Lake Road, Hinkley, San Bernardino County, CA 92347. Prepared for Fundamental Rate, 555 California St Suite 4925, San Francisco, CA 94104. Date of Report: December 20, 2021).* | Disputed. | 27.   The appraisal was contingent upon the Harper Property being developed as a Solar Farm.  Discovery would be needed on this issue. |
| 28.  The Malibu, Utah and Harper properties had a combined appraised value of $1,790,000 in 2021. *(No. 25, No. 26, No. 27).* | Disputed. | 28.   The appraisal was contingent upon the Harper Property being developed as a Solar Farm.  The Malibu Property appraisal was contingent upon a geological survey permitting a home being built on the |

DEFENDANT'S STATEMENT OF GENUINE DISPUTES

| MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | STATUS | RESPONSE TO OPPOSITION |
|---|---|---|
| | | lot.  The Utah Property was contingent being developed as a Solar Farm.  Discovery will be needed on this issue. |
| 29.  The original purchase prices for each property are as follows: Malibu $290,000, Utah $49,999, Harper $498,000, for a total of $837,999. *(Public Records, Appraisal Reports, No. 25, No. 26, No. 27).* | Undisputed. | 29.    Undisputed. |
| 30.  The equity in the Malibu, Utah and Harper properties was $952,001 in 2021. *(Appraisals minus purchase prices, No. 25, No. 26, No. 27, No. 28, No. 29).* | Disputed. | 30.    Disputed.  The "equity" is dependent upon contingencies within the appraisals that relied on the Harper and Utah Properties being developed as Solar Farms, and the Malibu Property having positive geological reports.  Discovery will be needed on this issue. |
| 31.  The Plaintiff's 409a valuation was shared with the Defendant in September 2021. *(Brown, Clinton. Email* | Disputed. | 31.    Defendant is unable to admit or deny.  Discovery will be needed on this issue. |

16

DEFENDANT'S STATEMENT OF GENUINE DISPUTES

| MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | STATUS | RESPONSE TO OPPOSITION |
|---|---|---|
| exchange with Steve Smead. "Common Stock Loan Request." 16 September 2021 - 29 September 2021. Emails #54-58, respectively). | | |
| 32.  The projects had a value of at least $21,400,000 in 2021. *(Bay Valuation Advisors, LLC. (2021). Atlas, Inc. Valuation of Common Stock. Oakland, CA. Valuation Date: June 30, 2021. Report Date: September 21, 2021).* | Disputed. | 32.    Defendant is unable to confirm or deny.  Any valuations would be based on contingencies, such as establishment of a Solar Farm.  Plaintiff has not provided the underlying documentation for Defendant's review. Discovery will be needed on this issue. |
| 33.  In May 2021 the Defendant purchased the seller-financed second deed of trust on Malibu for its full value of $119,000. *(Los Angeles County Recorder's Office. (2021, May 21). Substitution of Trustee and Full Reconveyance. Document Number:* | Disputed. | 33.    Defendant is unable to confirm or deny.  Plaintiff has not provided the underlying documentation for Defendant's review. |

17

| MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | STATUS | RESPONSE TO OPPOSITION |
|---|---|---|
| *202105210190066).* | | |
| 34. In June 2021, the Defendant recorded a $200,000 deed of trust on the Utah property. *(Millard County Recorder. (2021, June 29). Trust Deed: APN/Parcel ID 8710-1. Trustee: Title First Title Insurance Agency, LLC. Amount: $200,000. Notarized in New York by Jenice Hernandez, Notary Public, State of New York, No. OLHE6359254. Recorded at 12:24 PM, Entry #: 00215042).* | Undisputed. | 34.   Undisputed. |
| 35. In July 2022, the Defendant purchased the seller-financed first deed of trust on Harper through assignment at the full value of $348,000. (*San Bernardino County Recorder. (2022, July 19). Corporation Assignment of Deed of Trust, Doc #2022-* | Undisputed. | 35.   Undisputed as to purchase of First Trust Deed, not as to amount. Correct amount is $370,350. If Defendant had not purchased the First Trust Deed, he would have been wiped out on foreclosure of the First Trust Deed.  The holder of the First Trust |

| MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | STATUS | RESPONSE TO OPPOSITION |
|---|---|---|
| *0251090. Document records assignment by American Pacific Investments, LLC, for property APN/Parcel ID(s): 0490-091-09 and 0490-091-19).* | | Deed was threatening to foreclose, since Plaintiff was not making payments. |
| 36.  In August 2022 the Defendant filed notices of default for all deeds of trust on the Malibu, Utah, and Harper properties. *(Los Angeles County Recorder. (2022, August 18). Notice of Default. Document ID: 22-0828300. Recorded on the Malibu property, APN/Parcel ID: 4451-015-021); (Millard County Recorder's Office, Utah. (2022, August 29). Notice of Default and of Election to Sell. Entry No. 06221473, Book 731, Page 548, APN/Parcel ID: 8710-1); (San Bernardino County Recorder. (2022, August 25). Notice of Default. Document Number: 2022-0291892,* | Undisputed. | 36.     Undisputed. |

