CLINTON BROWN, Pro Se
16821 Edgar Street
Pacific Palisades, CA 90272
clinton@atlasinc.solar
310-487-6453

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON BROWN,<br><br>         Plaintiff,<br><br>    vs.<br><br>STEVE SMEAD<br><br>         Defendant. | CASE NO. 2:23-cv-02938-MEMF-KS<br><br>**Response to Statement of Genuine Disputes**<br><br>**Judge:** Honorable Maame Ewusi-Mensah Frimpong<br><br>**Magistrate Judge:** Karen L. Stevenson<br><br>**Action Filed:** 04/19/2023<br><br>**Action Due:** 05/22/2023 |

## RESPONSE TO STATEMENT OF GENUINE DISPUTES

**NOTICE TO THE COURT**, pursuant to *L.R. 56-3*, *supp. F.R.C.P. 56*, the Plaintiff submits a Response to Statement of Genuine Disputes. The Plaintiff has filed a Statement of Uncontroverted Facts with thirty-seven (37) uncontroverted facts with pinpointed citations as required by *L.R. 56-1*, *supp. F.R.C.P. 56*. (Dk. 21). The Defendant filed a Statement of Genuine Disputes in response. (Dk. 27, Att.3). Accordingly, *L.R. 56-2, supp. F.R.C.P. 56* states that each such genuine dispute *must* state in the right-hand column whether the opposing party contends that a genuine factual dispute exists that will require the litigation to proceed to trial. (Emphasis added). For each disputed fact in the Statement of Genuine Disputes, the nonmoving party *must* provide pinpoint citations to evidence in the record that supports the claim that the fact is disputed. (Emphasis added). The Defendant has failed to provide *any*

citations, alone pinpoint citations, in their genuine disputes statement in thirty-six (36) of the thirty-seven (37) uncontroverted facts filed by the Plaintiff. (Emphasis added). The Defendant has also claimed facts as undisputed and then added statements that the Plaintiff *must* respond to because the fact is no longer undisputed. (Emphasis added). Therefore, No. 18 is the *only* "undisputed fact" that is "disputed" by the Plaintiff. While it would appear obvious, for a fact to be undisputed there must be no evidence to dispute the fact. *Infra*. Where the parties dispute that something occurred, the fact is not undisputed. (*Velasquez v. Svenhard's Swedish Bakery, No. 1:17-cv-01710-SAB, 2019 U.S. Dist. LEXIS 63570 (E.D. Cal. Apr. 12, 2019)*. Thus, the uncontroverted facts that can be derived as undisputed are a result of the Plaintiff's pinpoint citations. (*L.R. 56-1, supp. F.R.C.P. 56*).

The Courts rely on the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment and thus the nonmoving party's burden to respond is really an opportunity to assist the Court in understanding the facts. *(Keenan v. Allan, 91 F.3d 1275, 1279, (9th Cir. 1996))*. But if the nonmoving party fails to discharge that burden - for example, by remaining silent - its opportunity is waived, and its case wagered. *Id.* The Defendant is wagering that this Court will not convert their *F.R.C.P. 12(b)(6)* motion to one of summary judgment, even though the Defendant has provided extrinsic materials in the record, responded to a motion for summary judgment and failed to initiate discovery. While simultaneously asking this Court for "further" discovery without invoking *F.R.C.P. 56(d)* or any authority in the matter, merely *Ipse dixit.* Where the moving papers do not reveal the presence of a factual controversy, the unsuccessful adversary cannot assert it as a ground of his appeal. *(Kilroy v. Ruckelshaus, 738 F.2d 1448, 1453, (9th Cir. 1984) (citing DeBardeleben v. Cummings, 453 F.2d 320, 324 (5th Cir. 1972)).* Nonetheless, the Plaintiff will include every fact disputed by the opposing party in the moving party's opposing response *with pinpoint citations* to rebut the existence

of a genuine factual dispute for No. 18 and the Defendant's Declaration within. (Emphasis added). *(L.R. 56-3, supp. F.R.C.P. 56).*

*L.R. 56-4, supp. F.R.C.P. 56*, states that in determining any motion for summary judgment the Court *may* assume that the material facts as claimed and adequately supported by the moving party are admitted to exist without controversy. (Emphasis added). *Except* to the extent that such material facts are (a) included in the Statement of Genuine Disputes that *must* be adequately supported with pinpoint citations *and* (b) controverted by declaration or other written evidence filed in opposition to the motion. (Emphasis added). Therefore, the Plaintiff asserts that *F.R.C.P. 56(e)(1)* is not an adequate remedy to ensure a just, speedy, and inexpensive determination in this action. *(F.R.C.P. 1).*

Furthermore, where a Defendant attaches extrinsic evidence to an *F.R.C.P. 12(b)(6)* motion, the Court ordinarily must convert that motion into one for summary judgment. *(F.R.C.P. 12(d); (Novobilski v. Specialized Loan Servicing, LLC, No. 2:22-cv-00147-MEMF-MAR, 2022 U.S. Dist. LEXIS 148499 (C.D. Cal. Aug. 16, 2022).* The Defendant has chosen to file extrinsic evidence with the Statement of Genuine Disputes without pinpoint citations, among other extrinsic materials, and thus it is undisputed the parties agree that a motion for summary judgment is ready for a decision before this Court. (Dk. 27 and Atts. 1-4). The moving party and the nonmoving party have waived oral argument for this determination. (Dk. 25, Dk. 27). The matter before this Court is a question of law. Therefore, a resolution to this matter is warranted.

