CLINTON BROWN, Pro Se
16821 Edgar Street
Pacific Palisades, CA 90272
clinton@atlasinc.solar
310-487-6453

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON BROWN,<br><br>            Plaintiff,<br><br>    vs.<br><br>STEVE SMEAD<br><br>            Defendant. | CASE NO. 2:23-cv-02938-MEMF-KS<br><br>**Response to Notice of Errata**<br><br>**Judge:** Honorable Maame Ewusi-Mensah Frimpong<br><br>**Magistrate Judge:** Karen L. Stevenson<br><br>**Action Filed:** 04/19/2023<br><br>**Action Due:** 05/22/2023 |

## RESPONSE TO NOTICE OF ERRATA

**NOTICE TO THE COURT,** a pinpoint citation response has been properly provided to the Plaintiff for No. 8 and No. 35 in response to the Statement of Uncontroverted Facts and thus a proper response can be provided to the Defendant and the Court. (Dk. 30, 1-2).

Pursuant to its statutory grant of rulemaking authority the SEC defined an accredited investor, and the definition creates a practical, bright-line test. *(Morello v. White, No. CV 16-04440 DMG (AJW), 2017 U.S. Dist. LEXIS 161373 (C.D. Cal. Sep. 5, 2017)).* The accredited investor definition attempts to identify those persons whose financial sophistication and ability to sustain the risk of loss of an investment or ability to fend for themselves render the protection of the Securities Act's registration process unnecessary. *Id.* Thus, a person either meets the criteria of an

accredited investor or not. Because the definition of accredited investor is an *objective* test, it is *objective* to determine whether Defendant would be "wiped out" if he didn't purchase the "chunk of empty desert" for $370,350, which was 6.42% more than the full-face recorded value. (Smead Decl. 2). The Defendant should answer *conclusively*. (Emphasis added). If the Defendant cannot answer such a simple, bright-line question then perhaps further discovery of relevant financial records will afford the Court an opportunity to answer it.

There is no evidence in the public record of any foreclosure attempts by the holder of the first deed of trust nor are there indications of any impending foreclosure threats. (No. 35). The property may still be a chunk of empty desert (or otherwise), but it is a valuable chunk of empty desert as the record clearly shows. Furthermore, in one sense every lender of money is an investor since he places his money at risk in anticipation of a profit in the form of interest. Also, in a broad sense every investor lends his money to a borrower who uses it for a price and is expected to return it one day. *(Willamette Sav. & Loan, Div. of Am. Sav. & Loan v. Blake & Neal Fin. Co., 577 F. Supp. 1415 (D. Or. 1984) (citing C.N.S. Enterprises, Inc. v. G. & G. Enterprises, Inc., 508 F.2d 1354, 1359, cert. denied, 423 U.S. 825, 96 S. Ct. 38, 46 L. Ed. 2d 40 (1975)).* More importantly, in searching for the meaning and scope of the word "security" in the Acts, form should be disregarded for substance and the emphasis should be on economic reality. *(Tcherepnin v. Knight, 389 U.S. 332, 336, 88 S. Ct. 548 (1967) (citing S. E. C. v. W. J. Howey Co., 328 U.S. 293, 298 (1946)).*

This isn't a *de minimis non curat lex* controversy, this is an alleged violation of Federal securities law.

"I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct."

Clinton Brown                                                                                         07/07/2023