

**This page is part of your document - DO NOT DISCARD**

# 20230046418





**Pages:**
**0003**

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**01/24/23 AT 08:00AM**

| | |
|---|---|
| FEES: | 25.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 75.00 |
| PAID: | 100.00 |

 



**L E A D S H E E T**



**202301241030008**

**00023140623**



**013882884**

**SEQ:**
**01**

**SECURE - 8:00AM**



**THIS FORM IS NOT TO BE DUPLICATED**

*E666266*

2190565CAD_Package_3__

WFG National-Default Services

RECORDING REQUESTED BY:
**Superior Loan Servicing**

AND WHEN RECORDED TO:
**Steve Smead**
**352 E. Harvard Blvd**
**Santa Paula, Ca 93060**

**Forward Tax Statements to**
**The address given above**

SPACE ABOVE LINE FOR RECORDER'S USE

TS #: **2022-01537**                    Order #: **2190565CAD**
Loan #: **BRG-051321**

# TRUSTEE'S DEED UPON SALE

A.P.N.: **4451-015-021**                    Transfer Tax: **$NONE**
THIS TRANSACTION IS EXEMPT FROM THE REQUIREMENTS OF THE REVENUE AND TAXATION CODE, SECTION 480.3
The Grantee Herein was the Foreclosing Beneficiary.
The Amount of the Unpaid Debt was **$372,338.14**
The Amount Paid by the Grantee was **$372,338.14**
Said Property is in the City of **Malibu**, County of **Los Angeles**

**Superior Loan Servicing**, as Trustee, (whereas so designated in the Deed of Trust hereunder more particularly described or as duly appointed Trustee) does hereby **GRANT** and **CONVEY** to

## Steve Smead, a married man as his sole and separate property, as to an undivided 100.000% interest

(herein called Grantee) but without covenant or warranty, expressed or implied, all right title and interest conveyed to and now held by it as Trustee under the Deed of Trust in and to the property situated in the county of **Los Angeles**, State of California, described as follows: Lot 182 of Tract 10570, in the City of Malibu, County of Los Angeles, State of California, as per map recorded in Book 161 Pages 36 to 42 inclusive of maps, in the office of the county recorder of Los Angeles County, State of California. Excepting therefrom all Minerals, Oil, Petroleum Asphaltum, Gas, Coal, Hydrocarbon substances and water contained in on, within and under said lands and every part thereof, this reservation shall not reserve or shall it be construed as reserving to grantor the right to go upon said lands for the purpose of Extracting any of said substance.

This conveyance is made in compliance with the terms and provisions of the Deed of Trust executed by **Clinton Brown a Single Man** as Trustor, dated **5/14/2021** of the Official Records in the office of the Recorder of **Los Angeles**, California under the authority and powers vested in the Trustee designated in the Deed of Trust or as the duly appointed Trustee, default having occurred under the Deed of Trust pursuant to the Notice of Default and Election to Sell under the Deed of Trust recorded on **5/21/2021**, instrument number **20210822632**, Book , Page   of official records.  Trustee having complied with all applicable statutory requirements of the State of California and performed all duties required by the Deed of Trust including sending a Notice of Default and Election to Sell within ten days after its recording and a Notice of Sale at least twenty days prior to the Sale Date by certified mail, postage pre-paid to each person entitled to notice in compliance with California Civil Code 2924b.

ACCOMODATION
This Document delivered to Recorder
As an accomodation only at the
Express request of the parties hereto.
It has not been examined as to
its effect or validity

# TRUSTEE'S DEED UPON SALE

TS #: **2022-01537**
Loan #: **BRG-051321**
Order #: **2190565CAD**

All requirements per California Statutes regarding the mailing, personal delivery and publication of copies of Notice of Default and Election to Sell under Deed of Trust and Notice of Trustee's Sale, and the posting of copies of Notice of Trustee's Sale have been complied with. Trustee, in compliance with said Notice of Trustee's sale and in exercise of its powers under said Deed of Trust sold said real property at public auction on **1/4/2023**. Grantee, being the highest bidder at said sale became the purchaser of said property for the amount bid, being **$372,338.14**, in lawful money of the United States, in pro per, receipt thereof is hereby acknowledged in full/partial satisfaction of the debt secured by said Deed of Trust.

In witness thereof, **Superior Loan Servicing**, as Trustee, has this day, caused its name to be hereunto affixed by its officer thereunto duly authorized by its corporation by-laws.

Date: **1/4/2023**

**Superior Loan Servicing, by Asset Default Management, Inc., as Agent for Trustee**

By: _____

Julie Taberdo / Sr. Trustee Sale Officer

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF California
COUNTY OF Los Angeles

On 1/4/2023 before me, Donna Ex, Notary Public Personally appeared, Julie Taberdo who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Notary Name                    (Seal)

DONNA EX
Notary Public - California
Los Angeles County
Commission # 2342218
My Comm. Expires Jan 18, 2025

 **This page is part of your document - DO NOT DISCARD** 

## 20221142021

 

**Pages:
0003**

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**12/07/22 AT 08:00AM**

| | |
|---|---|
| FEES: | 32.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 75.00 |
| PAID: | 107.00 |



**L E A D S H E E T**



202212071000003

**00023016446**



013812078

**SEQ:
01**

**SECURE - 8:00AM**





**THIS FORM IS NOT TO BE DUPLICATED**

*E475702*

2190565CAD_Package_2_

WFG National Default Services

RECORDING REQUESTED BY
**Asset Default Management, Inc.**

AND WHEN RECORDED MAIL TO:
**Asset Default Management, Inc.**
**7525 Topanga Canyon Blvd.**
**Canoga Park, California 91303**

---

T.S. No.: **2022-01537**     Loan No.: **BRG-051321**

SPACE ABOVE THIS LINE FOR RECORDER'S USE
APN: **4451-015-021**

## NOTICE OF TRUSTEE'S SALE

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 5/14/2021. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.**

A public auction sale to the highest bidder for cash, cashier's check drawn on a state or national bank, check drawn by a state or federal credit union, or a check drawn by a state or federal savings and loan association, or savings association, or savings bank specified in Section 5102 of the Financial Code and authorized to do business in this state will be held by the duly appointed trustee as shown below, of all right, title, and interest conveyed to and now held by the trustee in the hereinafter described property under and pursuant to a Deed of Trust described below. The sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by the Deed of Trust, with interest and late charges thereon, as provided in the note(s), advances, under the terms of the Deed of Trust, interest thereon, fees, charges and expenses of the Trustee for the total amount (at the time of the initial publication of the Notice of Sale) reasonably estimated to be set forth below. The amount may be greater on the day of sale.

Trustor: **Clinton Brown a Single Man**
Duly Appointed Trustee: **Superior Loan Servicing**
Recorded **5/21/2021** as Instrument No. **20210822632** in book, page    of Official Records in the office of the Recorder of **Los Angeles** County, California,
Date of Sale: **1/4/2023** at **11:00 AM**
Place of Sale:     **By the fountain located at 400 Civic Center Plaza, Pomona, CA 91766**
Amount of unpaid balance and other charges: **$371,116.68**
Street Address or other common designation of real property:     **21472 Calle Del Barco**
    **Malibu, Ca 90265**

A.P.N.: **4451-015-021**
**"As Is Where Is"**

The undersigned Trustee disclaims any liability for any incorrectness of the street address or other common designation, if any, shown above. If no street address or other common designation is shown, directions to the location of the property may be obtained by sending a written request to the beneficiary within 10 days of the date of first publication of this Notice of Sale.

NOTICE TO POTENTIAL BIDDERS: If you are considering bidding on this property lien, you should understand that there are risks involved in bidding at a trustee auction. You will be bidding on a lien, not on the property itself. Placing the highest bid at a trustee auction does not automatically entitle you to free and clear ownership of the property. You should also be aware that the lien being auctioned off may be a junior lien. If you are the highest bidder at the auction, you are or may be responsible for paying off all liens senior to the lien being auctioned off, before you can receive clear title to the property. You are encouraged to investigate the existence, priority, and size of outstanding liens that may exist on this property by contacting the county recorder's office or a title insurance company, either of which may charge you a fee for this information. If you consult either of these resources, you should be aware that the same lender may hold more than one mortgage or deed of trust on the property.

NOTICE TO PROPERTY OWNER: The sale date shown on this notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and, if applicable, the rescheduled time and date for the sale of this property, you may call (714) 730-2727 or visit this Internet Web site www.servicelinkASAP.com, using the file number assigned to this case 2022-01537. Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the Internet Web site. The best way to verify postponement information is to attend the scheduled sale.

NOTICE TO TENANT: You may have a right to purchase this property after the trustee auction pursuant to Section 2924m of the California Civil Code. If you are an "eligible tenant buyer," you can purchase the property if you match the last and highest bid placed at the trustee auction. If you are an "eligible bidder," you may be able to purchase the property if you exceed the last and highest bid placed at the trustee auction. There are three steps to exercising this right of purchase. First, 48 hours after the date of the trustee sale, you can call (714) 730-2727, or visit this internet website www.servicelinkASAP.com, using the file number assigned to this case 2022-01537 to find the date on which the trustee's sale was held, the amount of the last and highest bid, and the address of the trustee. Second, you must send a written notice of intent to place a bid so that the trustee receives it no more than 15 days after the trustee's sale. Third, you must submit a bid so that the trustee receives it no more than 45 days after the trustee's sale. If you think you may qualify as an "eligible tenant buyer" or "eligible bidder," you should consider contacting an attorney or appropriate real estate professional immediately for advice regarding this potential right to purchase.

Date: 12/5/2022

**Superior Loan Servicing, by Asset Default Management, Inc., as Agent for Trustee**
**7525 Topanga Canyon Blvd.**
**Canoga Park, California 91303**
**Sale Line: (714) 730-2727**

**Julie Taberdo, Sr. Trustee Sale Officer**




**This page is part of your document - DO NOT DISCARD**

## 20220828300





**Pages:
0004**

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**08/18/22 AT 08:00AM**

| | |
|---|---|
| FEES: | 35.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 75.00 |
| PAID: | 110.00 |




**L E A D S H E E T**



202208183950008

**00022670850**



013612484

**SEQ:
01**

**SECURE - 8:00AM**



**THIS FORM IS NOT TO BE DUPLICATED**

*E494219*

2190565CAD_Package_1_

RECORDING REQUESTED BY:
**WFG National-Default Services**

WHEN RECORDED MAIL TO:
**Asset Default Management, Inc.**
**7525 Topanga Canyon Blvd.**
**Canoga Park, California 91303**

2190565CAD

TS No.: **2022-01537**      Loan No.: **BRG-051321**

SPACE ABOVE THIS LINE FOR RECORDER'S USE
APN: **4451-015-021**

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

### IMPORTANT NOTICE
**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS IT MAY BE SOLD WITHOUT ANY COURT ACTION,** and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until approximately 90 days from the date this notice of default may be recorded (which date of recordation appears on this notice).

This amount is **$45,151.25** as of **8/17/2022**, and will increase until your account becomes current. While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition of reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than three months after this notice of default is recorded) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor. To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

TS No.: 2022-01537          Loan No.: BRG-051321

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

**Steve Smead**
**C/O Asset Default Management, Inc.**
**7525 Topanga Canyon Blvd.**
**Canoga Park, California 91303**
**Phone: (818) 629-2272**

**If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale provided the sale is concluded prior to the conclusion of the foreclosure.**

## Remember, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.

NOTICE IS HEREBY GIVEN: That **Superior Loan Servicing** is either the original trustee, the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary under a Deed of Trust dated **5/14/2021**, executed by **Clinton Brown a Single Man**, as Trustor, to secure certain obligations in favor of **Steve Smead , a married man as his sole and separate property, as to an undivided 100.000% interest**, as beneficiary, recorded **5/21/2021**, as Instrument No. **20210822632**, in Book , Page ,  of Official Records in the Office of the Recorder of **Los Angeles** County, California describing land therein as: As more fully described in said Deed of Trust

Including one **NOTE(S) FOR THE ORIGINAL** sum of **$300,000.00**, that the beneficial interest under such Deed of Trust and the obligations secured thereby are presently held by the undersigned; that a breach of, and default in,  the obligations for which such Deed of Trust is security has occurred in that payment has not been made of:
   **Installment of Principal and/or Interest plus impounds and/or advances which became due on 12/1/2021 plus late charges, and all subsequent installments of principal, interest, balloon payments, plus impounds and/or advances and late charges that become payable. As a condition of reinstatement all property taxes and insurance must be current and proof must be provided.**

   That by reason thereof, the present beneficiary under such deed of trust, has executed and delivered to said duly appointed Trustee, a written Declaration of Default and Demand for same, and has deposited with said duly appointed Trustee, such deed of trust and all documents evidencing obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

**Dated: 8/17/2022**

Superior Loan Servicing, by Asset Default Management, Inc., as Agent for Trustee

By: _____
   Julie Taberdo, Sr. Trustee Sale Officer

## Declaration of Mortgage Servicer Pursuant to
## Civil Code §2923.5(b), §2923.55(c)

Borrower(s):          BRG-051321  Clinton Brown

Mortgage Servicer:    Superior Loan Servicing

Property Address:     21472 Calle Del Barco, Malibu CA 90265

T. S. No.             2022-01537

☑  **1.**  The mortgage servicer has contacted the borrower in person or by telephone pursuant to California Civil Code §2923.5(a)(2), §2923.55(b)(2) to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure". Thirty (30) days, or more, have passed since the initial contact was made.

☐  **2.**  No contact was required by the mortgage servicer because the individual(s) did not meet the definition of "borrower" pursuant to subdivision (c) of Section 2920.5.

☐  **3.**  The requirements of California Civil Code §2923.5, §2923.55 do not apply because the borrower, loan, or property does not meet the criteria in California Civil Code §2924.15 (a)

☐  **4.**  The requirements of California Civil Code §2923.5, §2923.55 do not apply because the loan is not occupied by a tenant that meets the conditions described in California Civil Code §2924.15 et seq.

☐  **5.**  Pursuant to California Civil Code §3273.10 the mortgage servicer declares it has denied a forbearance request, during the effective time period of 9-1-2020 and 6-30-2021. A copy of written denial notice(s) is attached. A Forbearance was ☐ **was not** ☐ subsequently provided.

I certify that this declaration is accurate, complete and supported by competent and reliable evidence which the mortgage servicer has reviewed to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information.

By: _Tracy Ross_____

_Tracy Ross_          , Authorized Signor for Mortgage Servicer

August 16, 2022
Date



**This page is part of your document - DO NOT DISCARD**



## 20210822633



**Pages:
0003**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**05/21/21 AT 08:00AM**

| | |
|---|---|
| FEES: | 43.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 150.00 |
| PAID: | 193.00 |



**L E A D S H E E T**



202105210190066

**00020534831**



012237343

**SEQ:
02**

**SECURE - 8:00AM**



**THIS FORM IS NOT TO BE DUPLICATED**

91402-21-18735

E248971

91402-21-18739

**RECORDING REQUESTED BY:**
North American Title Company
Order No. 91402-21-18739
Escrow No. 22343-10
Parcel No. 4451-015-021

**AND WHEN RECORDED MAIL TO:**

CLINTON BROWN
10226 REGENT STREET
LOS ANGELES, CA 90034

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# SUBSTITUTION OF TRUSTEE AND FULL RECONVEYANCE

WHEREAS, **CLINTON BROWN, A SINGLE MAN** was the original Trustor, **EQUITY TITLE COMPANY** the original **Trustee**, and **VINCE P. SARKANY, A MARRIED MAN AS HIS SOLE AND SEPARATE PROPERTY** the Beneficiary, under that certain Deed of Trust dated **MARCH 17, 2020** and recorded **APRIL 22, 2020** as Instrument No. **20200445574**, Official Records of the County of **Los Angeles**, State of California, and

### See exhibit "A" attached hereto and made a part hereof

WHEREAS, the undersigned Beneficiary desires to substitute a new Trustee under said Deed of Trust, now therefore, the undersigned hereby substitutes (theirselves, himself, herself) as Trustee under said Deed of Trust and does hereby reconvey, without warranty, to the person or persons legally entitled thereto, the Estate now held by him thereunder.

