1   David Young, Esq.
2   Law Offices of David Young
    12400 Wilshire Blvd., Suite 360
3   Los Angeles, CA, 90025
4   Email: dyounglaw@verizon.net
    Tel: (310) 575 0308
5   Fax: (310) 575 0311
6   Attorney for Defendant STEVE SMEAD
7

8                 **UNITED STATES DISTRICT COURT**
9
                 **CENTRAL DISTRICT OF CALIFORNIA**
10

11  CLINTON BROWN,                    **Case No.: 2:23-cv-02938-MEMF-KS**

12                  Plaintiff,        **MEMORANDUM OF POINTS AND**
                                      **AUTHORITIES IN SUPPORT OF**
13                                    **MOTION TO DISMISS PLAINTIFF'S**
        vs.                           **FIRST AMENDED COMPLAINT FOR**
14                                    **FAILURE TO STATE A CLAIM UPON**
15  STEVE SMEAD,                      **WHICH RELIEF CAN BE GRANTED**
                                      **PURSUANT TO FRCP 12(b)(6);**
16                  Defendant         **MEMORANDUM OF POINTS AND**
                                      **AUTHORITIES; DECLARATION OF**
17                                    **STEVE SMEAD IN SUPPORT**
18                                    **THEREOF, AND [PROPOSED]**
19                                    **ORDER**
20

21                                    **Hearing Date:   February 29, 2024**
                                      **Hearing Time:   10:00 a.m.**
22                                    **Judge:   Hon. Maame Ewusi-**
23                                    **Mensah Frimpong**
                                      **Place:   Courtroom 8-B**
24

25

26

27

28
        _____
              MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S
                                    FIRST AMENDED COMPLAINT

# TABLE OF CONTENTS

I.  INTRODUCTION...................................................................................1

    A. Plaintiff's First Amended Complaint...........................................1

II. THE FEDERAL SECURITIES LAWS DO NOT APPLY TO

    PLAINTIFF'S ALLEGATIONS...........................................................3

III. DEFENDANT CANNOT INVOKE THE PROTECTION OF THE

    SECURITIES ACTS.......................................................................6

IV. PLAINTIFF'S AMEDED COMPLAINT IS FRIVILOUS AND

    MALICIOUS................................................................................7

V.  PLAINIFF HAS FAILED TO ESTABLISH A CLAIM UPON WHICH

    RELIEF CAN BE GRANTED (FRCP 12(b)(6))................................8

    A. The Securities Laws of the United States are Not Applicable to

       this Action...............................................................................8

VI. CONCLUSION.............................................................................12

i

1

# TABLE OF AUTHORITIES

2

<u>**Cases**</u>                                                                                              <u>**Page(s)**</u>

3
*Altman v. Knight,*431 F.Supp. 309 (S.D.N.Y. 1977) ...................................... 4

4
*Bellah v. First National Bank,* 495 F.2d 1109 (5th Cir. 1974) ....................... 4

5
*C.N.S. Enterprises, Inc. v. G&G Enterprises, Inc.,* 508 F.2d 1354,
6
1359 (7th Cir. 1975) ...................................................................................... 5

7
*Denton v. Hernandez* (1992) 504 US 25, 32, 112 S.Ct. 1728, 1733............ 8

8
*Exchange Nat. Bank of Chicago v. Touche Ross & Co.,*
9
544 F.2d 1126, 1137 (2d. Cir. 1976) ......................................................... 12

10
*Futura Development Corp. v. Centex Corp.,* 371 F2d 33, 42
(1st Cir. 1985) ........................................................................................... 3, 4

11
*Lopez v. Smith,* (9th Cir. 2000), 203 F3d 1122, 1127.................................... 7

12
*Marder v. Lopez,* 450 F.3d 445, 448 (9th Cir. 2006) .................................... 9

13
*McClure v. First National Bank,* 497 F.2d 490 (5th Cir. 1974). ..................... 4

14
*Mitchell v. Farcass,* (11th Cir. 1997) 112 F3d 1483, 1486............................ 7

15
*Neubronner v. Milken,* 6 F.3d 666, 672 (9th Cir. 1993) ............................... 3

