CLINTON BROWN, Self-Represented
16821 Edgar Street
Pacific Palisades, CA 90272
clinton@atlasinc.solar
310-487-6453

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CLINTON BROWN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STEVE SMEAD<br><br>　　　　　Defendant. | **No**. 2:23-cv-02938-MEMF-KS<br><br>**Opposition to Defendant's Motion to Dismiss**<br><br>**Judge:** Honorable Maame Ewusi-Mensah Frimpong<br><br>**Chief Magistrate Judge**: Karen L. Stevenson<br><br>**Hearing Date**: February 29, 2024<br><br>**Hearing Time**: 10:00 A.M.<br><br>**Place**: Courtroom 8B |

### OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

**NOTICE TO THE COURT**, as a threshold matter, the Plaintiff will right off the bat put to rest the phony peripheral issues that the defendant relies on to conjure a picture of negation rather than a picture of how the defendant is not responsible for the alleged harms, whether fully or partially, even if he believes the allegations not to be true. Arguing that the allegations are mere common law fraud claims instead of security law claims is, *ironically*, just the type of transaction that Congress intended to provide for in the Acts. Thus, the MTD fails.

　　a. Rule 10 & 5

A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. The Amended Complaint has ninety-three (93) such paragraphs. A later pleading may refer by number to a paragraph in an earlier pleading. *See* ECF No. 41 at ¶1-¶93. If doing so would promote clarity, each claim founded on a separate transaction

or occurrence—*and each defense other than a denial*—<u>must</u> be stated in a separate count or defense. *See* ECF No. 41 at ¶1-¶93. *Cf.* ECF No. 42-1 at 1-17.

"Plaintiffs Amended Complaint is offensive, rambling, frivolous, contradictory, and confusing. The Amended Complaint reeks with malice. "Once again, this is blatantly false, and the defendant will fold like a cheap suit under cross-examination. Amended Complaint, **p.19, ¶57**. (ECF No. 41)." *See* **ECF No. 42 at 5, lines 23-28**. The Plaintiff stands by the Amended Complaint. *Full stop*.

There is no L.R. 10, thus Rule 10 prevails on what the rule says. [1] *See* C.D. CA**.** L.R.'s at 46. *infra*. *In any event*, [t]he Clerk must not refuse to file a paper solely because it is not in the form prescribed by these rules or by a local rule or practice. *See* Rule 5(d)(4).[2] This applies to serving and filing *pleadings* and other papers. The filing is within the Rule. *See* 28 U.S.C. App Fed R. Civ. P. Rule 10: Form of Pleadings, Notes of Advisory Committee on Rules—193…For numbered paragraphs and separate statements, *see* Conn.Gen.Stat. (1930) §5513; Ill.Rev.Stat. (1937) ch. 110, §157 (2); N.Y.R.C.P. (1937) Rule 90. For incorporation by reference, *see* N.Y.R.C.P. (1937) Rule 90…For written instruments as exhibits, *see* Ill.Rev.Stat. (1937) ch. 110, §160 [3] *See also*, *The New York Times Co. v. Microsoft Corp., OpenAI, Inc., et al.,* No. 1:23-cv-11195, ECF No. 1 (S.D.N.Y. filed Dec. 27, 2023) (archived on January 14, 2024, at

