David Young, Esq.
Law Offices of David Young
12400 Wilshire Blvd., Suite 360
Los Angeles, CA, 90025
Email: dyounglaw@verizon.net
Tel: (310) 575 0308
Fax: (310) 575 0311

Attorney for Defendant STEVE SMEAD

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON BROWN,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>STEVE SMEAD,<br><br>　　　　　Defendant | Case No.: 2:23-cv-02938-MEMF-KS<br><br>**DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO FRCP 12(b)(6)**<br><br>Hearing Date:　June 6, 2024<br>Hearing Time:　10:00 a.m.<br>Place:　**Courtroom 8-B**<br>Judge:　Hon. Maame Ewusi-Mensah Frimpong<br>Magistrate Judge: Hon. Karen L. Stevenson |

**DEFENDANT'S REPLY MEMORANDUM**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff's Opposition to Defendant's Motion to Dismiss his First Amended Complaint, is a long, rambling, confused, unintelligible, stream of consciousness cascade, that does not in any way deal with the legal issues raised in Defendant's Motion to Dismiss, or the Court's Order dismissing Plaintiff's initial Complaint (ECF40). Rather it is Plaintiff's apologia, attempting to show why Plaintiff alone is always right, and everybody else, including the Court in its Order dismissing Plaintiff's initial Complaint, is wrong. In doing so, Plaintiff violates the most elemental rules of pleading before this Court, even after the Court has admonished Plaintiff that those rules apply to him.

## II. PLAINTIFF'S OPPOSITION CONTAINS HIS UNUSUAL POSITIONS WHICH ARE NEITHER LAW NOR REALITY

### A. PLEADING FORMAT

This Court has already admonished Plaintiff as follows:

> "Brown is reminded that, despite his *pro se* status, he is obligated to comply with the Federal Rules of Civil Procedure and the Local Rules. *See*, C.D. Cal. L.R. 83-2.2.3 ('Any person appearing *pro se* is required to comply with these Local Rules, and with [the Federal Rules of Civil Procedure]')." Order, p.2; fn.2. (ECF No. 40).

Plaintiff has filed a twelve (12) page Opposition. The pages are unnumbered. *See, L.R. 11-3.3 Pagination.* It is not on pleading paper, so that lines may be readily referenced. *See, L.R. 11-3.2 Paper.* It has no required Table of Contents or Table of Authorities pursuant to the Court's Civil Standing Order. *See*, p.5, ¶ C. Plaintiff's attitude toward all these defects can best be summed up in his attitude regarding pleading paper, which reflects his attitude toward this case.

Despite the fact that the Court's Order dismissing Plaintiff's initial Complaint is on pleading paper (ECF 40), Plaintiff states:

> "Pleading paper with line numbers is for state court. This *is* Federal Court. Modern Federal practice is more in line with the Amended Complaint than with the Motion to Dismiss. *See* New York Times v. Microsoft Corp, et al., *supra*." Opposition, p. 2, Fn 1.

The foregoing is not a matter of mere pettifogging. It reflects an attitude of Plaintiff that is "untethered to reality." *See, Briseño v. Henderson*, 998 F.3d 1014, 1029 (9th Cir. 2021). This very quickly merges into the substance of the document filed with the Court, which is usually prolix and meritless; time-consuming for the Court to consider; and expensive for the opposing party to counter. As the Court in *Crain v. Commissioner of Internal Revenue*, 737 F.2d 1417 (5th Cir., 1984) stated regarding a frivolous appeal:

> "We are sensitive to the need for the courts to remain open to all who seek in good faith to invoke the protection of law. An appeal that lacks merit is not always—or often—frivolous. However, we are not obliged to suffer in silence the filing of baseless, insupportable appeals presenting no colorable claims of error and designed only to delay, obstruct, or incapacitate the operations of the courts or any other governmental authority. Crain's present appeal is of this sort. It is a hodgepodge of unsupported assertions, irrelevant platitudes, and legalistic gibberish. The government should not have been put to the trouble of responding to such spurious arguments, nor this court to the trouble of 'adjudicating' this meritless appeal." 737 F.2d at 1418.

