<u>VIA ECF</u>

Honorable Maame Ewusi-Mensah Frimpong
United States District Court for the Central District of California
350 West First Street, Los Angeles, CA 90012, Courtroom 8B.

**Re: Notice of Supplemental Authority, Clinton Brown v. Steve Smead., 2:23-cv-02938-MEMF-KS**

Honorable Maame Ewusi-Mensah Frimpong:

  Blockbuster may be out of business, but the Supreme Court delivered a Blockbuster to the PSLRA.[1] In other words, the lower Courts are either going to have to say that the Government *or* a private party has an <u>easier</u> *or* <u>harder</u> *or* an <u>objective</u> standard when electing to open *or* close the Courthouse gates to an alleged Federal security fraud controversy, particularly concerning the 1933 and 1934 Acts.[2] Put simply, there is a right to Trial by Jury in an alleged civil securities fraud case brought by the SEC and that Trial by Jury right extends to private Plaintiff[s] as well. *See* FAC at 1. "**JURY TRIAL DEMANDED**" (emphasis in original).

  Thus, "[w]hat matters is the substance of the suit, not where it is brought, who brings it, or how it is labeled." See *Northern Pipeline Constr. Co.*, 458 U. S., at 69 n. 23 (plurality opinion). It is unequivocal in *Jarkesy* at 6 that [t]he [1933 & 1934 Acts] antifraud provisions *replicate common law fraud*, and it is well established that common law claims *must* be heard by a [J]ury. (emphasis added). The [T]rial by [J]ury is justly dear to the American people. See *Parsons v. Bedford*, 28 U.S. 433, 445 (1830); *See also*, ECF No. 42-1 at 6[3] ("Plaintiff alleges that in some way this constitutes what is, in essence, common law deception and fraud, and common law interference with business and economic advantage."); *See id.* ([FAC is] "mostly irrelevant, purported legal history") Cf. *Jarkesy* slip op. at 11. ("Congress incorporated prohibitions from common law fraud into [F]ederal securities law"); *Jarkesy* at 12, 19-21. ("Congress's decision to draw upon common law fraud created an enduring link between [F]ederal securities fraud and its common law "ancestor." See *Foster v. Wilson*, 504 F. 3d 1046, 1050 (CA9 2007); *id*. ("[W]hen Congress transplants a common-law term, the old soil comes with it.") See *United States v. Hansen*, 599 U. S. 762, 778 (2023).

  This logically *must* include the PSLRA. See *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U. S. 336, 343–344 (2005) (evaluating pleading requirements in light of the "common-law roots of the securities fraud action."); accord *Basic Inc. v. Levinson, 485 U. S. 224, 253 (1988)* (White, J., concurring in part and dissenting in part) ("In general, the case law developed in this Court with respect to §10(b) and Rule 10b–5 has been based on doctrines with which we, as [J]udges, are familiar: common-law doctrines of fraud and deceit."). *And* the list could go on and on…and on.[4]

---

[1] See *Securities and Exchange Commission v. Jarkesy*, 603 U.S. slip op. at 1-2 (June 27, 2024).
[2] Although each [Act] regulate[s] different aspects of the securities markets, their pertinent provisions—collectively referred to by regulators as "the antifraud provisions," target the same basic behavior: misrepresenting *or* concealing material facts, *supra*. (emphasis added).
[3] *Citing*, The Blue Ribbon, not the Defendant's numbered pages.
[4] "The inadequate remedies were the then-existing state statutory and common-law fraud causes of action. The solution was a comprehensive [F]ederal scheme of securities regulation consisting of the Securities Act of 1933, the Securities Exchange Act of 1934…" See *Jarkesy* (Sotomayor, J) (dissenting) slip op. at 15.

> "The object of this [] action is to regulate transactions between private individuals interacting in a pre-existing market. To do so, the Government has created claim[s] whose causes of action are modeled on common law fraud and that provide[s] a type of remedy available only in law courts. This is a common law suit in all but name. And such suits typically must be adjudicated in Article III courts." *Jarkesy* slip op. at 22.

The Constitution prohibits Congress from "withdraw[ing] from judicial cognizance any matter which, from its nature, is the subject of a suit at the common law." See *Murray's Lessee v. Hoboken Land & Improvement Co.*, 18 How. 272, 284 (1856). Once such a suit "is brought within the bounds of [F]ederal jurisdiction," an Article III court *must* decide it, with a jury if the Seventh Amendment applies. (emphasis added) See *Stern v. Marshall*, 564 U. S. 462, 484 (2011). *But* Federal securities law do not "convert every common-law fraud that happens to involve securities into a violation." See *SEC v. Zandford*, 535 U. S. 813, 820 (2002). *But* when state blue-sky laws *are unable to provide a remedy*, such as in this case, then Federal security laws *must* be able to provide a remedy to the Plaintiff *or* the Government…which is the right to prove the Defendant's fraud in front of a jury of his peers. *See* U.S. Const. amend. VII (1791). Thus, [e]ven when an action "originate[s] in a newly fashioned regulatory scheme," what matters is the substance of the action, not where Congress has assigned it [*or* has not assigned it]. See *Granfinanciera S. A. v. Nordberg,* 492 U. S. 52 (1989).

The Plaintiff isn't asking the Court for a doubleheader here, hence why this supplemental authority is noted only in one of the 'related cases'…although arguably the supplemental authority has an impact on all. These 'related cases' have been before this Court much longer than if a Trial by Jury would have been scheduled under Rule 40. *Now*…it appears that a jolt to the Seventh Amendment from the Supreme Court could move Federal trial statistics from 0.7 percent to 1 percent of cases *or* controversies. (citation omitted).

Last, if anything, *Jarkesy,* is a reminder that…there is no source of history, no source of legislative authority or no rule that can take away inalienable rights…**JURY TRIAL DEMANDED**.[5]

---

[5] "Article III entitles individuals to an independent [J]udge who will preside over that trial. And due process promises any trial will be held in accord with time honored principles. Taken together, all three provisions [Seventh Amendment, Article III & The Due Process Clause] vindicate the Constitution's promise of a "fair trial in a fair tribunal." *In re Murchison*, 349 U. S. 133, 136 (1955)." See *Jarkesy* (Gorsuch, J) (concurring) slip op. at 1. *Of course*, that depends on whether a Court will honor that right. Indeed, maybe a 'wrecking ball' can't fix that. † "[The Court] read[s] § 10(b) to mean that Congress meant to bar deceptive devices and contrivances in the purchase *or* sale of securities whether conducted in the organized markets *or* face to face") (emphasis added). See *Zanford* at 822. ‡ In any event, it appears that if this Court does dismiss this claim & the Plaintiff commits the same offenses against others as the Defendant has done to him (which he has stated in open Court that he will, indeed, do so) he will be *entitled* to a Federal Court jury trial…if the SEC would bring a civil case against him. In other words, the SEC would be wise to prosecute a case like this against the Defendant, however, until today, they were running their own in-house judiciary. That is over now. In the Plaintiff's opinion, *Jarkesy* is the *Knick* of Federal securities law. And rightly so.

Respectfully submitted,

*/s/ Clinton Brown, Self-Represented*
14 University Drive
Robina, QLD 4226, Australia
clinton@atlasinc.solar
310-487-6453

CC: All Counsel of Record (via ECF) on June 28, 2024