1  David Young, Esq.
2  Law Offices of David Young
   12400 Wilshire Blvd., Suite 360
3  Los Angeles, CA, 90025
4  Email: dyounglaw@verizon.net
   Tel: (310) 575 0308
5  Fax: (310) 575 0311
6
7  Attorney for Defendant STEVE SMEAD

8
9                 **UNITED STATES DISTRICT COURT**

10                **CENTRAL DISTRICT OF CALIFORNIA**

11  | CLINTON BROWN, | **Case No.: 2:23-cv-02938-MEMF-KS** |
12  |
13  |                Plaintiff, |
14  |     vs. | **DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PARTICULARIZED DISCOVERY** |
15  |
16  | STEVE SMEAD, |
17  |                Defendant | **Judge:     Hon. Maame Ewusi-Mensah Frimpong** |
18  |  | **Magistrate Judge: Hon. Karen L. Stevenson** |
19  |  | **Hearing Date: August 29, 2024** |
20  |  | **Time: 2:00 p.m.** |
21  |  | **Place: Courtroom 8B** |
22
23
24
25
26
27
28

---

**DEFENDANT'S OPPOSITION**

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PARTICULARIZED DISCOVERY

### I. INTRODUCTION

On April 19, 2024, Plaintiff filed a Complaint against Defendant Steve Smead, pursuant to various Federal Securities Acts, including the 1933 Act ["Securities Act"] and the 1934 Act ["Exchange Act"]. (ECF 1). On June 22, 2023, Defendant filed a Motion to Dismiss Plaintiff's Complaint. (ECF 11). On December 6, 2023, the Court granted Defendant's Motion, with leave to amend. (ECF 40).

On January 1, 2024, Plaintiff filed his First Amended Complaint pursuant to various Federal Securities Acts, including the 1933 Act ["Securities Act"] and 1934 Act ["Exchange Act"]. (ECF 41). On January 13, 2024, Defendant filed his Motion to Dismiss Plaintiff's First Amended Complaint. (ECF 42). On January 20, 2024, Defendant's Counsel received an email from Plaintiff stating in part:

> "The Plaintiff requests a Rule 26(f) meeting or if the Defendant will
> oppose the 'particularized discovery' then a L.R. 37-1 meeting is
> formally requested. See 15 U.S.C. § 78u-4(b)". Attached to the email
> was "Particularized Discovery Requests pursuant to 15 U.S.C. § 78u-
> 4(b)". See Exhibit 1 attached hereto.

1

Plaintiff emailed, on January 22, 2024, the following:

> "The Plaintif will file a Motion to Open Particularized Discovery.
> Pursuant to L.R. 7-3 Counsel must meet prior to the motion filing. Are
> you available to zoom either tomorrow at 1 P.M., Wednesday at 2
> P.M. or Thursday at 1:30 P.M.? At the meeting we can go over my
> draft motion. Thank you. Clinton Brown". See Exhibit 2.

Defendant's counsel, on January 23, 2024, responded as follows:

> "Mr. Brown: Any discovery is prohibited by PSLRA-15 USC Section
> 78u-4(b)(3)(B). Any Motion to conduct discovery is totally improper,
> Particularized or not. If you wish to have a meet and confer on this
> matter, would this Thursday at 2:30 pm work for you? If so, I am
> available for a telephonic conference. Please call my Law Office at (
> 310)-575-0308. Please confirm as to whether this would work for you.
> Thank you. David Young."

See Exhibit 2.

On or about January 25, 2024, Plaintiff and Defendant's counsel participated in a meet and confer, after which Plaintiff did not file a Motion for Particularized Discovery. Thereafter, on March 1, 2024, Plaintiff sent to Defendant's counsel an email which stated in part:

**DEFENDANT'S OPPOSITION**

"The Plaintiff requests a Rule 26(f) meeting or if the Defendant will oppose the 'particularized discovery' then a L.R. 37-1 meeting is formally requested. See 15 U.S.C. § 78u-4(b). Per our email on January 20, 2024 the information we are seeking in the particularized discovery was attached in a PDF document. As of right now, that appears to be all that will be sought, but that could change as we move forward." See Exhibit 3.

On March 7, 2024, Plaintiff's and Defendant's counsel held a meet and confer. Thereafter, Plaintiff did not file a Motion for Particularized Discovery.

