Clinton Brown, *Self-Represented*
14 University Drive
Robina, QLD 4226, Australia
clinton@atlasinc.solar
310-487-6453

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON BROWN,<br><br>          Plaintiff,<br><br>    vs.<br><br>STEVE SMEAD<br><br>          Defendant. | **Case No**. 2:23-cv-02938-MEMF-KS<br><br>**Notice of Proposed Motion for Leave to Amend and Relate Back under Rule 15(c)(1)(B)**<br><br>**Judge:** Honorable Maame Ewusi-Mensah Frimpong<br><br>**Chief Magistrate Judge:** Karen L. Stevenson |

**NOTICE TO THE COURT**, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968, was enacted on October 15, 1970, as Title IX of the Organized Crime Control Act of 1970. *See* Pub. L. No. 91-452, 84 Stat. 941 (1970). RICO provides for civil remedies. *See* 18 U.S.C. § 1964. The Plaintiff will file a Motion for Leave to Amend and Relate Back a RICO claim under Rule 15(c)(1)(B).[1] This notice is filed on the public docket to notify the parties and the Court due to the non-response from the Defendant in other pertinent matters. Thus, it would be futile to notify the Defendant in any other manner, except for ECF. *See* ECF No. 63 at n. 2. In any event, the RICO relate back claim of unlawful debt collection[2] will assert a claim that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading & FAC. *See* Rule 15(c)(1)(B); ECF No. 1 at 3, FAC ¶39, n. 7, ¶49. Therefore, the Defendant will not be prejudiced. The [predicate] claim is *usura velata*, veiled or concealed

---

[1] In any event, RICO civil actions are subject to a four-year statute of limitations. See *Agency Holding Corp. v. Malley-Duff Assocs,* 483 U.S. 143, 152 (1987).

[2] RICO provides powerful civil penalties for persons who engage in "collection of an unlawful debt" and who have a specified relationship to an "enterprise" that affects interstate or foreign commerce. Collection of unlawful debt is an alternate ground for RICO liability and proof of a pattern is not required. *See* n. 4 (collecting cases).

usury, which consists in giving a bond[3] for the loan, in the amount of which is included the stipulated interest. See Black's Law Dictionary 1713 (rev. 4th ed. 1968).

## Legal Standard

### a. Rule 15(c)(1)(B)

The relation back doctrine of Rule 15(c) is "liberally applied." See *Clipper Exxpress v. Rocky Mountain Motor Tariff Bureau, Inc.,* 690 F.2d 1240, 1259 n. 29 (9th Cir.1982). Indeed, Rule 15's purpose "is to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities." (*quoting* 6 Charles Alan Wright et al., Federal Practice & Procedure § 1471 (1971). Gone are the code pleading days when a party was "irrevocably bound to the legal or factual theory of the party's first pleading." *Id*.

### b. RICO Unlawful Debt Collection

"Any person injured in his business or property by reason" of a RICO violation has a cause of action for treble damages and attorney fees. See 18 U.S.C. § 1964(c). An "unlawful debt" is a debt that arises from a collection of a single usurious debt…[which] is sufficient to satisfy Section 1961(6)…provided that it was incurred in connection with "the business of lending money…at a rate usurious…where the usurious rate is at least twice the enforceable rate. See *U.S. v. Weiner*, 3 F.3d 17, 23 (1st Cir. 1993).

#### i. RICO Enterprise

An "enterprise" includes *any individual*, partnership, corporation, association, or other legal entity, and any group of individuals associated in fact although not a legal entity.[4] Collection of an unlawful debt appears to be the only instance in which the commission of a single predicate offense will support a RICO prosecution *or* cause of action. No proof of pattern seems to be necessary.[5] The predicate covers only the collection of usurious debts…which [are] unenforceable

---

[3] A certificate *or* evidence of a debt. See Black's Law Dictionary 224 (rev. 4th ed. 1968).

[4] RICO defines "enterprise" broadly in section 1961(4) but waits until the description of RICO's substantive offenses before introducing the commercial feature of RICO enterprises. See 18 U.S.C. 1962(c) ("It shall be unlawful for any [person]…with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through…*collection of unlawful debt*."

[5] See *United States v. Grote*, 961 F.3d 105, 119 (2d Cir. 2020); *Goldenstein v. Repossessors Inc*., 815 F.3d 142, 147 - 48 n.5 (3d Cir. 2016); *United States v. Oreto*, 37 F.3d 739, 751 (1st Cir. 1994); *United States v. Aucoin*, 964 F.2d 1492, 1495- 497 (5th Cir. 1992); *Dillon v. BMO Harris Bank*, N.A., 16 F. Supp. 3d 605, 618 (M.D.N.C. 2014); *but see*, *Wright v. Shepard,* 919 F.2d 665, 673 (11th Cir. 1990).

under State *or* Federal law in whole *or* in part as to principal *or* interest because of the laws relating to usury, *and* (B) which was incurred in connection with…the business of lending money *or* a thing of value at a rate usurious under State *or* Federal law, where the usurious rate is at least twice the enforceable rate. (100% interest concealed within a real estate transaction[s] would presumably be usurious under California *or* Federal law (citation omitted)). See also, *Clinton Brown v. Emil Assentato, et al*., No. 2:23-cv-02972, Transcript of Proceedings, ECF No. 49 at 14 (C.D. Cal. June 6, 2024) ("...described it as personal loans [] that there's oversight with [] maybe, I mean state law…with how much interest you can charge, *but as demonstrated in the next case [Smead], you can get around that*, [] *by filing paper on the back of another deed of trust*.") (modified, alterations & emphasis added).

