David Young, Esq.
Law Offices of David Young
12400 Wilshire Blvd., Suite 360
Los Angeles, CA, 90025
Email: dyounglaw@verizon.net
Tel: (310) 575 0308
Fax: (310) 575 0311

Attorney for Defendant STEVE SMEAD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON BROWN,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>STEVE SMEAD,<br><br>　　　　　Defendant | **Case No.: 2:23-cv-02938-MEMF-KS**<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND HIS FIRST AMENDED COMPLAINT PURSUANT TO FRCP 15(c)(1)(B) (ECF 69)**<br><br>**Judge:**　Hon. Maame Ewusi-Mensah Frimpong<br>**Magistrate Judge:** Hon. Karen L. Stevenson<br>**HEARING DATE: DECEMBER 19, 2024**<br>**TIME: 2:00 P.M.**<br>**PLACE: COURTROOM 8B** |

# DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND PLAINTIFF'S FIRST AMENDED COMPLAINT

## I.    INTRODUCTION

On April 19, 2023, Plaintiff filed a Complaint against Defendant Steve Smead, pursuant to various Federal Securities Acts, including the 1933 Act ["Securities Act"] and the 1934 Act ["Exchange Act"].  (ECF 1)  On June 22, 2023, Defendant filed a Motion to Dismiss Plaintiff's Complaint.  (ECF 11)  On December 6, 2023, the Court granted Defendant's Motion, with leave to amend. (ECF 40)

On January 1, 2024, Plaintiff filed his First Amended Complaint ("FAC") pursuant to various Federal Securities Acts, including the 1933 Act ["Securities Act"] and 1934 Act ["Exchange Act"].  (ECF 41)  On January 13, 2024, Defendant filed his Motion to Dismiss Plaintiff's FAC.  (ECF 42).

On June 6, 2024, a hearing was held before Judge Frimpong on Defendant's Motion to Dismiss Plaintiff's FAC.  The matter was taken under submission.  (ECF 54)  On the cusp of Judge Frimpong issuing a decision on Defendant's Motion to Dismiss, on June 20, 2024, Plaintiff, without holding a further necessary meet and confer, filed his Motion for Particularized Discovery.  (ECF 57)  On June 28, 2024, Defendant filed his Opposition to Plaintiff's Motion for Particularized Discovery. (ECF 61)  This Motion is scheduled to be heard on August 29, 2024.

On July 18, 2024, Plaintiff filed a highly unusual "*Notice of Proposed Motion for Leave to Amend and Relate Back under Rule 15(c)(1)(B) filed by Plaintiff Clinton Brown. RICO 18 U.S.C. §§ 1961-1958 (collection of an unlawful debt) (Brown, Clinton) (Entered: 07/19/2024)*." (ECF 68).

Although proper format is not present, and not to be expected from Plaintiff, on July 28, 2024, Plaintiff filed what appears to be his Motion for Leave to Amend and Relate Back. See ECF 69 *"First PETITION to RELATE BACK AMENDMENT Rule 15(c)(1)(B) See also ECF No. 68 filed by Plaintiff Clinton Brown.*

1

*(Attachments: # 1 Declaration of Erick Ordaz, # 2 Exhibit See Civil Standing Order § IV, U.S. Dist. Ct., C.D. Cal. May 3, 2024) (REDLINED)) (Brown, Clinton) (Entered: 07/28/2024)".*

Defendant is well aware that Plaintiff is *in pro per*. Plaintiff claims prior American law school training, if not graduation, and presently purports to be a student in an Australian law school. (ECF 53) Plaintiff is no ordinary layman. Some degree of professionalism should be required from him. This transformational Motion, which would convert this action from Securities Acts litigation to essentially a RICO action (18 U.S.C. §§ 1961-68), was filed without Plaintiff ever having attempted to arrange, or engage in, a meet and confer pursuant to Local Rule 7-3, and this Court's Civil Standing Order §VIII. Plaintiff had previously arranged for a meet and confer regarding his Motion for Particularized Discovery. (ECF 61)

This RICO Motion was filed well over a year after Plaintiff filed his original Complaint. (ECF 1) Plaintiff offers no explanation whatsoever as to why he waited for over a year to assert a RICO claim that could have been asserted initially. This constitutes bad faith. *Alpenglow Botanicals, LLC v. United States*, 894 F.3d 1187, 1203 (10th Cir. 2018); *Ventress v. Japan Airlines*, 603 F.3d 676, 680 (9th Cir. 2010); *In Re Fritz Cos. Secs. Litig.*, 282 F.Supp.3d 1105, 1110-1111 N.D. Cal. 2003).

