Clinton Brown, *Self-Represented*
14 University Drive
Robina, QLD 4226, Australia
clinton@atlasinc.solar
+61 0414 376 825

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CLINTON BROWN, | **Case No**. 2:23-cv-02938-MEMF-KS |
| Plaintiff, | **Reply in Support of Relate Back** |
| vs. | **Amendment [Rule 15(c)(1)(B)]** |
| STEVE SMEAD | **Judge:** Honorable Maame Ewusi-Mensah |
| Defendant. | Frimpong |
| | **Chief Magistrate Judge:** Karen L. Stevenson |
| | **Date:** December 19, 2024 |
| | **Time:** 2:00 P.M. |
| | **Place:** Courtroom 8B |

      **NOTICE TO THE COURT**, "[t]his sums up the exact situation before this Court." *Cf*. ECF No. 70 at 7. A person need not read *all* 78 pages of the RBA *for* the crux of the matter. *See* RBA ¶ 248. Irrespective of the RICO unlawful debt collection claim in Count III, the rest of the claims in Count I & Count II fall within an unregistered investment contract *contra* to Federal security law[s], in addition to, *contra* to the Rule 10(b)(5) under the misappropriation theory, *supra*. There's absolutely nothing new here, except for, the RICO unlawful debt collection claim in Count III that relates back under Rule 15(c)(1)(B). *Simple as that*.

      **a. RICO *means* Unlawful Debt Collection**[1]

      The Racketeer Influenced and Corrupt Organizations Act *is* to be read broadly, *infra*. There is no requirement that a private *treble* damages action under RICO must proceed only against a

---

[1] 18 U.S.C. § 1961(6) states that "unlawful debt" means a debt (A)…[*or*] which is unenforceable under State or Federal law in whole or in part as to principal or interest because of the laws relating to usury, *and* (B) which was incurred in connection with…[*or*] the business of lending money *or* a thing of value at a rate usurious under State or Federal law, where the usurious rate is at least twice the enforceable rate.

Defendant who has already been convicted of a predicate act *or* RICO violation. See *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 493 (1985). It is noteworthy that Section 1962(c) does not require proof of extortionate activity to establish a RICO violation predicated upon the collection of unlawful debt. See *U.S. v. Vastola*, 899 F.2d 211, 227 n.18 (3d Cir. 1990). Section 1964(c) authorizes a private suit by "[a]ny person injured in his business *or* property by reason of a violation of § 1962." Section 1962 makes it unlawful for anyone—*not just mobsters*—to use money from [unlawful debt collection] activity to invest in, acquire control of, or conduct an enterprise. *Sedima* at 495. No distinct "racketeering injury" requirement is necessary to maintain a private *treble* damages action under RICO. There is no room in the statutory language for an additional, amorphous "racketeering injury" requirement. *Id*. & n. 7. RICO is designed to reach both "legitimate" and "illegitimate" enterprises. See *United States v. Turkette*, 452 U.S. 576, 580-581 (1981). Private attorney general provisions, such as § 1964(c), are designed to fill gaps left by prosecutorial efforts. *Sedima* at 493. The [J]udiciary should not eliminate private actions where the *Congress* has explicitly provided them. *Id*. at 499-500.

### b. Usury *means* Usury

Fairness to the Defendant demands that the Defendant be able to anticipate claims that might follow from the facts alleged by the Plaintiff. See *Percy v. San Francisco Gen. Hosp.*, 841 F.2d 975, 979 (9th Cir. 1988). Pleadings are intended to serve as a means of arriving at fair and just settlements of controversies between litigants and should not raise barriers which prevent the achievement of that end. See *Maty v. Grasselli Chem. Co.*, 303 U.S. 197, 200 (1938). It is not reasonably possible to say that [Plaintiff's] right of recovery under the original complaint and under the amended complaint were two separate and distinct causes of action. *Id.* at 199. The amendment "merely expand[s] or amplif[ies] what [is] alleged in support of the cause of action already asserted…and [is] not affected by the intervening lapse of time. See *Seaboard Air Line Ry*. v. *Renn*, 241 U.S. 290, 293 (1916). The facts constituting the [harm] were the same, whichever law gave them that effect. See *N.Y. Cent. R.R. v. Kinney*, 260 U.S. 340, 346 (1922) (quoting *Seaboard Air Line Ry*. v. *Koennecke*, 239 U.S. 352, 354 (1915)). Cf. *Harkless v. Sweeny*

