Clinton Brown, *Self-Represented*
27250 Agoura Hills Rd.,
Calabasas, CA 91301
clinton@atlasinc.solar
310-487-6453

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CLINTON BROWN,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>STEVE SMEAD,<br><br>　　　　　　Defendant. | **Case No**.  2:23-cv-02938-MEMF-KS<br><br>**Notice of Objection to Court Order [ECF No. 72] to Preserve Issue for Appeal**[1]<br><br>**Judge:** Honorable Maame Ewusi-Mensah Frimpong<br><br>**Chief Magistrate Judge:** Karen L. Stevenson |

**NOTICE TO THE COURT**, in short, L.R. 7-17 & L.R. 7-18, need not be invoked in this case, at this time. *But* the right is preserved on the public record of this Court for reasons set within. *See* Rule 46. In other words, this is a formal objection to ECF No. 72 that rises above and beyond any Federal or L.R. to inform the Court and the parties that the Plaintiff will "die on this mountain" in good faith because the *Congress* has enacted law *contra* to the Court's order. In any event, it is noted that Rule 15(c)(1)(B) *is* mandatory for this Court to issue an order…this Court cannot punt the issue by calling a foul, without *first*…calling a ball *or* strike. *See* ECF Nos. 69-71. (Hearing Calendared for December 19, 2024, at 2 P.M.).[2]

　　**a. The Congress Has Made It Clear…**

The Congress has made it clear in the plain language of the PSRLA that a "motion for particularized discovery" *must* be considered prior to the final determination of an MTD. "In *any* private action arising under this chapter, all discovery *and* other proceedings *shall* be stayed during

---

[1] The crux of the matter is this: If the MTD is denied then the MPD does not need a hearing…because discovery will be opened…making the MPD moot. On the other hand, if the MTD is granted, then the Plaintiff will not have an opportunity to be heard on the MPD. This is clearly against what the *Congress* wrote in the PSRLA, *infra*.
[2] Plaintiff waives oral hearing request if the Court can properly determine the RBA without a scheduled hearing. It is in the Plaintiff's view that this is a cut and dry issue…it either relates back *or* it doesn't. It plainly does.

the pendency of *any* motion to dismiss, *unless* the Court finds *upon* the motion of *any* party that **particularized discovery** is necessary to preserve evidence *or* to prevent undue prejudice to that party." *See* 15 U.S.C. § 78u–4(b)(3). There is absolutely no wiggle room in this, whether conducted in bad faith *or* not…which, ironically, the Defendant contends bad faith to be here, despite…*two* L.R. 7-3 meetings. Put differently, one meeting too much for both parties. That's not a bad faith effort and so this Court must honor that…if this Court is truly hog-tied to L.R. 7-3 as the arbiter of what is a properly filed motion...then by all accounts, the MPD was. *See* ECF No. 72.

This Court flatly ignores the plain language for reasons *unknown* in a paperless order…and thus this issue must be preserved, if the MTD is granted. In other words, only if the Court grants the MTD will the Plaintiff invoke its objection to the Court order for appellate review. Case law may not be entirely clear on this issue, but what the *Congress* wrote is. Regardless of this Court's interpretation, the *Congress* has authority to manage this Court's procedural due process. *For example*, the PSLRA – prohibiting discovery until a MTD can be ruled upon, with the clear language that *if* a MPD is filed, whether before *or* after a MTD hearing *and* before a Court decision, then it must consider the MPD *first*. Talk about the cart before the horse.[3]

b. **Judicial Economy…Concern #1**

If this Court is concerned about judicial economy, which *is* the paramount of all concerns, to ensure a just, speedy and inexpensive determination of every proceeding for every party, then this Court must take the road that the Congress has paved and that parities can travel on…if people

---

[3] It is noted that the MPD complied with L.R. 7-3…*twice over*. That should in and of itself signal to this Court that the parties conferred in good faith to figure the issue out…although to no avail. The Court refuses to do its part that the Congress has commanded it to do…prior to ruling on the MTD. It is certainly not the Plaintiff's fault that, nearly three (3) months after the MTD hearing on June 6, 2024, there still is not a decision by this Court on August 29, 2024…and as such, the Plaintiff has a statutory right, in this live controversy, to conduct his legal strategy as he sees fit…in accord with the will of the Congress. The suggestion that this Court will not even consider a properly filed motion, considering the fact, that this Court also has the authority to *not* consider an otherwise properly filed motion *without* L.R. 7-3…is an affront to the good faith efforts of the Plaintiff *and* the rule of law. There can be no doubt of what the Congress wrote…and there is no doubt that this Court is wrong. Put differently, everyone knows when the emperor has no clothes. *See* Hans Christian Andersen, The Emperor's New Clothes, in Fairy Tales for Children 74 (C.A. Reitel, Copenhagen 1837).

know how to read. Put differently, the Court's procedural preferences do not stand up against the Congress's procedural preferences…in this Court.[4]

### c. Ninth Circuit Precedent

Last, this objection is mandated under Ninth Circuit precedent. See *Padgett v. Wright*, 587 F.3d 983, 985 n. 2. (9th Cir. 2009).[5]

**THEREFORE**, the objection to ECF No. 72 is filed in a good faith effort to save the issue for another day…An important, but non-urgent objection to the Court's misguided order.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: August 29, 2024 | */s/ Clinton Brown, Self-Represented*<br>27250 Agoura Rd,<br>Calabasas, CA 91301<br>clinton@atlasinc.solar<br>310-487-6453 |

CC: All Counsel of Record (via ECF) on August 29, 2024

---

[4] Not that the Congress is always correct, but their weight is the law enacted by the people that have voted for them to make such laws, not the Judges confirmed by unanimous consent or less than 50 votes in the Senate.

[5] Although the Supreme Court has made clear that this is *not* always the case…and the Ninth Circuit is bound to that. "Rules of practice and procedure are devised to promote the ends of justice, not to defeat them. A rigid and undeviating judicially declared practice under which Courts of review would invariably and under all circumstances decline to consider all questions which had not previously been specifically urged would be out of harmony with this policy. Orderly rules of procedure do not require sacrifice of the rules of fundamental justice." See *Hormel v. Helvering*, 312 U.S. 552, 557 (1941).