Clinton Brown, *Self-Represented*
1431 Ocean Drive, Unit 413
Santa Monica, CA 90401
clinton@atlasinc.solar
310-775-7990

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON BROWN,<br><br>          Plaintiff,<br><br>     vs.<br><br>STEVE SMEAD<br><br>          Defendant. | **Case No**. 2:23-cv-02938-MEMF-KS<br><br>**Motion for Reconsideration**<br><br>**[ECF No. 74]**<br><br>**Judge:** Honorable Maame Ewusi-Mensah Frimpong<br><br>**Chief Magistrate Judge:** Karen L. Stevenson |

**NOTICE TO THE COURT**, L.R. 7-18 states, in the pertinent part, that "[n]o motion for reconsideration ["MFR"] may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion. Absent good cause shown, any motion for reconsideration must be filed no later than 14 days after entry of the Order that is the subject of the motion or application." In any event, the RBA and RBA Exhibit 1, ECF Nos. 69 & 69-2, demonstrate judicial economy. The Court only needs to adjudicate what is in red…*not* black and white. *See* Civil Standing Order § IV, U.S. Dist. Ct., C.D. Cal. (May 3, 2024).[1] Put differently, the RBA's arguments have already been briefed on the public docket. *See* ECF Nos. 69-71. Thus, for sake of judicial economy, the Court already has what it needs to consider this MFR. *See* Rule 1.[2]

---

[1] The *second part* of § IV, MEMF's Civil Standing Order, states, "Counsel shall electronically file as attachments to the motion to amend: (1) a clean version of the proposed amended pleading, and (2) a redlined version of the proposed amended pleading identifying all additions and deletions of material. The redlined version of the proposed amended pleading should be emailed in Word format to the Court's chambers email address at MEMF_Chambers@cacd.uscourts.gov." The RBA *pleading* was filed under Rule 15(c)(1)(B) in *accord* with Rule 15(c)(1)(A). *Agency Holding Corp. v. Malley-Duff Assocs*, 483 U.S. 143, 152 (1987).

[2] The *first part* of L.R. 7-18 states, "[a] motion for reconsideration of an Order on any motion or application may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered." In any event, the Court already has what it needs to determine whether the *first part* of L.R. 7-18 applies as either/neither a, b, *n/or* c.

|  |  |
|---|---|
| | Respectfully Submitted, |
| Dated: October 5, 2024 | /s/Clinton Brown, Self-Represented |
| | 1431 Ocean Drive, Unit 413 |
| | Santa Monica, CA 90401 |
| | clinton@atlasinc.solar |
| | 310-775-7990 |

cc: All Counsel of Record (via ECF) on October 5, 2024