Clinton Brown, *Self-Represented*
1431 Ocean Drive, Unit 413
Santa Monica, CA 90401
clinton@atlasinc.solar
310-775-7990

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON BROWN,<br><br>    Plaintiff,<br><br>  vs.<br><br>STEVE SMEAD<br><br>    Defendant. | **Case No.** 2:23-cv-02938-MEMF-KS<br><br>**Statement**<br><br>[*See* **ECF No. 74 at 14, No. 6**]<br><br>**Judge:** Honorable Maame Ewusi-Mensah Frimpong<br><br>**Chief Magistrate Judge:** Karen L. Stevenson |

  **NOTICE TO THE COURT**, the Plaintiff, "stands on his Notice of Proposed Motion and Relate Back Amendment." *See* ECF No. 74 at 14, No. 6. However, Rule 15(c)[1] does not create a circumstance where the Court has discretion to mandate a party to file for leave to amend. The term "discretion" denotes the absence of a hard and fast rule. *The Styria* v. *Morgan*, 186 U.S. 1, 9. (1902).[2] When invoked as a guide to judicial action it means a sound discretion, that is to say, a discretion exercised not arbitrarily or wilfully, [*sic*] but with regard to what is right and equitable under the circumstances and the law, and directed by the reason and conscience of the [J]udge to a just result. *Langnes v. Green*, 282 U.S. 531, 541 (1931). In other words, the only discretion here was the Plaintiff's…to file the Relate Back Amendment. The Court must consider whether, indeed, the RBA does fit within Rule 15(c).

---

[1] Relation Back of Amendments. (1) *When* an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading *when*: A) the law that provides the applicable statute of limitations allows relation back; (B) the amendment *asserts a claim* or defense *that arose* out of the conduct, transaction, or occurrence set out—or attempted to be set out—*in the original pleading*; or…The language clearly eliminates any discretion for a judicially created procedural impediment. Put differently, this is a superfluous filing that need *not* be filed. Irony aside, the Ninth Circuit reviews a denial of a relate back amendment for abuse of *discretion*. (citations omitted), *see also*, ECF No. 75.

[2] The establishment of a clearly defined rule of action would be the end of *discretion*, and yet *discretion* should not be a word for arbitrary will or inconsiderate action. "Discretion means a decision of what is just and proper in the circumstances." Bouvier's Law Dict. "Discretion means the liberty or power of acting without other control than one's own judgment." Webster's Dict.

Respectfully Submitted,

Dated: October 10, 2024

*/s/Clinton Brown, Self-Represented*
1431 Ocean Drive, Unit 413
Santa Monica, CA 90401
clinton@atlasinc.solar
310-775-7990

CC: All Counsel of Record (via ECF) on October 10, 2024