David Young, Esq.
Law Offices of David Young
12400 Wilshire Blvd., Suite 360
Los Angeles, CA, 90025
Email: dyounglaw@verizon.net
Tel: (310) 575 0308
Fax: (310) 575 0311

Attorney for Defendant STEVE SMEAD

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON BROWN,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>STEVE SMEAD,<br><br>　　　　　Defendant | **Case No.: 2:23-cv-02938-MEMF-KS**<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF 75)**<br><br>**Judge:　Hon. Maame Ewusi-Mensah Frimpong**<br>**Magistrate Judge: Hon. Karen L. Stevenson**<br><br>**HEARING DATE: NOT PROVIDED BY PLAINTIFF**<br>**TIME: NOT PROVIDED BY PLAINTIFF**<br>**PLACE: NOT PROVIDED BY PLAINTIFF** |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

# DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

## I. INTRODUCTION

On October 5, 2024, at 1:36 A.M., Plaintiff filed his purported one-page *Motion For Reconsideration ("MFR")*. (ECF 75) This was done without a meet and confer, whether required or not, and in violation of just about every formal and substantive mandate that any Motion must contain. With Plaintiff the aberrant and atypical has now become typical and commonplace.

## II. ARGUMENT

Plaintiff has not offered one new fact, or change of law, occurring after the Court's Order of September 27, 2024, dismissing Plaintiff's First Amended Complaint ("FAC"). (ECF 74) Nothing Plaintiff states justifies reconsideration.

A motion to reconsider is usually granted only if required because of (a) newly discovered evidence; (b) a change in the law; or (c) manifest injustice. *Carslon v. Boston Scientific Corporation, 856 F.3d 320, 325 (4th Cir. 2017); Louisville/Jefferson County Metro Government v. Hotels.com, L.P., 590 F.3d 381, 389 (6th Cir. 2009).* Reconsideration is an extraordinary remedy to be used sparingly. A motion for reconsideration will not be granted "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the

controlling law." *Kona Enterprises, Inc. v. Estate of Bishop (9th Cir. 2000) 229 F3d 877, 890.* Local Rule 7-18, *Motion for Reconsideration,* is fully in accord, and even broader in its scope prohibiting reconsideration. All Plaintiff has done in his MFR is to refer the Court to his highly unusual *"Notice of Proposed Motion for Leave to Amend and Relate Back under Rule 15(c)(1)(B) filed by Plaintiff Clinton Brown. RICO 18 U.S.C. §§ 1961-1958 (collection of an unlawful debt) (Brown, Clinton) (Entered: 07/19/2024)."* (ECF 68 and 69). See also Defendant's *Opposition*, filed 8/7/24 (ECF 70). Plaintiff's Motion to Amend is pending, and scheduled for hearing on December 19, 2024. It is irrelevant to the Court's Order dismissing Plaintiff's FAC. (ECF 74). There is not a scintilla of new law or facts presented by Plaintiff in his MFR justifying reconsideration.

### III. CONCLUSION

For the foregoing reasons stated above, Plaintiff's purported Motion For Reconsideration should be denied, and Plaintiff's First Amended Complaint dismissed with prejudice.

Dated:  October 14, 2024                    Respectfully submitted,
                                            LAW OFFICES OF DAVID YOUNG

                                            By:   /s/   DAVID YOUNG
                                                  Attorney for Defendant
                                                  STEVE SMEAD