Clinton Brown, *Self-Represented*
1431 Ocean Drive, Unit 413
Santa Monica, CA 90401
clinton@atlasinc.solar
310-775-7990

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON BROWN,<br><br>        Plaintiff,<br><br>vs.<br><br>STEVE SMEAD<br><br>        Defendant. | **Case No**. 2:23-cv-02938-MEMF-KS<br><br>**Reply in Support of Motion for Reconsideration [ECF No. 74]**<br><br>**Judge:** Honorable Maame Ewusi-Mensah Frimpong |

**NOTICE TO THE COURT**, "[e]very [D]istrict [C]ourt is considered *always open* for filing any paper, issuing and returning process, making a motion, or entering an order." *See* Rule 77(a). Defense Counsel's objection to Plaintiff's 1:36 A.M. filing is without merit. The filing was made in accordance with the Rules, and any argument[s] to the contrary have no legal foundation *whatsoever*.[1] Even if this Court preferred 9:00 A.M. to 5:00 P.M. filings, it has *no discretion* to implement a rule as such. Defense Counsel's objection is aberrant *and* atypical, *77(a)*.

## Conclusion

"Whether *or* not"[2] what time of day *or* night is appropriate to seek relief from this Court…this Court has an obligation to follow the law. L.R. 7-18 cannot co-opt Congress's language to mandate irrelevant "legal fiction" to make L.R. 7-18 jurisdictional, *supra, n. 1*.

---

[1] "[F]iling requirements dictated by local rules are *not* jurisdictional...Local rules govern local practice, but a violation of local rules cannot divest th[e] Court of the jurisdiction afforded to it by Congress." See *Demaree v. Pederson*, 887 F.3d 870, 877 (9th Cir. 2018). (Emphasis added). In other words,"elevat[ing] a local rule...to the status of a jurisdictional requirement would conflict with the mandate of Federal Rule of Civil Procedure 1 to provide a just *and* speedy determination of every action." *Id*. (Emphasis added).

[2] In any event, this attorney of record has a particularly poor history of answering any requests from the Plaintiff of record. *See* ECF Nos. 63 at 1 n. 2. & 74 at 14, No. 4. Put differently, the Plaintiff was forced to file within MEMF's hyper-L.R.'s, out of an abundance of caution. As a result, the Plaintiff had to file "other rebuttal evidence" without official Court transcripts. *See* ECF No. 64-2. Though the Court later mooted the motion, the filing was necessary under the circumstance, *res ipsa loquitur*. Thus, the Plaintiff will not be forced by this Court or anyone to "take a back seat" in his own case. *See* 28 U.S.C. § 1654.

Last, if the Judge did not point out the applicable law in their decision, it is the party's responsibility to bring it to the Court's attention, that the Court should consider the applicable law in their decision. *See* ECF Nos. 69-71, 75, 77-78. [RICO 18 U.S.C. §§ 1961-1968 (<u>collection of an unlawful debt</u>)]. *Simple as that.*[3]

*See* MEMF's Standing Order, Section VIII. B. at 6 & ECF No. 63

---

**Re: Clinton Brown v. Steve Smead, 2:23-cv-02938-MEMF-KS, Request to Extend Reply to MPD.**

Honorable Maame Ewusi-Mensah Frimpong:

The G-120 form was filed after the MTD hearing on June 6, 2024. *See* ECF No. 52. An ordinary 30-day transcript was requested. The Court Reporter notified the Plaintiff on June 25, 2024, that she, "will do my best to have your transcript[s] ready by July 6, 2024."

The Court's Standing Order, Section VIII. B. at 6 states, "all Motions must be filed in accordance with the following modified briefing schedule, *which differs from the timing of the Local Rules*." As relevant here, the Plaintiff's Reply [m]ust be filed no later than seven (7) days after the Opposition. *Id.* L.R. 7-10, states, [a] moving party may, not later than fourteen (14) days *before the date designated for the hearing of the motion*, serve, and file a Reply memorandum, and declarations *or* other rebuttal evidence. The hearing on the Motion for Particularized Discovery ("MPD") is set for August 29, 2024, at 2 P.M. *See* ECF No. 57 at 1. (Filed on June 20, 2024). The Reply to the MPD is due on July 5, 2024. *See* ECF No. 61. (Filed on June 28, 2024).

The Plaintiff has requested that the parties stipulate to a seven (7) day extension so the Plaintiff can provide "other rebuttal evidence" from the June 6, 2024, transcript in his Reply.[2] From the Court Reporters' email, the transcript will be delivered on or around July 6, 2024.

The Plaintiff respectfully requests a Reply schedule that is reasonable for all parties and complies with the Local Rules, thereby extending the Plaintiff's Reply filing deadline to July 12, 2024.

Respectfully submitted,

*/s/ Clinton Brown, Self-Represented*
14 University Drive
Robina, QLD 4226, Australia
clinton@atlasinc.solar
310-487-6453

---

[1] The Court is respectfully requested to issue a Paperless Order.
[2] The Plaintiff has attempted to contact the Defendant's Counsel on three (3) separate occasions to ask for a sign off on a stipulated filing to no avail. Defendant's position on the Plaintiff's seven (7) day extension is unknown. It is noted that the Defendant filed their Opp'n seven (7) days prior to the Section VIII. B deadline.

---

[3] "There is not a scintilla of **<u>new law</u>** or facts presented by Plaintiff in his MFR justifying reconsideration." *See* ECF No. 77 at 3. Not true. *See* 18 U.S.C. § 1961(a)-(b), *supra*.

                                                                                  Respectfully Submitted,

Dated: October 15, 2024                                _/s/Clinton Brown, Self-Represented_
                                                                                 1431 Ocean Drive, Unit 413
                                                                                 Santa Monica, CA 90401
                                                                                 clinton@atlasinc.solar
                                                                                 310-775-7990

CC: All Counsel of Record (via ECF) on October 15, 2024