David Young, Esq.
Law Offices of David Young
12400 Wilshire Blvd., Suite 360
Los Angeles, CA, 90025
Email: dyounglaw@verizon.net
Tel: (310) 575 0308
Fax: (310) 575 0311

Attorney for Defendant STEVE SMEAD

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON BROWN,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>STEVE SMEAD,<br><br>　　　　Defendant. | Case No.: 2:23-cv-02938-MEMF-KS<br><br>**SUPPLEMENTAL MEMORANDUM REGARDING THE ISSUE AS TO WHETHER AN AMENDMENT IS APPROPRIATE AFTER THE COURT HAS DISMISSED ALL CLAIMS OF PLAINTIFF WITH PREJUDICE (ECF 82)**<br><br>**Judge:**　　Hon. Maame Ewusi-Mensah Frimpong<br><br>**Magistrate Judge:**　Hon. Karen L. Stevenson<br><br>**HEARING DATE:**<br><br>**TIME:**<br><br>**PLACE:**　　**Courtroom 8B** |

**SUPPLEMENTAL MEMORANDUM RE DISMISSAL WITH PREJUDICE**

## **TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................ 1

II.   ARGUMENT ....................................................................................... 5

    A.    The Fundamental Nature of a Dismissal ............................... 5

    B.    The Court's Collateral Jurisdiction ....................................... 8

    C.    Dismissals With and Without Prejudice ............................... 9

III.  CONCLUSION .................................................................................. 14

i

**SUPPLEMENTAL MEMORANDUM RE DISMISSAL WITH PREJUDICE**

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Alix v. McKinsey & Co., Inc.*,
    470 F.Supp.3d 310 (S.D.N.Y. 2020) ...................................................................7
*Alpenglow Botanicals, LLC v. United States*,
    894 F.3d 1187 (10th Cir. 2018) ............................................................................2
*Angel v. Bullington*,
    330 U.S. 183, 67 S.Ct. 657, 661 (1947) ............................................................10
*Bell v. Hood*,
    327 U.S. 678, 66 S.Ct. 773 (1946) ....................................................................10
*Catlin v. United States*,
    324 U.S. 229, 65 S.Ct. 631, 89 L.Ed. 911 (1945) .............................................10
*Cooter & Gell v. Hartmax Corp.*,
    496 U.S. 384, 110 S.Ct. 2447 (1990) ..................................................................8
*Commercial Space Management Company*,
    193 F.3d 1074 (9th Cir. 1991) ............................................................... 5, 7, 8, 9
*Concha v. London*,
    62 F.3d 1493 (9th Cir. 1995) ................................................................... 6, 9, 11
*Defense Distributed v. United States Department of State*,
    947 F.3d 870 (5th Cir. 2020) ............................................................................13
*Ellis v. United States*,
    2023 W.L. 315294 (5th Cir. 2023) ......................................................................4
*Federated Dep't Stores v. Moitie*,
    452 U.S. 394 n.3, 101 S.Ct 2424 (1981) ..........................................................10
*Firstier Mortg. Co. v. Investors Mortg. Ins. Co.*,
    ___ U.S. ___, ___ n. 3, 111 S.Ct. 648 n. 3, 112 L.Ed.2d 743
    (1991) (noting rule and exception) ...................................................................10
*Goddard*,
    14 Cal.2d at 54, 92 P.2d, at 808........................................................................11
*Hackner v. Guaranty Trust Company of New York*,
    117 F.2d 95 (C.C.A. 2d Cir., 1941) ....................................................................6
*Haislip v. Riggs*,
    534 F.Supp. 95 (W.D.N.C. 1981) .......................................................................7
*Hamilton v. Shearson-Lehman Am. Express, Inc.*,
    813 F.2d 1532 (9th Cir. 1987) ............................................................................6

