Clinton Brown, *Self-Represented*
1431 Ocean Ave, Unit 413
Santa Monica, CA 90401
clinton@atlasinc.solar
310-775-7990

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON BROWN,<br><br>           Plaintiff,<br><br>v.<br><br>STEVE SMEAD,<br><br>           Defendant. | **Case No.** 2:23-cv-02938-MEMF-KS<br><br>**Reply to Supplemental Memorandum to Defendant's Opposition to Plaintiff's Motion to Amend His First Amended Complaint Pursuant to FRCP 15(c)(1)(B) (ECF 70)**<br><br>[*See* ECF No. 83]<br><br>**Judge:** Honorable Maame Ewusi-Mensah Frimpong<br><br>**Chief Magistrate Judge:** Karen L. Stevenson |

      "**THE COURT** would prefer to decide these matters on the merits..." *See* Tr. of Proceedings at 17, ECF No. 84 (C.D. Cal. Dec. 19, 2024). This approach aligns with the purpose of Rule 1, which requires fair and efficient resolution of disputes. In the Court's tentative ruling, this Court acknowledged that the Relate Back Amendment included a claim with potential merit and that allowing the amendment would not be futile. A claim that appears meritorious deserves to be heard and decided by an impartial Judge. For these reasons, the Second Amended Complaint (*see* Exhibits 1-3) should be permitted to be filed as the operative complaint, without any delay.

      Smead presents no argument to counter the fact that denying leave to amend *in this case* would likely constitute an abuse of the Court's discretion.[1] It's now up to this Court to remove these procedural obstacles and allow the case to move forward, so the parties can address the substantive issues.

---

[1] It is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities. *Foman v. Davis*, 371 U.S. 178, 182 (1962) *& progeny*.

## Legal Standard

A "dismissal" means "dismissal." *Not so*. The Ninth Circuit distinguish[es] between a *dismissal of the complaint* and a *dismissal of the action,* holding that only the latter constitutes a final order, unless the trial court has made clear in dismissing the complaint that the *action* could not be saved by amendment. *Ruby v. Secretary of United States Navy,* 365 F.2d 385, 387 (9th Cir. 1966); Rule 58(a). Rule 41 applies to "Dismissals of Actions" not dismissals of a Complaint. *See* Rules 41 & 58.[2] Last, unless the Court unambiguously dismisses the entire action or bars amendment, the case remains open for further proceedings. (citation omitted).

## Discussion

"[Plaintiffs] attempted "Relate Back Amendment" simply has nothing to which it can "relate back."" *See* ECF No. 83 at 13. That's simply not true. A parties litigation posture at an oral hearing has no bearing on the legal standard of whether a claim is futile. The hard truth for Smead is that the Court stated in its tentative that the RICO claim is potentially meritorious, and it is the law[3] that Plaintiff could not assert a RICO claim, until the securities claims were dismissed. Congress set this legal requirement in the PSLRA. Furthermore, "[t]he amendment [has] caused no delay in the proceedings and required no additional discovery." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001). "Assuming *arguendo* that [Plaintiff] had unreasonably delayed the filing of the motion to amend its [pleading], "[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend." *Id.* (citing *Bowles v. Reade,* 198 F.3d 752, 758 (9th Cir. 1999). In any event, a Plaintiff is "not required to state the statutory or constitutional

---

[2] Smead's argument conflates the standards for voluntary or involuntary dismissal of an *action* under Rule 41(a) or (b) with the dismissal of a *complaint*. Here, Plaintiff never sought dismissal of the action under Rule 41(a), the Court did not dismiss the action *sua sponte* under Rule 41(a)(2) or otherwise, and there is no basis to allege a failure to prosecute under Rule 41(b). Smead's reliance on Rule 41 is thus inapposite, and engaging further with this meritless argument would contravene Rule 1's mandate to secure the "just, speedy, and inexpensive" resolution of this case. Engaging further would also prolong resolution of a claim the Court has already deemed "potentially meritorious" in its tentative ruling.

