Clinton Brown, *Self-Represented*
1431 Ocean Ave, Unit 413
Santa Monica, CA 90401
clinton@atlasinc.solar
310-775-7990

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CLINTON BROWN,<br><br>             Plaintiff,<br><br>      v.<br><br>STEVE SMEAD,<br><br>             Defendant. | **Case No.** 2:23-cv-02938-MEMF-KS<br><br>[*PROPOSED*] **SECOND AMENDED COMPLAINT**[1]<br><br>**Judge**: Honorable Maame Ewusi-Mensah Frimpong<br><br>**Chief Magistrate Judge**: Karen L. Stevenson<br><br><u>**JURY TRIAL DEMANDED**</u> |

Clinton Brown ("Plaintiff") for his Complaint against Steve Smead ("Defendant"), alleges as follows:

## I. NATURE OF ACTION

1.     This action arises from the Defendant's violations of the Racketeer Influenced and Corrupt Organizations Act (RICO) through the use of income derived from the collection of unlawful debt in the acquisition or operation of an enterprise affecting interstate commerce, in violation of 18 U.S.C. § 1962(a).

## II. JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as this action arises under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 *et seq.*, a Federal law. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district or a substantial part of property that is the subject of the action is situated in this district.

---

[1] This Exhibit to ECF No. 85 serves as the Proposed Second Amended Complaint for filing in the United States District Court for the Central District of California, contingent upon the Court granting leave to amend. It is not the final version and may not encompass all claims, causes of action, or allegations that may ultimately be asserted against the Defendant. The contents remain subject to revision, modification, and supplementation prior to formal filing, unless otherwise ordered by the Court.

### III. STANDING

4. Plaintiff has standing to bring this action under Article III of the U.S. Constitution and 18 U.S.C. § 1964(c). Plaintiff has suffered concrete financial harm to his business or property, directly caused by Defendant's use or investment of income derived from the collection of an unlawful debt, as defined under 18 U.S.C. § 1961(6). Defendant used or invested such income to acquire, establish, or operate an enterprise engaged in or affecting interstate or foreign commerce, causing Plaintiff's exclusion from the Utah Solar Farm project and resulting in significant financial loss. This injury is particularized and redressable through the relief sought.

### IV. PARTIES

5. Plaintiff: Clinton Brown resides at: 1431 Ocean Avenue, Unit 413, Santa Monica, California 90401.

6. Defendant: Steve Smead resides at: 352 E. Harvard Blvd., Santa Paula, California 93060.

### V. FACTUAL ALLEGATIONS

I. Defendant's Private Lending Business

7. Defendant Steve Smead has operated a private real estate lending business for over 30 years, issuing loans to individuals and frequently foreclosing on properties, often demanding deeds-in-lieu of foreclosure.

8. Defendant has structured loans to evade California usury laws, utilizing states with more permissive usury statutes as a conduit for lending, even though the loans originated in California.

9. Defendant contracts and/or employs individuals or companies to manage his private lending business, oversee loan issuance, and enforce collection practices involving unlawful debt.

II. The November 10, 2020, Loan – Harper Lake Property (California Loan)

10. On November 10, 2020, Defendant issued a $150,000 loan to Plaintiff, secured by a second deed of trust on 42829 Harper Lake Rd., Hinkley, California, a 400-acre solar property.

11. The recorded loan terms stated an 8% annual interest rate for two years, amounting to $24,000 in interest.

12. However, Defendant required Plaintiff to pay an additional $150,000 in unrecorded interest within one year, resulting in a total of $174,000 in interest on a $150,000 loan and an effective interest rate of 108% or higher.

13. Defendant collected $690.48 in prepaid interest from Plaintiff on the loan.

14. Defendant directed Chicago Title Company to record the loan, but Chicago Title refused, citing concerns over the unlawful interest rate.

III. The June 29, 2021, Loan – Black Rock Cutoff Property (Utah Loan)

15. On June 29, 2021, Defendant issued a $200,000 loan to Plaintiff, secured by a deed of trust on 16390 S Black Rock Cutoff Rd., Fillmore, Utah, a 160-acre solar property.

16. Defendant directed $100,000 of interest from the California loan to be recorded in Utah, exploiting Utah Code Ann. § 15-1-1(1), which permits higher interest rates than California law.

17. Defendant instructed the Utah escrow company to falsely document that the funds had been settled outside escrow, when in fact they had not.

18. The remaining $50,000 in unrecorded interest from the California loan remains outstanding, with Defendant making repeated collection demands.

