O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON BROWN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STEVE SMEAD,<br><br>　　　　　Defendant. | Case No.: 2:23-cv-02938-MEMF-KS<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION, GRANTING MOTION FOR LEAVE TO AMEND, AND DENYING REQUEST FOR HEARING ON PREVIOUSLY DENIED MOTION FOR PARTICULARIZED DISCOVERY [ECF Nos. 63, 69, 75, 79]** |

　　　　The following Motions are before the Court: a Motion for Reconsideration filed by Plaintiff Clinton Brown (ECF No. 75), a Motion for Leave to Amend filed by Plaintiff Clinton Brown (ECF No. 69), and a Request for a Hearing on the previously denied Motion for Particularized Discovery filed by Plaintiff Clinton Brown (ECF No. 79). For the reasons stated herein, the Court DENIES the Motion for Reconsideration (ECF No. 75), GRANTS the Motion for Leave to Amend (ECF No. 69), and DENIES the Request for a hearing on the Motion for Particularized Discovery (ECF No. 79).

/ / /

/ / /

1

## I. Background

The Court addressed the allegations at issue and the procedural history of this action in two previous Orders granting motions to dismiss. *See* ECF Nos. 40, 74. The Court will only address aspects that are relevant to this Order here.

### A. Factual Allegations[1]

Plaintiff Clinton Brown ("Brown") is an individual residing in California. *See* FAC ¶ 31. Defendant Steve Smead ("Smead") is also an individual residing in California. *See id.* ¶ 32. Smead is an accredited investor under federal regulations, while Brown is not. *See id.* ¶¶ 33, 34.

In 2020, Brown purchased two properties, the "Malibu Property" and the "Utah Property." *See id.* ¶¶ 35, 38. The Malibu Property was a home, and the Utah Property was intended to be developed into a solar farm. *See id.* ¶¶ 39, 51. Brown also had previously acquired another property, the "Harper Property." *See id.* ¶¶ 39, 40. Through a complex series of transactions, Smead came to own deeds of trust against the Malibu Property, the Utah property, the Harper Property. *See id.* ¶¶ 37, 39, 40, 41, 74. One of the deeds of trust as to the Harper Property was issued by Smead for $150,000 and required to be repaid at a sum of $300,000. *See id.* ¶ 41.

In May 2022, Brown shared with Smead that the Harper Property had appreciated significantly in appraised value to $1,100,000. *See id.* ¶ 42. Brown had purchased the Harper Property for $498,000. *See id.* As of 2021, the Malibu Property, the Utah Property, and the Harper Property had a combined appraised value of $1,790,000, after having been purchased by Brown for a total of $837,999. *See id.* ¶¶ 43, 44.

In August 2022, Smead filed notices of default as to the deeds of trust on all three properties. *See id.* ¶ 47. Smead contacted Brown and asked him to agree to transfer deeds in lieu of foreclosure. *See id.* Brown did not agree to do so. *See id.* ¶ 48.

---

[1] Unless otherwise indicated, the following factual background is derived from Plaintiff Clinton Brown's First Amended Complaint. ECF No. 41 ("FAC"). The Court includes these allegations only as background and makes no finding on their truth. The Court described these in more detail in the previous Order at ECF No. 74.

To the extent that Brown proposes to add new allegations via an amended complaint, the Court will address the new allegations in the section regarding the Motion for Leave to Amend.

1  Brown made multiple attempts to stave off Smead's foreclosure attempts on the various
2  properties. *See id.* ¶ 50. Brown sent one such proposal in December 2022. *See id.* ¶ 62. Brown also
3  could have signed an agreement for mineral rights at the Harper Property in December 2022, which
4  would have resulted in an immediate cash payment to Brown but would have harmed the long-term
5  value of the Property, and he chose not to. *See id.* ¶ 63. Nevertheless, Smead foreclosed, and in
6  January 2023, Brown lost his ownership the Malibu Property, the Utah Property, and the Harper
7  Property. *See id.* ¶ 50.

8  Smead issued or acquired the deeds of trust because he was interested in Brown's plans to
9  develop solar farm businesses. *See id.* ¶ 57. Smead expected to profit from Brown's businesses. *See*
10  *id.* ¶ 67. Brown and Smead communicated extensively via email, text, and phone calls between 2020
11  and 2023. *See id.* ¶¶ 59, 60.