DEFENDANT'S STATEMENT OF GENUINE DISPUTES

| MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | STATUS | RESPONSE TO OPPOSITION |
|---|---|---|
| *APN/Parcel ID(s): 0490-091-0-000 and 0490-091-19-0-000).* | | |
| 37.  The Malibu, Utah and Harper properties were foreclosed on in January 2023. *(Los Angeles County Recorder. (2023, January 23). Trustee's Deed. Document Number: 2022-01537. Document records transfer of property to Steve Smead, APN/Parcel ID: 4451-015-021); (Millard County Recorder's Office, Utah. (2023, March 8). Trustee's Deed. Entry No. 0218042, Book 703, Page 381. Document by TitleFirst Title Insurance Agency, LLC records transfer of property to Steve Smead. APN/Parcel ID: 8710-1); (San Bernardino County Recorder. (2023, January 31). Trustee's Deed. Document Number: 2023-0021452. Records transfer* | Undisputed. | 37.    Undisputed. |

| MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | STATUS | RESPONSE TO OPPOSITION |
|---|---|---|
| *of property by Steve Smead, APN/Parcel ID(s): 0490-091-0-000 and 0490-091-19-0-000).* | | |

Opposing Party also contends that the following other material facts are uncontroverted:

1.      Both Plaintiff and Defendant are residents of California. (Plaintiff's Complaint, p.1)

2.      Defendant was never an investor in any of Plaintiff's businesses or schemes, including without limitation, Defendant's solar businesses or schemes.  (Smead Decl., ¶¶ 5-7)

3.      Defendant had no equity interest in Plaintiff's solar power business, or any other business of Plaintiff.  (Smead Decl., ¶¶ 5-7)

4.      The only parties to the transactions which are the subject of this litigation were the Plaintiff, Defendant, and Trustee for the Deed of Trust.  (Smead Decl., ¶ 3)

5.      Neither the notes nor deeds of trust were fractionalized among any other parties, nor were they part of a series of notes of equal priority secured by the same trust deed on the real estate involved in the Complaint.  (Smead Decl., ¶ 4)

6.      Defendant did not expect to, nor did he participate in, the profits from any of the businesses of Clinton Brown.  Defendant's only expectation was that he would be paid the principal of the loan, and interest, as stated in the individual Notes secured by the individual Deeds of Trust.  (Smead Decl., ¶ 7)

7.      When Defendant purchased the first Deeds of Trust, he did so

because the holders in the first position were threatening to foreclose, due to Plaintiff's failure to make timely payments to them or pay property taxes. If the holders in the first position had foreclosed, the Defendant, who was then in the second position, would have been wiped out.  (Smead Decl., ¶¶ 8-9)

8.     In January, 2023, when, for approximately a year, Mr. Brown was no longer making payments to Defendant on all three properties involved in this litigation, or paying property taxes, Defendant foreclosed on all three properties.  This was done out of sheer business necessity. (Smead Decl., ¶ 10)

| Conclusions of Law | Relevant Facts |
|---|---|
| This Court does not have subject matter jurisdiction over this action. | Facts 1-5<br>Smead Decl., ¶¶ 3-4; Defendant's Motion to Dismiss. |
| The Notes and Deeds of Trust in this litigation do not constitute "securities" pursuant to the Securities Acts of 1933 and 1934. | Facts 1-5<br>Smead Decl., ¶¶ 3-4; Defendant's Motion to Dismiss. |
| The Defendant was only a lender to Plaintiff, and the Plaintiff was only a borrower from Defendant. | Facts 1-5<br>Smead Decl., ¶¶ 2-4. |
| The lending of money by Defendant to Plaintiff, and the securing of the loan with a Note and Deed of Trust, does not constitute an investment contract. | Facts 1-5<br>Smead Decl., ¶ 5. |
| The lending of money by Defendant to Plaintiff does not constitute an | Facts 1-5<br>Smead Decl., ¶ 5. |

DEFENDANT'S STATEMENT OF GENUINE DISPUTES

| Conclusions of Law | Relevant Facts |
|---|---|
| investment by Defendant in any of Plaintiff's businesses, including without limitation, Plaintiff's proposed solar business. | |
| The lending of money by Defendant to Plaintiff, and securing the loan with a Note and Deed of Trust, does not constitute a fiduciary relationship. | Facts 1-5<br>Smead Decl., ¶¶ 5-7. |
| Since there are so many material issues of fact in dispute, Plaintiff's Motion for Summary Judgment should be denied. | Facts 1-37 |

Dated: June 24, 2023         Respectfully submitted,

LAW OFFICES DAVID YOUNG


By:___/s/ DAVID YOUNG_____
     Attorney for Defendant
     STEVE SMEAD

## **PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) years and am not a party to the within action. My business address is Law Offices of David Young, 12400 Wilshire Boulevard, Suite 360, Los Angeles, CA 90025.

On June 24, 2023, I served **DEFENDANT'S STATEMENT OF GENUINE DISPUTES** on the interested parties in this action by placing a true copies thereof enclosed in a sealed envelope addressed as follows:

CLINTON BROWN
16821 Edgar Street
Pacific Palisades, CA  90265
Phone: (310) 487-6453
Email: clinton@atlasinc.solar
*In Pro Per*

☒ **BY MAIL AS FOLLOWS:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under the practice it would be deposited with the U.S postal service on that same day with postage thereon fully prepaid at Ls Angeles, California in the ordinary course of business.

☒ **BY E-MAIL**: I caused the above document to be electronically transmitted to the e-mail address listed above.

☒ **(Federal)**  I declare that service was made at the direction of a member of the Bar of this Court.

Executed on June 24, 2023, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

/s/   David Young____