The Defendant's assertion that citing a statutory authority, such as Federal law, constitutes a legal conclusion is unsupported. In fact, stating the provisions of a statute is not a legal conclusion but a presentation of fact, as a legal conclusion is for the Judge. Thus, this Court should consider all the uncontroverted facts as undisputed. Moreover, if a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . . the Court may . . . consider

the fact undisputed. *(F.R.C.P. 56(e); (Haoxiao Liu v. DeJoy, No. 2:19-CV-10573-MEMF (KSx), 2023 U.S. Dist. LEXIS 53287 (C.D. Cal. Mar. 27, 2023)).*

Lastly, the Court is not obligated to look any further in the record for supporting evidence other than what is actually and specifically referenced in the Statement of Uncontroverted Facts, the Statement of Genuine Disputes, and the Response to Statement of Genuine Disputes. *(L.R. 56-4, supp. to F.R.C.P. 56).* The Defendant's Conclusions of Law and Relevant Facts are further evidence of the risky bet that the Defendant is wagering this proceeding on. (Dk. 27-3, 22-23). Even if the Defendant were mistaking the prior *L.R. 56,* before the June 1, 2023 new rule, the nonmoving party did not file a conclusions of law, the moving party did. *(L.R. 56-1, Dec 1, 2022).* Nonetheless, the Plaintiff will refute any points of contention to unequivocally establish that the Plaintiff is entitled to summary judgment as a matter of law. (Emphasis added).

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| 1. The Securities Act of 1933 prohibits the offer as well as the sale of unregistered, non-exempt securities. | 1. Disputed. This calls for a legal conclusion. The Acts speak for themselves. Defendant disputes that the Acts referenced have any application to either Defendant or this case regarding the transactions which are the subject of Plaintiff's Complaint. This issue has already been addressed in Defendant's Motion to Dismiss. |

| Evidence: *(Securities Act of 1933 § 5(a), 15 U.S.C. § 77e(a) (1933), as amended through P.L. 117-263 (2022).* | Evidence: No pinpoint citation. |
|---|---|

| 1.  Moving Party's Response | |
|---|---|
| **Moving Party's Uncontroverted Facts and Supporting Evidence** | **Opposing Party's Response to Cited Fact and Supporting Evidence** |
| 2. An investment contract is a security. | 2. Disputed. This calls for a legal conclusion. The Acts referenced speak for themselves. Defendant disputes that the Acts referenced have any application to either Defendant or this case regarding the transactions which are the subject of Plaintiff's Complaint. This issue has already been addressed in Defendant's Motion to Dismiss. |
| Evidence: *(Securities Act of 1933 § 2(a)(1), 15 U.S.C. § 77b(a)(1) (1933), as amended through P.L. 117-263 (2022); (Securities Exchange Act of 1934 § 3(a)(10), 15 U.S.C. § 78c(a)(10) (1934), as amended through P.L. 117-328, enacted December 29, 2022).* | Evidence: No pinpoint citation. |
| 2. Moving Party's Response | |

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| 3. The term investment contract under federal securities law means, an investment (1) in a common venture premised on (2) a reasonable expectation of profits to be (3) derived solely from the entrepreneurial or managerial efforts of others. | 3. Disputed.<br>This calls for a legal conclusion. The Acts referenced speak for themselves. Defendant disputes that the Acts referenced have any application to either Defendant or this case regarding the transactions which are the subject of Plaintiff's Complaint. This issue has already been addressed in Defendant's Motion to Dismiss. |
| Evidence: *(SEC v. W. J. Howey Co., 328 U.S. 293, 298-299, 301, 66 S. Ct. 1100, 1102-1104, 90 L. Ed. 1244, reh. denied 329 U.S. 819, 67 S. Ct. 27, 91 L. Ed. 697 (1946)).* | Evidence: No pinpoint citation. |

| 3. Moving Party's Response ||
|---|---|
| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
| 4. Any contract or action that involves exchanging a security or interest in a security for something of value is considered a sale or an offer to sell. | 4. Disputed.<br>This calls for a legal conclusion. The Acts referenced speak for themselves. Defendant disputes that the Acts |

| | referenced have any application to either Defendant or this case regarding the transactions which are the subject of Plaintiff's Complaint. This issue has already been addressed in Defendant's Motion to Dismiss. |
|---|---|
| Evidence: *(Securities Act of 1933 § 2(a)(3), 15 U.S.C. § 77b(a)(3) (1933), as amended through P.L. 117-263 (2022)).* | Evidence: No pinpoint citation. |

| 4. Moving Party's Response. ||
|---|---|
| **Moving Party's Uncontroverted Facts and Supporting Evidence** | **Opposing Party's Response to Cited Fact and Supporting Evidence** |
| 5. The term issuer means every person who issues or proposes to issue any security. | 5. Disputed. This calls for a legal conclusion. The Acts referenced speak for themselves. Defendant disputes that the Acts referenced have any application to either Defendant or this case regarding the transactions which are the subject of Plaintiff's Complaint. This issue has already been addressed in Defendant's Motion to Dismiss. |

| Evidence: *(Securities Act of 1933 § 2(a)(4), 15 U.S.C. § 77b(a)(4) (1933), as amended through P.L. 117-263 (2022)).* | Evidence: No pinpoint citation. |
|---|---|
| 5. Moving Party's Response | |
| **Moving Party's Uncontroverted Facts and Supporting Evidence** | **Opposing Party's Response to Cited Fact and Supporting Evidence** |
| 6. Interstate commerce refers to any communication involving securities that crosses state lines. | 6. Disputed.<br>This calls for a legal conclusion. The Acts referenced speak for themselves. Defendant disputes that the Acts referenced have any application to either Defendant or this case regarding the transactions which are the subject of Plaintiff's Complaint. Both Plaintiff and Defendant are residents of the State of California. Defendant specifically disputes that he engaged in interstate commerce regarding the two (2) properties in California which are the subject of Plaintiff's Complaint. Interstate commerce has no relevance to the issues in Plaintiff's Complaint regarding the Securities Acts of 1933 and 1934. |

| | |
|---|---|
| Evidence: *(Securities Act of 1933 § 2(a)(7), 15 U.S.C. § 77b(a)(7) (1933), as amended through P.L. 117-263 (2022)).* | Evidence: No pinpoint citation. |
| 6. Moving Party's Response | |
| **Moving Party's Uncontroverted Facts and Supporting Evidence** | **Opposing Party's Response to Cited Fact and Supporting Evidence** |
| 7. The Securities Exchange Act of 1934 makes it unlaw to use or employ, in connection with the purchase or sale of any security or any security not so registered, any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors. | 7. Disputed. This calls for a legal conclusion. The Acts referenced speak for themselves. Defendant disputes that the Acts referenced have any application to either Defendant or this case regarding the transactions which are the subject of Plaintiff's Complaint. This issue has already been addressed in Defendant's Motion to Dismiss. |
| Evidence: *(Securities Exchange Act of 1934 § 10(b), 15 U.S.C. § 78j(b) (as amended through P.L. 117- 328, enacted December 29, 2022)).* | Evidence: No pinpoint citation. |
| 7. Moving Party's Response | |
| **Moving Party's Uncontroverted Facts and Supporting Evidence** | **Opposing Party's Response to Cited Fact and Supporting Evidence** |