Date: March 29, 2021

Vince P. Sarkany                           BENEFICIARY / TRUSTEE

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

---

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES        } S.S.

On MARCH 30, 2021 , before me, JOON KIM , Notary Public personally appeared **Vince P. Sarkany**
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of CALIFORNIA that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)

JOON KIM
Notary Public – California
Los Angeles County
Commission # 2228655
My Comm. Expires Feb 9. 2022

"Exhibit A"

**LEGAL DESCRIPTION**

Real Property in the City of Malibu, County of Los Angeles, State of California, described as follows:

LOT 182 OF TRACT 10570, IN THE CITY OF MALIBU, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 161 PAGES 36 TO 42 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF LOS ANGELES COUNTY, STATE OF CALIFORNIA.

EXCEPTING THEREFROM ALL MINERALS, OIL, PETROLEUM ASPHALTUM, GAS, COAL, HYDROCARBON SUBSTANCES AND WATER CONTAINED IN ON, WITHIN AND UNDER SAID LANDS AND EVERY PART THEREOF, THIS RESERVATION SHALL NOT RESERVE OR SHALL IT BE CONSTRUED AS RESERVING TO GRANTOR THE RIGHT TO GO UPON SAID LANDS FOR THE PURPOSE OF EXTRACTING ANY OF SAID SUBSTANCE.

APN: 4451-015-021

Prelim

91402-21-18739



**This page is part of your document - DO NOT DISCARD**

## 20210822632





**Pages:
0007**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**05/21/21 AT 08:00AM**

| | |
|---|---|
| FEES: | 62.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 150.00 |
| PAID: | 212.00 |



**L E A D S H E E T**



201105210190066

00020534830



012237343

**SEQ:
01**

**SECURE - 8:00AM**



**THIS FORM IS NOT TO BE DUPLICATED**

*E248971*

91402-21-1873

Q1402-21-18739

**North American Title**

Recording Requested By

_NAT_

When Recorded Mail To
Superior Loan Servicing
7525 Topanga Canyon Blvd.
Canoga Park  CA  91303

Title Order No.

Space above this line for recorder's use

# DEED OF TRUST

Loan No. **BRG-051321**

This Deed of Trust, made this **14th** day of **May 2021**, among the Trustor, **Clinton Brown, a Single Man** (herein "Borrower"), **Superior Loan Servicing** (herein "Trustee"), and the Beneficiary, **Steve Smead, a married man as his sole and separate property, as to an undivided 100.000% interest** (herein "Lender").

The beneficiaries (or assignees) of this deed of trust have agreed in writing to be governed by the desires of the holders of more than 50% of the record beneficial interest therein with respect to actions to be taken on behalf of all holders in the event of default or foreclosure or for matters that require direction or approval of the holders, including designation of the broker, servicing agent, or other person acting on their behalf, and the sale, encumbrance or lease of real property owned by the holders resulting from foreclosure or receipt of a deed in lieu of foreclosure.

## GRANT IN TRUST

BORROWER, in consideration of the indebtedness herein recited and the trust herein created, irrevocably grants, transfers, conveys and assigns to Trustee, in trust, with power of sale, the following described property located in the county of  **Los Angeles**, State of California: **Real Property in the City of Malibu, County of Los Angeles, State of California, described as follows: LOT 182 OF TRACT 10570, IN THE CITY OF MALIBU, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 161 PAGES 36 TO 42 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF LOS ANGELES COUNTY, STATE OF CALIFORNIA. EXCEPTING THEREFROM ALL MINERALS, OIL, PETROLEUM ASPHALTUM, GAS, COAL, HYDROCARBON SUBSTANCES AND WATER CONTAINED IN ON, WITHIN AND UNDER SAID LANDS AND EVERY PART THEREOF, THIS RESERVATION SHALL NOT RESERVE OR SHALL IT BE CONSTRUED AS RESERVING TO GRANTOR THE RIGHT TO GO UPON SAID LANDS FOR THE PURPOSE OF EXTRACTING ANY OF SAID SUBSTANCE.**, which has the address of **21472 Calle Del Barco Malibu CA 90265** (herein "Property Address"); **APN: 4451-015-021**

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, rents (subject however to the rights and authorities given herein to Lender to collect and apply such rents), royalties, mineral, oil and gas rights and profits, water, and water rights, and water stock, and all fixtures now or hereafter attached to the property, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the property covered by this Deed of Trust; and all of the foregoing, together with said property (or the leasehold estate if this Deed of Trust is on a leasehold) are herein referred to as the "Property";

## THIS DEED OF TRUST IS MADE TO SECURE TO LENDER:

(a) the repayment of the indebtedness evidenced by Borrower's note (herein "Note") dated **05/14/2021**, in the principal sum of U.S. **$300,000.00**, with payment of interest thereon, the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed of Trust; the performance of the covenants and agreements of Borrower herein contained; and (b) repayment of any future advances, with interest thereon, made to the Borrower by Lender pursuant to paragraph 19 hereof (herein "Future Advances"); and in addition (c) this Deed of Trust shall provide the same security on behalf of the Lender, to cover extensions, modifications or renewals, including without limitation, extensions, modifications or renewals of the Note at a different rate of interest; and the performance of the covenants and agreements of Borrower herein contained.

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the **Property, that the Property is unencumbered except for encumbrances of record, and that Borrower will warrant and defend** generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. BORROWER AND LENDER COVENANT AND AGREE AS FOLLOWS:

**1. Payments of Principal and/or Interest.** Borrower shall promptly pay, when due, the principal of and/or interest on the indebtedness evidenced by the Note, prepayment and late charges as provided in the Note, and the principal of and/or interest on any Future Advances secured by the Deed of Trust.

**2. Funds for Taxes and Insurance (Impounds).** Subject to applicable law, and if required by the Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Deed of Trust, and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional Lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a Federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Deed of Trust that interest on the Funds shall be paid to Borrower, and unless such an agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Deed of Trust.

If the amount of Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Deed of Trust, Lender shall promptly refund to Borrower any Funds held by Lender. If under Paragraph 18 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed of Trust.

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, if applicable, then to interest payable on the Note, then to the principal of the Note, and then to interest and principal on any Future Advances.

**4. Prior Mortgages and Deeds of Trust; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid, at least 10 days before delinquency, all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any.

**5. Hazard Insurance.** Borrower agrees to provide, maintain and deliver to Lender fire insurance satisfactory and with loss payable to Lender. The amount collected under any fire or other insurance policy may be applied by Lender upon any indebtedness secured hereby and in such order as Lender may determine, or at option of Lender the entire amount so collected or any part thereof may be released to the Borrower. Such application or release shall not cure or waive any Default or Notice of Default hereunder or invalidate any act done pursuant to such notice.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

In the event of a loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply their insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Deed of Trust.

If Borrower obtains earthquake, flood or any other hazard insurance, or any other insurance on the Property, and such insurance is not specifically required by the Lender, then such insurance shall: (i) name the Lender as loss payee thereunder, and (ii) be subject to all of the provisions of this paragraph 5.

**6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed of Trust is on a leasehold. If this Deed of Trust is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration of covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

**7. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which affects Lender's interest in the Property, including but not limited to proceedings by the Lender to obtain relief from stay in any bankruptcy proceeding which would prohibit Lender enforcing its rights under the Deed of Trust, then Lender, at Lender's option, may make such appearances, disburse such sums, including reasonable attorney's fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Deed of Trust, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, including but not limited to payment of delinquent taxes and assessments, insurance premiums due, and delinquent amounts owed to prior lien holders, shall become additional indebtedness of Borrower secured by this Deed of Trust . Such amounts as are disbursed by Lender shall be payable, upon notice from Lender to Borrower requesting payment thereof, and shall bear interest from the date of disbursement at the rate payable on the Note. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

**8. Inspection.** Lender may make or cause to be made reasonable entries upon and inspection of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefore related to Lender's interest in the Property.

**9. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in conjunction with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

**10. Borrower Not Released.** At any time or from time to time, without liability therefore and without notice upon written request of Lender and presentation of this Deed and said Note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge thereof. Trustee may, but shall be under no obligation or duty to, appear in or defend any action or proceeding purporting to affect said property or the title thereto, or purporting to affect the security hereof or the rights or powers of Lender or Trustee.

**11. Forbearance by Lender Not a Waiver.** Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy. The procurement of insurance or the payment of taxes or other liens or charges by Lender shall not be a waiver of Lender's right to accelerate the maturity of the indebtedness secured by this Deed of Trust.

**12. Remedies Cumulative.** All remedies provided in this Deed of Trust are distinct and cumulative to any other or remedy under this Deed of Trust or afforded by law or equity, and may be exercised concurrently, independently or successively.

**13. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 18 hereof. All covenants and agreements of Borrower shall be joint and several.

**14. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower or the Property at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender, in care of Lender's Servicing Agent ("Agent"), **Superior Loan Servicing, 7525 Topanga Canyon Blvd Canoga Park CA 91303** or to such other address as Lender or Agent may designate by notice to Borrower as provided herein. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

**15. This Deed of Trust shall be governed by the Laws of the State of California.** In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not effect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision, and to this end the provisions of the Deed of Trust are declared to be severable.

**16. Lender's Right to Require The Loan to be Paid Off Immediately.** If the Borrower shall sell, enter into a contract of sale, lease for a term of more than 6-years (including options to renew), lease with an option to purchase for any term, or transfer all or any part of the Property or an interest  therein, excluding (a) the creation of a lien or encumbrance subordinate to this Deed of Trust, (b) or

a transfer by devise, descent, or by operation of law upon the death of a joint tenant, the Lender may, at its option declare the Note and any other obligations secured by this Deed of Trust, together with accrued interest thereon, immediately due and payable, in full. No waiver or the Lender's right to accelerate shall be effective unless it is in writing.

If Lender exercises such option to accelerate, Lender shall mail Borrower notice of acceleration in accordance with paragraph 14 hereof. Such notice shall provide a period of not less than 30 days from the date the notice is mailed within which Borrower may pay the sums declared due. If Borrower fails to pay such sums prior to the expiration of such period, Lender may, without further notice or demand on Borrower, invoke any remedies permitted by paragraph 17 hereof.

BORROWER AND LENDER FURTHER COVENANT AND AGREE AS FOLLOWS:

**17. Assignment of Rents; Appointment of Receiver; Lender in Possession.** As additional security hereunder, and without regard to the adequacy of any security for the indebtedness hereby secured, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 18 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 18 hereof or abandonment of the Property, Lender, in person, by Agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorney's fees, and then to the sums secured by this Deed of Trust. Lender and the receiver shall be liable to account only for those rents actually received.

**18. Default.** Upon default by Borrower in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Lender may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written Notice of Default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Trustee shall be entitled to rely upon the correctness of such notice. Lender also shall deposit with Trustee this Deed, said Note and all documents evidencing expenditures secured hereby.

After the lapse of such time as then may be required by law following the recordation of said Notice of Default and Notice of Sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said Notice of Sale, either as a whole or in separate parcels and in such order as it may determine (but subject to any statutory right of Trustor to direct the order in which said property, if consisting of several lots or parcels, shall be sold), at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property to sold, but without any covenant or warranty, expressed or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of; all sums expended under the terms hereof, not then repaid, with accrued interest at the rate prescribed in the Note; all other sums then secured thereby; and the remainder, if any, to the person or persons legally entitled thereto.

**19. Future Advances.** Upon request of Borrower, Lender, at Lender's option prior to full reconveyance of the Property by Trustee to Borrower, may make Future Advances to Borrower. Such advances with interest thereon, shall be secured by this Deed of Trust when evidenced by promissory notes stating that said notes are secured hereby.

**20. Reconveyance.** Upon written request of Lender stating that all sums secured hereby have been paid, and upon surrender of this Deed and said Note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto." The Trustee may destroy said Note, this Deed or Trust (and any other documents related thereto) upon the first to occur of the following: 5 years after issuance of a full reconveyance; or, recordation of the Note and Deed of Trust in a form or medium which permits their reproduction for 5 years following issuance of a full reconveyance.

**21. Substitution of Trustee.** Lender, at Lender's option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon the Trustee herein and by applicable law.

**22. Request for Notices.** Borrower requests that copies of the notice of sale and notice of default be sent to Borrower's address which is the Property Address.

**23. Statement of Obligation.** Lender may collect a fee, not to exceed the maximum amount permitted by law, for furnishing the statement of obligations as provided by Section 2943 of the Civil Code of California.

MISCELLANEOUS PROVISIONS

**24. Construction or Home Improvement Loan.** If the loan secured by this Deed of Trust is a construction or home improvement loan, Borrower is required to perform according to the terms and conditions of each agreement contained in any building, home improvement or similar agreement between the Borrower and Lender.

**25. Acceptance by Lender of a Partial Payment After Notice of Default.** By accepting partial payment (payments which do not satisfy a default or delinquency in full) of any sums secured by this Deed of Trust after a Notice of Default has been recorded, or by accepting late performance of any obligation secured by this Deed of Trust, or by adding any payment so made to the loan secured by this Deed of Trust, whether or not such payments are made pursuant to a court order, the Lender does not waive its right either to require prompt payment when due of all other sums so secured or to declare default for failure to make any such prompt payment or to perform any such act. No exercise of any right or remedy of the Lender or Trustee under this Deed of Trust shall constitute a waiver of any other right or remedy contained in this Deed of Trust or provided by law.

IN WITNESS WHEREOF, BORROWER HAS EXECUTED THIS DEED OF TRUST

| Borrower   Clinton Brown | Date | Borrower | Date |

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of _____ LOS ANGELES

On _____ 5/14/21 _____ before me, _____ Clinton Brown   Adil Sheikh   NOTARY PUBLIC

personally appeared _____ Clinton Brown

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

(Seal)

ADIL SHEIKH
Notary Public - California
Los Angeles County
Commission # 2297420
My Comm. Expires Aug 13, 2023

## REQUEST FOR FULL RECONVEYANCE

The undersigned is the holder of the note or notes secured by this Deed of Trust. Said note or notes, together with all **other indebtedness secured by this Deed of Trust, have been paid in full. You are hereby directed to cancel said note or notes and** this Deed of Trust, which are delivered hereby, and to reconvey, without warranty, all the estate now held by you under this Deed of Trust to the person or persons legally entitled thereto.