16
*Reves v. Ernst & Young,* 494 U.S. 56, 64 (1990) ...................................... 11

17
*SEC v. R.G. Reynolds Enters,* (9th Cir. 1991) 952 F.2d 1125, 1133 ............. 6

18
*S.E.C. v. W.J. Howey Co.,* 328 U.S. 293, 297 (1946) ................................. 8

19
*United States v. Corinthian Colleges,* 655 F.3d 984 ,998 (9th Cir. 2011) .... 9

20
*United States Housing Foundation v. Forman,* 421, U.S. 837, \
95 S.Ct. 2051, 44 L.Ed.2d 621..................................................................... 4

21
*Van Arsdale v. Claxton,* 391 F. Supp. 538 (S.D.Cal. 1975) ......................... 4

22
*Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1106 (9th Cir. 2003) ......... 3

23
*Williamson v. Tucker,* 645 F.2d at 429; (P 4) .............................................. 4

24

25
**Statutes**

26
*FRCP 8(a)(2)*................................................................................................ 2

27
*FRCP 8(d)(1)*................................................................................................ 1

ii

28

*FRCP 9(b).* .................................................................................................... 2

Rule 12(b)(6) ................................................................................................ 1, 7

*28 USC Sec. 1915(e)(2)(B)* ........................................................................ 4

**References**

*Rutter, Fed. Civ. Proc., Before Trial*, Sec. 9:226.1 ....................................... 7

iii

# I. INTRODUCTION

## A. Plaintiff's First Amended Complaint

On April 19, 2023, Plaintiff, Clinton Brown, *in Pro Per*, filed his initial Complaint. That Complaint in no way complied with *FRCP 8(a)(2)* requiring "a short and plain statement of the claim showing that the pleader is entitled to relief." On December 6, 2023, this Court granted Defendant Steve Smead's Motion to Dismiss pursuant to *FRCP 12(b)(6): Failure to State a Claim.* (ECF No. 40). In doing so, the Court admonished Mr. Brown, a highly-educated individual, who attended law school, as follows:

> "Brown is reminded that, despite his *pro se* status, he is obligated to comply with the Federal Rules of Civil Procedure and the Local Rules. *See,* C.D. Cal. L.R. 83-2.2.3 ('Any person appearing *pro se* is required to comply with these Local Rules, and with [the Federal Rules of Civil Procedure]')." Order, p.2; fn.2. (ECF No. 40).

On January 1, 2024 (a Court holiday), Plaintiff filed his "Amended Complaint" (his First Amended Complaint). Again, Plaintiff's Amended Complaint in no way complies with *FRCP 8(a)(2)* requiring "a short and plain statement of the claim showing that the pleader is entitled to relief." The Amended Complaint is not filed in pleading paper format. Therefore, there are no numbered lines for reference purposes.

Plaintiff's Amended Complaint is offensive, rambling, frivolous, contradictory, and confusing. The Amended Complaint reeks with malice. "Once again, this is blatantly false, and the defendant will fold like a cheap suit under cross-examination." Amended Complaint, p.19, ¶ 57. (ECF No. 41).

1

1  The allegations are in no way "simple, concise and direct." *FRCP*
2  8(d)(1). Indeed, the Amended Complaint is unconventional in the extreme.
3  It consists of seven (7) pages of mostly irrelevant, purported legal history,
4  followed by a barrage of printed-out emails that in no way constitute
5  allegations, topped off with generous quotations from a previously filed
6  Declaration of Deendant Steve Smead that contradicts whatever
7  allegations Plaintiff needs to sustain his case. Indeed, the Smead
8  Declaration set forth in the Amended Complaint by Plaintiff, constitutes
9  allegations that pleads Plaintiff right out of Court. What is crucial however,
10  is that in its substantive content, Plaintiff's Amended Complaint is almost
11  identical to what this Court ruled upon in his initial Complaint.