---

[1] Pleading paper with line numbers is for state court. This *is* Federal Court. Modern Federal practice is more in line with the Amended Complaint than with the Motion to Dismiss. *See* New York Times v. Microsoft Corp, et al., *supra*.
[2] *Notes of Advisory Committee on Rules—1980 Amendment*
Several local district rules have directed the office of the clerk to refuse to accept for filing papers not conforming to certain requirements of form imposed by local rules or practice. This is not a suitable role for the office of the clerk, and the practice exposes litigants to the hazards of time bars; for these reasons, such rules are proscribed by this revision. The enforcement of these rules and of the local rules is a role for a judicial officer. A clerk may of course advise a party or counsel that a particular instrument is not in proper form, and may be directed to so inform the court.†
† *Committee Notes on Rules—2000 Amendment*
Subdivision (d). Rule 5(d) is amended to provide that disclosures under Rule 26(a)(1) and (2), and discovery requests and responses under Rules 30, 31, 33, 34, and 36 must not be filed until they are used in the action. "Discovery requests" includes deposition notices and "discovery responses" includes objections. The rule supersedes and invalidates local rules that forbid, permit, or require filing of these materials *before they are used in the action*.
[3] Exhibits. *If a claim* or defense *is founded upon a written instrument*, *a copy thereof*, *or of so much of the same as is relevant*, <u>must</u> *be attached to the pleading* as an exhibit <u>***or***</u> *recited therein*…In either case the exhibit constitutes a part of the pleading for *all* purposes *See* Ill.Rev.Stat. (1937) ch. 110, §160.

https://perma.cc/2P5A-MQBC). (The Amended Complaint was largely emulated by the well-founded *New York Times* Complaint).

  b. **L.R. 5-4.3.1 & Public Access**

PDF IMAGES CREATED BY SCANNING PAPER DOCUMENTS ARE PROHIBITED (Original emphasis added) …only the signature pages may be scanned. Thus, the defendant's case documents are not searchable on ECF. *If anything,* that is something that should be noticed by the Court to be corrected, for it is in the interests of the public [to have equal access].

  c. **Merits & Rule 1**

The Plaintiff's Amended Complaint was filed with the Court in *accord* with Federal Rules of Civil Procedure. The Defendant cannot clearly say otherwise, and the Court should not take the bait on this. *See* Jessica Jones & Christina Lorenzen v. Varsity Brands, LLC, et al., No. 2:20-cv-02892-SHL-tmp, ECF No. 526, Order Denying Defendants' Motion to Require Adherence with Formatting Requirements of Local Rule 7.1 (W.D. Tenn. Nov. 14, 2023) (archived on January 14, 2024, at https://perma.cc/F238-XZ3R).

**LOCAL RULES - CENTRAL DISTRICT OF CALIFORNIA**

```
                                    )    Current response date:  October 6, 2008
_____            )    New response date:  November 5, 2008
```

This rule shall not apply to answers, replies or other responses to cross-claims, counterclaims, third-party complaints or any amended or supplemental pleadings.

**F.R.Civ.P. 9.  PLEADING SPECIAL MATTERS**
**F.R.Civ.P. 10.  FORM OF PLEADINGS**

### Legal Standard

No claim for relief is stated if the complaint pleads facts insufficient to show that a legal wrong has been committed or omits an averment necessary to establish the wrong or fails so to

link the parties with the wrong as to entitle a plaintiff to redress. *Moriarty v. K & M Plastics, Inc.*, No. 03 C 7295, 2004 U.S. Dist. LEXIS 2096 (N.D. Ill. Feb. 5, 2004). No averment was omitted in the Amended Complaint. Although Federal notice-pleading allows for generous reading of complaint, in order to resist motion to dismiss, complaint must at least set out facts sufficient to "outline or adumbrate" basis of claim; liberal construction accorded pleading does not require courts to fabricate claim that plaintiff has not spelled out in pleadings. *Id*. Only complaint that states plausible claim for relief survives motion to dismiss; determining whether complaint states plausible claim for relief will be context-specific task that requires reviewing court to draw on its judicial experience and common sense. *See* Ashcroft v. Iqbal, 556 US 662, 129 S Ct 1937, 173 L Ed 2d 868 (2009). After *Iqbal* and *Twombly*, [a] Court assessing sufficiency of complaint should ask: if all facts plaintiff alleges in his complaint are accepted as true, but all conclusions are rejected, is it still plausible (that is, more than speculative) to believe that additional discovery will fill in whatever gaps are left in complaint? *See Riley v. Vilsack*, 665 F. Supp. 2d 994, 2009 U.S. Dist. LEXIS 98548 (W.D. Wis. 2009).