## B. SUBSTANCE

Plaintiff's Amended Complaint and Opposition to Plaintiff's Motion to Dismiss does not in any way deal with the legal issues raised by the Court's Order dismissing his initial Complaint, or Defendant's Motion. Rather, his Opposition is a jumble of scattered viewpoints, such as: a Xerox copy of President Franklin Roosevelt's message to Congress. Opposition, p. 5; and a copy of:

"**c. Section 10. Information Required in Prospectus.**

**(a)** **A prospectus must contain the same statements made in the registration statement, except that the documents accompanying the registration statement need not be included.**" Opposition, p. 11.

Since this Case has absolutely nothing to do with a prospectus or a registration statement, like all of Plaintiff's Opposition, it is irrelevant. Scattered among Plaintiff's Opposition is an attack on the Court's Order. Quoting a portion of the Court's Order, Plaintiff states:

> "'The Court finds it highly unlikely that Smead believed these deeds of trust would be regulated as securities.' *See* ECF No. 40 at 14. This is immaterial. Of course, the defendant would not *want* to be accountable to Federal security laws." Emphasis in original. Opposition, p. 6.

Plaintiff has with his comment only reinforced the Court's finding that Defendant never believed the deeds of trust would be regulated as securities. As Plaintiff himself states:

> "...Plaintiff should spend a lot less time dedicated to losing this case." Opposition, p. 8.

Plaintiff, in his Opposition, jumps from subject to subject, attempting to justify how his Amended Complaint complies with the Court's Order (ECF 40); FRCP 8(a) and FRCP 9(b). Opposition, pp.7-11. The arguments therein are "...more like a 'stream of consciousness' than an articulated legal position."

*Vandeventer v. Wabash Nat. Corp.*, 893 F.Supp. 827, 834, fn.3 (N.D. Ind., 1995). The combined result of Plaintiff's Amended Complaint, and his Opposition to Defendant's Motion to Dismiss, was similarly described by the Court in *Barmapov v. Amuial*, 986 F.3d 1321 (11th Cir., 2021), when dealing with Barmapov's Second Amended Complaint, as:

> "…a rambling, dizzying array of nearly incomprehensible pleading which *still* fail[ed] to provide a short and plain statement justifying relief." 986 F.3d at 1326.

### III. PLAINTIFF'S FIRST AMENDED COMPLAINT FAILS TO CURE THE DEFECTS OF ITS INITIAL COMPLAINT

#### A. Plaintiff Has Not Pled the Existence or Sale of Any Security Or the Creation of an Investment Contract.

As set forth in Defendant's Memorandum in Support of his Motion to Dismiss (ECF 42), Plaintiff cannot invoke the protection of the Securities Acts, since Plaintiff, in its First Amended Complaint, has not pled facts showing a Security, a sale of a Security, or an investment contract relating to this case. Plaintiff's First Amended Complaint cannot make a common variety Note and Deed of Trust, in a common variety commercial real estate transaction, into a Security subject to the Securities Acts. *See, Futura Development Corp. v. Centex Corp.*, 371 F.2d 33, 42 (1st Cir., 1985); *in accord: C.N.S. Enterprises, Inc. v. G&G Enterprises, Inc.*, 508 F.3d 1354, 1359 (7th Cir., 1975); *Bellah v. First National Bank*, 495 F.2d 1109 (5th Cir., 1974); *McClure v. First National Bank*, 497 F.2d 490 (5th Cir., 1974).

The same reasons that caused the Court to dismiss Plaintiff's initial Complaint, are the same reasons that should cause the Court to dismiss Plaintiff's First Amended Complaint, with prejudice.

///

///

## IV. CONCLUSION

Plaintiff's First Amended Complaint contains the same substance, facts, and infirmities of Plaintiff's initial Complaint.

For the foregoing reasons, Plaintiff's First Amended Complaint should be dismissed with prejudice, and the Court should impose upon Plaintiff costs and legal fees as the Court deems just and proper.

Dated: January 22, 2024

Respectfully submitted,

LAW OFFICES OF DAVID YOUNG

By: /s/ DAVID YOUNG
Attorney for Defendant
STEVE SMEAD