On June 6, 2024, a hearing was held before Judge Frimpong on Defendant's Motion to Dismiss Plaintiff's First Amended Complaint. The matter was taken under submission. (ECF 54). On the cusp of Judge Frimpong issuing a decision on Defendant's Motion to Dismiss, on June 20, 2024, Plaintiff, without holding a further necessary meet and confer, filed his Motion for Particularized Discovery. (ECF 57).

## II.   ARGUMENT

The Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(b)(3)(B), states:

"(B) Stay of discovery

3

In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party".

If the Court concludes that the automatic stay provisions of the PSLRA do not apply, then it must determine whether a stay is appropriate under Rule 26(c) of the Federal Rules of Civil Procedure.

The PSLRA was designed to deter frivolous securities litigation through stringent pleading requirements and an automatic stay of discovery pending the resolution of "any motion to dismiss". See *Murray, Lifting the PSLRA "Automatic Stay" of Discovery*, 80 North Dakota Law Review 404-405 (2004):

> "The rationale behind these amendments was two-fold: to save defendants the cost and burden of discovery in a case that might be dismissed and to prevent plaintiffs from filing a case without having sufficient information to meet the heightened pleading requirements of the PSLRA and then using discovery to acquire sufficient information to avoid dismissal." See also, *Medhekar v. United States*

---

4

**DEFENDANT'S OPPOSITION**

*Dist. Court, 99 F.3d 325, 328 (9th Cir. 1996); Lapicola v. Alternatie Dual Fuels,* Fed. Se. L. Rep. (CCH) ¶91,765 (N.D. Tex. Apr. 5, 2003).

*In re CFS-Related Securities Fraud Litigation,* 213 FRD 435, 436-37 (N.D. Okla. 2001), held that the discovery stay was intended to prevent a Defendant from incurring needless discovery costs until a Court determined that a plaintiff pled a prima facie case. The Ninth Circuit has held that "failure to muster facts sufficient to meet the [Exchange] Act's pleading requirements cannot constitute the requisite 'undue prejudice' to the plaintiff justifying a lift of the discovery stay. *SG Cowen Sec. Corp. v. United States Dist. Court, 189 F.3d 909, 913 (9th Cir. 1999).*

The automatic stay provision has been held to apply to both initial and successive motions to dismiss. See *Sedona v. Ladenburg Thalmann,* No. 03 Civ. 3120 LTSTHK, 2005 WL 2647945, at *3 (S.D.N.Y. Oct. 14, 2005); *In re Salmon Analyst Litig.,* 373 F. Supp.2d 252, 256 (S.D.N.Y. 2005). In fact "it is appropriate to extend the stay" "until a complaint has been authoritatively sustained by the court . . . ." Id.; see *Podany v. Robertson Stephens,* Inc., 350 F.Supp.2d 375, 378 (S.D.N.Y. 2004), noting that, in PSLRA cases, there is a "strong presumption that no discovery should take place until a court has affirmatively decided that a complaint *does* state a claim under the securities laws, by denying a motion to

**DEFENDANT'S OPPOSITION**

dismiss" (emphasis in original). Staying discovery pending judicial evaluation of the sufficiency of the complaint is consistent with "the entire purpose of the stay provision[, which] is to avoid saddling defendants with the burden of discovery in meritless cases, and to discourage the filing of cases that lack adequate support for their allegations in the mere hope that the traditionally broad discovery proceedings will produce facts that could be used to state a valid claim." *Podany*, 350 F.Supp.2d at 378.

The PSLRA stay provision expressly applies to federal securities actions arising under the Exchange Act. See 15 U.S.C. § 78u-4(b)(3)(B). Additionally, the automatic stay provisions of the PSLRA extend to state securities claims and non-securities claims brought in actions involving federal securities claims. See *In re Smith Barney Transfer Agent Litig.*, No. 05 Civ. 7583(WHP), 2006 WL 1738078, at *3 (S.D.N.Y. June 26, 2006) (holding that "[t]he PSLRA stay is not limited to discovery related to securities claims," but "applies to 'all discovery' in any 'action' under the PSLRA's purview, regardless of whether non-securities claims are alleged"); *Riggs v. Termeer,* No. 03 Civ. 4014 MP, 2003 WL 21345183, at *1 (S.D.N.Y. June 9, 2003) (holding that the automatic stay provisions of the PSLRA apply to related state law claims and to non-class-action securities claims where "the central claims asserted allege securities fraud and seek relief under the securities laws"); *In re Trump Hotel S'holder Deriv. Litig.*, No 96CIV.7820

**DEFENDANT'S OPPOSITION**

(DAB)(HBP), 1997 WL 442135, at *1-2 (S.D.N.Y. Aug. 5, 1997) (holding that the automatic stay provision extends to derivative actions and to state law claims filed in conjunction with federal securities claims).