### ii.     RICO Interstate Commerce

The impact of the enterprise on interstate *or* foreign commerce need only be minimal to satisfy RICO requirements. Where the predicate offense[s] associated with an enterprise ha[s] an effect on interstate commerce, the enterprise is likely to have an effect on interstate commerce. See *United States v. Pipkins*, 378 F.3d 1281, 1295 (11th Cir. 2004) (finding that RICO conspirators' use of instrumentalities of interstate commerce, including pagers, telephones, and mobile phones, affected interstate commerce).[6]

### Discussion

18 U.S.C. § 1962(a) states, "It shall be unlawful for *any* person who has received *any* income derived…through collection of an unlawful debt…to use…*any* part of such income…in acquisition of *any* enterprise…" (subsections 1962(b) and (c) are similarly worded). Thus, the Plaintiff's payment of *usura velata* to the Defendant…and presumably the Defendant's use of that unlawful income…was used in acquisition of the Plaintiff's enterprise *or* furtherance of the Defendant's enterprise. (*i.e.* additional "personal" loans).[7] *See* ECF No. 42-1 at 20-21 ("Smead

---

[6] In June 2021 Defendant recorded a deed of trust for $200,000. *See* ("Appraisals") Colliers International, File #: SLC210208. (2021, June 8). Appraisal Report: APN/Parcel ID(s): 8710-1. Appraised value: $240,000; Millard County [*Utah*] Recorder. (2021, June 29). ("Deeds of Trust") Trust Deed: APN/Parcel ID 8710-1. Notarized in *New York* by Jenice Hernandez, Notary Public, *State of New York*, No. OLHE6359254. Recorded at 12:24 PM, Entry #: 00215042. Amount: $200,000. *See* ECF No. 1 at 3; FAC ¶40.

[7] Another possibility is that the Defendant has unlawfully collected interest on the unlawful income in anticipation for use in *any* future enterprise. (*i.e.* market opportunity).

Decl."); No. 2; ("I made *personal loans*…"); No. 3; ("The *notes and deeds of trust* were only between me and Clinton Brown…"); No. 9; ("…out of sheer *business survival*…"). If that's not an enterprise, then what is?[8]

The 1995 amendment revised Section 1964(c) to provide that a civil RICO suit could not be based upon fraud in the purchase *or* sale of securities. This limitation does not apply to an action "against any person that is criminally convicted in connection with the fraud, in which case the statute of limitations shall start to run on the date on which the conviction becomes final." *See* Private Securities Reform Act of 1995, Pub. L. No. 104-67, Title I, § 107, 109 Stat. 758 (Dec. 22, 1995). In any event, the RICO claim is predicated on unlawful debt collection and *not* fraud in the purchase *or* sale of securities. This cause[s] of action in the Complaint & FAC arose out of the same conduct, transaction, or occurrence, but is separate from the 10(b)(5) claim.[9]

Last, RICO does not require any proof that a RICO Defendant or a RICO offense had any nexus to "organized crime." See *H.J. Inc. v. Northwestern Bell Telephone Co*., 492 U.S. 229, 243-49 (1989). See also, *United States v. Biasucci*, 786 F.2d 504, 506-507 (2d Cir. 1986) (acquisition of interests in and control over four businesses through loansharking activities involving collection of unlawful debts); *United States v. Jacobson*, 691 F.2d 110, 112 (2d Cir. 1982) (acquisition of bakery's lease as security for usurious loan); *United States v. Parness*, 503 F.2d 430, 438 (2d Cir. 1974) *cert. denied*, 419 U.S. 1105 (1975) (acquisition of interest in corporation by illegally preventing owner from paying off loan to avoid foreclosure).

## Conclusion

In simple terms, RICO condemns (1) *any* person (2) who (a) invests in, *or* (b) acquires *or* maintains an interest in, *or* (c) conducts *or* participates in the affairs of, *or* (d) conspires to invest in, acquire, *or* conduct the affairs of (3) *an enterprise* (4) which (a) engages in, *or* (b) whose activities affect, interstate *or* foreign commerce (5) *through* (a) *the collection of an unlawful debt*. (*i.e. usura velata*, veiled or concealed usury). All elements are alleged in the Complaint & FAC.

---

[8] *Congress says* that an enterprise includes *any individual*, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity. *See* 18 U.S.C. § 1961(4).

[9] It *could* be argued that if a Jury ultimately holds the Defendant responsible for civil securities fraud, then a separate RICO claim *could* be asserted for treble damages within the statute of limitations of Rule 10(b)(5). (*i.e.* the four years starts to tick *after* conviction).

Thus, the Plaintiff will file a Motion for Leave to Amend and Relate Back under Rule 15(c)(1)(B), in due course.

Respectfully submitted,

Date: 07/18/2024                    */s/ Clinton Brown, Self-Represented*
                                    14 University Drive
                                    Robina, QLD 4226, Australia
                                    clinton@atlasinc.solar
                                    310-487-6453


CC: All Counsel of Record (via ECF) on July 18, 2023