Plaintiff's RICO Motion was filed after the Court had given Plaintiff leave to amend his original Complaint (ECF 40), and after Plaintiff had several opportunities to amend both his original Complaint and his FAC as a matter of course pursuant to FRCP 15. It is only after the Court, on June 6, 2024, held a hearing on Defendant's Motion to Dismiss Plaintiff's FAC, and the matter is taken under submission by the Court, that Plaintiff suddenly alleges that he has a RICO claim. This claim is not only spurious and made in bad faith, but of such a nature as to fundamentally change the essence of this litigation.

## II. ARGUMENT

Federal Courts have recognized numerous factors that alone, or in combination, justify denial of leave to amend. These include: (1) undue delays; (2) bad faith or dilatory motive; (3) futility of amendment; (4) prejudice to the opposing party; (5) repeated failure to cure deficiencies by previous amendments. *Moore v. Kayport Package Express, Inc*. (9th Cir. 1989) 885 F.2d 531, 538; *Sonoma County Ass'n of Retired Employees v. Sonoma County* (9th Cir. 2013) 708 F.3d 1109, 1117; *Price v. Pinnacle Brands, Inc.* (5th Cir. 1998) 138 F.3d 602, 608.

The Plaintiff shows no good cause why his RICO claim could not have been set forth initially; within the time periods allowed for amendment pursuant to FRCP 15; or by leave granted by the Court to file his FAC. Nothing has happened since filing of his initial Complaint on April 19, 2023, until today, that Plaintiff did not know, that would have prevented Plaintiff from asserting his game changing RICO Complaint. Plaintiff is engaging in gamesmanship and gross bad faith.

Unexplained delay alone is a sufficient basis for denying leave to amend. *AmerisourceBergen Corp. v. Dialysist West, Inc* (9th Cir. 2006) 465 F.3d 946, 953 (8-month unexplained delay); *Minter v. Prime Equip. Co.* (10th Cir. 2006) 451 F.3d 1196, 1206. Leave to amend has been denied when the moving party either knew or should have known when drafting the original pleading the facts on which the amendment is based, but did not include them in the original pleading. *Rich v. Shrader* (9th Cir. 2016) 823 F.3d 1205, 1209-1210. "What Plaintiff should have known and what he should have done "are relevant to the question of whether justice requires leave to amend". *Invest Almaz v. Temple-Inland Forest Products Corp.* (1st Cir. 2001) 243 F.3d 57, 72.

The Plaintiff has had plenty of opportunity to previously amend his Complaint, well before the Court had taken Defendant's Motion to Dismiss his FAC under submission. A District Court's discretion to deny an amendment is "'particularly broad' where the plaintiff has previously amended." *Salameh v.*

3

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND HIS FIRST AMENDED COMPLAINT PURSUANT TO FRCP 15(c)(1)(B) (ECF 69)**

*Tarsadia Hotel* (9th Cir. 2013) 726 F.3d 1124, 1133.

  Plaintiff's purported amendment is in reality a newly-minted massive seventy-eight page RICO Complaint.  *See* ECF 69. Ex. 2.  Plaintiff asks that his RICO Complaint "relate back" to his original Securities Acts Complaint filed on April 19, 2023.  Nothing in Plaintiff's original Securities Acts Complaint or FAC provides facts which would give notice to Defendant that he faces a potential RICO action; that action being based upon the spurious assertion that an ordinary and vanilla foreclosure on a note and deed of trust would constitute the collection of an unlawful debt pursuant to RICO.

  In the RICO Act, Congress defined an "unlawful debt" as an unlawful gambling debt or as a debt "incurred in connection with the business of… lending money or a thing of value at a rate usurious under State or Federal law, where the usurious rate is at least twice the enforceable rate."  18 U.S.C. § 1961(6).  Nothing in Plaintiff's original Complaint or FAC has anything to do with this type of debt.  Plaintiff is given absolutely no notice in the original Complaint or FAC that a RICO action pursuant to 18 U.S.C. § 1961(6) is in the offing.  RICO actions in the Federal Courts are complex and difficult to maintain.  Nothing in Plaintiff's original Complaint or FAC alerted Defendant to the fact that he may be enmeshed in the RICO intricacies of "enterprise"; "pattern of racketeering activity"; "participation in the enterprise"; "RICO causation"; "RICO injury"; and other elements of RICO litigation that make defending against a RICO action so burdensome and expensive, and so time consuming for the Court.