*Ind. Sch. Dist. of Sweeny*, 554 F.2d 1353, 1359-1360 (5th Cir. 1977) ("For eleven years Plaintiffs, alleging the *same* facts, have sought the *same* relief from the *same* Defendants. The requested amendments add nothing substantively new to their claim, though, their claim proven, a new form of relief…one thought to be available under § 1983 at the filing of the original complaint… becomes appropriate.") Put differently, for almost two years the Plaintiff, alleging the *same* facts, has sought the *same* relief from the *same* Defendant. The RBA adds nothing substantively new to their claim, though, their claim proven, a new form of relief…one thought to be available under RICO [unlawful debt collection] at the filing of the original complaint…becomes appropriate. *Fits like a glove.*

    c. **Relate Back *means* Relate Back**

Whenever the claim *or* defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. See *Tiller v. Atlantic Coast Line*, 323 U.S. 574, 581 (1945). The effect of the amendment here [is] to facilitate a fair trial of the existing issues between Plaintiff and Defendant. See *Maty* at 201. [The RBA] relied upon the identical matter more fully and differently laid; and the essential elements of the action and the controversy remained the same between the parties after as before the amendment. *Id*. at 200. The claim[s] must share a common core of operative facts such that the Plaintiff will rely on the same evidence to prove each claim. See *Williams v. Boeing Co.*, 517 F.3d 1120, 1133 (9th Cir. 2008). In limited circumstances, Rule 15(c) saves an otherwise untimely amendment by deeming it to "relate back" to the conduct alleged in the timely original complaint. Interpreting this language, the Supreme Court has held that relation back is improper when the amended claim "asserts a new ground for relief supported by facts that *differ* in both time and type from those the original pleading set forth." See *Mayle v. Felix,* 545 U.S. 644, 650 (2005). In making this decision, the Court considers whether the "allegations of a new theory in an amended complaint...involve[] the same transaction, occurrence, or core of operative facts involved in the original claim." See *Clipper Exxpress v. Rocky Mountain Motor Tariff Bureau, Inc*., 690 F.2d 1240, 1259 n.29 (9th Cir. 1982); See also,

*Tiller* at 81 (1945) (Holding that an amended complaint that sets forth a claim arising under a *different* statute based on the *same* underlying facts relates back under Rule 15(c)). *Enough said*.

### d. Rule 15(c) *means* Rule 15(c)

Rule 15 has subsections a, b, c and d. Each subsection is a *different* type of amendment at *different* litigation stages. For present purposes, we are looking at Rule 15(c), *not* Rule 15(a), (b) or (d). Thus, the Relate Back Amendment satisfies Rule 15(c), *or* it doesn't. (1) An amendment to a pleading relates back to the date of the original pleading *when*: (A) the law that provides the applicable statute of limitations allows relation back; (In this case, the statute of limitations for an unlawful debt collection under RICO is four years). (B) the amendment asserts a claim *or* defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; (The RBA does not include *any* additional facts and is a new legal theory of how the Plaintiff can recover *treble* damages). Moreover, this is separate and apart from a 15(a) amendment that may *or* may not be, freely given by the Court, if the MTD is granted. This isn't some stunt and is a good faith effort to let the Court do what it does best…to say what the law is. *And that's it*.