*In Re Fritz Cos. Secs. Litig.*,
    282 F.Supp.3d 1105 N.D. Cal. 2003) ................................................................2
*In Re Koebel*,
    2014 W.L. 1654342, *5 (Bankr. C. D. Cal. 2014),
    citing *Commercial Space Management Co., Inc. v.
    Boeing Co., Inc.*, *supra*,
    193 F.3d at 1080 ................................................................................................8
*Janssen v. Harris*,
    321 F.3d 998 (10th Cir. 2003) ..........................................................................7
*Kokkonen* and *Jessup v. Luther*,
    277 F.3d 926 (7th Cir. 2002) ..........................................................................13
*Lynch v. SamataMason, Inc.*,
    279 F.3d 487 (7th Cir. 2002) ..........................................................................12
*McCalden v. California Library Ass'n*,
    955 F.2d 1214 (9th Cir.),
    112 S.Ct. 2306, 119 L.Ed.2d 227 (1992) ........................................................11
*McGuckin v. Smith*,
    974 F.2d 1050 (9th Cir. 1992) ........................................................................10
*National R.R. Passenger Corp. v. International Ass'n
    of Machinists & Aerospace Workers*,
    915 F.2d 43 (1st Cir. 1990) ...............................................................................7
*Ordower*,
    826 F.2d at 1572 .............................................................................................10
*Pedrina v. Chun*,
    987 F.2d 608 (9th Cir. 1993) .......................................................................5, 6
*Robi v. Five Platters, Inc.*,
    838 F.2d 318 (9th Cir. 1988) ..........................................................................11
*Salveson v. Western States Bankcard Ass'n*,
    731 F.2d 1423 (9th Cir. 1984) ........................................................................10
*Semtek International Inc. v. Lockheed Martin Corp.*,
    531 U.S. 497 (2001) .................................................................................. 9, 11
*Stewart v. United States Bancorp*
    (297 F.3d 953), (9th Cir. 2002) ................................................................. 9, 10
*Ventress v. Japan Airlines*,
    603 F.3d 676 (9th Cir. 2010) ............................................................................2
*Welch v. Folsom*,
    925 F.2d 666 (3d Cir. 1991) (citing cases) .....................................................10
*Wilson v. City of San Jose*,
    111 F.3d 688 (9th Cir. 1997) .......................................................................5, 6

**SUPPLEMENTAL MEMORANDUM RE DISMISSAL WITH PREJUDICE**

*Yourish v. California Amplifier*,
    191 F.3d 983 (9th Cir. 1999). ...............................................................................4

**Statutes**

18 U.S.C. §§ 1961-68 .................................................................................................2
28 U.S.C. § 1291 .......................................................................................................10

**Rules**

Rule 11 ....................................................................................................................8, 9
Rule 12 ................................................................................................................1, 2, 3
FRCP 15 .......................................................................................................................2
Rule 15(a)(1)+(2) .....................................................................................................1, 3
Rule 41 ........................................................................................................ 4, 5, 9, 11

**Treatises**

Black's Law Dictionary (4th edition) .........................................................................5
Black's Law Dictionary (7th ed. 1999)......................................................................12
8 Moore's Federal Practice, 3d ...................................................................... 6, 7, 8, 9
Rutter, Federal Civil Procedure Before Trial...........................................................10
9 Wright & Miller, *Federal Practice and Procedure* ............................... 6, 8, 11, 12

**Other Authorities**

Presiding Magistrate Judge Morton Denlow, *"What's An Attorney to Do?*
    *Ensuring Federal Jurisdiction Over Settlement Agreements in Light of*
    *Recent Seventh Circuit Cases* ..........................................................................13

**SUPPLEMENTAL MEMORANDUM RE DISMISSAL WITH PREJUDICE**

# SUPPLEMENTAL MEMORANDUM REGARDING THE ISSUE AS TO WHETHER AN AMENDMENT IS APPROPRIATE AFTER THE COURT HAS DISMISSED ALL CLAIMS OF PLAINTIFF WITH PREJUDICE

## I. INTRODUCTION

This Memorandum is filed as a Supplement to **"Defendant's Opposition to Plaintiff's Motion to Amend His First Amended Complaint Pursuant to FRCP 15(c)(1)(B) (ECF 69)."** [ECF 70].