[3] Under 18 U.S.C. § 1964(c), conduct actionable as securities fraud *cannot* form the basis of a RICO claim. Plaintiff could not previously pursue a RICO claim because of the securities fraud allegations in this case. The Court determined that no securities fraud occurred because there was no security and as such this statutory limitation no longer applies, allowing Brown to assert a RICO claim based on Defendant's acts. (*i.e.* unlawful debt collection). *Howard v. America Online Inc.*, 208 F.3d 741, 749-750 (9th Cir. 2000); Rule 15(c); 18 U.S.C. § 1962(a).

basis for his claim, only the facts underlying it." *McCalden v. California Library Ass'n*, 955 F.2d 1214, 1223 (9th Cir. 1990); *Haddock v. Board of Dental Examiners of California*, 777 F.2d 462, 464 (9th Cir. 1985) (citing *United States v. Howell,* 318 F.2d 162, 166 (9th Cir. 1963) ("[A] complaint should not be dismissed if it states a claim under any legal theory, even if the plaintiff erroneously relies on a different legal theory."). Thus, RICO is not a "game chang[er]" when the underlying unlawful debt facts support the statutory basis for the claim, even though RICO is not explicitly mentioned in the original complaint. The statutory bar imposed by Congress merely delayed its assertion, not its validity. *See also*, Rule 8(a)(2).[4]

**a. Congress Said.**

"The Plaintiff shows no good cause why his RICO claim could not have been set forth initially; within the time periods allowed for amendment pursuant to FRCP 12 and 15(a)(1)+(2); or by leave granted by the Court to file his FAC. Nothing has happened since filing of his initial Complaint on April 19, 2023, until today, that Plaintiff did not know, that would have prevented Plaintiff from asserting his game changing RICO Complaint. Plaintiff is engaging in gamesmanship and gross bad faith." *See* ECF No. 83 at 18. 18 U.S.C. § 1964(c), *says otherwise*.[5] And the record shows nothing but the Plaintiff attempting to operate in good faith to resolve this case. On the other hand, the Defendant's Counsel won't even cooperate in a good faith effort for the parties to comply with filing rules, alone a meet and confer about leave to amend. *See* ECF Nos. 63. n. 2. & 68. And recall that discovery was stayed by statutory language in the PSLRA and that the Plaintiff's Motion for Particularized Discovery was never adjudicated on the merits. *See* 15 U.S.C. § 78u-4(b)(3)(B) & ECF No. 72. But that's the law and no one can credibly accuse Congress of engaging in gamesmanship or gross bad faith. That's just the way Congress has directed the Courts to manage these types of cases. As such, Defendant must seek changes in the

---

[4] The Court has already stated in a preliminary ruling that there is a potential meritorious RICO claim. In the Defendant's view, the remedy is to sue him again and possibly wiggle his way out of a RICO violation with the statute of limitations or *res judicata*. As shown by Exhibits 1-3, the Plaintiff is prepared to file right away, whether that is an amended complaint or a new complaint. The latter is a disservice to Rule 1. In other words, it is the Defendant who is seeking delay for the sake of delay, *not the Plaintiff*.

[5] …*except* that no person may rely upon *any* conduct that would have been actionable as fraud in the purchase or sale of securities to establish a violation of section 1962.

law from Congress, not this Court. Thus, Smead cannot credibly claim gamesmanship, gross bad faith *or* any other prejudice. The plain language of the law speaks for itself.

## Conclusion

The law is clear: dismissal of a complaint, even with prejudice, does not terminate the action when amendment remains possible. Because Plaintiff satisfies Rule 15(a)(2) or Rule 15(c), the Court should deny Defendant's opposition and grant leave to amend without delay, ensuring the case is resolved on the merits.

Respectfully submitted,

Dated: January 31, 2025

*/s/ Clinton Brown, Self-Represented*
1431 Ocean Ave, Unit 413
Santa Monica, CA 90401
clinton@atlasinc.solar
310-775-7990

CC: All Counsel of Record (via ECF) on January 31, 2025