IV. Loan Enforcement & Collection Practices

19. On August 2, 2022, Defendant threatened to file Notices of Default (NODs) against Plaintiff's properties if payments were not received by August 5, 2022.

20. Between January 5, 2022, and December 18, 2022, the parties engaged in 29 phone calls totaling 644 minutes, including: a. April 1, 2022 – 101-minute call, b. April 9, 2022 – 63-minute call., c. December 18, 2022 – 69-minute call.

21. During these calls, Defendant pressured Plaintiff to waive his rights to contest property foreclosures and threatened to hold Plaintiff personally liable for debts, rather than limiting liability to the property securing the debt.

22.     The parties exchanged numerous emails related to Defendant's debt collection practices, including: a. August 8, 2022 – Update on Utah, Harper, and Malibu Properties, and Proposal for Harper Lake., b. November 8, 2022 – Re: Amount Due., c. March 6, 2023 – Re: Bringing Utah Current.

V. Plaintiff's Exclusion from the Utah Solar Farm Project

23.     Plaintiff's Utah property was part of a proposed solar farm project and was the only property in the project that had already been permitted for a solar farm.

24.     Plaintiff's property was also the only property in the project granted a transmission right-of-way, which was essential for connecting to the power grid.

25.     Defendant's acquisition of Plaintiff's Utah property using unlawful debt proceeds resulted in Plaintiff being excluded from the project, causing a financial loss of $6,135,068.21 in profits.

VI. Declarations

26.     The Declarations of Sean Chaudhuri and Erick Ordaz, attached hereto, support the factual allegations set forth in the Second Amended Complaint.

## VI. LEGAL CLAIM

### COUNT I: Violation of the Racketeer Influenced and Corrupt Organizations Act (RICO) – 18 U.S.C. § 1962(a)

### (Use or Investment of Income Derived from Unlawful Debt)

27.     Plaintiff incorporates by reference all preceding paragraphs of this Second Amended Complaint as though fully set forth herein.

28.     Defendant is liable for violating 18 U.S.C. § 1962(a), which prohibits any person who has received income derived, directly or indirectly, from the collection of unlawful debt from using or investing any part of that income or the proceeds of such income in the acquisition, establishment, or operation of an enterprise engaged in or affecting interstate or foreign commerce.

29.     Defendant received income, directly or indirectly, from the collection of unlawful debt, as defined in 18 U.S.C. § 1961(6), because the debt violated the interest rate limitations set forth in California Constitution Article XV, Section 1.

30.     Defendant used or invested, directly or indirectly, part of that income, or the proceeds of such income, to: a. Acquire an interest in, b. Establish, or c. Operate an enterprise.

31.     The enterprise was engaged in, or its activities affected, commerce between one state and other state(s) or between the United States and a foreign country.[2]

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

32.     As a direct and proximate result of Defendant's RICO violations, Plaintiff has suffered damages in the amount of $6,135,068.21, representing lost profits from the Utah Solar Farm project. Pursuant to 18 U.S.C. § 1964(c), Plaintiff is entitled to recover treble damages, totaling $18,405,204.63.

33.     Attorneys' fees[3] and costs of suit;

34.     Appointment of a receiver under Rule 66 to manage, preserve, and recover the Utah, Harper, and Malibu[4] properties, and to reverse any wrongful foreclosures or transfers pending the resolution of this action.

34.     Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands a jury trial for all claims so triable.

---

[2] Unlike a claim under 18 U.S.C. § 1962(c), where the "person" and "enterprise" must be distinct, a corporation or similar entity can act as both the "person" and the "enterprise" under 18 U.S.C. § 1962(a) when it is the direct or indirect beneficiary of the unlawful debt collection. *See* Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1396, 1398 (9th Cir. 1986).

[3] In the event the Plaintiff, currently self-represented, can withstand a Motion to Dismiss on the RICO claims, he intends to retain counsel to prosecute the action and, upon prevailing, seek recovery of attorneys' fees under the provision of 18 U.S.C. § 1964(c).

[4] The interest rate for the Malibu property that was also foreclosed on was 12.00%.

Dated: January 31, 2025 /s/ *Clinton Brown, Self-Represented* [5]
1431 Ocean Ave, Unit 413
Santa Monica, CA 90401
clinton@atlasinc.solar
310-775-7990

CC: All Counsel of Record (via ECF) on January 31, 2025

---

[5] "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct." *See* 28 U.S.C. § 1746