**B. Procedural History**

Brown filed suit in this Court on April 19, 2023. *See* ECF No. 1. On December 6, 2024, the Court granted a Motion to Dismiss Brown's Complaint, and dismissed all claims with leave to amend. *See* ECF No. 40. The Court found that all of the claims in Brown's initial complaint required (among other elements) that Brown allege that a security was sold, and that Brown had not alleged that any of the transactions at issue constituted the sale of a security. *See id.* at 10–15.

Brown filed his FAC on January 1, 2024. *See* FAC. The FAC asserted two causes of action: (1) unregistered offers and sales of securities in violation of federal law; and (2) use of insider information in connection with the offer or sale of an unregistered security in violation of Rule 10b-5. *See* FAC.

Smead filed a Motion to Dismiss the FAC on January 13, 2024. *See* ECF No. 42. The Court held a hearing on the Motion on June 6, 2024. *See* ECF No. 74 at 5. In a tentative ruling shared with the parties in advance of the hearing, the Court indicated that it was inclined to dismiss the claims but to grant Brown leave to amend his complaint, as it might be possible for Brown to adduce further facts to permit the Court to find that the sale of security element has been properly pleaded. *See id.* at 13. At the hearing, Brown indicated that he had no desire to further amend his complaint and did not believe that he could allege further facts to state a claim if the Court interpreted the law as indicated

in the tentative ruling. *See id.* Brown therefore requested that if the claims were dismissed (which Brown argued they should not be), dismissal be with prejudice. *See id.*

After the hearing, but while the Motion to Dismiss was still pending, Brown made various filings. *See id.* at 5–6. Among other filings not relevant to this Order, Brown filed a Motion for Particularized Discovery on June 20, 2024. *See* ECF No. 57. Smead filed an Opposition to the Motion for Particularized Discovery, and Brown filed a Reply. *See* ECF Nos. 61, 64.[2] Brown filed a Notice of Proposed Motion for Leave to Amend and Relate Back on July 18, 2024. *See* ECF No. 68. Brown then filed a "Relate Back Amendment" on July 28, 2024. *See* ECF No. 69. Smead filed an Opposition to Brown's Motion for Leave to Amend, and Brown filed a Reply. *See* ECF Nos. 70, 71.

The Court issued an Order granting the Motion to Dismiss the FAC on September 27, 2024. *See* ECF No. 74. The Court dismissed all claims without leave to amend based on Brown's representations at the hearing. *See id.* at 13. However, the Court acknowledged that Brown's more recent filings suggested he intended to amend, and the Court therefore granted Brown 30 days to file a Motion for Leave to Amend. *See id.* at 14. The Court also indicated that Brown could stand on his previous filings as a Motion for Leave to Amend if he so desired. *See id.* 14 n.14. The Court denied as moot without prejudice the Motion for Particularized Discovery. *See id.* at 14.[3]

On October 5, 2024, Brown filed a Motion for Reconsideration of the Court's Order granting the Motion to Dismiss the FAC. *See* ECF No. 75. Smead filed an Opposition to the Motion for Reconsideration, and Brown filed a Reply. *See* ECF Nos. 77, 78. On October 10, 2024, Brown filed a statement indicating that he stands on his previous filings as a Motion for Leave to Amend. *See* ECF No. 76. On November 15, 2024, Brown file a Motion seeking a hearing on his Motion for

---

[2] Prior to filing his Reply in support of the Motion for Particularized Discovery, Brown filed a request for an extension of time to file his reply. *See* ECF No. 63. Before the Court had ruled on that request, Brown filed the Reply. *See* ECF No. 64. Brown has not sought to file any supplemental reply since. The Court finds that given that the Motion is fully briefed, the Request for Extension of Time (ECF No. 63) is DENIED AS MOOT.

[3] Prior to issuing the Order granting the Motion to Dismiss, the Court issued a brief Order indicating that the Motion for Particularized Discovery would be held in abeyance pending the disposition of the Motion to Dismiss. *See* ECF No. 72. Brown filed an Objection to that Order on August 29, 2024. *See* ECF No. 73.

Particularized Discovery, arguing that it would be efficient to hear it on the same day as the hearing on the Motion for Reconsideration. *See* ECF No. 79.