| 8. Defendant is an accredited investor per regulations set forth in *17 C.F.R. § 230.501(a) (2023)*. | 8. Disputed. This calls for a legal conclusion. The Regulation referenced speaks for itself. Defendant disputes that the Regulation referenced has any application to either Defendant or this case regarding the transactions which are the subject of Plaintiff's Complaint. Defendant disputes that he is an investor, accredited or not, regarding any of the transactions which are the subject of Plaintiff's Complaint. |
| Evidence: *17 C.F.R. § 230.501(a) (2023).* | Evidence: No pinpoint citation. |

| 8. Moving Party's Response | |
|---|---|
| **Moving Party's Uncontroverted Facts and Supporting Evidence** | **Opposing Party's Response to Cited Fact and Supporting Evidence** |
| 9. Plaintiff is not an accredited investor per regulations set forth in *17 C.F.R. § 230.501(a) (2023)*. | 9. Disputed. This calls for a legal conclusion. The Regulation referenced speaks for itself. Defendant disputes that the Regulation referenced has any application to either Plaintiff, Defendant, or this case regarding the transactions which are the subject of Plaintiff's Complaint. Defendant |

| | disputes that Plaintiff is an investor, accredited or not, pursuant to the Regulation, regarding any of the transactions which are the subject of Plaintiff's Complaint. |
|---|---|
| Evidence: *17 C.F.R. § 230.501(a) (2023).* | Evidence: No pinpoint citation. |

| 9. Moving Party's Response | |
|---|---|
| **Moving Party's Uncontroverted Facts and Supporting Evidence** | **Opposing Party's Response to Cited Fact and Supporting Evidence** |
| 10. The Complaint is one cause of action. | 10. Disputed.<br><br>This calls for a legal conclusion. The Complaint referenced speaks for itself. The Complaint is so jumbled and confusing that it is difficult to tell what, if any, cause or causes of action are stated, and on that basis, Defendant disputes that the Complaint states one or any cause or causes of action. Specifically, Defendant denies, pursuant to F.R.C.P. 12(b)(1) and 12(b)(6) that the Complaint states any cause of action cognizable by this Court, as set forth in Defendant's Motion to Dismiss. |
| Evidence: (Dk. 11, 15, 25-26) | Evidence: No pinpoint citation. |

| 10. Moving Party's Response | |
| --- | --- |
| **Moving Party's Uncontroverted Facts and Supporting Evidence** | **Opposing Party's Response to Cited Fact and Supporting Evidence** |
| 11. The transfer in question are properties located in California and Utah. | 11. Disputed.<br>Defendant cannot determine what "transfer" Plaintiff is referring to. His citations do not help. Defendant cannot in good faith affirm or deny Item 11. |
| Evidence: (Dk. 11, 7, lines 13-16). | Evidence: No pinpoint citation. |
| 11. Moving Party's Response | |
| **Moving Party's Uncontroverted Facts and Supporting Evidence** | **Opposing Party's Response to Cited Fact and Supporting Evidence** |
| 12. Exhibit 1 (Dk. 11, 28-29) are true and correct copies. | 12. Undisputed.<br>To the extent Plaintiff is referring to Exhibit 1, attached to the May 20, 2023 Declaration of Steve Smead, that Exhibit is a true and correct copy of an email sent by Clinton Brown to Steve Smead on August 23, 2022, at 12:52 a.m. |
| Evidence: (Dk. 11, 28-29) | Evidence: No pinpoint citation. |
| 12. Moving Party's Response | |

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| 13. Exhibit 2 (Dk 11, 31) is a true and correct copy. | 13. Undisputed.<br>To the extent Plaintiff is referring to Exhibit 2, attached to the May 20, 2023 Declaration of Steve Smead, that Exhibit is a true and correct copy of an email sent by Clinton Brown to Steve Smead on August 23, 2022, at 1:10 a.m. |
| Evidence: (Dk 11, 31) | Evidence: No pinpoint citation. |
| 13. Moving Party's Response | |
| **Moving Party's Uncontroverted Facts and Supporting Evidence** | **Opposing Party's Response to Cited Fact and Supporting Evidence** |
| 14. Local Rules must not disadvantage a party. *(F.R.C.P. 83(a)(2)*. Thus, a 'meet and confer' should occur through the Court with the Magistrate *Judge.* [1] | 14. Disputed.<br>Plaintiff Clinton Brown totally misstates the law. |
| Evidence: (Dk. 11, 35-47, Exhibits A-D); *(Hickman v. Taylor, 329 U.S. 495, 67 S. Ct. 385 (1947))* | Evidence: No pinpoint citation. |
| 14. Moving Party's Response | |

---

[1] *28 U.S.C. § 631* note (CHANGE OF NAME OF UNITED STATES MAGISTRATES) (1990). Pub. L. No. 101-650, 104 Stat. 5117 (1990).