_____     _____     _____     _____
Signature of Beneficiary (the "LENDER")              Date        Signature of Beneficiary (the "LENDER")              Date

When recorded, mail to

Att: _____



**This page is part of your document - DO NOT DISCARD**





# 20200445574

**Pages: 0007**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**04/22/20 AT 08:00AM**

| | |
|---|---|
| FEES: | 62.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 62.00 |



**L E A D S H E E T**



202004220990060

**00018163303**



010696345

**SEQ:
04**

**SECURE - 8:00AM**



**THIS FORM IS NOT TO BE DUPLICATED**

*E646114*

E08_200422_757.161

RECORDED AT REQUEST OF
EQUITY TITLE CO

WHEN RECORDED MAIL TO
VINCE P. SARKANY
3393 BARHAM BLVD.
LOS ANGELES, CA. 90068

(FOR RECORDER'S USE ONLY)

DEED OF TRUST WITH ASSIGNMENT OF RENTS

(Please fill in document Title(s) on this line)

SB 2 Exemptions (choose the statement that applies):

◉ Exempt from fee per GC 27388.1 (a) (2); recorded concurrently "in connection with a transfer subject to the imposition of documentary transfer tax"

○ Exempt from fee per GC 27388.1 (a) (2); recorded concurrently "in connection with a transfer of real property that is a residential dwelling to an owner-occupier"

○ Exempt from fee per GC 27388.1 (a) (1); "fee cap of $225 reached"

○ Exempt from fee per GC 27388.1 (a) (1); "not related to real property"

EQUITY TITLE

3910/0120 00416

RECORDING REQUESTED BY:

AND WHEN RECORDED MAIL TO:

Vince P. Sarkany
3393 Barham Blvd.
Los Angeles, CA 90068

Order No.:  22081 KH
Escrow No.:
APN:  4451-015-021

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## DEED OF TRUST WITH ASSIGNMENTS OF RENTS

**This DEED OF TRUST,** made                    March 17, 2020                                    between

   CLINTON BROWN, A SINGLE MAN

herein called TRUSTOR, whose address is  10226 Regent Street, Los Angeles, CA 90034

Equity Title Company, 801 N. Brand Blvd., Suite 400, Glendale, CA 91203        herein called TRUSTEE, and

Vince P. Sarkany, a Married Man as His Sole and Separate Property

herein called BENEFICIARY,

**Witnesseth:** That Trustor IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS to TRUSTEE IN TRUST, WITH

POWER OF SALE, that property in _____Los Angeles_____County, California, described as:

Lot 182 of Tract 10570 as per Map recorded in Book 161, Page(s) 36 to 42 of Maps, in the Office of the County Recorder of Los Angeles County, State of California. See Exhibit A.

Commonly Known As: Vacant Land Located at 21472 Calle Del Barco, Malibu, CA 90265

TOGETHER WITH the rents, issues and profits thereof, subject, however, to the right, power and authority hereinafter given to and conferred upon Beneficiary to collect and apply such rents, issues and profits.

**For the Purpose of Securing:**

1.) Payment of the sum of $        119,000.00        with interest thereon according to the terms of a promissory note or notes of even date herewith made by Trustor, payable to order of the Beneficiary, and extensions or renewals thereof; 2.) The performance of each agreement of Trustor herein made by Trustor incorporated by reference or contained herein or reciting it is so secured; 3.) Payment of additional sums and interest thereon which may hereafter be loaned to Trustor, or his or her or her successors or assigns, when evidenced by a promissory note or notes reciting that they are secured by this Deed of Trust.

1

THIS DEED OF TRUST IS SECOND AND SUBJECT TO A FIRST DEED OF TRUST RECORDING CONCURRENTLY.

**To Protect the Security of This Deed of Trust, Trustor Agrees:**

(1) To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon; not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.

(2) To provide, maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(3) To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed.

(4) To pay: at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; all costs, fees and expenses of this Trust.

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may: make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

(5) To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

(6) That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

(7) That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(8) That at any time or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(9) That upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto."

(10) That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take

2

possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(11) That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of his Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

(12) Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(13) That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledgees, of the note secured hereby, whether or not named as Beneficiary herein. In this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

(14) That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

The undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth.

Clinton Brown, As Manager

3

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF _California_ )

COUNTY OF _Los Angeles_ ) §

On _March 19, 2020_ before me, _Lauren Kimiko Hada_, Notary Public, personally appeared **Clinton Brown** ************************************************************who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Lauren Kim Hada_

LAUREN KIMIKO HADA
Notary Public · California
Los Angeles County
Commission # 2288758
My Comm. Expires Jun 13, 2023

4

## EXHIBIT "A"

LOT 182 OF TRACT 10570, IN THE CITY OF MALIBU, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 161 PAGES 36 TO 42 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF LOS ANGELES COUNTY, STATE OF CALIFORNIA.

EXCEPTING THEREFROM ALL MINERALS, OIL, PETROLEUM ASPHALTUM, GAS, COAL, HYDROCARBON SUBSTANCES AND WATER CONTAINED IN, ON, WITHIN AND UNDER SAID LANDS AND EVERY PART THEREOF. THIS RESERVATION SHALL NOT RESERVE OR SHALL IT BE CONSTRUED AS RESERVING TO GRANTOR THE RIGHT TO GO UPON SAID LANDS FOR THE PURPOSE OF EXTRACTING ANY OF SAID SUBSTANCE.

***END OF LEGAL DESCRIPTION***

**00224646**
E: 740 P: 869    Fee $40.00
Sierra Dickens, Millard Recorder    Page 1 of 2
03/08/2023 11:35:34 AM    By TITLEFIRST

After recording, mail to:
Steve Smead
352 E. Harvard Blvd.
Santa Paula, CA 93060

## TRUSTEE'S DEED

THIS INDENTURE made March 8, 2023, between **TitleFirst Title Insurance Agency, LLC** as Trustee, and *Steve Smead*, as Grantee, of 352 E. Harvard Blvd. Santa Paula, CA 93060

NOW, THEREFORE, Trustee in consideration of the premises recited and of the sum below mentioned bid and paid by Grantee, the receipt whereof is hereby acknowledged, and by thee presents, GRANT AND CONVEY unto Grantee, but without warranty, express or implied, the following described real property situated in MILLARD County, Utah:

**The Southwest quarter of Section 16, Township 25 South, Range 9 West, Salt Lake Base and Meridian.**

**Together with A Private easement for ingress and egress for roadway and utility purposes across the following land.**

**State of Utah, County of Millard**
**The Eastern 33 feet of the Northern 700 feet of Section 21, Township 25 South, Range 9 West.**

**The above easement is to be an appurtenant to and for access to the Grantee's land and all future owners of any land located within the boundary of: South half Section 16, Township 25 South, Range 9 West, Salt Lake Base an Meridian.**

**Tax Parcel No. 8710-1**

**Along with 1.73 ACFT of underground water as evidenced by Water Right No. 71-5613 as filed in the office of the State Engineer.**

### Recitals

A.   This conveyance is made pursuant to the powers conferred on Grantor by:
    1.   That Trust Deed dated **June 22, 2021**, executed by **Clinton Brown**, Trustor, to **TitleFirst Title Insurance Agency, LLC**, Trustee, with **Steve Smead** as Beneficiary, recorded **June 29, 2021** as Entry No.00215042, in Book 703, at Page 381, official records of **Millard** County, Utah, conveying the property described above as security for the promissory note and other obligations as set forth in the Trust Deed.

B.   After satisfaction of the conditions authorizing this conveyance specified in said Trust Deed and by law, as follows:

    1.   Breach and default occurred under the provisions of the Trust Deed in the manner set forth in the Notice of Default referred to below, such default continuing until time of sale.

    2.   The then holder of the note secured by said Trust Deed and beneficiary under same; caused the Trustee to execute a written Notice of Default and of election to sell, which notice was duly recorded on **August 29, 2022**, as entry No.00221473, in Book 731, at Page 548, official records of Millard County, Utah.

    3.   Not later than ten days after said Notice of Default was recorded, the Trustee duly mailed or otherwise provided in the manner required, all copies of such notice required under the Trust Deed or by law, including notice to the Trustor at its proper address and to all who properly filed for record Requests for Notice.

4.     The Trustee, in consequence of the foregoing and of the passage of at least three months after said Notice of Default was recorded, executed its notice of Sale declaring the time and place of sale to be on **March 8, 2023** at the hour of **11:00 A.M**, at **Main Entrance, Millard County Courthouse, 765 s. Highway 99, Fillmore, UT 84631**, in the County of Millard , State of Utah, and particularly describing the property and setting out the conditions of sale, and gave such notice of sale as follows:

a.     By posting such notice at least twenty days prior to the date of sale in a conspicuous place on the property to be sold and to at least three public places of the city or county in which the property to be sold is situated, as follows:

b.     By publishing such notice in **Millard County Chronicle Progress**, a newspaper of general circulation in Millard County, Utah, three times, once a week for three consecutive weeks on . **February 8, 15, and 22nd, 2023**

c.     By mailing copies of such notice, at least twenty days prior to sale, to those having the right to receive them under the Trust Deed and by law, including the Trustor thereunder.

5.     At the time and place of sale specified above, the Trustee duly sold at public auction to Grantee, **STEVE SMEAD** the highest bidder therefor, the above described property for the sum price of $230,923.20 (opening bid in favor of Steve Smead) , lawful money of the United States by the Satisfaction **FULL** indebtedness then secured by said Deed of Trust.

6.     All other applicable Utah Statutory provision or Trust Deed terms have been complied with as to acts to be performed and notice to be given.

IN WITNESS THEREOF, said TITLEFIRST TITLE INSURANCE AGENCY, LLC, as Trustee, has caused its corporate name and seal to be hereto affixed this 8th day of March, 2023.

Attest:                                          TITLEFIRST TITLE INSURANCE AGENCY, LLC

.........................................            Jeremy R. Gale, Manager

STATE OF UTAH                )
                                            :ss
COUNTY OF BEAVER          )

On the 8th of March, 2023, personally appeared before me Jeremy R. Gale who being by me duly sworn, did say, each and for himself, that the said Jeremy R. Gale, is the Managing Member of TITLEFIRST TITLE INSURANCE AGENCY, LLC and that the within and foregoing instrument was signed in behalf of said company by authority of resolution of its board of directors and said, Jeremy R. Gale each duly acknowledged to me that said Company executed the same and that the seal affixed is the seal of the said company.

Natalia Van Wyk
Notary Public

NATALIA VAN WYK
Notary Public
State of Utah
My Commission Expires 12/06/2024
COMMISSION NUMBER 716338



**00224646**
B: 740 P: 570     Fee $40.00
Sherri Dickens, Millard Recorder     Page 2 of 2
03/08/2023 11:35:34 AM   By TITLEFIRST

Entry #: 00224197    B: 739 P: 253
01/26/2023 02:32 PM
Page: 1 of 2
FEE: $40.00    BY: TITLEFIRST TITLE INSURANCE AGENCY, LLC
Sierra Dickens, Millard County  Recorder

After recording, mail to:
Steve Smead
352 E. Harvard Blvd.
Santa Paula, CA 93060

TRUSTEE'S DEED

THIS INDENTURE made January 26, 2023, between *TitleFirst Title Insurance Agency, LLC* as Trustee, and *Steve Smead*, as Grantee, of 352 E. Harvard Blvd. Santa Paula, CA 93060

NOW, THEREFORE, Trustee in consideration of the premises recited and of the sum below mentioned bid and paid by Grantee, the receipt whereof is hereby acknowledged, and by thee presents, GRANT AND CONVEY unto Grantee, but  without warranty, express or implied, the following described real property situated in MILLARD County, Utah:

**The Southwest quarter of Section 16, Township 25 South, Range 9 West, Salt Lake Base and Meridian.**

**Together with A Private easement for ingress and egress for roadway and utility purposes across the following land.**

**State of Utah, County of Millard**
**The Eastern 33 feet of the Northern 700 feet of Section 21, Township 25 South, Range 9 West.**

**The above easement is to be an appurtenant to and for access to the Grantee's land and all future owners of any land located within the boundary of: South half Section 16, Township 25 South, Range 9 West, Salt Lake Base an Meridian.**

**Tax Parcel No. 8710-1**

**Along with 1.73 ACFT of underground water as evidenced by Water Right No. 71-5613 as filed in the office of the State Engineer.**

Recitals

    A.  This conveyance is made pursuant to the powers conferred on Grantor by:
        1.     That Trust Deed dated **June 22, 2021**, executed by **Clinton Brown** , Trustor, to **TitleFirst Title Insurance Agency, LLC,** Trustee, with **Steve Smead** as Beneficiary, recorded **June 29, 2021** as Entry No.**00215042** , in Book **703**, at Page **381**, official records of **Millard** County, Utah, conveying the property described above as security for the promissory note and other obligations as set forth in the Trust Deed.

        B.  After satisfaction of the conditions authorizing this conveyance specified in said Trust Deed and by law, as follows:

        1.     Breach and default occurred under the provisions of the Trust Deed in the manner set forth in the Notice of Default referred to below, such default continuing until time of sale.

        2.     The then holder of the note secured by said Trust Deed and beneficiary under same; caused the Trustee to execute a written Notice of Default and of election to sell,  which notice was duly recorded on **August 29, 2022** , as entry No.**00221473** , in Book **731** , at Page **548** , official records of Millard County, Utah.

        3.     Not later than ten days after said Notice of Default was recorded, the Trustee duly mailed or otherwise provided in the manner required, all copies of such notice required under the Trust Deed or by law, including notice to the Trustor at its proper address and to all who properly filed for record Requests for Notice.

4.      The Trustee, in consequence of the foregoing and of the passage of at least three months after said Notice of Default was recorded, executed its notice of Sale declaring the time and place of sale to be on **January 25, 2023** at the hour of **11:00 A.M.**, at **Main Entrance, Millard County Courthouse, 765 s. Highway 99, Fillmore, UT 84631**, in the County of Millard , State of Utah, and particularly describing the property and setting out the conditions of sale, and gave such notice of sale as follows:

a.      By posting such notice at least twenty days prior to the date of sale in a conspicuous place on the property to be sold and in at least three public places of the city or county in which the property to be sold is situated, as follows:

b.      By publishing such notice in **Millard County Chronicle Progress,** a newspaper of general circulation in Millard County, Utah, three times, once a week for three consecutive weeks on : **January 4th, January 11th and January 18th, 2023.**

c.      By mailing copies of such notice, at least twenty days prior to sale, to those having the right to receive them under the Trust Deed and by law, including the Trustor thereunder.

5.      At the time and place of sale specified above, the Trustee duly sold at public auction to Grantee, **STEVE SMEAD** the highest bidder therefor, the above described property for the sum price of **$220,923.20** (opening bid in favor of Steve Smead) , lawful money of the United States by the Satisfaction **FULL** indebtedness then secured by said Deed of Trust.

6.      All other applicable Utah Statutory provision or Trust Deed terms have been complied with as to acts to be performed and notice to be given.

IN WITNESS THEREOF, said TITLEFIRST TITLE INSURANCE AGENCY, LLC, as Trustee, has caused its corporate name and seal to be hereto affixed this 26th day of January, 2023.

Attest:

TITLEFIRST TITLE INSURANCE AGENCY, LLC

_____  _____

BY: _____
            Jeremy R. Gale, Managing Member

STATE OF UTAH          )
                                        :ss.
COUNTY OF BEAVER    )

On the 26th of January, 2023, personally appeared before me Jeremy R. Gale who being by me duly sworn, did say, each and for himself, that the said Jeremy R. Gale, is the Managing Member of TITLEFIRST TITLE INSURANCE AGENCY, LLC and that the within and foregoing instrument was signed in behalf of said company by authority of resolution of its board of directors and said, Jeremy R. Gale each duly acknowledged to me that said Company executed the same and that the seal affixed is the seal of the said company.

_Natalia van Wyk_
Notary Public
Residing at _Beaver_ , Utah
My Commission Expires: _12-6-24_

NATALIA VAN WYK
Notary Public
State of Utah
My Commission Expires 12/06/2024
COMMISSION NUMBER 715338

Entry #: 00215042    B: 703 P: 381
06/29/2021 12:24 PM
Page: 1 of 5
FEE: $40.00    BY: TITLEFIRST TITLE INSURANCE AGENCY, LL(
Sierra Dickens, Millard County  Recorder

# TRUST DEED

THIS TRUST DEED, made this 22nd day of June, 2021 between Clinton Brown as Trustor(s), whose address is 16821 Edgar St. Pacific Palisade, CA 90272. TITLE FIRST TITLE INSURANCE AGENCY, LLC, a Utah Corporation as Trustee, and **STEVE SMEAD** of Santa Paula, State of California, as BENEFICIARY; WITNESSETH: That Trustor CONVEYS AND WARRANTS TO TRUSTEE IN TRUST, WITH POWER OF SALE, the following described property, situated in Millard county, State of Utah:

The Southwest quarter of Section 16, Township 25 South, Range 9 West, Salt Lake Base and Meridian.