12  What can be discerned from the Amended Complaint is that at issue
13  are three separate properties, two of which are in Malibu and Hinkley [the
14  "Harper" property], California, and the third property being in Utah. The
15  Amended Complaint also states that the Defendant, Steve Smead, lent
16  money to the Plaintiff regarding all three properties, and received in return
17  three separate notes and deeds of trust for each individual property.
18  Where Defendant was in a second position on any of the properties, he
19  eventually through purchase of the first positioned deed of trust became
20  the sole lienholder on each of the three properties. In a confused and
21  contradictory manner, Plaintiff alleges that in some way this constitutes
22  what is, in essence, common law deception and fraud, and common law
23  interference with business and economic advantage. Nothing regarding
24  this is pled with the particularity required by *FRCP 9(b)*. The Court
25  admonished the Plaintiff in its Order that: ,

26  "Moreover, Federal Rule of Civil Procedure 9(b)
27  states that an allegation of "fraud or mistake must
28  state with particularity the circumstances

2

constituting fraud." Fed.R.Civ.P. 9(b). Specifically, the 'circumstances' required by Rule 9(b) are the 'who, what, when, where, and how' of the fraudulent activity. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003); *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993) ('[Rule 9(b) requires] the times, dates, places, benefits received, and other details of the alleged fraudulent activity.'). Additionally, the allegation 'must set forth what is false or misleading about a statement, and why it is false.' *Vess*, 317 F.3d at 1106." Order, p.8, ll.15-22. (ECF No. 41).

## II. THE FEDERAL SECURITIES LAWS DO NOT APPLY TO PLAINTIFF'S ALLEGATIONS

Defendant denies that the securities laws of the United States are involved in any way with the transactions stated in Plaintiff's Amended Complaint. Defendant did not offer to sell anything. Defendant is not an "issuer" of anything. Defendant is merely a lender, seeking "security" for his loans through a note and deed of trust issued by Plaintiff, backed by property owned by Plaintiff. As Plaintiff's own exhibits filed with his Amended Complaint show, it is only Plaintiff's signature that is on the notes and deeds of trust. It is the Plaintiff that is offering to "sell" and "issue" to Defendant his note and deed of trust, if Plaintiff will lend him money. This is a garden variety commercial real estate transaction that takes place many thousands of times daily in the United States. It was never meant to be subject to Federal Securities Laws, with all of its technical registration requirements, and other minutia. See, *Futura Development Corp. v. Centex Corp.*, 371 F2d 33, 42 (1st Cir. 1985) which

3

held a note and mortgage not to be subject to the Securities Acts of 1933 and 1934. The Court stated:

> "We do not believe that Congress intended run-of-the mill real estate transactions to be governed by the Securities Acts. *See United States Housing Foundation v. Forman,* 421, U.S. 837, 95 S.Ct. 2051, 44 L.Ed.2d 621; *Williamson v. Tucker,* 645 F.2d at 429; *Altman v. Knight,* 431 F.Supp. 309 (S.D.N.Y. 1977); *Van Arsdale v. Claxton,* 391 F. Supp. 538 (S.D.Cal. 1975). Since we must assume for the purposes of review of the district court's dismissal that Futura's allegations of misrepresentation and reliance are true, we find that the note involved was not an investment security within the meaning of "security" in the 1933 and 1934 federal securities acts and, accordingly, affirm the dismissal of Futura's federal claims for lack of subject matter jurisdiction." 371 F.2d a 42.

In accord: *Bellah v. First National Bank*, 495 F.2d 1109 (5th Cir. 1974); *McClure v. First National Bank*, 497 F.2d 490 (5th Cir. 1974).

As in *Futura Development Corp.*, supra, Plaintiff's common law allegations of fraud, deception, and interference with economic relations, are not the crucial factors in determining whether a note and deed of trust constitute a security. Plaintiff's allegations that he showed Defendant a development proposal after the notes and deeds of trust were issued by him to Defendant, cannot change the nature of the transaction. All exhibits provided by Plaintiff to this Court, show only a normal loan by Plaintiff based on the value of the underlying real estate, and secured by a notes

4

and deeds of trust. Other than the property involved in each instance, Defendant has no recourse against Plaintiff for repayment of the loan. The Smead Declaration shows that Defendant invested nothing, and never intended to invest anything, in the Plaintiff's business ventures. (Exhibit "A"). Defendant relied on the value of the property to secure his loan, not the business acumen of the Plaintiff. (Smead Decl. ¶¶ 5-7, Exhibit "A"). This was purely a commercial transaction, not an investment in anything. In all the exhibits Plaintiff has provided to the Court with his Amended Complaint, Plaintiff has not, and cannot, provide or produce one document that shows that Defendant Smead has any capital interest, of any nature whatsoever, in any of the alleged business ventures of the Plaintiff.