*

*

*

*

*

*

*

*

*

*

*

*

\* 4

# I. INTRODUCTORY STATEMENT

## 1. THE PRESIDENT'S MESSAGE

On March 29, 1933, the President sent the following message to Congress:

*To the Congress:*

I recommend to the Congress legislation for Federal supervision of traffic in investment securities in interstate commerce.

In spite of many State statutes the public in the past has sustained severe losses through practices neither ethical nor honest on the part of many persons and corporations selling securities.

H.Repts., 73–2, vol. 1——19

---

2      SECURITIES IN INTERSTATE COMMERCE

Of course, the Federal Government cannot and should not take any action which might be construed as approving or guaranteeing that newly issued securities are sound in the sense that their value will be maintained or that the properties which they represent will earn profit.

There is, however, an obligation upon us to insist that every issue of new securities to be sold in interstate commerce shall be accompanied by full publicity and information, and that no essentially important element attending the issue shall be concealed from the buying public.

This proposal adds to the ancient rule of caveat emptor, the further doctrine "let the seller also beware." It puts the burden of telling the whole truth on the seller. It should give impetus to honest dealing in securities and thereby bring back public confidence.

The purpose of the legislation I suggest is to protect the public with the least possible interference to honest business.

This is but one step in our broad purpose of protecting investors and depositors. It should be followed by legislation relating to the better supervision of the purchase and sale of all property dealt in on exchanges, and by legislation to correct unethical and unsafe practices on the part of officers and directors of banks and other corporations.

What we seek is a return to a clearer understanding of the ancient truth that those who manage banks, corporations, and other agencies handling or using other people's money are trustees acting for others.

                                           FRANKLIN D. ROOSEVELT.

---

[4] *See* H.R. Rep. No. 73-85, at 1 (1933), reprinted in 1933 U.S.C.C.A.N. 74, available at ProQuest U.S. Serial Set Digital Collection. *https://plus.lexis.com/api/permalink/f9af1c23-c4e5-4161-8543-8240cb4c604e/?context=1530671*

### a. Question 1

In this case, would discovery of financial documents confirm or deny the Defendant's claim that he forced the sale of the property because, "[t]his [Foreclosure] was done out of sheer business necessity." Was it or wasn't it, is a question for the jury. It's immaterial if the defendant relied on the value of the property or not. All investors rely on the value of the property, including the Plaintiff. If the defendant fails to demonstrate reliance on the property's value in their decision to foreclose and then claim equitable title, the Plaintiff retains their right to the equitable title. *In other words*, the appraisals show an equitable title of at least $952,000 that belongs to the Plaintiff.[5]

### b. Question 2

"The Court finds it highly unlikely that Smead believed these deeds of trust would be regulated as securities." *See* ECF No. 40 at 14. This is immaterial. Of course, the defendant would not *want* to be accountable to Federal security laws.[6] *However*, Section 5 is a strict liability provision that requires the defendant (not the Court) to affirm why the transaction should not be registered with the SEC. The defendant has refused to defend against such an allegation because this Court has erroneously assumed that the Defendant must [have] *believed these deeds of trust would be regulated as securities,* to be within the purview of the Acts protections. *See* 15 U.S.C. § 77e(a)(1)&(2). This is contrary to what Congress enacted over 120 years ago. The *remedial* nature of these laws allows one to conduct his business with the highest standards, and *if* he does not do that [to the highest standards], then he can assume that he *MIGHT* be subject to Federal security laws.[7] Last, the defendant should confront the strict liability provision head on and declare to this Court why the "investment contract" OR "whatever you want to call it" should not be

---

[5] If the Court denies this MTD the Plaintiff will propose to file a joint FRE 706(c)(1) motion in spirit of Rule 1 and in the letter of L.R. 7-3.

[6] "No one is forced to sell securities [investment contracts] to the public. If they don't want to assume the responsibilities imposed by law for entering the public securities market, they should borrow the money from a bank instead of selling bonds to individual investors. And neither are accounting or law firms forced to represent specific clients. They should choose those clients with care." Statement of Gordon K. Billipp, in Private Litigation Under the Federal Securities Laws: Hearings Before the Subcomm. on Securities of the S. Comm. on Banking, Housing, and Urban Affairs, 103rd Cong. 71 (1993). https://archive.org/details/privatelitigatio00unit/page/68/mode/2up. Congress did not "throw out the baby with the bathwater" in the PSLRA. *Id*.