The PSLRA requires that plaintiffs make three separate showings before a court may lift a stay. *Pension Tr. Fund for Operating Eng'rs v. Assisted Living Concepts, Inc.,* 943 F. Supp. 2d 913, 915 (E.D. Wis. 2013). "[I]t is necessary to show (1) 'exceptional circumstances exist,' such that allowing discovery would not violate the ethos of the PSLRA discovery stay and further that (2) 'particularized discovery' is (3) necessary to either (a) 'preserve evidence' or (b) 'prevent undue prejudice' to a party." Id. (citing 15 U.S.C. § 78u-4(b)(3)(B))."

The idea of making a Motion for particularized discovery has been floating around the mind of Plaintiff since January 2024. See Exhibit 1. After the hearing on Defendant's Motion to Dismiss on June 6, 2024, Defendant finally decided to bring such a Motion six months later, in order to bolster his First Amended Complaint against Defendant's Motion. This is exactly what the PSLRA and the Ninth Circuit expressly forbid. See *SG Cowen Sec. Corp. v. United States Dist. Court, supra, 189 F.3d at 913 (9th Cir. 1999).*

The Plaintiff's request for lifting the discovery stay is remarkable in that he claims that although exceptional circumstances are necessary (Plaintiff's Motion,

**DEFENDANT'S OPPOSITION**

page 5) there are none, and Plaintiff states none justifying his Motion (Plaintiff's Motion, page 6); he claims no evidence that needs to be immediately preserved, lest it disappears forever; and that there is really no undue prejudice to him, except for the fact that Plaintiff claims without discovery that he cannot defeat a Motion to Dismiss, or sustain the allegations he has made in his Complaint. (Plaintiff's Motion, pp 6-7). The Ninth Circuit has already held that does not constitute 'undue prejudice' for lifting the PSLRA discovery stay. See *SG Cowen Sec. Corp. v. United States Dist. Court, supra, 189 F.3d at 913 (9th Cir. 1999).*

Plaintiff's Motion for Particularized Discovery could easily have been made over six months ago, when Plaintiff first broached the matter to Defendant's counsel. See Exhibit 1. To make a Motion of this type, after a hearing has already been held on June 6, 2024 before Judge Frimpong regarding Defendant's Motion to Dismiss, is outlandish. Judge Frimpong will soon be ruling on Defendant's Motion. Her ruling will make Plaintiff's Motion not only superfluous, but totally unnecessary. Plaintiff's Motion only adds more unwarranted costs to Defendant, and is a total waste of Judicial resources.

**DEFENDANT'S OPPOSITION**

## III. CONCLUSION

For the reasons stated above, Plaintiff's Motion for Particularized Discovery should be denied.

Dated:  June 28, 2024

Respectfully submitted,

LAW OFFICES OF DAVID YOUNG

By:___/s/___DAVID YOUNG_____
   Attorney for Defendant
   STEVE SMEAD

9

EXHIBIT "1"

**attydavidyoung@gmail.com**

| | |
|---|---|
| **From:** | Clinton Brown <clinton@atlasinc.solar> |
| **Sent:** | Saturday, January 20, 2024 7:54 PM |
| **To:** | attydavidyoung@gmail.com |
| **Subject:** | Rule 26(f) Meeting or L.R. 37-1 Meeting |
| **Attachments:** | Requests_Smead.pdf |

David,

The Plaintiff requests a Rule 26(f) meeting or if the Defendant will oppose the 'particularized discovery' then a L.R. 37-1 meeting is formally requested. *See* 15 U.S.C. § 78u-4(b)

Under Rule 34 the Plaintiff is requesting the attached information from the Defendant. This is not considered served until the first Rule 26(f) meeting, or in the alternative, if the Defendant is intent on blocking this action with either no response, delayed response or outright obstruction then a Rule 65 motion will be filed with the Court where a 7-3, 26(f) or 37-1 meeting is not required between Counsel.