  In addition, the RICO litigation would become even more complex and time consuming. In his Prayer for Relief, page 70, Plaintiff asked that there be:
*"3. Joinder the Defendant pursuant to Rule 20 in Case No. 2:23-cv-02972-MEMF-KS (Defendants Emil Assentato, Tax Deed Enterprises, and Steve Weera Tonasut Trust); 4. Consolidate the actions pursuant to Rule 19 in all related cases."*

  The Securities Acts litigation presently before the Court, and the proposed

RICO litigation, do not arise out of a "common core of operative facts". They would require vastly different evidence and witnesses in order to sustain the actions. *See, Williams v. Boeing Co.* (9th Cir. 2008) 527 F.3d 1120, 1133; *Dominguez v. Miller* (9th Cir. 1995), 51 F.3d 1502 ,1510, *accord Echlin v. PeaceHealth* (9th Cir. 2018), 887 F.3d 967, 978 (quoting *Williams* for the proposition that an amendment will not relate back when the amended complaint "had to include additional facts to support the [new] claim"). The "relation back" doctrine requires that the original pleading give some indication of the facts on which the Plaintiffs claim for relief is based. In this case there is no room for Plaintiff's RICO Complaint to "relate back*". Hernandez v. Valley View Hosp. Ass'n* (10th Cir. 2012) 684 F.3d 950, 963. The actual notice required must be within the four corners of Plaintiff's original Complaint. That Complaint fails to give any such notice of Plaintiff's purported RICO Complaint. *Baldwin County Welcome Ctr. v. Brown* (1984) 466 US 147, 149-150, 104 S.Ct. 1723, 1725.

Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal. *Carrico v. City & County of San Francisco* (9th Cir. 2011) 656 F.3d 1002, 1008; *FDIC v. Conner* (5th Cir. 1994) 20 F.3d 1376, 1385.

The essence of Plaintiff's RICO claim, that the ordinary business foreclosure pursuant to a note and deed of trust constitutes the unlawful collection of a RICO defined debt, is simply preposterous. Such a claim, as explained above, is barred by 18 U.S.C. § 1961(6). Plaintiff's RICO claim should not survive a Motion to Dismiss, or a Motion for Summary Judgement. Allowing such an amendment is highly prejudicial to the Defendant; causing him to incur a substantial expenditure of time and money for no good reason. This justifies denial of Plaintiff's attempt to convert this Securities Acts case into a case of RICO litigation. *Ventress v. Japan Airlines* (9th Cir. 2010), 603 F.3d 676, 680; *In re Fritz Cos. Secs. Litig.* (ND Cal. 2003), 282 F.Supp.2d 1105, 1110-1111.

The Ninth Circuit has already dealt with a similar situation as caused by the

Plaintiff. In upholding the District Court's denial of leave to amend to add a RICO claim, the Ninth Circuit stated in *Morongo Band of Mission Indians v. Rose* (9th Cir. 1990) 893 F.2d 1074, 1079:

"The new federal claims were based upon the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. Sec. 1961-1968 (1982, 25 U.S.C. Sec. 81 (regulating contracts with tribes), criminal depredation and trespass statutes, 18 U.S.C. Secs. 1160 and 1163, and 42 U.S.C. Sec. 1985.  In light of the radical shift in direction posed by these claims, their tenuous nature, and the inordinate delay, we conclude that the district court did not clearly abuse its discretion in denying leave to amend."

This sums up the exact situation before this Court.

### III.  CONCLUSION

For the foregoing reasons stated above, Plaintiff's Motion to Amend should be denied.

Dated:  August 7, 2024	Respectfully submitted,

LAW OFFICES OF DAVID YOUNG

By:   /s/   DAVID YOUNG
Attorney for Defendant
STEVE SMEAD

6

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND HIS FIRST AMENDED COMPLAINT PURSUANT TO FRCP 15(c)(1)(B) (ECF 69)**