### Discussion

If a Plaintiff seeks to [], state a new legal theory of relief, or amplify the facts alleged in the prior complaint, then relation back is allowed. See *F.D.I.C. v. Conner*, 20 F.3d 1376, 1386 (5th Cir. 1994). "This sums up the exact situation in this Court." *See* ECF Nos. 69, 69-1 & 69-2.[2] Here, we have the claim of a RICO unlawful debt collection that arose out of the conduct, transaction, or occurrence…or attempted to be set out…*in the original pleading*. Usury was still usury when the original complaint was filed on April 19, 2023, and usury is still usury today…and the *Congress* has said *usury* is an unlawful debt collection under the RICO statute. The illegal actions are all the same, except the Plaintiff is entitled to *treble* damages under RICO. Thus, there can be no question that the RBA *must* be allowed.

---

[2] It is notable that the Defendant does not contest the *Panuwat* legal theory, which was not available at the time, the original complaint was commenced. In any event, *Panuwat* relates back to the original complaint as a form of relief under new legal authority set by a Jury.

And the plain language of Rule 15(c)(1)(B) allows a Relate Back Amendment for a RICO claim derived from the facts in the original complaint. In other words, Smead is going to be on the hook for *treble* damages and costs for the usury transaction that does not fit squarely within the Federal security law[s] framework…*because it is usury*. Federal security law[s] have nothing to do with usury…. but RICO does. It's the claim for relief under RICO that makes it *relate back*. This is as clear as the sky is blue.[3]

Ultimately, this is a matter of judicial economy that only this Court will be qualified to assess…whether the claim is brought as an RBA (*same* facts, *different* legal theory) *or* a totally new civil lawsuit under RICO.[4]

## Conclusion

Last, phone lines run in both directions, and although it is commonly known that usury is a state law cause of action, it is not so well known that RICO provides the same cause of action under Federal law. Fraud is not complicated. Yes, the scheme may prove to be complicated, yet under one layer or a thousand layers of deceit…lies the *same* fraud, no matter. Put another way, the *duped*. There's no question that the Plaintiff has adequately pleaded a RICO unlawful debt collection claim that arose out of the same [*fill in the blank*] set out or attempted to be out in the original complaint. The Relate Back Amendment is perfectly within the plain meaning of Rule 15(c)(1)(B) and therefore it must be allowed.

---

[3] It is noted that, although usury may not be relevant to Federal security laws for recovery, it is relevant when evaluating whether an investment contract was sold, thus a security. So, it's no wonder the Congress weaved Federal security law[s] *and* RICO together in the PSLRA…and said that "conduct that would have been *actionable as fraud* in the purchase or sale of securities" precludes [RICO] civil actions. *See* PSLRA § 107, 109 Stat at 758, codified at 18 U.S.C. § 1964(c). In other words, an unlawful debt collection cannot be a fraud in the purchase or sale of securities and thus stands on its own for the *treble* damages remedy. After all, the Plaintiff is here to *collect* for the harm caused, *not* to draw things out for an indefinite period.

[4] The theory that animates this [15(c)] rule is that "once litigation involving particular conduct *or* a given transaction *or* occurrence has been instituted, the parties are not entitled to the protection of the statute of limitations against the later assertion by amendment of defenses *or* claims that arise out of the same conduct, transaction, or occurrence as set forth in the original pleading." *See* 6A Charles A. Wright et al., Federal Practice and Procedure: Civil 2d § 1496, at 64 (1990). Permitting such an augmentation or rectification of claims that have been asserted before the limitations period has run does not offend the purpose of a statute of limitations, which is simply to prevent the assertion of stale claims. See *F.D.I.C. v. Conner*, 20 F.3d 1376, 1385 (5th Cir. 1994).

                                                Respectfully submitted,

Date: 08/10/2024                                 _/s/ Clinton Brown, Self-Represented_
                                                          14 University Drive
                                                          Robina, QLD 4226, Australia
                                                          clinton@atlasinc.solar
                                                          +61 0414 376 825

CC: All Counsel of Record (via ECF) on August 10, 2024