On April 19, 2023, Plaintiff filed a Complaint against Defendant Steve Smead, pursuant to various Federal Securities Acts, including the 1933 Act ["Securities Act"] and the 1934 Act ["Exchange Act"]. (ECF 1). On June 22, 2023, Defendant filed a Motion to Dismiss Plaintiff's Complaint. (ECF 11) Plaintiff could have then filed an Amended Complaint, but chose not to do so. FRCP 12 & 15(a)(1)+(2). On December 6, 2023, the Court granted Defendant's Motion to Dismiss, with leave to amend. (ECF 40).

On January 1, 2024, Plaintiff filed his First Amended Complaint ("FAC") pursuant to various Federal Securities Acts, including the 1933 Act ["Securities Act"] and 1934 Act ["Exchange Act"]. (ECF 41). On January 13, 2024, Defendant filed his Motion to Dismiss Plaintiff's FAC. (ECF 42). Again, Plaintiff could have filed an Amended Complaint, but chose not to do so. FRCP 12 & 15(a)(1)+(2).

On June 6, 2024, a hearing was held before Judge Frimpong on Defendant's Motion to Dismiss Plaintiff's FAC. The matter was taken under submission. (ECF 54).

On July 18, 2024, Plaintiff filed a highly unusual "*Notice of Proposed Motion for Leave to Amend and Relate Back under Rule 15(c)(1)(B) filed by Plaintiff Clinton Brown. RICO 18 U.S.C. §§ 1961-1958 (collection of an unlawful debt) (Brown, Clinton) (Entered: 07/19/2024).*" (ECF 68).

On July 28, 2024, Plaintiff filed an equally unusual "*Petition to Relate Back*

1

**SUPPLEMENTAL MEMORANDUM RE DISMISSAL WITH PREJUDICE**

*Amendment."* See ECF 69. *"First PETITION to RELATE BACK AMENDMENT Rule 15(c)(1)(B) See also ECF No. 68 filed by Plaintiff Clinton Brown. (Attachments: # 1 Declaration of Erick Ordaz, # 2 Exhibit See Civil Standing Order § IV, U.S. Dist. Ct., C.D. Cal. May 3, 2024) (REDLINED)) (Brown, Clinton) (Entered: 07/28/2024)"*.  Defendant opposed Plaintiff's attempt to make his Securities Law Complaint into a RICO Complaint.  (ECF 70).  This was a transformational attempt, to convert this action from Securities Acts litigation to a RICO action.  (18 U.S.C. §§ 1961-68)

  This RICO claim was filed well over a year after Plaintiff filed his original Complaint, (ECF 1), with several previous opportunities to amend.  Plaintiff offers no explanation whatsoever as to why he waited for over a year to assert a RICO claim that could have been asserted initially, and numerous times thereafter.  This constitutes bad faith.  *Alpenglow Botanicals, LLC v. United States*, 894 F.3d 1187, 1203 (10th Cir. 2018); *Ventress v. Japan Airlines*, 603 F.3d 676, 680 (9th Cir. 2010); *In Re Fritz Cos. Secs. Litig.*, 282 F.Supp.3d 1105, 1110-1111 N.D. Cal. 2003).

  Plaintiff's RICO claim was filed after the Court had given Plaintiff leave to amend his original Complaint (ECF 40), and after Plaintiff had several opportunities to amend both his original Complaint, and his FAC as a matter of course, pursuant to FRCP 12 and FRCP 15.  It is only after the Court, on June 6, 2024, held a hearing on Defendant's Motion to Dismiss Plaintiff's FAC, and the matter was taken under submission by the Court, that Plaintiff suddenly alleges that he has a RICO claim.

  On September 27, 2024, the Court issued its Order dismissing Plaintiff's FAC with prejudice.  (ECF 74).  In its Order, the Court referred to the prior hearing held on June 6, 2024 and stated:

> "At the hearing, Brown indicated that he has no desire to
> further amend his complaint and does not believe that he

could allege further facts to state a claim if the Court interprets the law as indicated in the tentative ruling. Brown therefore requested that if the claims are dismissed (which Brown argued they should not be), dismissal should be with prejudice. Accordingly, the Court will not grant Brown leave to amend." (ECF 74), p.13, ll.20-24.