The Court held a hearing on the matters discussed in this Order on December 19, 2024. *See* ECF No. 82. After the hearing, the Court ordered the parties to submit further briefing as to Brown's Motion for Relate Back Amendment (ECF No. 69). *See id.* Smead filed a Supplemental Opposition to the Motion for Relate Back Amendment on January 27, 2025. *See* ECF No. 83. Brown filed a Supplemental Reply in support of the Motion for Relate Back Amendment on January 31, 2025. Brown also filed several attachments, including an updated version of his proposed amended complaint. *See* ECF No. 86-1.

**MOTION FOR RECONSIDERATION [ECF No. 75]**

I. **Applicable Law**

A district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order" for sufficient cause. *City of L.A. v. Santa Monica Baykeeper,* 254 F.3d 882, 885 (9th Cir. 2001) (emphasis omitted). Indeed, a motion for reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000) (discussing the standard of a motion for reconsideration under Fed. R. Civ. P. 59(e)). Additionally, the Ninth Circuit has established that "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *Thomas v. Bible,* 983 F.2d 152, 154 (9th Cir. 1993). A motion for reconsideration may not be used to reargue the motion or present evidence that should have been presented prior to the entry of judgment. *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.,* 571 F.3d 873, 880 (9th Cir. 2009). Reconsideration is appropriate if the movant demonstrates clear error, manifest injustice, newly discovered evidence, or an intervening change in controlling law. *Sch. Dist. No. 1J v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993).

Moreover, pursuant to Local Rule 7-18 of this District, a motion for reconsideration may be only made only on the grounds of:

> (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered. No motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion.

C.D. Cal. L.R. 7-18.

## II. Discussion

Brown's Motion for Reconsideration is only one substantive page long and indicates that the Court "already has what it needs to consider this [Motion for Reconsideration]" because the "[Motion for Leave to Amend]'s arguments have already been briefed on the public docket." *See* ECF No. 75 at 1. Brown does not identify what specific portion of the Court's previous Order he seeks reconsideration of, but from these statements, the Court understands that Brown seeks a determination of whether he shall be granted leave to amend his complaint based on his filings at ECF No. 69, 70, and 76. These issues were not considered in the Court's previous Order—as the Court noted, the Court "issue[d] [the previous] Order based on Brown's representations at the hearing" that he did not seek leave to amend, and therefore did not consider the filings that post-dated the hearing, but allowed Brown to file a Motion for Leave to Amend or stand on those previous filings as a Motion for Leave to Amend if he wished. *See* ECF No. 74 at 14. Brown has now made clear that he stands on the previous filings, and so the Court will analyze those filings in the next section of this Order. But the Court need not reconsider or amend its previous Order to do so, as the Order explicitly noted that the Court would do this if Brown wished. *See id.* Thus, it does not appear that Brown actually seeks reconsideration of any aspect of the previous Order.

Brown has not identified any error in the previous Order that should be reconsidered. Nor has Brown identified any "material difference in fact or law from that presented to the Court," any "emergence of new material facts or a change of law occurring after the Order was entered," or any "failure to consider material facts presented to the Court before the Order was entered." *See* C.D. Cal. L.R. 7-18. Thus, Brown has not made the necessary showing for a motion for reconsideration under this Court's Local Rules. *See id.*

Because Brown does not actually appear to seek reconsideration of the previous Order,[4] and because he has identified no valid basis on which to seek reconsideration, the Motion for Reconsideration (ECF No. 75) is DENIED. The Court will nevertheless consider whether to grant Brown leave to amend his complaint, as contemplated by the previous Order. *See* ECF No. 74 at 14.

**MOTION FOR LEAVE TO AMEND [ECF Nos. 68, 69]**

I. **Applicable Law**

When a party seeks to amend its complaint more than 21 days after service of a responsive pleading or Rule 12 Motion, the party may only amend with the opposing party's consent or the court's leave. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave [to amend] when justice so requires." *Id*. Courts "apply this policy liberally." *Theme Promotions, Inc. v. News Am. Mktg. FSI*, 546 F.3d 991, 1010 (9th Cir. 2008). "Several factors are usually used as criteria to determine the propriety of a motion for leave to amend." *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973). "These criteria include undue delay, bad faith, futility of amendment, and prejudice to the opposing party." *Id*. "While all these factors are relevant, the crucial factor is the resulting prejudice to the opposing party." *Id*.