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| 15. Between September 2020 and March 2023, the Plaintiff and Defendant had at least two hundred eighty-seven (287) written email communications. | 15. Disputed. Since Plaintiff has not provided copies of the email communications, Defendant cannot accurately respond to Item 15. Therefore, Defendant will dispute this Item. Defendant will not dispute that he had phone conversations and/or email communications with Plaintiff. |
| Evidence: Gmail Conversation Log, Clinton Brown v. Steve Smead, No. 2:23-cv-02938 (C.D. Cal. June 11, 2023). (Dk. 21, 7-17). | Evidence: No pinpoint citation. |

| 15. Moving Party's Response | |
|---|---|

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| 16. In 2022 the Plaintiff and Defendant had at least twenty-nine (29) phone call conversations equal to no less than 643 minutes. | 16. Disputed. Since Plaintiff has not provided copies of the transcripts of the phone conversations, and no discovery has taken place, Defendant cannot accurately respond to Item 16. Therefore, Defendant will not dispute |

| | |
|---|---|
| | that he had phone conversations and/or email communications with Plaintiff. |
| Evidence: Phone Call Record Log, Clinton Brown v. Steve Smead, No. 2:23-cv-02938 (C.D. Cal. June 11, 2023). (Dk. 21, 18). | Evidence: No pinpoint citation. |
| **16. Moving Party's Response** | |
| **Moving Party's Uncontroverted Facts and Supporting Evidence** | **Opposing Party's Response to Cited Fact and Supporting Evidence** |
| 17. The Defendant received a copy of the Harper appraisal report valuing the property at $1,100,000. | 17. Disputed. 17. Since Plaintiff has not provided a copy of the email involved, Defendant cannot in good faith answer Item 17. Plaintiff has not stated under what conditions such valuation would be effective. |
| Evidence: (Brown, Clinton. Email to Steve Smead. "Harper Lake Appraisal" 25 May 2022, Email #169) | Evidence: No pinpoint citation. |
| **17. Moving Party's Response** | |
| **Moving Party's Uncontroverted Facts and Supporting Evidence** | **Opposing Party's Response to Cited Fact and Supporting Evidence** |

| | |
|---|---|
| The Defendant purchased and was assigned the Harper property first deed of trust from American Pacific Investments for the full-face recorded value. | 18. Undisputed. Defendant purchased the First Trust Deed on the Harper Property in order to protect his interest in his Second Trust Deed. The First Trust Deed holder was threatening to foreclose, and if foreclosure happened, the Defendant would have been wiped out. Plaintiff was in default on the First and Second Trust Deeds and had failed to pay any property taxes. |
| Evidence: (Smead, Steve. Email to Clinton Brown. "Harper Lake purchase docs" 11 July 2022, Email #187) | Evidence: (Smead Decl., ¶¶ 8, 9) |

### 18. Moving Party's Response

If a fact, which the Plaintiff has identified as uncontroverted, is disputed by the nonmoving party with pinpoint citations, then the Plaintiff must respond to the evidence that the nonmoving party has cited in their opposition with pinpointed citations. *(L.R. 56-1-4, supp. F.R.C.P. 56).* Thus, this response pertains to a matter that the Plaintiff has stated as an uncontroverted fact to which the Defendant has said is undisputed.

"On the Malibu and Harper Properties, against which I loaned money to [Plaintiff]. I initially took a second position, there being a prior Note and Deed of Trust attaching to those properties. When Mr. Brown failed to make payments on the Properties, the holders of the Notes and Deeds of Trust in the first position threatened to foreclose." (Smead Decl., ¶ 8)

The Defendant contends he would be "wiped out" if he didn't purchase "an empty chunk of desert, and [that] still is today." (Smead Decl., ¶ 2), from *other parties* (i.e., the first holder of the Harper deed of trust); (Smead Decl., ¶ 3). The Defendant purchased the second deed of trust on the Malibu property, not the first deed of trust in contradiction to Smead Decl., ¶ 9. (No. 33) (citing Los Angeles County Recorder's Office. (2021, May 21). Substitution of Trustee and Full Reconveyance. Document Number: 202105210190066). The Ninth Circuit has recognized public records, including documents on file in Federal Court, as appropriate for judicial notice. *(Oak v. Winter, No. 2:22-cv-00517-MEMF(PDx), 2022 U.S. Dist. LEXIS 129208 (C.D. Cal. June 27, 2022) (citing Harris v. County of Orange, 682 F.3d 1126, 1132-33 (9th Cir. 2012); United States v. Black, 482 F.3d 1035, 1041 (9th Cir. 2007)).*

Furthermore, the timeline is nonsensical. The *second* deed of trust on *Malibu* was purchased in *May 2021*.[2] The *first* deed of trust on the *Harper* property was purchased in *July 2022*.[3] *Both* properties had a notice of default filed in August 2022 and were foreclosed on in January 2023. (No. 36, Undisputed; No. 37, Undisputed).

"If they had foreclosed, I would have been wiped out. In order to avoid this, out of sheer business survival, and to protect my loan to Mr. Brown on these Properties, I purchased the Notes and Deeds of Trust of the holders in the first position.  In no way was this motivated by, an investment in, or related to, any of Mr. Brown's business schemes and dreams. I did this out of my own sheer economic necessity and survival." (Smead Decl., ¶ 9). "My only expectation was that I would be paid the principal of the loan, and interest, as stated in the individual Notes secured by the individual Deeds of Trust. (Smead Decl., ¶ 7).

---

[2] Dk. 28, 33-35, (Los Angeles County Recorder's Office. (2021, May 21). Substitution of Trustee and Full Reconveyance. Document Number: 202105210190066).
[3] Dk. 28, 36-38, San Bernardino County Recorder. (2022, July 19). Corporation Assignment of Deed of Trust, Doc #2022- 0251090).

A picture is worth a thousand (1,000) words they say, well this picture is worth at least one million one hundred thousand (1,100,000) and well up to ten million (10,000,000). "The contract was a for lease on the Harper property and held the potential for a substantial return exceeding $10,000,000 over a 40-year lease period." (Dk. 22, 3, para 1); (No. 22, No. 23). "I initially took a *second* position on [Harper] (Smead Decl., ¶ 8). "[Harper] was a chunk of empty desert, and still is today." (Smead Decl., ¶ 2).



USGS National Map Viewer, showing location of 42829 Harper Lake Rd, Hinkley, CA, 92347 available at https://apps.nationalmap.gov/viewer/ (last visited 06/30/2023).

*(See: Fact Sheet, Mallory v. Norfolk Southern R. Co., 600 U.S. op. slip, 19, 23 (June 27, 2023); (Gorsuch, plurality). Fact Sheet, Mallory v. Norfolk Southern R. Co., 600 U.S. op. slip, 18, 45 (June 27, 2023) (Barrett, J., dissenting).*

"[Plaintiff] had no active solar business but rather, plans, hopes and dreams to one day have such a business. I had no interest in, or intention to invest in any solar business with [Plaintiff] and there was never an agreement that I would do so. l relied on the present value of the individual properties securing the Note and Deed of Trust for such individual properties when making a loan to [Plaintiff]." (Smead Decl., ¶ 6). "The Utah Property was also a chunk of empty desert, and still is today." (Smead Decl., ¶ 2); (No. 26, Undisputed Appraisal, No. 29, Undisputed Purchase Price, No. 33, Undisputed, $200,000 Deed of Trust).