Together with A Private easement for ingress and egress for roadway and utility purposes across the following land.

State of Utah, County of Millard
The Eastern 33 feet of the Northern 700 feet of Section 21, Township 25 South, Range 9 West.

The above easement is to be an appurtenant to and for access to the Grantee's land and all future owners of any land located within the boundary of: South half Section 16, Township 25 South, Range 9 West, Salt Lake Base and Meridian.

Tax Parcel Number 8710-1

Along with 1.73 ACFT of underground water as evidenced by Water Right No. 71-5613 as filed in the office of the State Engineer.

IF ANY OF THE ABOVE PROPERTY IS SOLD, CONVEYED OR OTHERWISE IS TRANSFERRED WITHOUT THE EXPRESS WRITTEN CONSENT OF THE BENEIFICIARIES, THE UNPAID BALANCE AND ALL ACCRUED INTEREST SHALL BE IMMEDIATELY DUE AND PAYABLE.

TOGETHER with all buildings, fixtures, and improvements thereon and all water rights, rights of way, easements, rents, issues, profits, income, tenements, hereditaments, franchises, privileges and appurtenances thereunto belonging, now or hereafter used or enjoyed with said property, or any part thereof, SUBJECT, HOWEVER, to the right, power, and authority hereinafter given to and conferred upon Beneficiary to collect and apply such rents, issues, and profits;

FOR THE PURPOSE OF SECURING (1) Payment of the indebtedness evidenced by a promissory note of even date herewith, in the principle sum of **$200,000.00** made by Trustor, payable to the Beneficiary or order at the times, in the manner and with interest as therein set forth, and with the final payment due, August 1, 2023 and any extensions and/or renewals or modifications thereof; (2) the performance of each agreement of Trustor herein contained; (3) the payment of all sums which shall hereafter be advanced by the Beneficiary to the Trustor by way of additional loan or loans, and to secure any and all indebtedness of any kind whatsoever from the Trustor to the Beneficiary hereafter expended or advanced by Beneficiary under or pursuant to the terms hereof, together with interest thereon as herein provided. PROVIDED, HOWEVER, that the making of such further loans, advances or expenditures shall be optional with the Beneficiary and PROVIDED FURTHER that it is the express intention of the parties to this Trust Deed that it shall stand as continuing security until all such further loans, advances and expenditures together with interest thereon, have been paid in full.

A. TO PROTECT THE SECURITY OF THIS TRUST DEED, TRUSTOR AGREES:

1. To keep the buildings upon the above described real property continuously occupied and used, and not to permit the same to become vacant, and keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon;  to comply with all laws, covenants and restrictions affecting said property; not to commit or permit waste thereof; not to commit, suffer or permit any act thereupon said property in violation of law.  To cultivate, irrigate, fertilize, fumigate, prune, and do all other acts which from the character of said property may be reasonably necessary, the specific.enumerations herein not excluding the general, and in the event the above described property is used for agricultural purposes, the Trustor will use all manure produced by stock selection, seed selection, crop rotation, weed control, fertilizing the soil, drainage, prevention of erosion and

pasture maintenance in accordance with good husbandry and the most approved methods of agricultural development. The Beneficiary may recover as damages for any breach of this covenant the amount it would cost to put the property in the condition called for herein. Proof of impairment of security shall be unnecessary in any suit or proceeding under this paragraph. If the loan secured hereby or any part thereof is being obtained for the purpose of financing construction of improvements on said property, Trustor further agrees:

(a) To commence construction promptly and to pursue same with reasonable diligence to completion in accordance with plans and specifications satisfactory to Beneficiary and

(b) To allow Beneficiary to inspect said property at all times during construction. Trustee, upon presentation to it of an affidavit signed by Beneficiary, setting forth facts showing a default by Trustor under this numbered paragraph, is authorized to accept as true and conclusive all facts and statements therein, and to act thereon hereunder.

2.   To keep the buildings and improvements now and/or hereafter upon the said premises unceasingly insured against loss by fire or other hazards in such amount and form as may be required by the Beneficiary in a Company or Companies selected by the Trustor subject disapproval by the Beneficiary, the insurance to be payable in case of loss to the Beneficiary as its interest may appear, all renewal policies to be delivered to the Beneficiary at least ten days prior to the expiration of the policy or policies renewed and in the event of the failure of the Trustor to so deliver a renewal policy, then the Beneficiary may renew or procure all required insurance upon said property and the Trustor agrees to pay all premiums therefore. All insurance policies covering any structure upon said premises, regardless of amount, shall be payable as aforesaid and delivered to the Beneficiary. In the event of loss, Trustor shall give immediate notice to Beneficiary who may make proof of loss. The amount collected under any fire and other insurance policy may be applied by the Beneficiary upon any indebtedness secured hereby and in such order as Beneficiary may determine, or, at option of Beneficiary, the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or any act done pursuant to such notice.

3.   To deliver to, pay for and maintain with Beneficiary until the indebtedness secured hereby is paid in full, such evidence of title as Beneficiary may require, including abstracts of title or policies of title insurance and any extensions or renewals thereof or supplements thereto.

4.   To appear in and defend any action or proceeding purporting to affect the security hereof, the title to said property, or the rights or powers of Beneficiary or Trustee; and should Beneficiary or Trustee elect to also appear in or defend any such action or proceeding, to pay all costs and expenses, including cost of evidence of title and attorney's fees incurred by Beneficiary a reasonable sum incurred by Beneficiary or Trustee, or incurred or advanced by the Beneficiary and/or Trustee in connection with any such action or proceeding in which the Beneficiary and/or Trustee may be joined as a party defendant or receives notice of such action, proceeding or claim asserted in such action or proceeding or proposed action or proceeding. Trustor covenants that the Trustor has a valid and unencumbered title in fee simple to the property described herein and has the right to convey the same and warrants and will defend said title unto the Trustee and Beneficiary against the claims and demands of all person whomsoever.

5.   To pay when all taxes and assessments affecting said property, including all assessments upon water company stock and all rents, assessments and charges for water, appurtenant to or used in connection with said property; to pay, when due, all encumbrances, charges, and liens with interest, on said property or any part thereof, which at any time appear to be prior or superior hereto; to pay all costs, fees and expenses of this Trust.

6.   Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may:  make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; commence, appear in and defend any action or proceeding purporting to affect the security hereof or the rights and powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and in exercising any such powers, incur any liability,

expend whatever amounts in its absolute discretion it may deem necessary therefore, including costs of evidence of title, employ counsel, and pay his reasonable fees.

7.   To pay immediately and without demand all sums expended hereunder by Beneficiary or Trustee, with interest from date of expenditure at the rate of ten per cent (10%) per annum until paid, and the repayment thereof shall be secured hereby.

8.   In addition to the payments due in accordance with the terms of the note secured hereby, the Trustor shall, at the option and demand of the Beneficiary, pay each year to the Beneficiary, in equal monthly installments, the estimated amount of the annual taxes, assessments insurance premiums, maintenance and other charges upon the property, such sums to be held in trust by the Beneficiary for Trustor's use and benefit for the payment by the Beneficiary of any such items when due.  The estimate shall be made by the Beneficiary.  If the Beneficiary shall fail to make such estimate, the amount of the preceding annual taxes, assessments, insurance premiums, maintenance and other charges as the case may be, shall be deemed to be the estimate for that year.  If, however, the payment made hereunder shall not be sufficient to pay such charges when the same shall be due, the Trustor shall pay the Beneficiary any amount necessary to make up the deficiency on or before the date when the same shall become due.

B.   IT IS MUTUALLY AGREED THAT:

1.   If the Trustor permits any deficiency in the amount of the aggregate monthly, or other periodic payments, provided for herein or in the note secured hereby, or any failure to pay any advancements or payments made by the Trustee and/or Beneficiary to protect and preserve the lien hereof or property described herein, such deficiency or failure shall constitute an event of default under this Deed of Trust and, if not cured within 15 days Trustor promises and agrees to pay a "late charge", and that any such "late charge" shall constitute an additional item secured by this Deed of Trust.  PROVIDED HOWEVER, that Trustor shall not become liable to pay total interest and "late charge" in excess of the highest legal rate permissible by contract under the laws of the State of Utah.

2.   The fixtures and equipment described herein and/or affixed to and used and enjoyed in connection with the real property herein or any part thereof constitute permanent fixtures thereof and that such fixtures and equipment will not be severed and removed from said real property without the written consent of the Beneficiary and written reconveyance thereof by the Trustee and shall be deemed part of the realty.

3.   Should said property or any part thereof be taken or damaged by reason of any public improvement or condemnation proceeding, or damaged by fire, or earthquake, or in any other manner, Beneficiary shall be entitled to all compensation, awards, and other payments or relief therefor, and shall be entitled at its option to commence, appear in and prosecute in its own name, any action or proceedings, or to make any compromise or settlement, in connection with such taking or damage.  All such compensation, awards, damages, rights of action and proceeds, including the proceeds of any policies of fire and other insurance affecting said property, are hereby assigned to Beneficiary, who may, after deducting therefrom all its expenses, including attorney's fees, apply the same on any indebtedness secured hereby.  Trustor agrees to execute such further assignments of any compensation, award, damages, and rights of action and proceeds as Beneficiary or Trustee may require.

4.   At any time and from time to time upon written request of Beneficiary, payment of its fees and presentation of this Trust Deed and the note for endorsement (in case of full reconveyance for cancellation and retention), without affecting the liability of any person for the payment of the indebtedness secured hereby, Trustee may (a) consent to the making of any map or plat of said property; (b) join in granting any easement or creating any restriction thereon; (c) join in any subordination or other agreement affecting this Trust Deed or the lien of charge thereof; (d) reconvey, without warranty, all or any part of said property.  The grantee in any reconveyance may be described as "the person or persons entitled thereto," and the recitals therein of any matters or facts shall be conclusive proof of the truthfulness thereof.  Trustor agrees to pay Trustee's fees for any of the services mentioned in this paragraph.

5.   As additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, and hereby constitutes and appoints Beneficiary attorney in fact during the continuance of this Trust, with or without taking possession of the property affected hereby to collect the rents, issues, and profits of said property, (reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues, and profits, as they become due and payable.  Upon any such default.)  Beneficiary may, at any time without notice, by agent or by receiver, to be

appointed by court, Trustor hereby consenting to the appointment of Beneficiary as such receiver and without regard to any security for the indebtedness hereby secured, enter upon and take possession of said property, or any part thereof, and in its own name sue for or otherwise collect such rents, issues and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine.  Nothing contained herein, nor the exercise of the right by Beneficiary to collect, shall be, or be construed to be, an affirmation by Beneficiary of any tenancy, lease or option, or an assumption of liability under or a subordination of the lien or charge of this Trust Deed to any such tenancy, lease or option.

6.    The entering upon and taking possession of said property, the collection of such rents, issues and profits, or the proceeds of fire and other insurance policies, or compensation or awards for any taking or damage of said property, and the application or release thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

7.    The discontinuance or failure on the part of Beneficiary promptly to enforce any right hereunder shall not operate as a waiver of such right and the waiver by Beneficiary of any default shall not constitute a waiver of any other or subsequent default.

8.    In the event of the passage, after the date of this Trust Deed, of any law of the State of Utah, directing from the value of land for the purpose of taxation any lien thereon, or taxing such lien or the owner or holder of the same, or changing in any way the laws for the taxation of Trust Deeds or debts secured by Trust Deeds for state or local purposes, or the manner of the collection of any such taxes, so as to affect this Trust Deed, the Beneficiary or the Assignee of this Trust Deed and of the debt which it secures, shall have the right to give 30 days written notice to the owner of said land requiring the payment of the debt secured hereby, and it is hereby agreed that if such notice be given, the said debt shall become due, payable and collectable at the expiration of the said 30 days.

9.    Time is of the essence hereof.  Upon default by Trustor in the payment of any indebtedness secured hereby or in the performance of any agreement hereunder, all sums secured hereby shall immediately become due and payable at the option of Beneficiary.  In the event of such default, Beneficiary may execute or cause Trustee to execute a written notice of default and of election to cause said property to be sold to satisfy the obligations hereof, and Trustee shall file such notice for record in each county wherein said property or some part of parcel thereof is situated.  Beneficiary also shall deposit with Trustee, the note and all documents evidencing expenditures secured hereby.

10.  After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of default and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property on the date and at the time and place designated in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine subject to any statutory right of Trustor to direct the order in which such property, if consisting of several known lots of parcels, shall be sold, at public auction to the highest bidder, the purchase price payable in lawful money of the United States, at the time of sale.  The person conducting the sale may, for any cause he deems expedient, postpone the sale from time to time until it shall be completed and, in every case, notice of postponement shall be given by public declaration thereof by such person at the time and place last appointed for the sale, provided, if the sale is postponed for longer than one day beyond the day designated in the notice of sale, notice thereof shall be given in the same manner as the original notice of sale.  Trustee shall execute and deliver to the purchaser its Deed conveying said property so sold, but without any covenant or warranty, express or implied.  The recitals in the deed of any manners or facts shall be conclusive proof of the truthfulness thereof.  Any person including Beneficiary, may bid at the sale.  Trustee shall apply the proceeds of sale to payment of (1) the costs and expenses of exercising the power of sale and of the sale, including the payment of the Trustee's and attorney's fees; (2) cost of any evidence of title procured in connection with such sale and revenue stamps on Trustee's Deed; (3) all sums expended under the terms hereof, not then repaid, with accrued interest as herein provided from date of expenditure (4) all other sums then secured hereby; and (5) the remainder, if any, to the person or persons legally entitled thereto, or the Trustee, in its discretion, may deposit the balance of such proceeds with the county Clerk of the county in which the sale took place.

11.  Upon the occurrence of any default hereunder, Beneficiary shall have the option to declare all sums secured hereby immediately due and payable and foreclose this Trust Deed in the manner provided by law for the

foreclosure of mortgages on real property and Trustor agrees to pay Beneficiary or Trustee, whichever may be the Plaintiff in said foreclosure suit, the cost of said suit and a reasonable sum for attorney's fees, whether Beneficiary or Trustee shall have paid for procuring an abstract or other deed and also a reasonable fee for Trustee. All moneys herein agree to be paid shall be secured hereby.

12. In the event suit is instituted to effect foreclosure of this Trust Deed the Trustee and/or Beneficiary shall as a matter of right and without regard to the sufficiency of the security or of waste or danger of misapplication of any of the property of the Trustor, be entitled forthwith to have a receiver appointed of all the property described in this Trust Deed, and the Trustor hereby expressly consents to the appointment of a receiver by any court of competent jurisdiction and expressly stipulates and agrees that such receiver may remain in possession of the property until the final determination of such suit or proceedings. Trustor hereby expressly consents to the appointment of Beneficiary as such receiver.

13. Beneficiary may appoint a successor Trustee at any time by filing for record in the office of the County Recorder of each county in which said property or some part thereof is situated, a substitution of Trustee. From the time the substitution is filed for record, the new Trustee shall succeed to all the powers, duties, authority and title of the Trustee named herein or of any successor Trustee. Each such substitution shall be executed and acknowledged, and notice thereof shall be given and proof thereof made as provided by law

14. This Trust Deed shall apply to, inure to the benefit of, and bind all parties hereto, their heirs, legatees, devisees, administrators, executors, successors, and assigns. All obligations of Trustor hereunder are joint and several. The term "Beneficiary" shall mean the owner and holder, including any pledgee, of the note secured hereby. In this Trust Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

15. Trustee accepts this Trust when this Trust Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Trust Deed or of any action or proceeding in which Trustor, Beneficiary, or Trustee shall be a party unless brought by Trustee.