In *C.N.S. Enterprises, Inc. v. G&G Enterprises, Inc.*, 508 F.2d 1354, 1359 (7th Cir. 1975), the Court held that notes given to a bank for loans used to purchase the assets of a small business enterprise did not constitute "securities under the 1934 Act. Judge Sprecher analyzed the issue as follows:

> "The ultimate question is whether the plaintiffs are simply borrowers in a commercial transaction who are not protected by the 1934 Act or investors in a securities transaction who are protected.
>
> In one sense every lender of money is an investor since he places his money at risk in anticipation of a profit in the form of interest. Also in a broad sense every investor lends his money to a borrower who uses it for a price and is expected to return it one day.
>
> On the other hand, the polarized extremes are conceptually identifiable: buying shares of the

5

common stock of a publicly-held correction [sic] "corporation", where the impetus for the transaction comes from the person with the money, is an investment; borrowing money from a bank to finance the purchase of an automobile, were the impetus for the transaction comes from the person who needs the money, is a loan."    508 F.2d. at 1359.

## III.   **DEFENDANT CANNOT INVOKE THE PROTECTION OF THE SECURITIES ACTS**

All of the Federal cases and statutes cited by Plaintiff in his Amended Complaint apply to the activities of an issuer of a security, not the purchaser of a security.  As was stated in *SEC v. R.G. Reynolds Enters.* (9th Cir. 1991) 952 F.2d 1125, 1133, and cited by Plaintiff, "Moreover, we construe the Securities Acts broadly to effectuate Congress purposes to protect investors." *Forman*, 421 U.S. at 849, 95 S.Ct. at 2059. Defendant invested in nothing with Plaintiff.  It is the Plaintiff, and only the Plaintiff, who gave a note and deed of trust to Defendant.  It is sheer hypocrisy for Plaintiff to claim that since he "issued" an "unregistered security" in violation of the Securities Acts of 1933 and 1934, i.e., the notes and deeds of trust, he is a victim entitled to the protection of those very Acts.

Failing to prove that a straightforward commercial transaction between Plaintiff and the Defendant involved a security subject to the Securities Acts of 1933 and 1934, Plaintiff tries to save it all by invoking a different set of supposed "securities" involving membership in a Malibu beach club.  Amended Complaint ¶¶ 51 – 54.  Plaintiff claims that Defendant by foreclosing on the Malibu property caused him to lose his

membership in the Malibu La Costa Beach and Tennis Club. As a homeowner in the particular tract in Malibu, one apparently has a right to swim in the Pacific Ocean as a member of the Malibu beach club. Plaintiff's complaint alleges that by foreclosing on the Malibu property, Plaintiff lost his right to be a member of the Malibu beach club. He refers to this as a "security". He blames this all on Defendant, and again invokes the Securities Acts of 1933 and 1934. This is frivolous.

At best, Plaintiff attempted to state a common law cause of action for loss of a benefit, but not a cause of action by Plaintiff against Defendant for a violation of the Securities Acts of 1933 and 1934. It is the Malibu beach club that revoked his membership, not Defendant Smead.

## IV.  PLAINTIFF'S AMENDED COMPLAINT IS FRIVIOLOUS AND MALICIOUS

Plaintiff filed a frivolous and malicious Amended Complaint, and this Court should dismiss it with prejudice. *Rutter, Fed. Civ. Proc., Before Trial*, Sec. 9:226.1 states:

> "A district court is required to dismiss 'at any time' in forma pauperis complaints (either *sua sponte* or on defendant's motion) if it determines the action:
>
> (1)   is frivolous or malicious;
>
> (2)   fails to state a claim on which relief may be granted; or
>
> (3)   seeks monetary relief against a defendant who is immune from such relief. *28 USC Sec. 1915(e)(2)(B); Lopez v. Smith* (9th Cir. 2000) 203 F3d 1122, 1127 (en banc); see *Mitchell v. Farcass* (11th Cir. 1997) 112 F3d 1483, 1486".