[7] *See* The Federalist Papers (1789), Clinton Rossiter at 540 (1961). "Supremacy Clause" U.S. Const. art. VI, cl. 2. Ultimately, there is but one law in the United States. Federal law.

registered with the SEC. The Plaintiff has made his position clear that this transaction or series of transactions should be registered with the SEC. *Full stop.*

### c. **There are two claims before the Court. Claim 1 is subject to Rule 8 & Claim 2 is subject to Rule 9(b) and the PSLRA**

Particularity requirement of Rule 9(b) must be read together with liberal notice pleading standard of Rule 8; read together, complaint is sufficient if it alleges brief sketch of how fraudulent scheme operated, when and where it occurred, and participants. *Tomera v. Galt,* 511 F.2d 504 (7th Cir. 1975). In case where fraud is not essential element of claim, only allegations ("averments") of fraudulent conduct must satisfy heightened pleading requirements of FRCP 9(b), and allegations of non-fraudulent conduct need satisfy only ordinary notice pleading standards of FRCP 8(a); if particular averments of fraud are insufficiently pled under Rule 9(b), district court should disregard those averments, or strip them from claim, and court should then examine allegations that remain to determine whether they state [a] claim. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097 (9th Cir. 2003).

Heightened pleading standards of Private Securities Litigation Reform Act and Fed. R. Civ. P. 9(b) did not apply to plaintiff investors' claims brought under § 11 and § 12(a) of Securities Act of 1933 because those claims did not include fraud as element; furthermore, investors stated claim under Fed. R. Civ. P. 8 with respect to their claims against defendants under § 11 and § 12 of Securities Act of 1933, as investors identified statements they believed were misleading and omissions in statements, which was sufficient to provide notice to defendants of their claims, and there was colorable argument that reasonable investor would view failure to disclose this information as material. *Friedman v. Rayovac Corp.,* 295 F. Supp. 2d 957 (W.D. Wis. 2003). The sole consideration should be whether, consistent with the requirements of Fed. R. Civ. P. 8(a), the complaint gives the defendant sufficient notice to prepare an answer, frame discovery and defend against the charges*. Mervyn's, LLC v. Lubert-Adler Grp. IV, LLC* (*In re Mervyn's Holdings, LLC*), 426 B.R. 488 (Bankr. D. Del. 2010).

Both complaints *and* affirmative defenses are subject to *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, (2009). There is no separate standard for complaints and affirmative defenses in connection with Fed. R. Civ. P. 8. *Donaldson v. Carnival Corp.*, No. 20-23258-Civ-SCOLA/TORRES (S.D. Fla. Apr. 20, 2021). Thus, the Court should strike affirmative defenses that are *not* affirmative defenses (*i.e.* failure to state a claim), in addition to, making clear that the standard in this Court for affirmative defenses is *Twombly/Iqbal*.

### Discussion:

a. **What's in a name?**

The Securities Act of 1933 by its definitions designates "note" *as the very first security*. 15 U.S.C. § 77b(1). Section 12(2) of the Securities Act of 1933 does not expressly require that a plaintiff be an owner. It merely requires that a plaintiff be a purchaser. *Monetary Mgmt. Grp., Inc. v. Kidder*, Peabody & Co., 604 F. Supp. 764 (E.D. Mo. 1985). Thus, this is why *every note* must be presumed to be a *security* right off the bat because Congress was talking about, among other things, *"Massachusetts trusts"*.[8] Let's call this business organization the 'Steve Smead Trust' which is not an ordinary trust.