In any event, it is the Plaintiff's prerogative to ensure a just, speedy and inexpensive determination of this case.

Sincerely,



**Clinton Brown**
CEO, Atlas, Inc.
310-487-6453 | clinton@atlasinc.solar

www.atlasrei.co

DISCLAIMER. This message and any attachments or linked files is confidential and intended only for the named recipient. Any unauthorized disclosure, distribution, copying, or use of this information is strictly prohibited and could violate applicable laws, including the Electronic Communications Privacy Act. If you are not the intended recipient, please notify the sender immediately and delete the original message. This message originates from the offices of Atlas, Inc. and/or its subsidiaries.

Ex 1

 Case: 23:2938-SMEAD    Discovery Requests    01/20/2024    Set #1       1

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

CLINTON BROWN,

           Plaintiff,

   v.

STEVE SMEAD

           Defendant.

No. 2:23-cv-02938-MEMF-KS

**Particularized Discovery Requests pursuant to 15 U.S.C. § 78u-4(b)**

**Rule 26-37 Request (*See* L.R. 37-1)**

**NOTICE TO THE PARTIES**, the Plaintiff seeks the following 'particularized discovery' information pursuant to 15 U.S.C. § 78u-4(b).

## A. **Bank Statements:** [1]

**Malibu Property:**

1. Bank statement showing the balance and transaction amount for the period around **01/24/2023** for Doc # 23-0046418.

2. Bank statement showing the balance and transaction amount for the period around **12/07/2022** for Doc # 22-1142021.

3. Bank statement showing the balance and transaction amount for the period around **08/18/2022** for Doc # 22-0828300.

4. Bank statement showing the balance and transaction amount for the period around **05/21/2021** for Doc # 21-0822633.

5. Bank statement showing the balance and transaction amount for the period around **05/21/2021** for Doc # 21-0822632.

6. Bank statement showing the balance and transaction amount for the period around **04/22/2020** for Doc # 20-0445574.

---

[1] The Plaintiff requests that any other transactions within the bank statement are blacked out or the Counsel will verify such balances on the statement and swear under oath that they are true and correct. In other words, the whole statement is not relevant, at this time.

*Ex 1*



**Utah Property:**

1.  Bank statement showing the balance and transaction amount for the period around **03/08/2023** for Doc # 00224646.

2.  Bank statement showing the balance and transaction amount for the period around **01/26/2023** for Doc # 00224197.

3.  Bank statement showing the balance and transaction amount for the period around **06/29/2021** for Doc # 00215042.

**Harper Property:**

1.  Bank statement showing the balance and transaction amount for the period around **01/31/2023** for Doc # 2023-0021452.

2.  Bank statement showing the balance and transaction amount for the period around **12/05/2022** for Doc # 2022-0390246.

3.  Bank statement showing the balance and transaction amount for the period around **08/25/2022** for Doc # 2022-0291905.

4.  Bank statement showing the balance and transaction amount for the period around **08/25/2022** for Doc # 2022-0291892.

5.  Bank statement showing the balance and transaction amount for the period around **07/19/2022** for Doc # 2022-0251090.

6.  Bank statement showing the balance and transaction amount for the period around **11/10/2020** for Doc # 2020-0446978.

7.  Bank statement showing the balance and transaction amount for the period around **11/10/2020** for Doc # 2020-0446977.

**Nevada Property:**

1.  Bank statement showing the balance and transaction amount for the period around **09/26/2022** for Doc # 003-171-46.



Ex1

 Case: 23:2938-SMEAD    Discovery Requests    01/20/2024    Set #1    3

## B. E-mail Communications:

Any emails during or around the following transactions (same as above) with any of the following individuals or entities. Clinton Brown, Emil Assentato, Steve Weera, Superior Loan Servicing, Fundamental Rate, American Pacific Investments, LLC, and Adam Ahmed.