The Court further stated, in its September 27, 2024 Order:

"The Court will issue this Order based on Brown's representation at the hearing—Brown is not granted leave to amend his claims at this time.[13] However, Brown may bring a motion for leave to amend, which must include a showing as to why leave to amend is warranted. Such a motion must be brought within thirty (30) days of this Order as described in the conclusion.[14]"

Because Brown currently has no claims pending, the Court finds that Brown's pending motion regarding discovery (ECF No. 57) is DENIED AS MOOT WITHOUT PREJUDICE. Brown may reassert that motion in the event that his forthcoming motion for leave to amend is granted." (ECF 74), p.14, ll.5-11.

The "Conclusion," of the Court's Order states:

---

"[13] Although Brown has filed an amended complaint, he was not permitted to do so without the Court's leave. *See* Fed. R. Civ. P. 15(a)(1)+(2) (a party may amend a pleading as of right "21 days after serving it" or "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12")."

"[14] The Court's understanding is that neither of brown's recent filings—the "Notice of Proposed Motion" (ECF No. 68) and the "Relate Back Amendment"—were intended to be a motion for leave to amend, although they contained some degree of argument as to why amendment should be permitted. If Brown wishes to stand on these filings and not file any further motion, he should file a statement that this is his position within thirty (30) days of this Order."

3
**SUPPLEMENTAL MEMORANDUM RE DISMISSAL WITH PREJUDICE**

> 1. Smead's Motion to Dismiss (ECF No. 42) is
> GRANTED….
>
> 6. Brown is granted thirty (30) days from the date of this
> Order to file a motion for leave to amend or a
> statement that he stands on his Notice of Proposed
> Motion and Relate Back Amendment."  (ECF 74),
> p.14, ll.14, 21-22 through p.15 l.1.

Plaintiff never filed a Motion for Leave to Amend pursuant to the Court's Order.  Rather, on October 10, 2024, Plaintiff filed a Statement that he stands on his "Notice of Proposed Motion and Relate Back Amendment."  (ECF 76)  He did this even after the Court's September 27, 2024 Order (ECF 74) informed him that his FAC had been dismissed with prejudice, that he had filed an Amended Complaint without leave of Court (ECF 74), fn.13, p.14, ll.24-25, which is a nullity, that he had no claims pending, and that his filings did not constitute a motion for leave to amend.  Order, fn.14.  (ECF 74).  The Court gave Plaintiff every opportunity to file a proper Motion to Amend within thirty (30) days of the Court's Order.  (ECF 74) p.14, ll.21-22 through p.15, ll.1-2.  Plaintiff obstinately refused to do.

A Plaintiff's noncompliance with a Court Order dismissing an action with leave to amend is grounds for dismissal of the action under Rule 41(b).  *Yourish v. California Amplifier*, 191 F.3d 983, 988 (9th Cir. 1999).  In *Ellis v. United States*, 2023 W.L. 315294 (5th Cir. 2023), the plaintiff stated that she never received the Court's Order to Amend, but the Court dismissed anyway, because plaintiff found out about the Order after the deadline had passed, and still made no effort to comply during ten months leading to the appeal.

After a hearing on December 19, 2024, on various motions, the Court ordered supplemental briefing regarding Plaintiff's attempt to amend his FAC after all claims in his FAC have been dismissed with prejudice.  (ECF 82)

4
**SUPPLEMENTAL MEMORANDUM RE DISMISSAL WITH PREJUDICE**

## II. ARGUMENT

### A. The Fundamental Nature of a Dismissal

Defense Counsel's law school edition of *Black's Law Dictionary* (4th Ed., 1951), defines "**DISMISSAL**" as follows:

> "An order or judgment finally disposing of an action, suit, motion, etc., by sending it out of court, though without a trial of the issues involved (citing cases). The term is often used to indicate an adjudication on the merits." [*Black's Law Dictionary* is now up to its 12th Edition.]