II. **Discussion**

Brown seeks leave to amend his complaint, reassert the dismissed claims, and add additional claims.[5] *See* ECF No. 69. Brown's proposed amended complaint has the causes of action from his FAC, but has three significant changes (as well as other small changes): (1) Brown added detail on the "misappropriation" theory regarding federal securities laws, which relates to his second cause of action, for violation of violation of Rule 10b-5 (*see* ECF No. 69-2 ¶¶ 22–23, 101); (2) Brown added a third cause of action for violation of the Racketeer Influenced and Corrupt Organizations Act (*see*

---

[4] In the hearing, Brown submitted to the Court's tentative ruling on the Motion for Reconsideration. This Order mirrors the Court's tentative ruling.

[5] Although Brown did not explicitly caption his filings as a Motion for Leave to Amend, the Court construes the filings as seeking to file an amended complaint, and therefore is considering the filings as a Motion for Leave to Amend, with the legal standard described above.

*id.* ¶¶ 25–29, 112–79); (3) Brown added a fourth cause of action for conspiracy to violate RICO (*see id.* ¶¶ 180–248).

The Court first finds that amending to reassert the securities law claims is futile. As explained in the Court's previous Orders, Brown has not alleged that a security was sold or offered for sale as required for securities law claims, and the proposed amendments do not cure this defect. However, the Court finds that the proposed amendment to add RICO claims does not appear futile, and so the Court GRANTS Brown leave to file an amended complaint and assert those claims.

**A. The Proposed Amendment Does Not Save Brown's Securities Law Claims (Counts 1 and 2).**

The Court finds that the proposed amendment does not save Brown's first and second causes of action.[6] The Court will not reiterate its full reasoning on that issue, as Brown has not argued that there was any error in the Court's analysis of the general rule. To briefly summarize, the Court previously held that each of Brown's causes of action require (among other elements) that a security was sold or offered to be sold. *See* ECF No. 74 at 9–10; *see also* ECF No. 40 at 10–11. In analyzing the FAC, the Court held that Brown had not alleged that any security was sold or offered to be sold. *See* ECF No. 74 at 10–11.

For similar reasons, the Court finds that the proposed amendments fail to establish that any security was sold or offered to be sold. As the Court previously explained, although an "investment contract" where a "person invests his money in a common enterprise and is led to expect profits solely from the efforts of the promoter or a third party" is generally a security, not all such contracts are securities under the federal securities laws. *See S.E.C. v. W.J. Howey Co.,* 328 U.S. 293, 297 (1946); *Marine Bank v. Weaver*, 455 U.S. 551, 559–60 (1982). Congress intended securities laws to apply to instruments that fall within the "ordinary concept of a security" and not to "private transactions." *See Marine Bank*, 455 U.S. at 559. Because Brown's alleged transactions with Smead were private transactions, not offered to the general public, the Court finds that they are not

---

[6] In the proposed amended complaint attached to his Supplemental Reply (ECF No. 86-1), Brown appears to have abandoned the securities law claims and asserts only a RICO claim. The Court nevertheless analyzes the securities claims as originally briefed for completeness.

securities based on *Marine Bank*, as it did in the previous Order. *See id.*; *see also* ECF No. 74 at 9–12. Although Brown asserts in his proposed amended complaint that the transactions were a "disguised public distribution," *see* ECF No. 69-2 ¶ 93, no other facts alleged support this. The Court finds that because Brown has not alleged the existence of a security, the Court need not analyze the additional detail Brown added regarding a specific theory as to how securities law were violated. Because Brown has not alleged the existence of a security, the first and second causes of action in his proposed amended complaint necessarily fail, and amendment is futile as to those causes of action. The Court therefore will not grant Brown leave to reassert these claims.

### B. Brown's RICO Claims Do Not Appear Futile.

The Court finds that Brown's proposed additional RICO claims do not appear futile, and so will not deny the Motion for Leave to Amend on this basis.