"Neither the notes nor deeds of trust were fractionalized among any other parties, nor were they part of a series of notes of equal priority secured by the same trust deed on the real estate involved in the Complaint." (Smead Decl., ¶ 4). An investment scheme promising a fixed rate of return can be an investment contract and thus a security subject to Federal security laws. *SEC v. Edwards, 540 U.S. 389, 393, II. 124 S. Ct. 892 (2004); (Dk. 20, 7, para 2).* Private contracts cannot supersede Federal security laws. (*Rodriguez de Quijas v. Shearson/American Express, Inc., 490 U.S. 477, 109 S. Ct. 1917 (1989)); (Dk. 20, 7, para 2).*

"In January 2023, when, for approximately a year, [Plaintiff] was no longer making payments to me on all three properties, or paying property taxes, I foreclosed on all three properties. This was done out of sheer business necessity. Decl., ¶ 10). "I never invested in any of the businesses that [Plaintiff] may have had. I never became a joint venturer, partner, shareholder, or any other type of *equity* holder. (Smead Decl., ¶ 5). "With the [Utah] solar permits successfully secured, [Defendant] proposition[ed] to match the freshly minted *equity* with a capital investment." (Dk. 22, 3, para 2); (No. 26). Indisputably, at least $1,790,000 in *equity* were in the properties in 2021, excluding the $10,000,000 solar development contract received in December 2022. (Smead Decl., ¶ 5); *(Appraisals, No. 22, No. 23).*

Why didn't the Defendant negotiate the price when the Plaintiff was allegedly on the verge of foreclosure? (Smead Decl., ¶ 2) To the contrary, the Defendant purchased the deed of trust "out of sheer survival" on a property that he himself contends is "an empty chunk of desert, and still is today." (Smead Decl., ¶ 9, ¶2). Indisputably, the Defendant capitalized on the situation by purchasing a deed of trust on a Nevada property from the Plaintiff at approximately 50% of its face value. (No. 19, Undisputed). After the commencement of foreclosure on said property. (No. 36, Undisputed).

It's undisputable, the purchase/sale of the deeds of trusts were from *other* holders of the deeds of trust, except the Nevada note. (Emphasis added). "The notes and deeds of trust were only between me and [Plaintiff]. No other parties, other than the trustee, were set forth in these documents." (Smead Decl., ¶ 3). The only difference between the *others* and the Defendant is that the Defendant is solely responsible for the investment contract (i.e., unregistered security) between the Plaintiff and himself. The unregistered security was controlled as such that it can well be said, "The Lord giveth and the Lord taketh." *(No. 22, No. 23).* "[Defendant] foreclosed on all three properties. This was done out of sheer business necessity. (Smead Decl., ¶ 10). It is undisputed that the Defendant is unable to testify under oath to the facts stated in his Declaration. (Smead Decl., ¶ 1).

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| 19. The Defendant purchased a Nevada property deed of trust from the Plaintiff for approximately 50% of the face value on or about September 28, 2022. | 19. Undisputed. |

Case 2:23-cv-02938-MEMF-KS   Document 28   Filed 06/30/23   Page 21 of 38   Page ID #:221


| | |
|---|---|
| Evidence: (Smead, Steve. Email to Clinton Brown. "Trust Deed Purchase" 28 September 2022, Email #263). | |

| 19. Moving Party's Response | |
|---|---|
| Undisputed. | |

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| 20. The Plaintiff confirmed the offer from the Defendant. | 20. Disputed. This Item is confusing as to what "offer" is involved; Defendant cannot in good faith respond to this Item. No documentation is provided. Therefore, Defendant disputes this Item. |
| Evidence: (Brown, Clinton. Email to Steve Smead. "Trust Deed Purchase" 28 September 2022, Email #264) | Evidence: No pinpoint citation. |

| 20. Moving Party's Response | |
|---|---|

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| 21. The Plaintiff and Defendant exchanged CONFIDENTIAL information regarding Haper Lake's proposed offer from a third-party solar developer on October 17, 2022. | 21. Disputed. Disputed in that Defendant never exchanged Confidential information with Plaintiff. Defendant cannot in good faith confirm or deny the |

| | remainder of this Item, since Defendant has not provided any underlying documentation as to what confidential information he is referring to. |
|---|---|
| Evidence: (Brown, Clinton. Email exchange with Steve Smead. "CONFIDENTIAL" 17 October 2022, Email #265 and #266, respectively). | Evidence: No pinpoint citation. |

| 21. Moving Party's Response ||
|---|---|
| **Moving Party's Uncontroverted Facts and Supporting Evidence** | **Opposing Party's Response to Cited Fact and Supporting Evidence** |
| 22. The Plaintiff sent a Proposal to stave off foreclosure for (6) six months on December 3, 2022. | 22. Undisputed. The proposal was inadequate, as Plaintiff was so informed. |
| Evidence: (Brown, Clinton. Email to Steve Smead. "Proposal" 03 December 2022, Email #276) | Evidence: No pinpoint citation. |

| 22. Moving Party's Response ||
|---|---|
| **Moving Party's Uncontroverted Facts and Supporting Evidence** | **Opposing Party's Response to Cited Fact and Supporting Evidence** |
| 23. The Plaintiff sent the third-party solar developer contract to the Defendant on December 15, 2022. | 23. Undisputed. The contract was inadequate, as Plaintiff was so informed. |

| Evidence: (Brown, Clinton. Email to Steve Smead. "Lease for Harper" 15 December 2022, Email #278) | Evidence: No pinpoint citation. |
|---|---|