16. This Trust Deed shall be construed according to the laws of the State of Utah.

17. The undersigned Trustor requests that a copy of any notice of default and of any notice of sale hereunder be mailed to him at the address hereinbefore set forth.

18. The Trustor acknowledges that full disclosure has been made of the terms of the loan and the finance charge as required by Federal and State law and acknowledges receipt of a copy of such disclosure statements together with copies of the promissory note and trust deed.

Signed in the presence of:

_____

Clinton Brown                                                    _____

STATE OF _____NY_____ )
                                                    ) SS.
County of _____NY_____ )

On this day personally appeared before me    Clinton Brown
to me known to be the individual, or individuals described in and who executed the within and foregoing instrument, and acknowledged that he signed the same as his/her/their free and voluntary act and deed, for the uses and purposes therein mentioned.
Given under my hand and official seal this ____ day of _____June_____ ,2021 _____

_____
NOTARY PUBLIC

Jenice Hernandez
Notary Public State Of New York
No. 01HE6359254
Qualified in Bronx, Cert. Kings, NY Counties
Commission Expires May 22nd 2025
The UPS Store @ 82 Nassau 212.406.9010

Entry #: 00210554 B: 679 P: 462
07/16/2020 03:03 PM
Page: 1 of 6
FEE: $40.00    BY: TITLEFIRST TITLE INSURANCE AGENCY, LLC
Connie Hansen, Millard County  Recorder

# TRUST DEED

THIS TRUST DEED, made this **22nd** day of **June, 2020** between **Clinton Brown** as Trustor(s), whose address is **10226 Regent St. Los Angeles, CA 90034 TITLE FIRST TITLE INSURANCE AGENCY, LLC**, a Utah Corporation as Trustee, and **Equity Trust Company Custodian FBO Thaddeus Faeth IRA** of **Tempe** State of **Arizona** as BENEFICIARY; WITNESSETH: That Trustor CONVEYS AND WARRANTS TO TRUSTEE IN TRUST, WITH POWER OF SALE, the following described property, situated in **Millard** county, State of Utah:

The Southwest quarter of Section 16, Township 25 South, Range 9 West, Salt Lake Base and Meridian.

Together with A Private easement for ingress and egress for roadway and utility purposes across the following land.

State of Utah, County of Millard
 The Eastern 33 feet of the Northern 700 feet of Section 21, Township 25 South, Range 9 West.

The above easement is to be an appurtenant to and for access to the Grantee's land and all future owners of any land located within the boundary of: South half Section 16, Township 25 South, Range 9 West, Salt Lake Base and Meridian.

**Tax Parcel Number 8710-1**

**Along with 1.73 ACFT of underground water as evidenced by Water Right No. 71-5613 as filed in the office of the State Engineer.**

IF ANY OF THE ABOVE PROPERTY IS SOLD, CONVEYED OR OTHERWISE IS TRANSFERRED WITHOUT THE EXPRESS WRITTEN CONSENT OF THE BENEIFICIARIES, THE UNPAID BALANCE AND ALL ACCRUED INTEREST SHALL BE IMMEDIATELY DUE AND PAYABLE.

TOGETHER with all buildings, fixtures, and improvements thereon and all water rights, rights of way, easements, rents, issues, profits, income, tenements, hereditaments, franchises, privileges and appurtenances thereunto belonging, now or hereafter used or enjoyed with said property, or any part thereof, SUBJECT, HOWEVER, to the right, power, and authority hereinafter given to and conferred upon Beneficiary to collect and apply such rents, issues, and profits;

FOR THE PURPOSE OF SECURING (1) Payment of the indebtedness evidenced by a promissory note of even date herewith, in the principle sum of **$40,000.00** made by Trustor, payable to the Beneficiary or order at the times, in the manner and with interest as therein set forth, and with the final payment due, **AUGUST 1ST, 2032** and any extensions and/or renewals or modifications thereof; (2) the performance of each agreement of Trustor herein contained; (3) the payment of all sums which shall hereafter be advanced by the Beneficiary to the Trustor by way of additional loan or loans, and to secure any and all indebtedness of any kind whatsoever from the Trustor to the Beneficiary hereafter expended or advanced by Beneficiary under or pursuant to the terms hereof, together with interest thereon as herein provided.  PROVIDED, HOWEVER, that the making of such further loans, advances or expenditures shall be optional with the Beneficiary and PROVIDED FURTHER that it is the express intention of the parties to this Trust Deed that it shall stand as continuing security until all such further loans, advances and expenditures together with interest thereon, have been paid in full.

A.  TO PROTECT THE SECURITY OF THIS TRUST DEED, TRUSTOR AGREES:

1.    To keep the buildings upon the above described real property continuously occupied and used, and not to permit the same to become vacant, and keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon;  to comply with all laws, covenants and restrictions affecting said property; not to commit or permit waste thereof; not to commit, suffer or permit any act thereupon said property in violation of law.  To cultivate, irrigate, fertilize, fumigate, prune, and do all other acts which from the character of said property may be reasonably necessary, the specific enumerations herein not excluding the general, and in the event the above described property is used for agricultural purposes, the Trustor will use all manure produced by stock selection, seed selection, crop rotation, weed control, fertilizing the soil, drainage, prevention of erosion and

pasture maintenance in accordance with good husbandry and the most approved methods of agricultural development. The Beneficiary may recover as damages for any breach of this covenant the amount it would cost to .put the property in the condition called for herein. Proof of impairment of security shall be unnecessary in any suit or proceeding under this paragraph. If the loan secured hereby or any part thereof is being obtained for the purpose of financing construction of improvements on said property, Trustor further agrees:

(a) To commence construction promptly and to pursue same with reasonable diligence to completion in accordance with plans and specifications satisfactory to Beneficiary and

(b) To allow Beneficiary to inspect said property at all times during construction. Trustee, upon presentation to it of an affidavit signed by Beneficiary, setting forth facts showing a default by Trustor under this numbered paragraph, is authorized to accept as true and conclusive all facts and statements therein, and to act thereon hereunder.

2.   To keep the buildings and improvements now and/or hereafter upon the said premises unceasingly insured against loss by fire or other hazards in such amount and form as may be required by the Beneficiary in a Company or Companies selected by the Trustor subject disapproval by the Beneficiary, the insurance to be payable in case of loss to the Beneficiary as its interest may appear, all renewal policies to be delivered to the Beneficiary at least ten days prior to the expiration of the policy or policies renewed and in the event of the failure of the Trustor to so deliver a renewal policy, then the Beneficiary may renew or procure all required insurance upon said property and the Trustor agrees to pay all premiums therefore. All insurance policies covering any structure upon said premises, regardless of amount, shall be payable as aforesaid and delivered to the Beneficiary. In the event of loss, Trustor shall give immediate notice to Beneficiary who may make proof of loss. The amount collected under any fire and other insurance policy may be applied by the Beneficiary upon any indebtedness secured hereby and in such order as Beneficiary may determine, or, at option of Beneficiary, the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or any act done pursuant to such notice.

3.   To deliver to, pay for and maintain with Beneficiary until the indebtedness secured hereby is paid in full, such evidence of title as Beneficiary may require, including abstracts of title or policies of title insurance and any extensions or renewals thereof or supplements thereto.

4.   To appear in and defend any action or proceeding purporting to affect the security hereof, the title to said property, or the rights or powers of Beneficiary or Trustee; and should Beneficiary or Trustee elect to also appear in or defend any such action or proceeding, to pay all costs and expenses, including cost of evidence of title and attorney's fees incurred by Beneficiary a reasonable sum incurred by Beneficiary or Trustee, or incurred or advanced by the Beneficiary and/or Trustee in connection with any such action or proceeding in which the Beneficiary and/or Trustee may be joined as a party defendant or receives notice of such action, proceeding or claim asserted in such action or proceeding or proposed action or proceeding. Trustor covenants that the Trustor has a valid and unencumbered title in fee simple to the property described herein and has the right to convey the same and warrants and will defend said title unto the Trustee and Beneficiary against the claims and demands of all person whomsoever.

5.   To pay when all taxes and assessments affecting said property, including all assessments upon water company stock and all rents, assessments and charges for water, appurtenant to or used in connection with said property; to pay, when due, all encumbrances, charges, and liens with interest, on said property or any part thereof, which at any time appear to be prior or superior hereto; to pay all costs, fees and expenses of this Trust.

6.   Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may:  make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; commence, appear in and defend any action or proceeding purporting to affect the security hereof or the rights and powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and in exercising any such powers, incur any liability,

expend whatever amounts in its absolute discretion it may deem necessary therefore, including costs of evidence of title, employ counsel, and pay his reasonable fees.

7.   To pay immediately and without demand all sums expended hereunder by Beneficiary or Trustee, with interest from date of expenditure at the rate of ten per cent (10%) per annum until paid, and the repayment thereof shall be secured hereby.

8.   In addition to the payments due in accordance with the terms of the note secured hereby, the Trustor shall, at the option and demand of the Beneficiary, pay each year to the Beneficiary, in equal monthly installments, the estimated amount of the annual taxes, assessments insurance premiums, maintenance and other charges upon the property, such sums to be held in trust by the Beneficiary for Trustor's use and benefit for the payment by the Beneficiary of any such items when due.  The estimate shall be made by the Beneficiary.  If the Beneficiary shall fail to make such estimate, the amount of the preceding annual taxes, assessments, insurance premiums, maintenance and other charges as the case may be, shall be deemed to be the estimate for that year.  If, however, the payment made hereunder shall not be sufficient to pay such charges when the same shall be due, the Trustor shall pay the Beneficiary any amount necessary to make up the deficiency on or before the date when the same shall become due.

B.   IT IS MUTUALLY AGREED THAT:

1.   If the Trustor permits any deficiency in the amount of the aggregate monthly, or other periodic payments, provided for herein or in the note secured hereby, or any failure to pay any advancements or payments made by the Trustee and/or Beneficiary to protect and preserve the lien hereof or property described herein, such deficiency or failure shall constitute an event of default under this Deed of Trust and, if not cured within 15 days Trustor promises and agrees to pay a "late charge", and that any such "late charge" shall constitute an additional item secured by this Deed of Trust.  PROVIDED HOWEVER, that Trustor shall not become liable to pay total interest and "late charge" in excess of the highest legal rate permissible by contract under the laws of the State of Utah.

2.   The fixtures and equipment described herein and/or affixed to and used and enjoyed in connection with the real property herein or any part thereof constitute permanent fixtures thereof and that such fixtures and equipment will not be severed and removed from said real property without the written consent of the Beneficiary and written reconveyance thereof by the Trustee and shall be deemed part of the realty.

3.   Should said property or any part thereof be taken or damaged by reason of any public improvement or condemnation proceeding, or damaged by fire, or earthquake, or in any other manner, Beneficiary shall be entitled to all compensation, awards, and other payments or relief therefor, and shall be entitled at its option to commence, appear in and prosecute in its own name, any action or proceedings, or to make any compromise or settlement, in connection with such taking or damage.  All such compensation, awards, damages, rights of action and proceeds, including the proceeds of any policies of fire and other insurance affecting said property, are hereby assigned to Beneficiary, who may, after deducting therefrom all its expenses, including attorney's fees, apply the same on any indebtedness secured hereby.  Trustor agrees to execute such further assignments of any compensation, award, damages, and rights of action and proceeds as Beneficiary or Trustee may require.

4.   At any time and from time to time upon written request of Beneficiary, payment of its fees and presentation of this Trust Deed and the note for endorsement (in case of full reconveyance for cancellation and retention), without affecting the liability of any person for the payment of the indebtedness secured hereby, Trustee may (a) consent to the making of any map or plat of said property; (b) join in granting any easement or creating any restriction thereon; (c) join in any subordination or other agreement affecting this Trust Deed or the lien of charge thereof; (d) reconvey, without warranty, all or any part of said property.  The grantee in any reconveyance may be described as "the person or persons entitled thereto," and the recitals therein of any matters or facts shall be conclusive proof of the truthfulness thereof.  Trustor agrees to pay Trustee's fees for any of the services mentioned in this paragraph.

5.   As additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, and hereby constitutes and appoints Beneficiary attorney in fact during the continuance of this Trust, with or without taking possession of the property affected hereby to collect the rents, issues, and profits of said property, (reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues, and profits, as they become due and payable.  Upon any such default.)  Beneficiary may, at any time without notice, by agent or by receiver, to be

appointed by court, Trustor hereby consenting to the appointment of Beneficiary as such receiver and without regard to any security for the indebtedness hereby secured, enter upon and take possession of said property, or any part thereof, and in its own name sue for or otherwise collect such rents, issues and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. Nothing contained herein, nor the exercise of the right by Beneficiary to collect, shall be, or be construed to be, an affirmation by Beneficiary of any tenancy, lease or option, or an assumption of liability under or a subordination of the lien or charge of this Trust Deed to any such tenancy, lease or option.

6.    The entering upon and taking possession of said property, the collection of such rents, issues and profits, or the proceeds of fire and other insurance policies, or compensation or awards for any taking or damage of said property, and the application or release thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

7.    The discontinuance or failure on the part of Beneficiary promptly to enforce any right hereunder shall not operate as a waiver of such right and the waiver by Beneficiary of any default shall not constitute a waiver of any other or subsequent default.

8.    In the event of the passage, after the date of this Trust Deed, of any law of the State of Utah, directing from the value of land for the purpose of taxation any lien thereon, or taxing such lien or the owner or holder of the same, or changing in any way the laws for the taxation of Trust Deeds or debts secured by Trust Deeds for state or local purposes, or the manner of the collection of any such taxes, so as to affect this Trust Deed, the Beneficiary or the Assignee of this Trust Deed and of the debt which it secures, shall have the right to give 30 days written notice to the owner of said land requiring the payment of the debt secured hereby, and it is hereby agreed that if such notice be given, the said debt shall become due, payable and collectable at the expiration of the said 30 days.

9.    Time is of the essence hereof. Upon default by Trustor in the payment of any indebtedness secured hereby or in the performance of any agreement hereunder, all sums secured hereby shall immediately become due and payable at the option of Beneficiary.  In the event of such default, Beneficiary may execute or cause Trustee to execute a written notice of default and of election to cause said property to be sold to satisfy the obligations hereof, and Trustee shall file such notice for record in each county wherein said property or some part of parcel thereof is situated.  Beneficiary also shall deposit with Trustee, the note and all documents evidencing expenditures secured hereby.

10.  After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of default and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property on the date and at the time and place designated in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine subject to any statutory right of Trustor to direct the order in which such property, if consisting of several known lots of parcels, shall be sold, at public auction to the highest bidder, the purchase price payable in lawful money of the United States, at the time of sale.  The person conducting the sale may, for any cause he deems expedient, postpone the sale from time to time until it shall be completed and, in every case, notice of postponement shall be given by public declaration thereof by such person at the time and place last appointed for the sale, provided, if the sale is postponed for longer than one day beyond the day designated in the notice of sale, notice thereof shall be given in the same manner as the original notice of sale. Trustee shall execute and deliver to the purchaser its Deed conveying said property so sold, but without any covenant or warranty, express or implied.  The recitals in the deed of any manners or facts shall be conclusive proof of the truthfulness thereof.  Any person including Beneficiary, may bid at the sale.  Trustee shall apply the proceeds of sale to payment of (1) the costs and expenses of exercising the power of sale and of the sale, including the payment of the Trustee's and attorney's fees; (2) cost of any evidence of title procured in connection with such sale and revenue stamps on Trustee's Deed; (3) all sums expended under the terms hereof, not then repaid, with accrued interest as herein provided from date of expenditure (4) all other sums then secured hereby; and (5) the remainder, if any, to the person or persons legally entitled thereto, or the Trustee, in its discretion, may deposit the balance of such proceeds with the county Clerk of the county in which the sale took place.