When dealing with in forma pauperis complaints *Rutter*, Sec. 9:226.1, further states that for Rule 12(b)(6) motions:

> "The court need not accept as true factual

7

allegations in in forma pauperis complaints. It may reject 'completely baseless' allegations, including those which the court finds 'fanciful,' 'fantastic' or 'delusional.'" *Denton v. Hernandez* (1992) 504 US 25, 32, 112 S.Ct. 1728, 1733.

## V. PLAINTIFF HAS FAILED TO ESTABLISH A CLAIM UPON WHICH RELIEF CAN BE GRANTED (FRCP 12(b)(6))

### A. The Securities Laws of the United States are Not Applicable to this Action

In Paragraph 17 of his Amended Complaint, Plaintiff states:

> "A 'security,' as used in the Securities Act, includes 'commonly known documents traded for speculation or investment' and 'securities of a more variable character,' including 'investment contract[s].' *S.E.C. v. W.J. Howey Co.,* 328 U.S. 293, 297 (1946). An 'investment contract' is a contract, transaction or scheme whereby a person invests his money in a common enterprise and is led to expect profits solely from the effects of the promoter or a third party." *Id.* at 298.

Plaintiff's Amended Complaint then goes on to prove that his allegations in no way make a common variety Note and Deed of Trust into a Security, or an investment contract. The only signature on the Note is Plaintiff's signature. The only signature on the Deed of Trust is also Plaintiff's signature.

The only possible economic return to Defendant is approximately Twelve Percent (12%) interest on principal loaned. Nowhere does Plaintiff allege what percentage of his fanciful business ventures Defendant

8

1  Smead is to have.  Twelve Percent (12%) interest on a loan given to a
2  start-up as a seed investor is preposterously low.

3       Nowhere does Plaintiff allege the nature of the ownership interest in
4  his imaginary business ventures Plaintiff is to have, or the mechanism
5  through which this is to be achieved.  Plaintiff does not allege that one
6  share of stock, or indeed, any other equity instrument is to be issued to
7  Defendant Smead.  The allegations in the Amended Complaint are as
8  ephemeral as Plaintiff's business ventures.  There are no concrete
9  mechanisms alleged that would allow Plaintiff to share in Plaintiff's
10  business ventures, because Defendant Smead never was, nor agreed to
11  be, part of Plaintiff's fanciful business ventures.  Smead Decl. ¶¶ 5-7.
12  (Exhibit "A").

13       Plaintiff, throughout his Amended Complaint, generously quotes from
14  the Declaration of Steve Smead (Exhibit A hereto) previously filed
15  opposing Plaintiff's Motion for Summary Judgment.  (ECF No. 27)  *See*
16  Amended Complaint  ¶¶ 56, 57, 58, 66, and 67 (ECF No. 41).  Smead's
17  Declaration is central to Plaintiff's claims.  As the Court stated in its Order
18  dismissing Plaintiff's Complaint, and relying on *United States v. Corinthian*
19  *Colleges*, 655 F.3d 984 ,998 (9th Cir. 2011):

20       "Courts generally only consider the complaint and
21       other material 'submitted with and attached to the
22       Complaint.' *Id.* at 999.  Documents not attached to
23       the complaint—including documents that might
24       otherwise be subject to judicial notice—may only be
25       considered if:   '(1) the complaint refers to the
26       document; (2) the document is central to the
27       plaintiff's claim; and (3) no party questions the
28       authenticity of the document.'" *Id.* (citing *Marder v.*

9

*Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). (ECF No. 40). Order, p.5, ll. 26-28, p.6, ll. 1-3.

Smead's Declaration (Exhibit "A") meets all of the qualifications for consideration set forth by the Court in its previously-issued Order. In his Declaration, Smead states that:

> "The notes and deed of trusts were only between me and Clinton Brown. No other parties, other than the trustee, were set forth in these documents." Smead Decl., ¶ 3. (Exhibit "A").