*So, in fact*, [the Amended Complaint] does not consist [] of seven (7) pages of mostly irrelevant, purported legal history. *In fact*, the Amended Complaint does clearly state the context in which the complaint was filed, in addition to, the fact-checkable history of the legal work completed by a Sixth Circuit Court of Appeals judge. *Surely*, it is a relevant history to this controversy. If not, then the Plaintiff should spend a lot less time dedicated to losing this case. Last,

---

[8] The 'Massachusetts Trust' is a form of business organization, *common in that State*, consisting essentially of an arrangement whereby property is conveyed to trustees, in accordance with the terms of an instrument of trust, to be held and managed for the benefit of such persons as may from time to time be the holders of transferable certificates issued by the trustees showing the shares into which the beneficial interest in the property is divided. These certificates, which resemble certificates for shares of stock in a corporation and are issued and transferred in like manner, entitle the holders to share ratably in the income of the property, and, upon termination of the trust, in the proceeds. (emphasis added). *See* Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 100 S. Ct. 1779 (1980); *See also* H.R. Rep. No. 73-85, at 11 (1933), reprinted in 1933 U.S.C.C.A.N. 74, available at ProQuest U.S. Serial Set Digital Collection. https://plus.lexis.com/api/permalink/f9af1c23-c4e5-4161-8543-8240cb4c604e/?context=1530671. (explaining that trust excluded the ordinary noncommercial trust, but to include…")

the only thing *identical* in this whole case is the defendant's lies, filed twice on the (unsearchable) public docket. *See* ECF No. 42-1 at 20-21 & at 6; lines 9-11.

  a. **9(b), which is after 8, and with FRCP 1**

  District Court erred in dismissing complaint for failure to adequately plead scienter as required by Rule 9(b), while denying leave to amend on ground of futility, where plaintiffs pled facts and circumstances in sufficient detail and offered additional facts and testimony sufficient to show state of mind as required by Rule 9(b), if amendment were allowed in accordance with Rule 15. *Wight v. BankAmerica Corp.*, 219 F.3d 79, 46 Fed. R. Serv. 3d (Callaghan) 1372, 2000 U.S. App. LEXIS 11735 (2d Cir. 2000). Court permitted purchaser leave to amend its complaint to set forth in greater detail bases for its fraud allegations against seller pursuant to Fed. R. Civ. P. 15(a) because factual allegations in amended complaint were specific about time, place, and content of alleged false representation as was required by Fed. R. Civ. P. 9(b); seller's disagreements with purchaser's allegations constituted factual dispute that could not be resolved on motion to amend because court was required to assume truth of purchaser's allegations and examine amended complaint to determine specificity of allegations and not their probative value. *J.S. McCarthy, Co. v. Brausse Diecutting & Converting Equip., Inc.*, 226 F.R.D. 14, 2005 U.S. Dist. LEXIS 1078 (D. Me. 2005). Thus, this Court must deny the motion to dismiss with prejudice because the Plaintiff has a right to "fill in whatever gaps" with discovery that may not be accessible to thee, at this time. Even if that were not the case then the Court must dismiss with leave to amend with proper instructions so the Plaintiff can have a chance to reach what this Court believes 9(b) means. **PLAINTIFF**: "And so when it comes to the 9(b), which is after 8, and with FRCP 1, [is] the argument...I think in light of what FRCP 8 says and also the Congress's legislation that...these securities, they're not...they're not simple transactions [and so] for the pleading, at least,...[Plaintiff must] put it very clearly what...happened." *See* Clinton Brown v. Emil Assentato, et al., No. CV 23-2972 MEMF (KSx) (C.D. Cal. Sept. 21, 2023) (Oral Tr. at 12-13).

  b. **Section 12(2) of the 1933 Act**

> [O]ffers or sells [of] a security (whether or not exempted by the provisions of section 3…by the use of any means or instruments of transportation or communication in interstate commerce or of the mails, by means of a prospectus *or* oral communication, which includes an untrue statement of a material fact or omits to state a material fact necessary in order to make the statements, in the light of the circumstances under which they were made, not misleading (the purchaser not knowing of such untruth or omission), *and* who shall not sustain the burden of proof that he did not know, and in the exercise of reasonable care could not have known, of such untruth or omission, shall be liable, subject to subsection (b), to the person *purchasing* such security from him, who may sue either at law or in equity in any court of competent jurisdiction, to recover the consideration paid for such security with interest thereon, less the amount of any income received thereon, upon the tender[9] of such security, *or for damages if he no longer owns the security*.