**Malibu Property:**

1. Emails related to Doc # 23-0046418 on or around 01/24/2023.

2. Emails related to Doc # 22-1142021 on or around 12/07/2022.

3. Emails related to Doc # 22-0828300 on or around 08/18/2022.

4. Emails related to Doc # 21-0822633 on or around 05/21/2021.

5. Emails related to Doc # 21-0822632 on or around 05/21/2021.

6. Emails related to Doc # 20-0445574 on or around 04/22/2020.

**Utah Property:**

1. Emails related to Doc # 00224646 on or around 03/08/2023.

2. Emails related to Doc # 00224197 on or around 01/26/2023.

3. Emails related to Doc # 00215042 on or around 06/29/2021.

**Harper Property:**

1. Emails related to Doc # 2023-0021452 on or around 01/31/2023.

2. Emails related to Doc # 2022-0390246 on or around 12/05/2022.

3. Emails related to Doc # 2022-0291905 on or around 08/25/2022.

4. Emails related to Doc # 2022-0291892 on or around 08/25/2022.

5. Emails related to Doc # 2022-0251090 on or around 07/19/2022.

6. Emails related to Doc # 2020-0446978 on or around 11/10/2020.

7. Emails related to Doc # 2020-0446977 on or around 11/10/2020.

**Nevada Property:**

1. Emails related to Doc # 003-171-46 on or around 09/26/2022.



Ex 1



Case: 23:2938-SMEAD     Discovery Requests     01/20/2024     Set #1     4

## C. Text and Phone Communications:

Any text and phone communications during or around the following transactions (same as above) with any of the following individuals or entities: Clinton Brown, Emil Assentato, Steve Weera, Superior Loan Servicing, Fundamental Rate, American Pacific Investments, LLC, and Adam Ahmed.

**Malibu Property:**

1. Text and phone communications for Doc # 23-0046418 on or around 01/24/2023.
2. Text and phone communications for Doc # 22-1142021 on or around 12/07/2022.
3. Text and phone communications for Doc # 22-0828300 on or around 08/18/2022.
4. Text and phone communications for Doc # 21-0822633 on or around 05/21/2021.
5. Text and phone communications for Doc # 21-0822632 on or around 05/21/2021.
6. Text and phone communications for Doc # 20-0445574 on or around 04/22/2020.

**Utah Property:**

1. Text and phone communications for Doc # 00224646 on or around 03/08/2023.
2. Text and phone communications for Doc # 00224197 on or around 01/26/2023.
3. Text and phone communications for Doc # 00215042 on or around 06/29/2021.

**Harper Property:**

1. Text and phone communications for Doc # 2023-0021452 on or around 01/31/2023.
2. Text and phone communications for Doc # 2022-0390246 on or around 12/05/2022.
3. Text and phone communications for Doc # 2022-0291905 on or around 08/25/2022.
4. Text and phone communications for Doc # 2022-0291892 on or around 08/25/2022.
5. Text and phone communications for Doc # 2022-0251090 on or around 07/19/2022.
6. Text and phone communications for Doc # 2020-0446978 on or around 11/10/2020.
7. Text and phone communications for Doc # 2020-0446977 on or around 11/10/2020.

**Nevada Property:**

1. Text and phone communications for Doc # 003-171-46 on or around 09/26/2022.


Ex 1



Case: 23:2938-SMEAD       Discovery Requests       01/20/2024       Set #1       5

**THEREFORE**, the Plaintiff asks the Defendant to produce complete and accurate information on the above requested particularized discovery. In any event, if the Defendant refuses to produce complete and accurate information on the above requested particularized discovery then the Plaintiff requests a L.R. 37-1 meeting with Counsel, or in the alternative, will file a Rule 65 motion without a meeting of Counsel.

Dated: January 20, 2024

> */s/ Clinton Brown*, Self-Represented
> 16821 Edgar Street,
> Pacific Palisades, CA 90272
> clinton@atlasinc.solar
> 310-487-6453

CC: All Counsel of Record on January 20, 2024

Ex 1

EXHIBIT "2"

**attydavidyoung@gmail.com**

| | |
|---|---|
| **From:** | attydavidyoung@gmail.com |
| **Sent:** | Tuesday, January 23, 2024 1:41 PM |
| **To:** | 'Clinton Brown' |
| **Cc:** | attydavidyoung@gmail.com |
| **Subject:** | RE: Rule 26(f) Meeting or L.R. 37-1 Meeting |

Mr. Brown: Any discovery is prohibited by PSLRA-15 USC Section 78u-4(b)(3)(B). Any Motion to conduct discovery is totally improper, Particularized or not. If you wish to have a meet and confer on this matter, would this Thursday at 2:30 pm work for you? If so, I am available for a telephonic conference. Please call my Law Office at( 310)-575-0308. Please confirm as to whether this would work for you. Thank you. David Young.