The purest form of a dismissal setting forth its fundamental nature and effect is a voluntary dismissal without prejudice, pursuant to F.R.C.P. 41(a)(1)(i). In *Commercial Space Management Co., Inc. v. Boeing Co., Inc.,* 193 F.3d 1074, 1077 (9th Cir. 1991), the Ninth Circuit stated:

> "It is well settled that under Rule 41(a)(1)(i), 'a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment.' *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997). As we stated in *Pedrina v. Chun*, 987 F.2d 608, 610 (9th Cir. 1993) (quoting American *Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir. 1963)):
>
>> 'Th[e] [filing of notice] itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play. This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court. There is not

> even a perfunctory order of court closing the file.
> Its alpha and omega was the doing of the plaintiff
> alone. He suffers no impairment beyond his fee for
> filing.'

Because the dismissal is effective on filing and no court order is required, '[t]he filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice.' *Wilson*, 111 F.3d at 692. The effect is to 'leave the parties as though no action had been brought.'" *Id.*

9 Wright & Miller, Federal Practice and Procedure (2020), § 2370, p.788, states: "Once a case is commenced in Federal Court, it remains pending until it is either dismissed or adjudicated." Citing *Hackner v. Guaranty Trust Company of New York,* 117 F.2d 95 (C.C.A. 2d Cir., 1941).

A "dismissal" is designed to effect disengagement at early stages of the litigation. *See,* FRCP 41(a)(1)(A); *see also, Pedrina v. Chun,* 987 F.2d 608, 610 (9th Cir. 1993); *Hamilton v. Shearson-Lehman Am. Express, Inc.,* 813 F.2d 1532, 1534 (9th Cir. 1987). The filing of a Notice of Dismissal pursuant to FRCP 41(a)(1)(A) immediately and automatically terminates the action. 8 *Moore's Federal Practice,* 3d, § 41.33[6][a]. *See*, *Concha v. London,* 62 F.3d 1493, 1506 (9th Cir. 1995); *Pedrina v. Chun,* 987 F.2d 608, 609-610 (9th Cir. 1993).

*Moore's Federal Practice*, *supra*, § 41.33[6][e], states:

> "Once a Notice of Dismissal without prejudice is filed,
> the court loses jurisdiction over the case, and may not
> address the merits of the action or, with limited
> exceptions (*see,* [h], below), issue further orders. *The
> court may not rule on the pending Motion to Dismiss,
> and any decision addressing the merits of such a Motion*

*is a nullity*. Nor may the court issue any other order resolving the merits of the action." (Emphasis added.)

The Ninth Circuit, and all other courts, are clear. Once a dismissal has taken place, a court has no authority to rule on "the pending motion to dismiss" and "any decision addressing the merits of such a motion." This would apply equally to a pending motion to amend an FAC dismissed with prejudice. *Commercial Space Management Co., Inc. v. Boeing Co., Inc.*, *supra,* 193 F.3d at 1080. *Moore's Federal Practice*, *supra*, § 41.33[6][e].

*See also, Alix v. McKinsey & Co., Inc.*, 470 F.Supp.3d 310, 317 (S.D.N.Y. 2020); *Janssen v. Harris,* 321 F.3d 998, 1001 (10th Cir. 2003) (Court noted that once a Notice of Dismissal is filed, the Court loses jurisdiction and may not address the merits of the case or issue further orders.)

*Haislip v. Riggs,* 534 F.Supp. 95, 98 (W.D.N.C. 1981), states: "[u]nder the Federal Rule, a voluntary dismissal without prejudice leaves the situation as if the action had never been filed." *See also, National R.R. Passenger Corp. v. International Ass'n of Machinists & Aerospace Workers,* 915 F.2d 43, 48 (1st Cir. 1990).

Wright & Miller, *supra*, in § 2367, p.661, also states:

> "As noted above, and as numerous Federal Courts have made clear, a voluntary dismissal without prejudice under Rule 41(a) leaves the situation as if the action never had been filed. After the filing of a dismissal, the action no longer is pending, and generally no further proceedings in the action are proper."