RICO prohibits any person "who has received any income derived . . . through collection of an unlawful debt . . . to use or invest . . . any part of such income . . . in acquisition of any interest in . . . any enterprise." *See* 18 U.S.C. § 1962(a). An "unlawful debt" is defined as a debt that is (A) incurred in connection with unlawful gambling or "which is unenforceable under State or Federal law in whole or in part as to principal or interest because of the laws relating to usury" and (B) which was incurred in connection with the business of unlawful gambling or in connection with "the business of lending money or a thing of value at a rate usurious under State or Federal law, where the usurious rate is at least twice the enforceable rate." *See* 18 U.S.C. § 1961(6). To briefly summarize, Brown's theory is that the deeds of trust were issued at an unlawfully high interest rate, that attempting to collect on the deeds of trust was collection of an unlawful debt, and that using the proceeds of that collection to acquire an interest in Brown's properties was a violation of RICO. The Court does not find this theory futile.[7]

---

[7] To be clear, the Court's holding here is not a definitive finding that Brown has stated a claim under RICO in his proposed amended complaint; it is only a finding that amending does not appear futile. In other words, the Court finds that Brown has shown that he *might* be able to state a RICO claim. Smead's Opposition to the Motion for Leave to Amend only briefly addressed whether Brown has stated a RICO claim, focusing instead largely on Brown's delay in bringing this claim. *See* ECF No. 70. The Court will allow Brown to file an

Brown's theory that the interest rate on the deeds of trust was unlawful appears meritorious as pleaded. Brown's FAC and his proposed amended complaint each allege that one deed of trust was issued for $150,000 and needed to be repaid at $300,000. *See* FAC ¶ 41, ECF No. 69-2 ¶ 52. Although the proposed amended complaint does not make clear the timeline for repayment, making it difficult to calculate the effective interest rate (as a longer time for repayment would result in the effective interest rate being lower on an annualized basis), this appears to be an unlawfully high interest rate. California generally limits non-consumer interest to the higher of 10% annually or 5% more than the federal funds rate annually. *See* Cal. Const. art. XV, § 1. Drawing all inferences in favor of Brown, regardless of the timeline for repayment, repaying $300,000 on a $150,000 loan appears to exceed the legal rate of interest in California, and therefore it appears that this was an unlawful debt if it occurred as alleged.

Smead argues that amending to assert a RICO claim is futile because "Nothing in Plaintiff's original Complaint or FAC has anything to do with" the "type of debt" that RICO makes unlawful. *See* ECF No. 69 at 70. The Court finds otherwise as described above—it is not clear to the Court that this amendment would be futile on the basis that Smead offers, given the size of the repayment required in comparison to the size of the original debt. Smead offers no other arguments as to why amending to add the RICO claims would be futile, and the Court sees no other basis for such a finding. However, the Court acknowledges that Smead does not appear to have fully briefed the issue, and the Court is open to further arguments as to why the RICO claims fail if brought in a motion to dismiss.

In sum, the Court finds that amending to add a RICO claim would not be futile.

**C. The Court Sees No Other Reason to Deny Leave to Amend.**

Smead makes several other arguments beyond futility as to why the Court should not allow Brown to amend and assert his RICO claims, but the Court finds none of them persuasive.

---

amended complaint and assert his RICO claim more clearly as described in the Conclusion of this Order and will allow Smead to bring a motion to dismiss arguing in more detail as to why that claim fails if Smead so desires.

Smead argues that Brown unduly delayed in bringing the RICO claim. Smead points to cases holding a court can deny leave to amend based on delay but has not shown that the Court is required to do so. *See, e.g.*, *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) ("In light of the radical shift in direction posed by these claims, their tenuous nature, and the inordinate delay, we conclude that the district court did not clearly abuse its discretion in denying leave to amend"). No authority suggests that the Court is required to deny leave to amend on the basis of delay here. In context, Brown is a *pro se* litigant, and it is not unreasonable for him to later amend his theory of liability based on the same alleged underlying conduct after learning that the claims as initially pleaded fail.[8] The Court will not deny leave to amend based on delay.

Smead also argues that the RICO claims would raise new issues that Smead did not have notice of in the initial complaint, and that the RICO claims would make the litigation "more complex and time consuming." *See* ECF No. 70 at 5. However, the RICO claim is based on the same underlying facts pleaded in the original complaint—the acquisition of deeds of trust against Brown's properties and subsequent foreclosure. The Court does not find that these new claims will cause any prejudice beyond the typical prejudice a defendant faces when any potentially meritorious claim is added. The Court does not find this prejudice sufficient to deny leave to amend. Additionally, the Court does not find the added complexity that these claims might bring sufficient to deny leave to amend.