| 23. Moving Party's Response | |
|---|---|
| **Moving Party's Uncontroverted Facts and Supporting Evidence** | **Opposing Party's Response to Cited Fact and Supporting Evidence** |
| 24. The Plaintiff notified the Defendant of a Chapter 11 Sub V bankruptcy filing and the automatic stay on December 28, 2022 and December 29, 2022, respectively. | 24. Undisputed. Plaintiff threatened to go into bankruptcy, but it is unclear if he ever filed for bankruptcy. Discovery would be needed on this issue. |
| Evidence: (Brown, Clinton. Emails to Steve Smead. "Information Regarding Chapter 11 Subchapter V Filing and Alternative."; "Automatic Stay Chapter 11 Subchapter V," 28-29 December 2022, Emails #279-282). | Evidence: No pinpoint citation. |

| 24. Moving Party's Response | |
|---|---|
| **Moving Party's Uncontroverted Facts and Supporting Evidence** | **Opposing Party's Response to Cited Fact and Supporting Evidence** |
| 25. The Malibu property appraised for $450,000 in February 2021. | 25. Undisputed. |
| Evidence: (Varon, B. (2021). Appraisal Report: Residential Property (Calle Del | |

| | |
|---|---|
| Barco), Tract No 10570 Lot 182, Malibu, CA 90265. Prepared for FMC Lending, 380 Beach Road, Suite D, Burlingame, CA 94010. Date of Report: February 12, 2021). | |

| 25. Moving Party's Response | |
|---|---|
| Undisputed. | |

| **Moving Party's Uncontroverted Facts and Supporting Evidence** | **Opposing Party's Response to Cited Fact and Supporting Evidence** |
|---|---|
| 26.  The  Utah  property  appraised  for $240,000 in June 2021.<br><br>Evidence: (Colliers International (2021). Appraisal  Report  File  #:  SLC210208), Vacant     Land     (Millard     County), APN/Parcel 8710-1. Prepared for FMC Lending,  380  Beach  Road,  Suite  D, Burlingame, CA 94010. Date of Report: June 8, 2021) | 26. Undisputed. |

| 26. Moving Party's Response | |
|---|---|
| Undisputed. | |

| **Moving Party's Uncontroverted Facts and Supporting Evidence** | **Opposing Party's Response to Cited Fact and Supporting Evidence** |
|---|---|
| 27.  The  Harper  property  appraised  for $1,100,000 in December 2021. | 27. Disputed.<br>The appraisal was contingent upon the Harper Property being developed as a |

| | Solar Farm. Discovery would be needed on this issue. |
|---|---|
| Evidence: (Pacific Valuation (2021). A Restricted Appraisal Report: A 400-Acre Entitled Vacant Lot located at 42829 Harper Lake Road, Hinkley, San Bernardino County, CA 92347. Prepared for Fundamental Rate, 555 California St Suite 4925, San Francisco, CA 94104. Date of Report: December 20, 2021). | Evidence: No pinpoint citation. |

| 27. Moving Party's Response | |
|---|---|
| **Moving Party's Uncontroverted Facts and Supporting Evidence** | **Opposing Party's Response to Cited Fact and Supporting Evidence** |
| 28. The Malibu, Utah and Harper properties had a combined appraised value of $1,790,000 in 2021. | 28. Disputed. The appraisal was contingent upon the Harper Property being developed as a Solar Farm. The Malibu Property appraisal was contingent upon a geological survey permitting a home being built on the lot. The Utah Property was contingent being developed as a Solar Farm. Discovery will be needed on this issue. |
| Evidence: (No. 25, No. 26, No. 27) | Evidence: No pinpoint citation. |

| 28. Moving Party's Response |
|---|

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| 29. The original purchase prices for each property are as follows: Malibu $290,000, Utah $49,999, Harper $498,000, for a total of $837,999.<br><br>Evidence: (Public Records, Appraisal Reports, No. 25, No. 26, No. 27). | 29. Undisputed. |

29. Moving Party's Response

Undisputed.

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| 30. The equity in the Malibu, Utah and Harper properties was $952,001 in 2021.<br><br><br><br><br><br><br><br><br>Evidence: (Appraisals minus purchase prices, No. 25, No. 26, No. 27, No. 28, No. 29). | 30. Disputed.<br>The "equity" is dependent upon contingencies within the appraisals that relied on the Harper and Utah Properties being developed as Solar Farms, and the Malibu Property having positive geological reports. Discovery will be needed on this issue.<br><br>Evidence: No pinpoint citation. |

| 30. Moving Party's Response | |
|---|---|
| **Moving Party's Uncontroverted Facts and Supporting Evidence** | **Opposing Party's Response to Cited Fact and Supporting Evidence** |
| 31. The Plaintiff's 409a valuation was shared with the Defendant in September 2021. | 31. Disputed. Defendant is unable to admit or deny. Discovery will be needed on this issue. |
| Evidence: (Brown, Clinton. Email exchange with Steve Smead. "Common Stock Loan Request." 16 September 2021 - 29 September 2021. Emails #54-58, respectively). | Evidence: No pinpoint citation. |

| 31. Moving Party's Response | |
|---|---|
| **Moving Party's Uncontroverted Facts and Supporting Evidence** | **Opposing Party's Response to Cited Fact and Supporting Evidence** |
| 32. The projects had a value of at least $21,400,000 in 2021. | 32. Disputed. Defendant is unable to confirm or deny. Any valuations would be based on contingencies, such as establishment of a Solar Farm. Plaintiff has not provided the underlying documentation for Defendant's review. Discovery will be needed on this issue. |

| | |
|---|---|
| Evidence: (Bay Valuation Advisors, LLC. (2021). Atlas, Inc. Valuation of Common Stock. Oakland, CA. Valuation Date: June 30, 2021. Report Date: September 21, 2021). | Evidence: No pinpoint citation. |

| 32. Moving Party's Response | |
|---|---|
| **Moving Party's Uncontroverted Facts and Supporting Evidence** | **Opposing Party's Response to Cited Fact and Supporting Evidence** |
| 33. In May 2021 the Defendant purchased the seller-financed second deed of trust on Malibu for its full value of $119,000. | 33. Disputed. Defendant is unable to confirm or deny. Plaintiff has not provided the underlying documentation for Defendant's review. |
| Evidence: (Los Angeles County Recorder's Office. (2021, May 21). Substitution of Trustee and Full Reconveyance. Document Number: 202105210190066). | Evidence: No pinpoint citation. |

| 33. Moving Party's Response | |
|---|---|
| **Moving Party's Uncontroverted Facts and Supporting Evidence** | **Opposing Party's Response to Cited Fact and Supporting Evidence** |
| 34. In June 2021, the Defendant recorded a $200,000 deed of trust on the Utah property. | 34. Undisputed. |

| | |
|---|---|
| Evidence: (Millard County Recorder. (2021, June 29). Trust Deed: APN/Parcel ID 8710-1. Trustee: Title First Title Insurance Agency, LLC. Amount: $200,000. Notarized in New York by Jenice Hernandez, Notary Public, State of New York, No. OLHE6359254. Recorded at 12:24 PM, Entry #: 00215042). | |

34. Moving Party's Response

Undisputed.