11.  Upon the occurrence of any default hereunder, Beneficiary shall have the option to declare all sums secured hereby immediately due and payable and foreclose this Trust Deed in the manner provided by law for the

foreclosure of mortgages on real property and Trustor agrees to pay Beneficiary or Trustee, whichever may be the Plaintiff in said foreclosure suit, the cost of said suit and a reasonable sum for attorney's fees, whether Beneficiary or Trustee shall have paid for procuring an abstract or other deed and also a reasonable fee for Trustee. All moneys herein agree to be paid shall be secured hereby.

12.  In the event suit is instituted to effect foreclosure of this Trust Deed the Trustee and/or Beneficiary shall as a matter of right and without regard to the sufficiency of the security or of waste or danger of misapplication of any of the property of the Trustor, be entitled forthwith to have a receiver appointed of all the property described in this Trust Deed, and the Trustor hereby expressly consents to the appointment of a receiver by any court of competent jurisdiction and expressly stipulates and agrees that such receiver may remain in possession of the property until the final determination of such suit or proceedings. Trustor hereby expressly consents to the appointment of Beneficiary as such receiver.

13.  Beneficiary may appoint a successor Trustee at any time by filing for record in the office of the County Recorder of each county in which said property or some part thereof is situated, a substitution of Trustee. From the time the substitution is filed for record, the new Trustee shall succeed to all the powers, duties, authority and title of the Trustee named herein or of any successor Trustee. Each such substitution shall be executed and acknowledged, and notice thereof shall be given and proof thereof made as provided by law

14.  This Trust Deed shall apply to, inure to the benefit of, and bind all parties hereto, their heirs, legatees, devisees, administrators, executors, successors, and assigns. All obligations of Trustor hereunder are joint and several. The term "Beneficiary" shall mean the owner and holder, including any pledgee, of the note secured hereby. In this Trust Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

15.  Trustee accepts this Trust when this Trust Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Trust Deed or of any action or proceeding in which Trustor, Beneficiary, or Trustee shall be a party unless brought by Trustee.

16.  This Trust Deed shall be construed according to the laws of the State of Utah.

17.  The undersigned Trustor requests that a copy of any notice of default and of any notice of sale hereunder be mailed to him at the address hereinbefore set forth.

18.  The Trustor acknowledges that full disclosure has been made of the terms of the loan  and the finance charge as required by Federal and State law and acknowledges receipt of a copy of such disclosure statements together with copies of the promissory note and trust deed.

Signed in the presence of:

7/8/2020

Clinton Brown

STATE OF   California   )
                                         ) SS.
County of   Los Angeles )

On this day personally appeared before me   **Clinton Brown**
to me known to be the individual, or individuals described in and who executed the within and foregoing instrument, and acknowledged that he signed the same as his/~~her/their~~ free and voluntary act and deed, for the uses and purposes therein mentioned.
Given under my hand and official seal this   8th   day of   July   , 2020

~~NOTARY~~ PUBLIC



EDWIN T. GASCON
COMM. # 2250654
NOTARY PUBLIC-CALIFORNIA
LOS ANGELES COUNTY
My Comm. Exp. July 21, 2022

Entry#: 00210554   B: 679 P: 466   Page 5 of 6   Millard County  Recorder

## ALL-PURPOSE ACKNOWLEDGMENT

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of _Los Angeles_ } SS.

On _July 8ᵗʰ 2020_, before me, _Edwin T. Gascon_, Notary Public,
_____DATE_____

personally appeared _Clinton Brown_ _____, who proved to me on the

basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

[Notary Seal: EDWIN T. GASCON, COMM. # 2250654, NOTARY PUBLIC-CALIFORNIA, LOS ANGELES COUNTY, My Comm. Exp. JULY 21, 2022]

**I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.**

WITNESS my hand and official seal.

PLACE NOTARY SEAL IN ABOVE SPACE                      NOTARY'S SIGNATURE

## OPTIONAL INFORMATION

The information below is optional. However, it may prove valuable and could prevent fraudulent attachment of this form to an unauthorized document.

**CAPACITY CLAIMED BY SIGNER (PRINCIPAL)**

- ☑ INDIVIDUAL
- ☐ CORPORATE OFFICER _____
- ☐ PARTNER(S)            TITLE(S)
- ☐ ATTORNEY-IN-FACT
- ☐ GUARDIAN/CONSERVATOR
- ☐ SUBSCRIBING WITNESS
- ☐ OTHER: _____

**DESCRIPTION OF ATTACHED DOCUMENT**

_Escrow_
TITLE OR TYPE OF DOCUMENT

_1_
NUMBER OF PAGES

_7/8/2020_
DATE OF DOCUMENT

OTHER

**SIGNER (PRINCIPAL) IS REPRESENTING:**
NAME OF PERSON(S) OR ENTITY(IES)

RIGHT THUMBPRINT OF SIGNER

[Right thumbprint box: Top of thumbprint here]

**Entry #: 00210552    B: 679 P: 458**
07/16/2020 03:03 PM
Page: 1 of 1
FEE: $40.00    BY: TITLEFIRST TITLE INSURANCE AGENCY, LLC
Connie Hansen, Millard County Recorder

20063628  8710-1, Fillmore, Utah  84631
WHEN RECORDED MAIL TO:
Clinton Brown
10226 Regent St.
Los Angeles, CA 90034

## WARRANTY DEED

Equity Trust Company Custodian FBO Thaddeus Faeth IRA                          Grantor,

of Tempe, Arizona hereby CONVEYS and WARRANTS to

Clinton Brown                                                                  Grantee,

of Los Angeles, California, for the sum of TEN DOLLARS and other good and valuable consideration, the following tract of land in MILLARD, State of Utah, to-wit:

The Southwest quarter of Section 16, Township 25 South, Range 9 West, Salt Lake Base and Meridian.

Together with A Private easement for ingress and egress for roadway and utility purposes across the following land. State of Utah, County of Millard

The Eastern 33 feet of the Northern 700 feet of Section 21, Township 25 South, Range 9 West.

The above easement is to be an appurtenant to and for access to the Grantee's land and all future owners of any land located within the boundary of: South half Section 16, Township 25 South, Range 9 West, Salt Lake Base and Meridian.
Tax Serial No.: 8710-1

LESS AND EXCEPTING any and all water rights associated herewith.
Subject to easements, restrictions, rights of way, leases, mineral rights, gas and oil rights, and reservations appearing of record and enforceable in law and subject to 2020 taxes and thereafter.

WITNESS the hand of said grantor, this _6th_ day of June, 2020

**Equity Trust Company Custodian FBO,**
**Thaddeus Faeth IRA**

BY: _____

Name:  MATTHEW COLLIER                          Approved By: Thaddeus Faeth
Title     Corporate Alternate Signer

STATE OF __Ohio__ )
                                                 ss.
COUNTY OF __Cuyahoga__ )

This Instrument was acknowledged before me on ~~June~~ July 1st, 2020, by __Matthew Collier__ as
__CORPORATE ALTERNATE SIGNER__ of Equity Trust Company Custodian FBO Thaddeus Faeth IRA

Notary Public _____

JASON NICHOLSON
Notary Public
State of Ohio
My Comm. Expires
May 19, 2025

Electronically
Recorded in Official Records
San Bernardino County

Assessor-Recorder-County Clerk

**WFG National Default Services**

DOC# 2023-0021452

RECORDING REQUESTED BY
**Same as below**

| | | |
|---|---|---|
| 01/31/2023 08:34 AM | Titles: 1 | Pages: 2 |
| SAN | | |

WHEN RECORDED MAIL TO

| | | |
|---|---|---|
| F3010 | Fees | $39.00 |
| | Taxes | $0.00 |
| | CA SB2 Fee | $75.00 |
| | Total | $114.00 |

STEVE SMEAD
145 S. 8TH ST.
SANTA PAULA, CA 93060
Mail Tax Statement To:

SAME AS ABOVE

Trustee Sale No. CA-STS-22019423

---

# TRUSTEE'S DEED

The undersigned grantor declares:
1. The Grantee herein was the foreclosing beneficiary.
2. The amount of the unpaid debt together with costs was $175,909.68.
3. The amount paid by the Grantee at the Trustee's Sale was $175,909.68.
4. The documentary transfer tax is $0.00.

**PEAK FORECLOSURE SERVICES, INC.,** a California corporation, as the duly appointed Trustee under the Deed of Trust hereinafter described (herein called TRUSTEE), hereby grants and conveys, but without warranty, express or implied, to:

STEVE SMEAD

Herein called GRANTEE, all of its right, title and interest in and to that certain property situate in the City of HINKLEY, County of SAN BERNARDINO, State of CALIFORNIA, described as follows:

THE WEST 1/2 AND THE WEST 1/2 OF THE SOUTHEAST QUARTER OF SECTION 20, TOWHNSHIP 11 NORTH, RANGE 4 WEST, SAN BERNARDINO MERIDIAN, COUNTY OF SAN BERNARDINO, STATE OF CALIFORNIA, ACCORDING TO THE U.S. GOVERNMENT SURVEY THEREOF.

TAX PARCEL NO:   0490-091-09-0-000 AND 0490-091-19-0-000

This conveyance is made pursuant to the powers conferred upon TRUSTEE by that certain Deed of Trust executed by CLINTON BROWN, A SINGLE MAN, as Trustors recorded 11/10/2020 , as Instrument No. 2020-0446979,  of Official Records in the office of the Recorder of SAN BERNARDINO County, State of CALIFORNIA, and after fulfillment of the conditions as specified in said Deed of Trust authorizing this conveyance.  Default occurred as set forth in a Notice of Default and Election to Sell which was filed for record in the office of the Recorder of said County, and such default still existed at the time of sale.   All requirements of law regarding the mailing of copies of notices and posting and publication of copies of the Notice of Sale have been complied with.

Said property was sold by said Trustee at public auction on January 5, 2023, at the place named in the Notice of Sale, in the County of SAN BERNARDINO, CALIFORNIA, in which the property is situated. Grantee, being the highest bidder at such sale, became the purchaser of said property and paid therefore to said Trustee the amount bid being $175,909.68, in lawful money of the United States, or by the satisfaction, pro tanto, of the obligations then secured by said Deed of Trust.

**ACCOMODATION**
This Document delivered to Recorder
As an accomodation only at the
Express request of the parties hereto.
It has not been examined as to
its effect or validity

Page 1 of 2

CA_TD

Trustee Sale No. CA-STS-22019423

Date:   1/30/2023

PEAK FORECLOSURE SERVICES, INC., Trustee

By _____

Lilian Solano, Authorized Signor

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF <u>California</u>

COUNTY OF <u>Los Angeles</u>

On <u>1/30/2023</u>, before me, <u>Kelli J. Espinoza</u> notary public personally appeared <u>Lilian Solano,</u> who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument, the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

**I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.**

WITNESS my hand and official seal.

NOTARY PUBLIC

KELLI J. ESPINOZA
Notary Public - California
Los Angeles County
Commission # 2364437
My Comm. Expires Jul 6, 2025

Page 2 of 2                          CA_TD

Electronically
Recorded in Official Records
San Bernardino County

Assessor-Recorder-County Clerk

**WFG National Default Services**

RECORDING REQUESTED BY
**Same as below**
WHEN RECORDED MAIL TO

**PEAK FORECLOSURE SERVICES, INC.**
5900 Canoga Avenue, Suite 220
Woodland Hills, CA 91367
**(818) 591-9237**

**DOC# 2022-0390246**

| | | |
|---|---|---|
| 12/05/2022 04:20 PM SAN | Titles: 1 | Pages: 2 |
| | Fees | $29.00 |
| B9246 | Taxes | $0.00 |
| | CA SB2 Fee | $75.00 |
| | Total | $104.00 |

---

YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 9/21/2020. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.

## NOTICE OF TRUSTEE'S SALE
### Trustee's Sale No. CA-STS-22019423

NOTE: PURSUANT TO 2923.3(C) AND 2924.8 THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

[PURSUANT TO CIVIL CODE SECTIONS STATED ABOVE, THE SUMMARY OF INFORMATION REFERRED TO ABOVE IS NOT ATTACHED TO THE RECORDED COPY OF THIS DOCUMENT BUT IS MAILED TO ALL REQUIRED RECIPIENTS]

**NOTICE TO PROPERTY OWNER**: The sale date shown on this notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and, if applicable, the rescheduled time and date for the sale of this property, you may call **714-730-2727** or visit this Internet Web site **www.lpsasap.com**, using the file number assigned to this case, **CA-STS-22019423**. Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the Internet Web site. The best way to verify postponement information is to attend the scheduled sale.

---

On **January 5, 2023, at 12:00:00 PM, AT THE NORTH ARROWHEAD AVENUE ENTRANCE TO THE COUNTY COURTHOUSE, 351 NORTH ARROWHEAD AVENUE, in the City of SAN BERNARDINO, County of SAN BERNARDINO, State of CALIFORNIA, PEAK FORECLOSURE SERVICES, INC., a** California **corporation,** as duly appointed Trustee under that certain Deed of Trust executed by CLINTON BROWN, A SINGLE MAN, as Trustors, recorded on 11/10/2020, as Instrument No. 2020-0446979, of Official Records in the office of the Recorder of SAN BERNARDINO County, State of CALIFORNIA, under the power of sale therein contained, **WILL SELL AT PUBLIC AUCTION TO THE HIGHEST BIDDER**, for cash, cashier's check drawn on a state or national bank, check drawn by a state or federal credit union, or a check drawn by a state or federal savings and loan association, or savings association, or savings bank specified in Section 5102 of the Financial Code and authorized to do business in this state will be held by the duly appointed trustee as shown below, of all right, title, and interest conveyed to and now held by the trustee in the hereinafter described property under and pursuant to a Deed of Trust described below. The sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by the Deed of Trust, with interest and late charges thereon, as provided in the note(s), advances, under the terms of the Deed of Trust, interest thereon, fees, charges and expenses of the Trustee for the total amount (at the time of the initial publication of the Notice of Sale) reasonably estimated to be set forth below. The amount may be greater on the day of sale. Property is being sold "as is – where is".
TAX PARCEL NO. 0490-091-09-0-000 AND 0490-091-19-0-000

Page 1 of 2

CA NOTS

# NOTICE OF TRUSTEE'S SALE
### Trustee's Sale No. CA-STS-22019423

The West 1/2 and The West 1/2 of The Southeast Quarter of Section 20, Township 11 North, Range 4 West, San Bernardino Meridian, County of San Bernardino, State of California, According to the U.S. Government Survey thereof.

From information which the Trustee deems reliable, but for which Trustee makes no representation or warranty, the street address or other common designation of the above described property is purported to be 42829 HARPER LAKE RD, HINKLEY, CA 92347.

Said property is being sold for the purpose of paying the obligations secured by said Deed of Trust, including fees and expenses of sale. The total amount of the unpaid principal balance, interest thereon, together with reasonably estimated costs, expenses and advances at the time of the initial publication of the Notice of Trustee's Sale is $174,748.50.