> "I had no interest in, and was not involved in, any of the businesses of Clinton Brown of which the above-referenced properties were a part. I never invested in any of the businesses that Mr. Brown may have had. I never became a joint venturer, partner, shareholder, or any other type of equity holder in any of Mr. Brown's businesses." Smead Decl., ¶ 5. (Exhibit "A").

Smead then goes on to state:

> "To the best of my knowledge, Mr. Brown had no active solar energy businesses but, rather, plans, hopes, and dreams to one day have such a business. I had no interest in, or intention to, invest in any solar energy business with Mr. Brown, and there was never an agreement that I would do so. *I relied on the present value of the individual properties securing the Note and Deed of Trust for such individual properties when making a loan to Mr. Brown.*" (Emphasis Added). Smead Decl., ¶ 6.

10

(Exhibit "A").

Smead further states:

> "I did not expect to, nor did I, participate in, the profits from any of the businesses of Clinton Brown. My only expectation was that I would be paid the principal of the loan, and interest, as stated in the individual Notes secured by the individual Deeds of Trust." Smead Decl., ¶ 7. (Exhibit "A").

The Court has the right to consider the totality of Smead's Declaration in determining that he had no intention to, never did, and would not have invested in any of Plaintiff's ephemeral business ventures. The Notes and Deeds of Trust speak for themselves. Despite all the hyperbole of Plaintiff's Complaint, they never were, and are not now, investment contracts or securities.

The Court, in its Order, found that: "Based on the facts alleged, even taking all allegations as true and drawing all inferences in favor of Brown, none of these deeds of trusts were securities." Order, p. 11, ll. 19-21. (ECF No. 40).

Plaintiff's Amended Complaint quite simply rejects "*Reves v. Ernst & Young*, 494 U.S. 56, 64 (1990)" and the "family resemblance test" for notes set forth by the Court in its Order on page 12, ll. 4-16. The Court stated:

> "The family resemblance test 'begins with a presumption that any note with a term of more than nine months is a 'security,' but 'permits an issuer to rebut the presumption that a note is a security if it can show that the note in question bears a strong family resemblance to an item on the judicially

11

crafted list of exceptions.' *Id.* The judicially crafted list of exceptions referenced by the Supreme Court in *Reves* came from the Second Circuit's holding in *Exchange Nat. Bank of Chicago v. Touche Ross & Co.,* 544 F.2d 1126, 1137 (2d. Cir. 1976). *See id.* In *Exchange Nat. Bank of Chicago,* the Second Circuit held that exampled (sic) of a note which are not securities include 'the note secured by a mortgage on a home' and 'the short-term note secured by a lien on a small business or some of its assets.' *Exchange Nat. Bank of Chicago,* 544 F.2d at 1138." Order, (ECF No. 40).

Nothing has changed in the notes and deed of trusts, and the allegations in Plaintiff's Amended Complaint, that in any way vitiates the Court's conclusion that the notes and deed of trusts do not constitute an investment contract, and are not securities.

## VI. CONCLUSION

In his Amended Complaint, Plaintiff states hardly anything that is new. He is merely repackaging his initial Complaint, which the Court dismissed, in a new, fanciful format. The substance and infirmities of Plaintiff's initial Complaint remains in full force in his Amended Complaint. This time, the Court should dismiss Plaintiff's Amended Complaint with prejudice.

///

///

///

///

12

For the foregoing reasons, Plaintiff's Amended Complaint should be dismissed with prejudice; and the Court impose upon Plaintiff costs, and legal fees as the Court deems just and proper.

Dated: January 13, 2024

Respectfully submitted,

LAW OFFICES DAVID YOUNG

By:     /s/   DAVID YOUNG
        Attorney for Defendant
        STEVE SMEAD

13

# EXHIBIT "A"

1  David Young, Esq. (SBN 55341)
2  Law Offices of David Young
   12400 Wilshire Blvd., Suite 360
3  Los Angeles, CA, 90025
4  Email: dyounglaw@verizon.net
5  Tel: (310) 575 0308
   Fax: (310) 575 0311
6
7  Attorney for Defendant STEVE SMEAD

8
## UNITED STATES DISTRICT COURT
9
## CENTRAL DISTRICT OF CALIFORNIA
10

11  CLINTON BROWN,                    Case No.: LACV23-02938-MEMF-
                                      KS
12                   Plaintiff,