A purchaser is an owner for purposes of § 12(2) of the Securities Act of 1933 if said purchaser possesses sufficient control or authority to effectuate a tender of the securities in question. Elusive notions of legal, equitable, or beneficial title should not be controlling in a § 12(2) case. The touchstone is whether the plaintiff has sufficient indicia of ownership to effectuate a tender of the securities in question if it were to prevail on the merits of its right to rescission. *Monetary Mgmt. Grp., Inc. v. Kidder, Peabody & Co.*, 604 F. Supp. 764 (E.D. Mo. 1985). For purposes of 15 USCS § 77, term "owns" should be interpreted liberally to achieve remedial purpose. *Id.* Although U.S. Supreme Court has articulated more permissive standards, objective test of materiality adopted by Ninth Circuit is whether existence or nonexistence of fact in question is matter to which reasonable man would attach importance in determining his choice of action in transaction; this is normally jury question and should not be taken from it unless [the] Court has engaged in meticulous and well articulated analysis of each item of withheld *or* misrepresented information, *and trial court erred in granting summary judgment. SEC v. Seaboard Corp.*, 677 F.2d 1301, *Fed. Sec. L. Rep.* (CCH) ¶ 98722, 1982 U.S. App. LEXIS 19026 (9th Cir. 1982). Section

---

[9] *See* Title 17, Part 240, Section 13e-4(a) (Jan 2, 2024).

12(2) of the Securities Act (15 USCS § 77l(2)) has as much applicability to unregistered securities as to securities for which registration statement has been filed. *Kroungold v. Triester*, 407 F. Supp. 414, 21 Fed. R. Serv. 2d (Callaghan) 854, *Fed. Sec. L. Rep*. (CCH) ¶ 95439, 1975 U.S. Dist. LEXIS 14791 (E.D. Pa. 1975). In *Cahill v. Arthur Andersen & Co.*, 659 F. Supp. 1115 (S.D.N.Y. 1986), plaintiffs based their 10(b)-claim on a prospectus issued two years after the sale at issue, negating all possible reliance arguments. The district court refused to apply sanctions because there was no bad faith-a requirement that was excised from the Rule 11 in 1983. *See* Private Litigation Under the Federal Securities Laws: Hearings Before the Subcomm. on Securities of the S. Comm. on Banking, Housing, and Urban Affairs, 103rd Cong. 435 (1993).

> c. SECTION 10. INFORMATION REQUIRED IN PROSPECTUS
>
> (a) A prospectus must contain the same statements made in the registration statement, except that the documents accompanying the registration statement need not be included.

*Defendant*: "I have more money than I know what to do with." (citation omitted).

*Plaintiff*: "Show me"

Except the Plaintiff failed to ask because he trusted the man with his word. *Hindsight is 20/20*.

"The responsibility imposed is no more nor less than that of a trust. It is a responsibility that no honest banker and no honest business man should seek *to avoid or fear*. To impose a lesser responsibility would nullify the purposes of this legislation. To impose a greater responsibility, apart from constitutional doubts, would unnecessarily restrain the conscientious administration of honest business with no compensating advantage to the public." *See supra,* H.R. Rep. No. 73-85, at 9-10.

## Conclusion:

**THEREFORE**, the MTD must be **DENIED WITH PREJUDICE**. *Full Stop*.

"This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on January 10, 2024."

| | |
|---|---|
| Dated: January 17, 2024 | */s/ Clinton Brown*, Self-Represented |
| | 16821 Edgar Street, |
| | Pacific Palisades, CA 90272 |
| | clinton@atlasinc.solar |
| | 310-487-6453 |

CC: All Counsel of Record (via ECF) on January 17, 2024