**From:** Clinton Brown <clinton@atlasinc.solar>
**Sent:** Monday, January 22, 2024 6:09 PM
**To:** attydavidyoung@gmail.com
**Subject:** Re: Rule 26(f) Meeting or L.R. 37-1 Meeting

David,

The Plaintiff will file a Motion to Open Particularized Discovery. Pursuant to L.R. 7-3 Counsel must meet prior to the motion filing. Are you available to zoom either tomorrow at 1 P.M., Wednesday at 2 P.M. or Thursday at 1:30 P.M. ?

At the meeting we can go over my draft motion.

Thank you,



**Clinton Brown**
CEO, Atlas, Inc.
310-487-6453 | clinton@atlasinc.solar

www.atlasrei.co

DISCLAIMER: This message and any attachments or linked files is confidential and intended only for the named recipient. Any unauthorized disclosure, distribution, copying, or use of this information is strictly prohibited and could violate applicable laws, including the Electronic Communications Privacy Act. If you are not the intended recipient, please notify the sender immediately and delete the original message. This message originates from the offices of Atlas, Inc. and/or its subsidiaries.

On Mon, Jan 22, 2024 at 6:03 PM <attydavidyoung@gmail.com> wrote:

Mr. Brown: All Discovery is stayed. Please see: PSLRA-15 USC §78u-4(b)(3)(B).



Ex 2

EXHIBIT "3"

**attydavidyoung@gmail.com**

| | |
|---|---|
| **From:** | Clinton Brown <clinton@atlasinc.solar> |
| **Sent:** | Friday, March 1, 2024 2:28 PM |
| **To:** | attydavidyoung@gmail.com |
| **Subject:** | Re: Rule 26(f) Meeting or L.R. 37-1 Meeting |

David,

The Plaintiff requests a Rule 26(f) meeting or if the Defendant will oppose the 'particularized discovery' then a L.R. 37-1 meeting is formally requested. See 15 U.S.C. § 78u-4(b). Per our email on January 20, 2024 the information we are seeking in the particularized discovery was attached in a PDF document. As of right now, that appears to be all that will be sought, but that could change as we move forward.

Additionally, at the same meeting, the Plaintiff requests we discuss a Rule 15(d) motion in accord with L.R. 7-3. The Plaintiff will send a draft of this motion prior to the meeting so we are able to have a substantive discussion on what your client wants to do. The Rule 15(d) motion will seek to supplement the Complaint. See ECF No. 41 at ¶65. But for your client, a solar development contract would be in force now and therefore the Plaintiff will seek SEC Rule 10b-5 damages in the amount of $6,135,068.21, plus prejudgment interest. See ECF No. 41 at 24. If and when discovery is opened the Plaintiff will be able to provide written declarations and documents from subpoenaed witnesses, including company officials and parties in Millard County attesting to this allegation. In any event, the property will not receive a contract for a solar facility on the property because of your client's violation of Federal security laws.

As the moving party, it is our obligation to provide legal authority that could be dispositive of the discovery dispute. If the non-moving party could identify if it will be relying on anything besides 15 U.S.C. § 78u-4(b), the moving party will be able to provide more concrete legal authorities to address the matter. Hopefully, though, we can get the financial documents we are requesting to secure the just, speedy and inexpensive determination of this matter.

Are you available to either zoom (or meet in person as described in Rule 37-1) on March 6, 7 or 8 at 1 P.M. or 2 P.M.? The Plaintiff plans to file the motions with MEMF no later than March 15, 2024 and with a hearing date scheduled for no later than April 18, 2024, unless otherwise changed by the Court.

Please let me know how your client would like to proceed.

Thank you,



**Clinton Brown**
CEO, Atlas, Inc.
310-487-6453 | clinton@atlasinc.solar

www.atlasrei.co

DISCLAIMER: This message and any attachments or linked files is confidential and intended only for the named recipient. Any unauthorized disclosure, distribution, copying, or use of this information is strictly prohibited and could violate applicable laws, including the Electronic

Ex 3