*See also,* "Under Ninth Circuit law, a District Court has no role to play once a Notice of Dismissal under Rule 41(a)(1) is filed." *In Re Koebel,* 2014 W.L. 1654342, *5 (Bankr. C. D. Cal. 2014), citing *Commercial Space Management Co., Inc. v. Boeing Co., Inc.*, *supra,* 193 F.3d at 1080 (internal quotations omitted).

7
**SUPPLEMENTAL MEMORANDUM RE DISMISSAL WITH PREJUDICE**

Wright & Miller, *supra*, § 2368, p.683, in discussing *Commercial Space Management Company*, *supra*, states that the Court "loses jurisdiction as soon as the Rule 41(a)(1) procedure is completed and thus cannot alter its terms or impose conditions on the dismissal."

In *Commercial Space Mgmt. Co. v. Boeing Co.*, *supra,* 193 F.3d at 1080, the Ninth Circuit held that the District Court had no jurisdiction to change a dismissal of the case "without prejudice" into an Order dismissing the case "with prejudice." Not surprisingly, the Ninth Circuit upholds the principle that a "dismissal" means that the case is taken off the Court's docket. A "dismissal" means "dismissal." Defendant's attempted "Relate Back Amendment" simply has nothing to which it can "relate back."

### B. The Court's Collateral Jurisdiction

*Moore's Federal Practice, supra,* § 41.33[6][h], states: "Although jurisdiction to pass on the merits of an action is lost once a Notice of Dismissal has been filed (*see,* [6][e], above), the Supreme Court has held that the court retains the power to resolve certain collateral issues even after the case is no longer pending." Citing *Cooter & Gell v. Hartmax Corp.,* 496 U.S. 384, 395, 110 S.Ct. 2447 (1990) (it is "well established" that collateral issues may be considered after action is not pending). In *Cooter & Gell v. Hartmax, supra,* 496 U.S. at 396, the Supreme Court stated:

> "Like the imposition of costs, attorneys' fees, and contempt sanctions, the imposition of a Rule 11 sanction is not a judgment on the merits of the action. Rather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanctions would be appropriate. Such a determination may be made after the principal suit has been terminated.

> Because a Rule 11 sanction does not signify a *District Court's assessment of the legal merits of the complaint*, the imposition of such a sanction after a voluntary dismissal does not deprive the plaintiff of his right under Rule 41(a) to dismiss an action without prejudice."
>
> (Emphasis added.)

Among such collateral issues cited by *Moore's, supra,* are: Rule 11 sanctions, § 41.34[6][j], costs and attorneys' fees, § 41.40[10][c], supervisory power over its own records and files, § 41.34[6][g], the power to modify or lift a protective order, § 41.34[6][g], the power to enforce a settlement agreement if the settlement is incorporated into the Dismissal Order. § 41.34[6][h]. However, matters relating to an adjudication of the merits of the action are excluded. *See*, *Commercial Space Management Company, supra,* 193 F.3d at 1080 (9th Cir. 1991).

### C. Dismissals With and Without Prejudice

A dismissal "with prejudice" or "without prejudice" does not affect the nature of a dismissal regarding the Court's jurisdiction over the legal merits of the case dismissed, only the consequences resulting from such a dismissal. A dismissal "with prejudice" operates as an adjudication on the merits of the lawsuit and has a preclusive effect on subsequent claims and actions. *Concha v. London*, 62 F.3d 1493, 1506-1507 (9th Cir. 1995); FRCP 41(b). *See also, Semtek Int'l. Inc. v. Lockheed Martin Corp.,* 531 U.S. 497, 501, 505 (2001) (an "adjudication upon the merits" is the opposite of a "dismissal without prejudice"); *Stewart v. United States Bancorp* 297 F.3d 953, 956 (9th Cir. 2002) (the phrase, "adjudication on the merits" is shorthand for "dismissal with prejudice").