In his Supplemental Opposition, Smead makes several additional arguments, none of which the Court finds compel any different result. First, Smead argues that Brown never filed a proper motion for leave to amend and thus failed to comply with the Court's Order at ECF No. 74. *See* ECF No. 83 at 9. But the Court's Order stated that Brown's filings at ECF Nos. 68 and 69 "contained some degree of argument as to why amendment should be permitted," and therefore the Court ordered that if "Brown wishes to stand on these filings and not file any further motion, he should file

---

[8] Smead asserts that because Brown has some legal training, the Court should not treat Brown as *pro se*. *See* ECF No. 70 at 3. The Court does not find this dispositive.

11

1  a statement that this is his position." *See* ECF No. 74 at 14 n.15. Brown timely filed such a
2  statement. *See* ECF No. 76. This was not a failure to comply with the Court's Order.

3        Smead further argues that the delay in bringing the RICO claim—which Brown first asserted
4  on July 28, 2024, around fifteen months after Brown first filed suit—shows bad faith that warrants
5  denial of leave to amend (expanding on an argument discussed above). *See* ECF No. 83 at 7. In
6  support, Smead cites *Ventress v. Japan Airlines*, where the Ninth Circuit held that a district court did
7  not abuse its discretion in denying leave to amend as to a claim that was first raised "nearly a year"
8  after the plaintiff filed suit. *See Ventress v. Japan Airlines*, 603 F.3d 676, 680 (9th Cir. 2010). Here,
9  although the Court would perhaps be within its discretion if it were to deny leave to amend, *Ventress*
10 does not compel a denial, as discussed as to *Morongo* above. Given that Brown is self-represented,
11 the Court does not find bad faith based on his delay in bringing this claim. Pursuant to the Court's
12 discretion, the Court will not deny leave to amend based on purported bad faith here.

13       Smead also argues that after a "dismissal" has taken place, the Court loses jurisdiction to rule
14 upon pending motions. *See* ECF No. 83 at 10–13. But most of this argument relies on authorities
15 addressing the impact of the filing of a Notice of Dismissal. *See id.* Here, Brown never filed a Notice
16 of Dismissal. Brown did represent at the hearing as to the previous Motion to Dismiss that if the
17 Court were to grant the Motion to Dismiss (which he argued the Court should not), he did not intend
18 to amend and reassert his claims even if granted leave to do so. But this statement was conditional
19 upon an event that had not yet occurred (the Court making a final decision as to the Motion to
20 Dismiss). Before that conditional event materialized, Brown made filings that made clear to the
21 Court that his intentions had changed. *See* ECF No. 69. The Court noted as such in its Order, and in
22 light of Brown's apparent intention to seek to reassert his claims, the Court explicitly ordered that
23 Brown would be permitted to file a motion for leave to amend (or stand on previous filings as his
24 motion) if he so desired. *See* ECF No. 74 at 14. Smead has provided no authority suggesting that this
25 course of events should be treated as if Brown filed a Notice of Dismissal. The Court finds that the
26 authority regarding the impact of such a notice has no application here. Nor has Smead provided any
27 authority suggesting that the Court was not within its discretion to allow Brown to seek leave to
28 amend in this context, where (1) the Court indicated in a hearing that it was inclined to dismiss with

leave to amend, (2) Brown stated that if his claims were dismissed he would not seek to amend, but (3) before the Court ruled, Brown made filings making clear that his position had changed and he wished to amend.

Finally, Smead cites precedent regarding the impact of dismissal with prejudice. *See* ECF No. 83 at 14–19. But the Court has never ordered dismissal "with prejudice." The Court's Order was that Brown's securities law claims were dismissed "without leave to amend," but Brown was explicitly granted leave to file a motion for leave to amend or stand on previous filings as such a motion. *See* ECF No. 74 at 14. Arguments regarding dismissal with prejudice are inapposite.

Leave to amend should be "freely given where justice so requires." *See Theme Productions*, 546 F.3d at 1010. The "grant or denial of an opportunity to amend is within the discretion of the District Court." *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Here, the Court exercised that discretion to first allow Brown to file a motion for leave to amend (alongside an order dismissing claims without leave to amend), and now exercises that discretion to allow Brown to amend to assert claims that do not appear futile.

For these reasons, the Court will permit Brown leave to amend as described in the Conclusion of this Order.[9] The Motion for Leave to Amend is GRANTED as described in the Conclusion of this Order.