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| 35. In July 2022, the Defendant purchased the seller-financed first deed of trust on Harper through assignment at the full value of $348,000. | 35. Undisputed. Undisputed as to purchase of First Trust Deed, not as to amount. Correct amount is $370,350. If Defendant had not purchased the First Trust Deed, he would have been wiped out on foreclosure of the First Trust Deed. The holder of the First Trust Deed was threatening to foreclose, since Plaintiff was not making payments. |
| Evidence:(San Bernardino County Recorder. (2022, July 19). Corporation Assignment of Deed of Trust, Doc #2022- | Evidence: No pinpoint citation. |

| | |
|---|---|
| 0251090. Document records assignment by American Pacific Investments, LLC, for property APN/Parcel ID(s): 0490-091-09 and 0490-091-19). | |
| 35. Moving Party's Response | |
| **Moving Party's Uncontroverted Facts and Supporting Evidence** | **Opposing Party's Response to Cited Fact and Supporting Evidence** |
| 36. In August 2022 the Defendant filed notices of default for all deeds of trust on the Malibu, Utah, and Harper properties.<br><br>Evidence: (Los Angeles County Recorder. (2022, August 18). Notice of Default. Document ID: 22-0828300. Recorded on the Malibu property, APN/Parcel ID: 4451-015-021); (Millard County Recorder's Office, Utah. (2022, August 29). Notice of Default and of Election to Sell. Entry No. 06221473, Book 731, Page 548, APN/Parcel ID: 8710-1); (San Bernardino County Recorder. (2022, August 25). Notice of Default. Document Number: 2022-0291892, APN/Parcel ID(s): 0490-091-0-000 and 0490-091-19-0-000). | 36. Undisputed. |
| 36. Moving Party's Response | |
| Undisputed. | |

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| 37. The Malibu, Utah and Harper properties were foreclosed on in January 2023.<br><br>Evidence: (Los Angeles County Recorder. (2023, January 23). Trustee's Deed. Document Number: 2022-01537. transfer of property to Steve Smead, APN/Parcel ID: 4451-015-021); (Millard County Recorder's Office, Utah. (2023, March 8). Document by TitleFirst Title Insurance Agency, LLC transfer of property to Steve Smead. APN/Parcel ID: 8710-1); (San Bernardino County Recorder. (2023, January 31). Trustee's Deed. Document Number: 2023-0021452. Records transfer of property by Steve Smead, APN/Parcel ID(s): 0490-091-0-000 and 0490-091-19-0-000). | 37. Undisputed. |
| 37. Moving Party's Response Undisputed. | |

**THEREFORE**, let the Plaintiff break it down for the Defendant. Smead chose to invest money in Clinton Brown's development properties, Clinton Brown did all the development work to increase the value of the properties, and Smead solely benefited from this investment in the development properties by taking what is Clinton Brown's and making it his own. It's as simple as that. There's no law or fact that can contradict that truth.

So, Judge, is this a ball or strike? [4]

"I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct."

Clinton Brown                                                    06/30/2023

---

[4] Roberts, J. G. (2005). Confirmation Hearing on the Nomination to be Chief Justice of the United States. Testimony before the Senate Committee on the Judiciary, 109th Congress, 56. Hart Senate Office Building. Washington, D.C.

 

**This page is part of your document - DO NOT DISCARD**



# 20210822633



**Pages:
0003**

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**05/21/21 AT 08:00AM**

| | |
|---|---|
| FEES: | 43.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 150.00 |
| PAID: | 193.00 |

 



**L E A D S H E E T**



**202105210190066**

**00020534831**



**012237343**

**SEQ:
02**

**SECURE - 8:00AM**



**THIS FORM IS NOT TO BE DUPLICATED**

**91402-21-18739**

91402-21-18739

**RECORDING REQUESTED BY:**
North American Title Company
Order No. **91402-21-18739**
Escrow No. **22343-10**
Parcel No. **4451-015-021**

**AND WHEN RECORDED MAIL TO:**

CLINTON BROWN
10226 REGENT STREET
LOS ANGELES, CA 90034

_____

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# SUBSTITUTION OF TRUSTEE AND FULL RECONVEYANCE

WHEREAS, **CLINTON BROWN, A SINGLE MAN** was the original Trustor, **EQUITY TITLE COMPANY** the original **Trustee**, and **VINCE P. SARKANY, A MARRIED MAN AS HIS SOLE AND SEPARATE PROPERTY** the Beneficiary, under that certain Deed of Trust dated **MARCH 17, 2020** and recorded **APRIL 22, 2020** as Instrument No. **20200445574**, Official Records of the County of **Los Angeles**, State of California, and

### See exhibit "A" attached hereto and made a part hereof

WHEREAS, the undersigned Beneficiary desires to substitute a new Trustee under said Deed of Trust, now therefore, the undersigned hereby substitutes (theirselves, himself, herself) as Trustee under said Deed of Trust and does hereby reconvey, without warranty, to the person or persons legally entitled thereto, the Estate now held by him thereunder.

Date: March 29, 2021

_Vince Sarkany_ (signature)

**Vince P. Sarkany**          BENEFICIARY / TRUSTEE

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

---

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES          } S.S.