**NOTICE TO POTENTIAL BIDDERS:** If you are considering bidding on this property lien, you should understand that there are risks involved in bidding at a trustee auction. You will be bidding on a lien, not on the property itself. Placing the highest bid at a trustee auction does not automatically entitle you to free and clear ownership of the property. You should also be aware that the lien being auctioned off may be a junior lien. If you are the highest bidder at the auction, you are or may be responsible for paying off all liens senior to the lien being auctioned off, before you can receive clear title to the property. You are encouraged to investigate the existence, priority, and size of outstanding liens that may exist on this property by contacting the county recorder's office or a title insurance company, either of which may charge you a fee for this information. If you consult either of these resources, you should be aware that the same lender may hold more than one mortgage or deed of trust on the property.

**NOTICE TO TENANT:** You may have a right to purchase this property after the trustee auction pursuant to Section 2924m of the California Civil Code. If you are an "eligible tenant buyer," you can purchase the property if you match the last and highest bid placed at the trustee auction. If you are an "eligible bidder," you may be able to purchase the property if you exceed the last and highest bid placed at the trustee auction. There are three steps to exercising this right of purchase. First, 48 hours after the date of the trustee sale, you can call 877-237-7878, or visit www.peakforeclosure.com using file number assigned to this case: **CA-STS-22019423** to find the date on which the trustee's sale was held, the amount of the last and highest bid, and the address of the trustee. Second, you must send a written notice of intent to place a bid so that the trustee receives it no more than 15 days after the trustee's sale. Third, you must submit a bid so that the trustee receives it no more than 45 days after the trustee's sale. If you think you may qualify as an "eligible tenant buyer" or "eligible bidder," you should consider contacting an attorney or appropriate real estate professional immediately for advice regarding this potential right to purchase.

## WE ARE ATTEMPTING TO COLLECT A DEBT, AND ANY INFORMATION WE OBTAIN WILL BE USED FOR THAT PURPOSE. **SALE INFORMATION LINE: 714-730-2727 or www.lpsasap.com**

Dated:  12/5/2022

PEAK FORECLOSURE SERVICES, INC., AS TRUSTEE

By

Lilian Solano, Trustee Sale Officer

CA NOTS

Electronically
Recorded in Official Records
San Bernardino County

Office of the Assessor-Recorder-Clerk

**WFG National-Default Services**

RECORDING REQUESTED BY

*same as below*

WHEN RECORDED MAIL TO

PEAK FORECLOSURE SERVICES, INC.
5900 Canoga Avenue. Suite 220
Woodland Hills, CA 91367

**DOC# 2022-0291905**

| 08/25/2022 08:52 AM SAN | Titles: 1   Pages: 4 | |
| --- | --- | --- |
| | Fees | $35.00 |
| A0253 | Taxes | $0.00 |
| | CA SB2 Fee | $75.00 |
| | Total | $110.00 |

Trustee's Sale No:    CA-STS-22019423
Loan No:    BROWN
APN·    0490-091-09 AND 0490-091-19

*2191996 CAD*

NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

NOTE: PURSUANT TO 2923.3(C)THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED

注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

[PURSUANT TO CIVIL CODE § 2923.3(a), THE SUMMARY OF INFORMATION REFERRED TO ABOVE IS NOT ATTACHED TO THE RECORDED COPY OF THIS DOCUMENT BUT ONLY TO THE COPIES PROVIDED TO THE TRUSTOR.]

IMPORTANT NOTICE

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION,** and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until three months from the date this notice of default may be recorded (which date of recordation appears on this notice). This amount is $18,530.00 as of 8/10/2022, and will increase until your account becomes current.

While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition to reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the Notice of Sale is posted (which may not be earlier than the end of the three-month period stated above) to, among other things (1) provide additional time in which to

     CA NOD

| Trustee's Sale No: | CA-STS-22019423 |
|---|---|
| Loan No: | BROWN |
| APN: | 0490-091-09 AND 0490-091-19 |

cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

To find out the amount you must pay, or to arrange for payment to stop the foreclosure or if your property is in foreclosure for any other reason, contact:

**STEVE SMEAD C/O**
**PEAK FORECLOSURE SERVICES, INC.**
5900 Canoga Avenue, Suite 220
Woodland Hills, CA 91367
(818) 591-9237

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale, provided the sale is concluded prior to the conclusion of the foreclosure.

**Remember,**
## YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.

**NOTICE IS HEREBY GIVEN** that PEAK FORECLOSURE SERVICES, INC., IS EITHER THE ORIGINAL TRUSTEE. THE DULY APPOINTED TRUSTEE OR ACTING AS AGENT FOR THE TRUSTEE OR BENEFICIARY under a Deed of Trust dated 9/21/2020, executed by CLINTON BROWN, A SINGLE MAN, as Trustor, to secure obligations in favor of STEVE SMEAD, as Beneficiary, recorded 11/10/2020, as Instrument No. 2020-0446979, of Official Records in the office of the Recorder of SAN BERNARDINO County, CALIFORNIA, as more fully described on said deed of trust including one note(s) for the sum of $150,000.00. That a breach of, and default in, the obligations for which such Deed of Trust is security has occurred as follows:

THE INSTALLMENT OF INTEREST WHICH BECAME DUE 05/01/2021 TOGETHER WITH ALL SUBSEQUENT INSTALLMENTS OF INTEREST. PLUS LATE CHARGES AND FORECLOSURE FEES AND EXPENSES. ANY ADVANCES WHICH MAY HEREAFTER BE MADE; ALL OBLIGATIONS AND INDEBTEDNESSES AND THEY BECOME DUE AND CHARGES PURSUANT TO SAID NOTE AND DEED OF TRUST. *SAID NOTE WILL BECOME ALL DUE AND PAYABLE ON 12/1/2022***

That by reason thereof, the present beneficiary under such Deed of Trust, has executed and delivered to said Trustee, a written Declaration and Demand for Sale, and has deposited with said duly appointed Trustee, such Deed of Trust and all the documents evidencing obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

CA NOD

| | |
|---|---|
| Trustee's Sale No: | CA-STS-22019423 |
| Loan No: | BROWN |
| APN: | 0490-091-09 AND 0490-091-19 |

Dated:  8/24/2022

PEAK FORECLOSURE SERVICES. INC., AS TRUSTEE

By _____

Lilian Solano, Trustee Sale Officer

CA NOD

# Declaration of Mortgage Servicer Pursuant to
# Civil Code §2923.5(b)

Borrower(s):        Clinton Brown
Mortgage Servicer:  Steve Smead
Property Address:   42829 Harper Lake Rd Hinkley, CA 92347
T.S. No.:           22019423

The undersigned, as an authorized agent or employee of the mortgage servicer named
below, declares that:

1.  ☐ The mortgage servicer has contacted the borrower pursuant to California Civil
    Code § 2923.5(a)(2) to "assess the borrower's financial situation and explore options
    for the borrower to avoid foreclosure." Thirty (30) days, or more, have passed since
    the initial contact was made.

2.  ☐ Despite the exercise of due diligence pursuant to California Civil Code          §
    2923.5(e), the mortgage servicer has been unable to contact the borrower to "assess
    the borrower's financial situation and explore options for the borrower to avoid
    foreclosure." Thirty (30) days, or more, have passed since these due diligence efforts
    were satisfied.

3.  ☐ No contact was required by the mortgage servicer because the individual(s)did
    not meet the definition of "borrower" pursuant to subdivision (c) of Section 2920.5.

4.  ☐ The requirements of Cal. Civil Code § 2923.5 do not apply because the loan is not
    secured by a first lien mortgage or first deed of trust that secures a loan, or that
    encumbers real property, described in Civil Code § 2924.15(a).

5.  ☑ The requirements of Cal. Civil Code § 2923.5 do not apply because:

    a._____The secured property is non-owner occupied.

    b.__X__The secured property is commercial or vacant land.

I certify that this declaration is accurate, complete and supported by competent and reliable
evidence which the mortgage servicer has reviewed to substantiate the borrower's default
and the right to foreclose, including the borrower's loan status and loan information.

Dated:  8-22-22        By: _____
                           Steve Smead

**WFG National Default Services**

RECORDING REQUESTED BY

*same as below*

WHEN RECORDED MAIL TO

**PEAK FORECLOSURE SERVICES, INC.**
5900 Canoga Avenue, Suite 220
Woodland Hills, CA 91367

Trustee's Sale No:   CA-STS-22019422
Loan No:              BROWN
APN:                  0490-091-09 & 0490-091-19

*2191992CAD*

Electronically
Recorded in Official Records
San Bernardino County

Office of the Assessor-Recorder-Clerk

DOC# 2022-0291892

| | | |
|---|---|---|
| 08/25/2022 08:45 AM SAN | Titles: 1 | Pages: 4 |
| A0253 | Fees | $35.00 |
| | Taxes | $0.00 |
| | CA SB2 Fee | $75.00 |
| | Total | $110.00 |

### NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

NOTE: PURSUANT TO 2923.3(C)THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED

注：本文件包含一个信息摘要

참고사항: 본 첨부 문서에 정보 요약서가 있습니다

NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO

TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP

LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

[PURSUANT TO CIVIL CODE § 2923.3(a), THE SUMMARY OF INFORMATION REFERRED TO ABOVE IS NOT ATTACHED TO THE RECORDED COPY OF THIS DOCUMENT BUT ONLY TO THE COPIES PROVIDED TO THE TRUSTOR.]

## IMPORTANT NOTICE

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION,** and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until three months from the date this notice of default may be recorded (which date of recordation appears on this notice).  This amount is $377,778.00 as of 8/10/2022, and will increase until your account becomes current.

While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage.  If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing.  In addition, the beneficiary or mortgagee may require as a condition to reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay.  You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made.  However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the Notice of Sale is posted (which may not be earlier than the end of the three-month period stated above) to, among other things (1) provide additional time in which to

| | |
|---|---|
| Trustee's Sale No: | CA-STS-22019422 |
| Loan No: | BROWN |
| APN: | 0490-091-09 & 0490-091-19 |

cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

To find out the amount you must pay, or to arrange for payment to stop the foreclosure or if your property is in foreclosure for any other reason, contact:

STEVE SMEAD C/O
PEAK FORECLOSURE SERVICES, INC.
5900 Canoga Avenue, Suite 220
Woodland Hills, CA 91367
(818) 591-9237

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale, provided the sale is concluded prior to the conclusion of the foreclosure.

Remember,
## YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.

**NOTICE IS HEREBY GIVEN** that PEAK FORECLOSURE SERVICES, INC.. IS EITHER THE ORIGINAL TRUSTEE, THE DULY APPOINTED TRUSTEE OR ACTING AS AGENT FOR THE TRUSTEE OR BENEFICIARY under a Deed of Trust dated 8/21/2020, executed by CLINTON BROWN. as Trustor, to secure obligations in favor of AMERICAN PACIFIC INVESTMENTS. as Beneficiary. recorded 11/10/2020, as Instrument No. 2020-0446978. of Official Records in the office of the Recorder of SAN BERNARDINO County, CALIFORNIA, as more fully described on said deed of trust including one note(s) for the sum of $348,000.00. That a breach of, and default in, the obligations for which such Deed of Trust is security has occurred as follows:

> FAILURE TO PAY THE PRINCIPAL BALANCE WHICH BECAME DUE ON 11/10/2021 TOGETHER WITH ACCRUED AND ACCRUING INTEREST, LATE CHARGES, FORECLOSURE FEES AND EXPENSES. ALL OBLIGATIONS AND INDEBTEDNESSES AS THEY BECOME DUE AND CHARGES PURSUANT TO SAID NOTE AND DEED OF TRUST.

That by reason thereof, the present beneficiary under such Deed of Trust. has executed and delivered to said Trustee, a written Declaration and Demand for Sale, and has deposited with said duly appointed Trustee, such Deed of Trust and all the documents evidencing obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

DOC #2022-0291892  Page 3 of 4

Trustee's Sale No:    CA-STS-22019422
Loan No:            BROWN
APN:               0490-091-09 & 0490-091-19

Dated:  8/24/2022

PEAK FORECLOSURE SERVICES. INC., AS TRUSTEE

By _____

Lilian Solano. Trustee Sale Officer

          CA NOD

# Declaration of Mortgage Servicer Pursuant to
# Civil Code §2923.5(b)

Borrower(s):       Clinton Brown
Mortgage Servicer: Steve Smead
Property Address:  42829 Harper Lake Rd Hinkley, CA 92347
T.S. No.:          22019422

The undersigned, as an authorized agent or employee of the mortgage servicer named below, declares that:

1. ☐ The mortgage servicer has contacted the borrower pursuant to California Civil Code § 2923.5(a)(2) to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." Thirty (30) days, or more, have passed since the initial contact was made.

2. ☐ Despite the exercise of due diligence pursuant to California Civil Code           § 2923.5(e), the mortgage servicer has been unable to contact the borrower to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." Thirty (30) days, or more, have passed since these due diligence efforts were satisfied.

3. ☐ No contact was required by the mortgage servicer because the individual(s)did not meet the definition of "borrower" pursuant to subdivision (c) of Section 2920.5.

4. ☐ The requirements of Cal. Civil Code § 2923.5 do not apply because the loan is not secured by a first lien mortgage or first deed of trust that secures a loan, or that encumbers real property, described in Civil Code § 2924.15(a).

5. ☒ The requirements of Cal. Civil Code § 2923.5 do not apply because:

   a._____The secured property is non-owner occupied.

   b._X__The secured property is commercial or vacant land.

I certify that this declaration is accurate, complete and supported by competent and reliable evidence which the mortgage servicer has reviewed to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information.

Dated: 8-22-22          By:_____
                            Steve Smead

RECORDED AT THE REQUEST OF
**CHICAGO TITLE - INLAND EMPIRE**

**RECORDING REQUESTED BY**

**AND WHEN RECORDED MAIL DOCUMENT TO:**

NAME **Steve Smead**

STREET ADDRESS **352 E. Harvard Blvd.**

CITY, STATE & ZIP CODE **Santa Paula CA 93060**

Electronically
Recorded in Official Records
San Bernardino County
Bob Dutton
Assessor-Recorder-County Clerk

**DOC# 2022-0251090**

| | | | |
|---|---|---|---|
| 07/19/2022 04:38 PM SAN | | Titles: 1 | Pages: 3 |
| | | Fees | $32.00 |
| | | Taxes | $0.00 |
| I5190 | | CA SB2 Fee | $0.00 |
| | | Total | $32.00 |

SPACE ABOVE FOR RECORDER'S USE ONLY

## Corporation Assignment of Deed of Trust

### Title of Document

Pursuant to Assembly Bill 1466 – Restrictive Covenant (GC Code Section 27388.2), effective July 1, 2022, a fee of two dollars ($2) for recording the first page of every instrument, paper, or notice required or permitted by law to be recorded per each single transaction per parcel of real property, except those expressly exempted from payment of recording fees, as authorized by each county's board of supervisors and in accordance with applicable constitutional requirements.

Pursuant to Senate Bill 2 – Building Homes and Jobs Act (GC Code Section 27388.1), effective January 1, 2018, a fee of seventy-five dollars ($75.00) shall be paid at the time of recording of every real estate instrument, paper, or notice required or permitted by law to be recorded, except those expressly exempted from payment of recording fees, per each single transaction per parcel of real property. The fee imposed by this section shall not exceed two hundred twenty-five dollars ($225.00).

Reason for Exemption:

☐ Exempt from fee per GC 27388.1, recorded in connection with a transfer subject to the imposition of documentary transfer tax (DTT), or

☐ Exempt from fee per GC 27388.1, recorded in connection with a transfer of real property that is a residential dwelling to an owner-occupier, or

☑ Exempt from fee per GC 27388.1, recorded in connection with a transfer that was subject to documentary transfer tax which was paid on document recorded previously on *11/10/2020* (date) as document number *1* of Official Records. (Cap. $225.00).  *2020-0446977*

☐ Exempt from fee per GC 27388.1, fee cap of $225.00 reached, and/or

☐ Exempt from fee per GC 27388.1, not related to real property

Failure to include an exemption reason will result in the imposition of the $75.00 Building Homes and Jobs Act fee. Fees collected are deposited to the State and may not be available for refund.