13       vs.                         **DECLARATION OF STEVE SMEAD
                                     IN SUPPORT OF OPPOSITION TO
14  STEVE SMEAD,                     PLAINTIFF'S MOTION FOR
                                     SUMMARY JUDGMENT**
15
                     Defendant
16
                                     **Judge:**
17                                       Honorable Maame Ewuse-
                                         Mensah Frimpong
18                                   **Magistrate Judge:**
                                         Honorable Karen L.
19                                       Stevenson
                                     **Hearing Date:**
20                                       PLAINTIFF HAS NOT
21                                       PROVIDED ANY HEARING
                                         DATE
22                                   **Hearing Time:** PLAINTIFF HAS
23                                       NOT PROVIDED ANY
                                         HEARING TIME
24                                   **Place:**   PLAINTIFF HAS NOT
25                                       PROVIDED ANY
26                                       HEARING PLACE
27
                                     **ACTION FILED: 04/19/2023**
28

---

1
DECLARATION OF STEVE SMEAD IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MSJ

# DECLARATION OF STEVE SMEAD

I, STEVE SMEAD, declare as follows:

1.     I am the Defendant in the above-captioned action. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2.     I made personal loans to the Plaintiff, CLINTON BROWN, secured by the three separate properties set forth in the Complaint. As security for these loans, I received a note and deed of trust for each of the separate properties. The Malibu Property was a vacant lot, on which Mr. Brown intended to build a home. The Property in Hinckley, California (the "Harper Property") was a chunk of empty desert, and still is today. The Utah Property was also a chunk of empty desert, and still is today.

3.     The notes and deed of trust were only between me and Clinton Brown. No other parties, other than the trustee, were set forth in these documents.

4.     Neither the notes nor deeds of trust were fractionalized among any other parties, nor were they part of a series of notes of equal priority secured by the same trust deed on the real estate involved in the Complaint.

5.     I had no interest in, and was not involved in, any of the businesses of Clinton Brown of which the above-referenced properties were a part. I never invested in any of the businesses that Mr. Brown may have had. I never became a joint venturer, partner, shareholder, or any other type of equity holder in any of Mr. Brown's businesses.

6.     To the best of my knowledge, Mr. Brown had no active solar energy businesses but, rather, plans, hopes, and dreams to one day have such a business. I had no interest in, or intention to, invest in any solar energy business with Mr. Brown, and there was never an agreement that I

DECLARATION OF STEVE SMEAD IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MSJ

1  would do so. I relied on the present value of the individual properties
2  securing the Note and Deed of Trust for such individual properties when
3  making a loan to Mr. Brown.

4      7.    I did not expect to, nor did I participate in, the profits from any
5  of the businesses of Clinton Brown. My only expectation was that I would
6  be paid the principal of the loan, and interest, as stated in the individual
7  Notes secured by the individual Deeds of Trust.

8      8.    On the Malibu and Harper Properties, against which I loaned
9  money to Mr. Brown, I initially took a second position, there being a prior
10  Note and Deed of Trust attaching to those properties. When Mr. Brown
11  failed to make payments on the Properties, the holders of the Notes and
12  Deeds of Trust in the first position threatened to foreclose.

13      9.    If they had foreclosed, I would have been wiped out. In order
14  to avoid this, out of sheer business survival, and to protect my loan to
15  Mr. Brown on these Properties, I purchased the Notes and Deeds of Trust
16  of the holders in the first position. In no way was this motivated by, an
17  investment in, or related to, any of Mr. Brown's business schemes and
18  dreams. I did this out of my own sheer economic necessity and survival.

19      10.   In January, 2023, when, for approximately a year, Mr. Brown
20  was no longer making payments to me on all three properties, or paying
21  property taxes, I foreclosed on all three properties. This was done out of
22  sheer business necessity.

23      I declare under penalty of perjury, under the laws of the State of
24  California, and the United States of America, that the foregoing is true and
25  correct.

26      Executed on June 24, 2023, in Santa Paula, California.
27
28                                    STEVE SMEAD

DECLARATION OF STEVE SMEAD IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MSJ