In *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 399 n.3, 101 S.Ct. 2424 (1981), the Supreme Court stated that a dismissal for failure to state a claim under Rule 12(b)(6) is a "judgment on the merits," to which *res judicata* applies. *See also, Angel v. Bullington,* 330 U.S. 183, 190, 67 S.Ct. 657, 661 (1947); *Bell v.*

9

**SUPPLEMENTAL MEMORANDUM RE DISMISSAL WITH PREJUDICE**

*Hood*, 327 U.S. 678, 66 S.Ct. 773 (1946); *Stewart v. United States Bancorp*, 297 F.3d 953, 957 (9th Cir. 2002).

An involuntary dismissal of the entire action is a "final decision" for purposes of Appellate review.  28 U.S.C. § 1291.  A dismissal "with prejudice" is also a "final judgment" of the Court, allowing for an immediate appeal.  *See, Rutter, Federal Civil Procedure Before Trial,* § 9:314.1; *McGuckin v. Smith,* 974 F.2d 1050, 1053 (9th Cir. 1992) stated:

> "Final rulings generally 'en[d] the litigation on the merits'. *Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945); *see also Firstier Mortg. Co. v. Investors Mortg. Ins. Co.,* ___ U.S. ___, ___ n. 3, 111 S.Ct. 648, 651 n. 3, 112 L.Ed.2d 743 (1991) (noting rule and exception). Usually, a dismissal without prejudice does not do so. 'A dismissal without prejudice opens the door to a renewed contest. A dismissal with prejudice brings the contest to a close.' *Salveson v. Western States Bankcard Ass'n,* 731 F.2d 1423, 1432 (9th Cir. 1984)." . . .
>
> "However, there is an important exception to that general rule: 'if the plaintiff cannot cure the defect that led to dismissal or elects to stand on the dismissed complaint. . . the order of dismissal is final and appealable.' *Welch v. Folsom,* 925 F.2d 666, 668 (3d Cir. 1991) (citing cases); *see also Ordower,* 826 F.2d at 1572 (same); *McCalden v. California Library Ass'n,* 955 F.2d 1214, 1224 (9th Cir.), *cert. denied,*  112 S.Ct. 2306, 119 L.Ed.2d 227 (1992)."

The case in the District Court is over.

For *res judicata* and collateral estoppel purposes, a Federal Court judgment is considered "final" as soon as it is rendered in the trial court. It makes no difference that an appeal from the judgment is pending. The preclusive effects of a District Court judgment is not defeated by taking an appeal. *See, Robi v. Five Platters, Inc.*, 838 F.2d 318, 327 (9th Cir. 1988).

A dismissal "without prejudice" does not constitute an adjudication on the merits, is not a final judgment allowing an appeal, and generally does not bar a subsequent lawsuit. *Concha v. London, supra,* 62 F.3d at 1507. *See also, Semtek International Inc. v. Lockheed Martin Corp.,* 531 U.S. 497, 505-506 (2001), 121 S.Ct. 1021, where the Supreme Court, in discussing FRCP 41, *Dismissal of Actions*, stated:

> "*See also,* 18 Wright Miller § 4435, at 329, n. 4 ("Both parts of Rule 41…use the phrase 'without prejudice' as a contrast to adjudication on the merits"); 9 *id*. § 2373, at 396, n. 4 ("'[W]ith prejudice' is an acceptable form of shorthand for 'an adjudication upon the merits'"). *See also, Goddard,* 14 Cal.2d at 54, 92 P.2d, at 808 (stating that a dismissal "with prejudice" evinces "[t]he intention of the court to make [the dismissal] on the merits"). The primary meaning of "dismissal without prejudice," we think, is dismissal without barring the plaintiff from returning later, to the same court, with the same underlying claim. That will also ordinarily (though not always) have the consequence of not barring the claim from *other* courts, but its primary meaning relates to the dismissing court itself. Thus, Black's Law Dictionary (7th ed. 1999) defines "dismissal without prejudice" as "*removed from the court's docket* in such a way that the

plaintiff may refile the same suit on the same claim," *id.*, at 482, and defines "dismissal without prejudice" as "[a] dismissal that "does not bar the plaintiff from refiling the lawsuit within the applicable limitations period," *ibid.* (Emphasis added.)