## REQUEST FOR HEARING ON MOTION FOR DISCOVERY [ECF No. 79]

Brown requests that the Court hear his Motion for Particularized Discovery, which was denied as moot when the Court dismissed Brown's claims. *See* ECF No. 57. Brown argues that rehearing the Motion now would be efficient. *See id.* The Motion for Particularized Discovery relates to specific types of discovery that Brown believes is warranted for his securities law claims. *See* ECF No. 57. Because the Court is not granting Brown leave to reassert those claims, the Court

---

[9] The Court notes that Brown's proposed amended complaint also requests, in the prayer for relief, joinder of other defendants from another lawsuit that Brown filed that has since been dismissed. *See* ECF No. 69-2 at 70, *see also Clinton Brown v. Emil Assentato*, C.D. Cal. Case No. 2:23-cv-02972-MEMF-KS. The proposed amended complaint does not include any allegations directly as to these other parties. *See* ECF No. 69-2. If Brown wishes to join additional parties, he must do so via a more fulsome motion or otherwise make a showing that such joinder is warranted. Brown may file a motion to further amend and join these other parties if he so desires, but the Court does not grant Brown leave to join additional parties on the current record.

sees no reason that it should hear this already-denied motion.[10] Brown may refile his Motion if he so desires, as it was denied without prejudice, but his request that the Motion for Particularized Discovery be heard now is DENIED.[11]

**CONCLUSION**

For the reasons stated herein, the Court ORDERS as follows:

1. Brown's Motion for Reconsideration (ECF No. 75) is DENIED.

2. Brown's Motion for Extension of Time for a Reply (ECF No. 63) regarding his Motion for Particularized Discovery is DENIED AS MOOT.

3. Brown's Motion for Leave to Amend (ECF No. 69) is GRANTED.

    a. Brown is GRANTED leave to file an amended complaint asserting RICO claims. Brown may file such an amended complaint within 30 days of this Order. Alternatively, if he wishes to stand on the proposed amended complaint submitted alongside his Supplemental Reply (ECF No. 86-1), he may file a statement indicating that he intends to stand on that proposed amended complaint within 30 days of this Order. If Brown files such a statement, the proposed amended complaint (ECF No. 86-1) will become the operative complaint in this action, and it will be deemed filed and served (for the purpose of determining the deadline to respond) on the date Brown files his statement. If Brown fails to either file an amended complaint or a statement as described above within 30 days of this Order, the action may be dismissed without further warning.

---

[10] In the hearing, Brown submitted to the Court's tentative ruling on the Request for a Hearing as to his Motion for Particularized Discovery. This Order mirrors the Court's tentative ruling.

[11] Brown asserted in his moving papers that the Motion for Particularized Discovery *must* be heard in advance of deciding a motion to dismiss. *See* ECF No. 73. This does not appear to be correct. As Brown notes, in the context of a securities law claim, discovery is typically stayed pending a motion to dismiss, but the Court may allow certain discovery in advance of a motion to dismiss by granting a motion. *See* 15 U.S.C. § 78u-4(b)(3)(B) ("In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.") Although a Court *may* grant a motion to allow discovery before a motion to dismiss is decided, Brown has not provided any authority that a court is *required* to hear such a motion if the Court decides in its discretion that it would be more efficient to first decide the motion to dismiss.

    b.  Brown is DENIED leave to reassert his securities claims. Any amended complaint filed pursuant to this Order shall not include securities claims.

    c.  In filing his amended complaint, if Brown opts to file an amended complaint instead of standing on ECF No. 86-1, Brown should keep in mind the guidance of Federal Rule of Procedure 8, which requires that the complaint should contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). A complaint should lay out all relevant alleged facts, but generally need not contain legal arguments or citations to authority as to why the complaint states a claim (such arguments are properly contained in the opposition to any motion to dismiss). A complaint generally should not contain a history of the laws alleged to have been broken or extensive citations to precedent regarding the relevant laws, unless this is necessary to put the defendant on notice as to the plaintiff's theory of liability.

4. Brown's Request for a Hearing as to the previously denied Motion for Particularized Discovery (ECF No. 79) is DENIED.

IT IS SO ORDERED.

Dated: March 10, 2025

                                  MAAME EWUSI-MENSAH FRIMPONG
                                  United States District Judge