On ___MARCH  30, 2021___, before me, ___JOON KIM___, Notary Public
personally appeared **Vince P. Sarkany**
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of ___CALIFORNIA___ that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)

JOON KIM
Notary Public – California
Los Angeles County
Commission # 2228655
My Comm. Expires Feb 9, 2022

"Exhibit A"

**LEGAL DESCRIPTION**

Real Property in the City of Malibu, County of Los Angeles, State of California, described as follows:

LOT 182 OF TRACT 10570, IN THE CITY OF MALIBU, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 161 PAGES 36 TO 42 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF LOS ANGELES COUNTY, STATE OF CALIFORNIA.

EXCEPTING THEREFROM ALL MINERALS, OIL, PETROLEUM ASPHALTUM, GAS, COAL, HYDROCARBON SUBSTANCES AND WATER CONTAINED IN ON, WITHIN AND UNDER SAID LANDS AND EVERY PART THEREOF, THIS RESERVATION SHALL NOT RESERVE OR SHALL IT BE CONSTRUED AS RESERVING TO GRANTOR THE RIGHT TO GO UPON SAID LANDS FOR THE PURPOSE OF EXTRACTING ANY OF SAID SUBSTANCE.

APN: 4451-015-021

RECORDED AT THE REQUEST OF
CHICAGO TITLE - INLAND EMPIRE

RECORDING REQUESTED BY

AND WHEN RECORDED MAIL DOCUMENT TO:

NAME    Steve Smead

STREET
ADDRESS    352 E. Harvard Blvd.

CITY, STATE &
ZIP CODE    Santa Paula CA 93060

Electronically
Recorded in Official Records
San Bernardino County
Bob Dutton
Assessor-Recorder-County Clerk

**DOC# 2022-0251090**

| 07/19/2022 04:38 PM SAN | Titles: 1 | Pages: 3 |
|---|---|---|
| | Fees | $32.00 |
| | Taxes | $0.00 |
| I5190 | CA SB2 Fee | $0.00 |
| | Total | $32.00 |

SPACE ABOVE FOR RECORDER'S USE ONLY

## Corporation Assignment of Deed of Trust

Title of Document

Pursuant to Assembly Bill 1466 – Restrictive Covenant (GC Code Section 27388.2), effective July 1, 2022, a fee of two dollars ($2) for recording the first page of every instrument, paper, or notice required or permitted by law to be recorded per each single transaction per parcel of real property, except those expressly exempted from payment of recording fees, as authorized by each county's board of supervisors and in accordance with applicable constitutional requirements.

Pursuant to Senate Bill 2 – Building Homes and Jobs Act (GC Code Section 27388.1), effective January 1, 2018, a fee of seventy-five dollars ($75.00) shall be paid at the time of recording of every real estate instrument, paper, or notice required or permitted by law to be recorded, except those expressly exempted from payment of recording fees, per each single transaction per parcel of real property. The fee imposed by this section shall not exceed two hundred twenty-five dollars ($225.00).

Reason for Exemption:

☐ Exempt from fee per GC 27388.1, recorded in connection with a transfer subject to the imposition of documentary transfer tax (DTT), or

☐ Exempt from fee per GC 27388.1, recorded in connection with a transfer of real property that is a residential dwelling to an owner-occupier, or

☑ Exempt from fee per GC 27388.1, recorded in connection with a transfer that was subject to documentary transfer tax which was paid on document recorded previously on 11/10/202 (date) as document number / of Official Records. (Cap. $225.00)    *2020-0446977*

☐ Exempt from fee per GC 27388.1, fee cap of $225.00 reached, and/or

☐ Exempt from fee per GC 27388.1, not related to real property

Failure to include an exemption reason will result in the imposition of the $75.00 Building Homes and Jobs Act fee. Fees collected are deposited to the State and may not be available for refund.

**THIS COVER SHEET ADDED TO PROVIDE ADEQUATE SPACE FOR RECORDING INFORMATION**
**($3.00 Additional Recording Fee Applies)**

RECORDING REQUESTED BY:

AND WHEN RECORDED MAIL DOCUMENT AND
TAX STATEMENT TO:

Steve Smead
352 E Harvard Blvd
Santa Paula CA 93060

7102012953

THIS SPACE FOR RECORDER'S USE ONLY:

## CORPORATION ASSIGNMENT OF DEED TO TRUST

FOR VALUE RECEIVED, the undersigned hereby grants, assigns, and transfers to **Steve Smead** all beneficial interest under that certain Deed of Trust dated **August 21, 2020** executed by **Clinton Brown**, Trustor, to **Chicago Title Company, A California Corporation**, Trustee, and recorded  as Instrument No. 2020-0446978, on **November 10, 2020,** of Official  Records in the  County Recorders Office  of San Bernardino  California, describing land therein as:

LEGAL DESCRIPTION ATTACHED HERETO AS EXHIBIT "A" AND MADE A PART HEREOF
A.P. # 0490-091-09-0-000 & 0490-091-19-0-000

Together with the note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Deed of Trust.

Dated June 13, 2022

American Pacific Investments

By: _____

Iqbal Ahmed

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA
COUNTY OF _LOS ANGELES_
On _07-08-2022_ before me, _ELIZABETH SMITH_ _____ A Notary Public personally appeared _IQBAL AHMED_ _____ who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.
WITNESS my hand and official seal.

Signature _Elizabeth Smith_                                    (Seal)

ELIZABETH SMITH
COMM. # 2404788
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
My Comm. Expires JUNE 14, 2026

MAIL TAX STATEMENTS TO PARTY SHOWN BELOW; IF NO PARTY SHOWN, MAIL AS SHOWN ABOVE:

# EXHIBIT "A"
## Legal Description

**For APN/Parcel ID(s):  0490-091-09-0-000 and 0490-091-19-0-000**

Parcel 1:  (APN: 0490-091-09-0-000)

The West ½ Of Section 20, Township 11 North, Range 4 West, San Bernardino Meridian, In The County Of San Bernardino, State Of California, According To The U.S. Government Survey Thereof.

Parcel 2:  (APN: 0490-091-19-0-000)

The West ½ Of The Southeast Quarter Of Section 20, Township 11 North, Range 4 West, San Bernardino Meridian, In The County Of San Bernardino, State Of California, According To The U.S. Government Survey Thereof.