**THIS COVER SHEET ADDED TO PROVIDE ADEQUATE SPACE FOR RECORDING INFORMATION ($3.00 Additional Recording Fee Applies)**

RECORDING REQUESTED BY:

AND WHEN RECORDED MAIL DOCUMENT AND
TAX STATEMENT TO:

Steve Smead
352 E Harvard Blvd
Santa Paula CA 93060

_7102012953_

THIS SPACE FOR RECORDER'S USE ONLY:

## CORPORATION ASSIGNMENT OF DEED TO TRUST

FOR VALUE RECEIVED, the undersigned hereby grants, assigns, and transfers to **Steve Smead** all beneficial interest under that certain Deed of Trust dated **August 21, 2020** executed by **Clinton Brown,** Trustor, to **Chicago Title Company, A California Corporation**, Trustee, and recorded as Instrument No. 2020-0446978, on **November 10, 2020,** of Official Records in the County Recorders Office of San Bernardino California, describing land therein as:

LEGAL DESCRIPTION ATTACHED HERETO AS EXHIBIT "A" AND MADE A PART HEREOF
A.P. # 0490-091-09-0-000 & 0490-091-19-0-000

Together with the note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Deed of Trust.

Dated June 13, 2022

American Pacific Investments

By: _____

Iqbal Ahmed

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA
COUNTY OF _Los Angeles_
On _07-08-2022_ before me, _Elizabeth Smith_ _____ A Notary Public personally appeared _Iqbal Ahmed_ _____ who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.
WITNESS my hand and official seal.

Signature _Elizabeth Smith_

(Seal)

ELIZABETH SMITH
COMM. # 2404768
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
My Comm. Expires JUNE 14, 2026

MAIL TAX STATEMENTS TO PARTY SHOWN BELOW; IF NO PARTY SHOWN, MAIL AS SHOWN ABOVE:

# EXHIBIT "A"
## Legal Description

**For APN/Parcel ID(s):  0490-091-09-0-000 and 0490-091-19-0-000**

Parcel 1:  (APN: 0490-091-09-0-000)

The West ½ Of Section 20, Township 11 North, Range 4 West, San Bernardino Meridian, In The County Of San Bernardino, State Of California, According To The U.S. Government Survey Thereof.

Parcel 2:  (APN: 0490-091-19-0-000)

The West ½ Of The Southeast Quarter Of Section 20, Township 11 North, Range 4 West, San Bernardino Meridian, In The County Of San Bernardino, State Of California, According To The U.S. Government Survey Thereof.

RECORDING REQUESTED BY

**Chicago Title Inland Empire**

AND WHEN RECORDED MAIL DOCUMENT TO:

NAME **American Pacific Investments**

STREET ADDRESS **P.O. Box 8181**

CITY, STATE & ZIP CODE **La Verne, CA 91750**

Electronically
Recorded in Official Records
County of San Bernardino

Bob Dutton
Assessor-Recorder-County Clerk

**DOC# 2020-0446978**

| 11/10/2020 04:40 PM | Titles: 1 Pages: 8 | |
| SAN | Fees | $35.00 |
| | Taxes | $0.00 |
| I2950 | CA SB2 Fee | $0.00 |
| | Total | $35.00 |

SPACE ABOVE FOR RECORDER'S USE ONLY

# DEED OF TRUST

### Title of Document

Pursuant to Senate Bill 2 – Building Homes and Jobs Act (GC Code Section 27388.1), effective January 1, 2018, a fee of seventy-five dollars ($75.00) shall be paid at the time of recording of every real estate instrument, paper, or notice required or permitted by law to be recorded, except those expressly exempted from payment of recording fees, per each single transaction per parcel of real property. The fee imposed by this section shall not exceed two hundred twenty-five dollars ($225.00).

☐ Exempt from the fee per GC 27388.1 (a) (1); This document is subject to Documentary Transfer Tax

☑ Exempt from fee per GC 27388.1 (a) (2); recorded concurrently "in connection with" a transfer subject to the imposition of documentary transfer tax (DTT).

☐ Exempt from fee per GC 27388.1 (a) (2); recorded concurrently "in connection with" a transfer of real property that is a residential dwelling to an owner-occupier.

☐ Exempt from fee per GC 27388.1 (a) (1); fee cap of $225.00 reached.

☐ Exempt from the fee per GC 27388.1 (a) (1); not related to real property.

**THIS COVER SHEET ADDED TO PROVIDE ADEQUATE SPACE FOR RECORDING INFORMATION**
**($3.00 Additional Recording Fee Applies)**

**RECORDING REQUESTED BY:**
Chicago Title Company
**Order No.:**   7102012953

**When Recorded Mail Document To:**
American Pacific Investments
P.O. Box 8181
La Verne, CA  91750

APN/Parcel ID(s):  0490-091-09
0490-091-19

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

THIS DEED OF TRUST, made August 21, 2020, between

Clinton Brown, herein called TRUSTOR, whose address is

2945 Westwood Blvd,, Los Angeles, CA 90064

Chicago Title Company, a California corporation, herein called TRUSTEE, and

American Pacific Investments, herein called BENEFICIARY,

WITNESSETH:  That Trustor IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS to TRUSTEE IN TRUST, WITH POWER OF SALE, that property in the County of San Bernardino, State of California, described as:

**For APN/Parcel ID(s):  0490-091-09 and 0490-091-19**

The West ½ And The West ½ Of The Southeast Quarter Of Section 20, Township 11 North, Range 4 West, San Bernardino Meridian, County Of San Bernardino, State Of California, According To The U.S. Government Survey Thereof.

TOGETHER WITH the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority given to and conferred upon Beneficiary by paragraph ten (10) of the provisions incorporated herein by reference to collect and apply such rents, issues and profits.

For the Purpose of Securing:

1. Performance of each agreement of Trustor incorporated by reference or contained herein.

2. Payment of the indebtedness evidenced by one Promissory Note of even date herewith, and any extension or renewal thereof, in the principal sum of Three Hundred Forty-Eight Thousand And No/100 Dollars ($348,000.00) executed by Trustor in favor of Beneficiary or order.

3. Payment of such further sums as the then record owner of said property hereafter may borrow from Beneficiary, when evidenced by another note (or notes) reciting it is so secured.

## SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS
(continued)

APN/Parcel ID(s):  0490-091-09
                   0490-091-19

**To Protect the Security of this Deed of Trust, Trustor Agrees:**  By the execution and delivery of this Deed of Trust and the note secured hereby, that provisions one (1) to fourteen (14), inclusive, of the fictitious deed of trust recorded in Santa Barbara County and Sonoma County October 18, 1961, and in all other counties October 23, 1961, in the book and at the page of Official Records in the office of the county recorder of the county where said property is located, noted below opposite the name of such county, viz:

| COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Alameda | 435 | 684 | Kings | 792 | 833 | Placer | 895 | 301 | Sierra | 29 | 335 |
| Alpine | 1 | 250 | Lake | 362 | 39 | Plumas | 151 | 5 | Siskiyou | 468 | 181 |
| Amador | 104 | 348 | Lassen | 171 | 471 | Riverside | 3005 | 523 | Solano | 1105 | 182 |
| Butte | 1145 | 1 | Los Angeles | T2055 | 899 | Sacramento | 4331 | 62 | Sonoma | 1851 | 689 |
| Calaveras | 145 | 152 | Madera | 810 | 170 | San Benito | 271 | 383 | Stanislaus | 1715 | 456 |
| Colusa | 296 | 617 | Marin | 1508 | 339 | San Bernardino | 5567 | 61 | Sutter | 572 | 297 |
| Contra Costa | 3978 | 47 | Mariposa | 77 | 292 | San Francisco | A332 | 905 | Tehama | 401 | 289 |
| Del Norte | 78 | 414 | Mendocino | 579 | 530 | San Joaquin | 2470 | 311 | Trinity | 93 | 366 |
| El Dorado | 568 | 456 | Merced | 1547 | 538 | San Luis Obispo | 1151 | 12 | Tulare | 2294 | 275 |
| Fresno | 4626 | 572 | Modoc | 184 | 851 | San Mateo | 4078 | 420 | Tuolumne | 135 | 47 |
| Glenn | 422 | 184 | Mono | 52 | 429 | Santa Barbara | 1878 | 860 | Ventura | 2062 | 386 |
| Humboldt | 657 | 527 | Monterey | 2194 | 538 | Santa Clara | 5336 | 341 | Yolo | 653 | 245 |
| Imperial | 1091 | 501 | Napa | 639 | 86 | Santa Cruz | 1431 | 494 | Yuba | 334 | 486 |
| Inyo | 147 | 598 | Nevada | 305 | 320 | Shasta | 684 | 528 | | | |
| Kern | 3427 | 60 | Orange | 5889 | 611 | San Diego | Series 2 Book 1961, Page 183887 | | | | |

which provisions, identical in all counties, (printed on the attached unrecorded pages) are hereby adopted and incorporated herein and made a part hereof as fully as though set forth herein at length; that Trustor will observe and perform said provisions; and that the references to property, obligations and parties in said provisions shall be construed to refer to the property, obligations, and parties set forth in this Deed of Trust.

The undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth.

IN WITNESS WHEREOF, the undersigned have executed this document on the date(s) set forth below.

Clinton Brown

## SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

(continued)

APN/Parcel ID(s):  0490-091-09
0490-091-19

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of _CALIFORNIA_

County of _LOS ANGELES_

On _SEPTEMBER 12, 2020_ before me, _BARBARA LAWSON_, Notary Public (here insert name and title of the officer), personally appeared Clinton Brown, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_Barbara Lawson_
Signature

BARBARA LAWSON
Notary Public - California
Los Angeles County
Commission # 2285678
My Comm. Expires May 16, 2023

APN/Parcel ID(s):   0490-091-09
                    0490-091-19

# DO NOT RECORD

The following is a copy of provisions one (1) to fourteen (14), inclusive, of the fictitious deed of trust, recorded in each county in California, as stated in the foregoing Deed of Trust and incorporated by reference in said Deed of Trust as being a part thereof as if set forth at length therein.

**TO PROTECT THE SECURITY OF THIS DEED OF TRUST, TRUSTOR AGREES:**

1.  To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefore; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon; not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.

2.  To provide, maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor.  Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

3.  To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed.

4.  To pay: at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; all costs, fees and expenses of this Trust.

    Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may: make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

5.  To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

6.  That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

7.  That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

8.  That at any time or from time to time, without liability therefore and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

APN/Parcel ID(s):  0490-091-09
                   0490-091-19

## DO NOT RECORD

9.  That upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder.  The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof.  The Grantee in such reconveyance may be described as "the person or persons legally entitled thereto."  Five years after issuance of such full reconveyance, Trustee may destroy said note and this Deed (unless directed in such request to retain them).

10. That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable.  Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such, rents, issues, and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine.  The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

11. That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record.  Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

    After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash of lawful money of the United States, payable at time of sale.  Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the proceeding postponement.  Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied.  The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof.  Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

    After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

12. Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties.  Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and pages where this Deed is recorded and the name and address of the new Trustee.

13. That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns.  The term Beneficiary shall mean the owner and holder, including pledgees, of the note secured hereby, whether or not named as Beneficiary herein.  In this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

14. That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law.  Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

**SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS**

(continued)

APN/Parcel ID(s):  0490-091-09
0490-091-19

### REQUEST FOR FULL RECONVEYANCE

CHICAGO TITLE COMPANY, A CALIFORNIA CORPORATION, TRUSTEE:

The undersigned is the legal owner and holder of all indebtedness secured by the within Deed of Trust.  All sums secured by said Deed of Trust have been fully paid and satisfied; and you are hereby requested and directed, on payment to you of any sums owing to you under the terms of said Deed of Trust, to cancel all evidences of indebtedness, secured by said Deed of Trust, delivered to you herewith, together with the said Deed of Trust, and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, all the estate now held by you under the same.

IN WITNESS WHEREOF, the undersigned have executed this document on the date(s) set forth below.

_____
Print Company Name

_____
Signature

By: _____
Print Name

Its: _____
Print Title

_____
Print Company Name

_____
Signature

By: _____
Print Name

Its: _____
Print Title

Please mail Reconveyance to:

_____

Do not lose or destroy this Deed of Trust OR THE NOTE which it secures.  Both original documents must be delivered to the Trustee for cancellation before reconveyance will be made.

## SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS
### (continued)

APN/Parcel ID(s):   0490-091-09
                    0490-091-19

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of _____

County of _____

On _____ before me, _____, Notary Public,
                                                    (here insert name and title of the officer)

personally appeared _____,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Signature

RECORDING REQUESTED BY:
Chicago Title Company

Electronically
Recorded in Official Records
County of San Bernardino
Bob Dutton
Assessor-Recorder-County Clerk

**DOC# 2020-0446977**

| | | |
|---|---|---|
| 11/10/2020 04:40 PM | Titles: 1 | Pages: 2 |
| SAN | Fees | $27.00 |
| | Taxes | $547.80 |
| I2950 | CA SB2 Fee | $0.00 |
| | Total | $574.80 |

**When Recorded Mail Document and Tax Statement To:**
Clinton Brown
10226 Regent St
Los Angeles, CA 90034

SPACE ABOVE THIS LINE FOR RECORDER'S USE

Escrow Order No.: 7102012953

APN/Parcel ID(s):  0490-091-09
                              0490-091-19

## GRANT DEED

**The undersigned grantor(s) declare(s)**

☐  This transfer is exempt from the documentary transfer tax.
☑  **The documentary transfer tax is $547.80** and is computed on:
    ☑  the full value of the interest or property conveyed.
    ☐  the full value less the liens or encumbrances remaining thereon at the time of sale.
The property is located in ☑ an Unincorporated area.

**FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged**, American Pacific Investments, LLC, a limited liability company

**hereby GRANT(S) to** Clinton Brown, a single man

**the following described real property in the** Unincorporated Area of the County of San Bernardino, State of California:

    **For APN/Parcel ID(s):  0490-091-09 and 0490-091-19**

The West ½ And The West ½ Of The Southeast Quarter Of Section 20, Township 11 North, Range 4 West, San Bernardino Meridian, County Of San Bernardino, State Of California, According To The U.S. Government Survey Thereof.

**PROPERTY COMMONLY KNOWN AS:**  Vacant Land-42829 Harper Lake Road, Hinkley, CA 92347

## MAIL TAX STATEMENTS AS DIRECTED ABOVE

SCA0000129.doc / Updated:  04.08.20

CA-CT-FWIN-02180.055716-7102012953

# GRANT DEED
(continued)

APN/Parcel ID(s):  0490-091-09
0490-091-19

Dated:  August 28, 2020

IN WITNESS WHEREOF, the undersigned have executed this document on the date(s) set forth below.

American Pacific Investments, LLC

BY:_____
Iqbal Ahmed
Member

A notary public or other officer completing this certificate
verifies only the identity of the individual who signed the
document to which this certificate is attached, and not the
truthfulness, accuracy, or validity of that document.

State of _CALIFORNIA_

County of _LOS ANGELES_

On _08-31-2020_ before me, _Elizabeth Smith_, Notary Public,
(here insert name and title of the officer)

personally appeared _IQBAL AHMED_,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the
within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies),
and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s)
acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and
correct.

WITNESS my hand and official seal.

_Elizabeth Smith_
Signature

ELIZABETH SMITH
COMM. # 2245999
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
My Comm Expires JUNE 14, 2022