Thus, even a dismissal "without prejudice" is a dismissal that removes the case "*from the court's docket*." *See also,* Wright & Miller, *supra, Federal Practice and Procedure,* § 2367, which states that a dismissal "without prejudice," "means that it effectively erases the dismissed action and permits the initiation of a second action, but is neither final nor appealable."

This is even more the situation when a case has been dismissed "with prejudice." In *Lynch v. SamataMason, Inc.*, 279 F.3d 487, 489 (7th Cir. 2002), the case was dismissed with prejudice and the order stated the court was retaining jurisdiction to enforce the settlement agreement, a collateral matter. The Seventh Circuit criticized this practice:

> "An initial question is the significance of that purported retention. It had no significance. Having dismissed the entire litigation, the court had no jurisdiction to do anything further, and so if SamataMason wanted to enforce the settlement agreement and Lynch balked, SamataMason would have to sue Lynch under the law of contracts. A settlement agreement, unless it is embodied in a consent decree or some other judicial order or unless jurisdiction to enforce the agreement is retained (meaning that the suit has not been dismissed with

12
**SUPPLEMENTAL MEMORANDUM RE DISMISSAL WITH PREJUDICE**

> prejudice), is enforced just like any other contract.
>
> *Id.* at 489 (citing *Kokkonen* and *Jessup v. Luther*, 277 F.3d 926, 929 (7th Cir. 2002).)"

*See,* Presiding Magistrate Judge Morton Denlow, *"What's An Attorney to Do? Ensuring Federal Jurisdiction Over Settlement Agreements in Light of Recent Seventh Circuit Cases."*

The Court lacks subject matter jurisdiction to enter a final judgment dismissing the case with prejudice after the parties filed a Stipulation of Dismissal that voluntarily dismissed the entire suit following a settlement, and did not ask the Court to retain jurisdiction over the Settlement Agreement. *Defense Distributed v. United States Department of State,* 947 F.3d 870, 873 (5th Cir. 2020).

The Plaintiff shows no good cause why his RICO claim could not have been set forth initially; within the time periods allowed for amendment pursuant to FRCP 12 and 15(a)(1)+(2); or by leave granted by the Court to file his FAC. Nothing has happened since filing of his initial Complaint on April 19, 2023, until today, that Plaintiff did not know, that would have prevented Plaintiff from asserting his game changing RICO Complaint. Plaintiff is engaging in gamesmanship and gross bad faith.

Plaintiff's purported amendment is in reality a newly-minted, massive seventy-eight page RICO Complaint, filed without leave of Court, and is therefore a nullity. *See* ECF 69. Ex. 2. Plaintiff asks that his RICO Complaint "relate back" to his original Securities Acts Complaint filed on April 19, 2023. However, as shown above, once the FAC has been dismissed with prejudice, the Court loses jurisdiction over the FAC, and all legal merits relating to the Complaint. Therefore, there is nothing that exists to which an amendment can relate back. Plaintiff's purported RICO amendment would have to be filed as a new complaint, and judged on its own legal merits.

13
**SUPPLEMENTAL MEMORANDUM RE DISMISSAL WITH PREJUDICE**

Plaintiff asserts his RICO complaint arises out of the same operative facts set forth in his FAC, which has already been dismissed with prejudice. (ECF68 & 69). He asserts this as a means of justifying a so-called "relation back" amendment. Plaintiff therefore asks for two attempts from this Court to adjudicate the same operative facts on the merits. A dismissal with prejudice on the same operative facts prevents any such anomalous adjudication.

### III.  CONCLUSION

The Court has dismissed with prejudice Plaintiff's FAC. For the foregoing reasons stated above, Plaintiff's "Motion" to amend his now-dismissed FAC should be denied.

Dated:  January 24, 2025　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　LAW OFFICES OF DAVID YOUNG

　　　　　　　　　　　　　　　　　　　　By:___/s/ *David Young*___
　　　　　　　　　　　　　　　　　　　　　　Attorney for Defendant
　　　　　　　　　　　　　　　　　　　　　　STEVE SMEAD