Fred Hickman (#124406)
fredhickman@gmail.com
17602 17th St Ste 102-206
Tustin CA 92780
714-315-1565; fax 714-838-0835

Attorney for: Defendant Steve Smead

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CLINTON BROWN,<br><br>          PLAINTIFF,<br><br>VS.<br><br>STEVE SMEAD,<br><br>          DEFENDANTS. | Case No.: 2:23-cv-02938-MEMF(KSx)<br><br>ANSWER OF DEFENDANT STEVE SMEAD TO SECOND AMENDED COMPLAINT [DOC. 90], WITH AFFIRMATIVE DEFENSES<br><br>CTRM: 8B |

COMES NOW, STEVE SMEAD, DEFENDANT, and responds by ANSWER to the Second Amended Complaint [Doc. 90], filed 3/24/2025, with these averments and Affirmative Defenses, as to the allegations in the paragraphs as numbered in that pleading, the paragraph to which each admission or denial being referred to as "Re ¶" and its respective number:

    1. Re ¶ 1, Defendant denies each and every allegation contained therein.

    2. Re ¶ 2, Defendant denies that subject matter jurisdiction exists, because standing does not exist for plaintiff, as despite the spurious pleading of a violation of a RICO claim, based on false allegations, plaintiff has not met the test for

"injury in fact", as plaintiff is uninjured by defendant, and, thus, there is no causal connection to any action or omission of defendant that has caused any injury to be connected between defendant and plaintiff, and so there exists no injury under RICO that may be redressed by a decision favorable for plaintiff against defendant. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130 (1992). Defendant admits that defendant resides in this district, and that some of the pleaded acts, but not all of the pleaded acts, occurred in this district, and thus venue is proper here, but for the lack of constitutional standing and hence, the lack of subject matter jurisdiction, .

  3. Re ¶ 3, Defendant denies each and every allegation contained therein.

  4. Re ¶ 4, Defendant lacks sufficient information or belief to either admit or deny the allegations contained therein, and on this basis denies each and every allegation contained therein.

  5. Re ¶ 5, Defendant denies that he resides at that address, but admits that he has an office at that stated address.

  6. Re ¶ 6, Defendant admits that he has made loans only to individuals by funding real estate secured loans over the past several decades to individuals only; as to the remainder of the allegations, Defendant denies the allegations.

  Response to the footnote no. 1 set forth on p. 2, and as to allegation of plaintiff captioned "V. Factual Allegations", this footnote regarding the applicable standard is denied, as allegations of this complaint allege matters which sound in fraud, and the gravamen of the cause of action or claim is fraud or oppression, hence this spurious Second Amended Complaint brought baselessly under the Act invoked by plaintiff.

  7. Re ¶ 7, Defendant denies each and every allegation contained therein.

  8. Re ¶ 8, Defendant denies each and every allegation contained therein.

9. Re ¶ 9, Defendant denies each and every allegation contained therein, except that Defendant admits that he funded lawful loans made to Plaintiff, based on promissory notes made by Plaintiff, and secured by vacant real estate lots.

10. Re ¶ 10, Defendant denies each and every allegation contained therein.

11. Re ¶ 11, Defendant denies each and every allegation contained therein, except that Defendant admits that Plaintiff's loan payments when and if made, were deposited to the account.

12. Re ¶ 12, Defendant denies each and every allegation contained therein.

13. Re ¶ 13, Defendant denies each and every allegation contained therein.

14. Re ¶ 14, Defendant denies each and every allegation contained therein.

15. Re ¶ 15, Defendant denies each and every allegation contained therein.

16. Re ¶ 16, Defendant admits that he funded a loan to Plaintiff on promissory note made by Plaintiff as maker and to Defendant as promissee, dated September 21, 2020, in the principal amount of $150,000 at a fixed rate of 8% secured by a second priority deed of trust against the real property security with a common address of 42829 Harper Lake Road, Hinkley, California, raw land, and that interest to commence accruing on November 10, 2020, note obligations due and payable from Plaintiff to Defendant ("9/21/20 Note"); as to the remainder of the allegations Defendant lacks sufficient information or belief to either admit or deny the allegations and on that basis denies all remaining allegations.

17. Re ¶ 17, Defendant admits that the rate on the loan was a fixed rate of 8%, as stated in the promissory note, and that the term to maturity was two years; as to the remainder of the allegations, Defendant denies them; and further avers that Plaintiff defaulted on the loan before maturity.

18. Re ¶ 18, Defendant denies each and every allegation contained therein.

19. Re ¶ 19, Defendant denies each and every allegation contained therein.

20. Re ¶ 20, Defendant is informed and believes and thereon admits only this: that prorated interest from the funding date to the closing date and prepaid

interest of one month was paid. As to the remainder of the allegations, Defendant denies each and every allegation contained therein.

21. Re ¶ 21, Defendant admits that several interest payments were made on the 9/21/20 Note and that Plaintiff defaulted before maturity of the note by failure to make payments; as to the remainder of the allegations, Defendant denies each and every allegation contained therein.

22. Re ¶ 22, Defendant admits that interest payments made on the 9/21/20 Note did not reduce the principal balance due, as no payments were made on the principal balance; and as to the remainder of the allegations, Defendant denies each and every allegation contained therein.

23. Re ¶ 23, Defendant lacks sufficient information or belief to either admit or deny the allegations that "After Plaintiff provided Defendant with an appraisal valuing the Harper Lake property at $1.1 million Defendant acquired the first deed of trust", and on that basis denies those allegations; as to the remainder of the allegations, Defendant admits that he acquired another lender's promissory note, then in monetary default by Plaintiff's failure to pay the amounts owed to that other lender, secured that other lender's deed of trust, that promissory note securing to that other lender a loan for purchase money to Defendant in the principal amount of $348,000 itself bearing an 8% interest rate, Defendant paying that other lender through an escrow for the purchase that other lender's purchase price of the amount of debt owed to that other lender at that time, that being $370,350.00, and that the other lender's promissory note from Plaintiff was secured by a deed of trust encumbering the Harper Lake security property, and that the other lender's note and deed of trust were of a higher priority than the 9/21/20 Note owed to Defendant, and that thereafter a trustee's sale process based on the 9/21/20 Note owed to Defendant was commenced by a Notice of Default issued and recorded on or about August 25, 2022, promulgated by the foreclosure trustee

/ / /

under the deed of trust securing the 9/21/20 Note; and as to the remainder of the allegations, Defendant denies each and every allegation contained therein.

24. Re ¶ 24, Defendant denies each and every allegation contained therein.

25. Re ¶ 25, Defendant admits that he made a loan to Plaintiff under Utah law for real property security located in Utah, for which Plaintiff made to him a promissory note in Fillmore Utah secured by a deed of trust on vacant land with a common address of 16390 S Black Rock Cutoff Rd., Fullmore, Utah, Plaintiff as maker of the promissory note for the loan styled "Trust Deed Note" in the principal amount of $200,000 made by Clinton Brown to Steve Smead, made by Plaintiff to Defendant in Fillmore Utah according to the promissory note, on or about June 22, 2021, of even date with the Trust Deed securing it, dated June 22, 2021, with the fixed interest rate on the unpaid principal balance set by the promissory note at a rate of 10% for interest to accrue beginning on July 1, 2021, on the unpaid principal, monthly interest only payments to commence on August 1, 2021, until August 1, 2023 when the promissory note matures ("6/22/21 Note"); as to the remainder of the allegations, Defendant denies each and every allegation contained therein.

26. Re ¶ 26, Defendant lacks sufficient information or belief to either admit or deny the allegations contained therein, and on this basis denies each and every allegation contained therein.

27. Re ¶ 27, Defendant denies each and every allegation contained therein.

28. Re ¶ 28, Defendant denies each and every allegation contained therein.

29. Re ¶ 29, Defendant denies each and every allegation contained therein.

30. Re ¶ 30, Defendant admits that he requested that the trustee under the Deed of Trust securing the 6/22/21 Note to commence the private trustee sale process due to the loan default for Plaintiff's default in failure to make interest only payments prior to maturity of the 6/22/21 Note, Plaintiff having paid in interest only a sum of $11,669.00 and never having thereafter cured the default in

interest payments, and never having paid off the loan; so, under the terms providing for this remedy upon uncured default under the terms of the 6/22/21 Note and Deed of Trust securing it, the private trustee sale process was completed by the trustee under the Deed of Trust, resulting in a trustee's sale at which Defendant was the high bidder with a credit bid at the trustee's public auction sale; as to the remainder of the allegations, Defendant denies each and every allegation contained therein.

31. Re ¶ 31, Defendant denies each and every allegation contained therein.

32. Re ¶ 32, Defendant admits that he requested that the trustee under the Deed of Trust securing the 6/22/21 Note to commence the private trustee sale process due to the loan default for Plaintiff's failure to make interest only payments prior to maturity of the 6/22/21 Note, under the terms providing for this remedy upon default under the terms of the 6/22/21 Note and Deed of Trust securing it, and that the private trustee sale process was completed by the trustee under the Deed of Trust resulting in a public trustee's sale at which Defendant was the high bidder with a credit bid at the public trustee's auction sale; as to the allegation that "Plaintiff lost the property, and a business opportunity connected to a solar energy project", Defendant lacks sufficient information or belief to either admit or deny the allegations contained therein, and on this basis denies each and every allegation contained therein; and, as to the remainder of the allegations, Defendant denies each and every allegation contained therein.

33. Re ¶ 33, Defendant admits receiving interest only payments for the months of Oct. 2021 – Jan. 22, into the account ending "6236" on the loan that was then in default for failure to make timely interest only payments, and that the funds for those four prior months was received on or about February 1, 2022, under the 6/22/21 Note; as to the remainder of the allegations, Defendant lacks sufficient information or belief to either admit or deny the allegations contained therein, and on this basis denies each and every allegation contained therein.

34. Re ¶ 34, Defendant denies each and every allegation thereof; except that Defendant admits only that payments for services and costs incurred by the foreclosure trustee were paid from the account ending in the numbers "6236".

35. Re ¶ 35, Defendant admits that he requested Plaintiff to cure the monetary defaults under the promissory note and deed of trust, but that Plaintiff did not cure the default, and that the foreclosure trustee caused to be recorded on or about August 25, 2022 a Notice of Default under the 9/21/20 Note; but as to all other allegations, Defendant denies the allegations.

36. Re ¶ 36, Defendant admits telephone calls with Plaintiff during the year of 2022 regarding the loan default for Plaintiff's failure to make payments under the 6/22/21 Note secured by the property above-referenced located in Utah, and regarding defaults on the 9/21/20 Note secured by the property above-referenced located in San Bernardino County, California, and regarding the defaults on the promissory note made by Plaintiff as maker to Defendant as promissee by Note Secured by A Deed of Trust, in the principal amount of $303,000, note dated 05/14/2021, made in Canoga Park, California, which was originated and brokered by a licensed California real estate broker who served as the loan broker and fiduciary to Plaintiff who sought the loan, the loan being at the rate of 12%, which was not a usurious loan as a broker-originated and negotiated loan carrying an exemption from the California usury laws, and as secured by real property, a vacant lot, with a common address of 21472 Called Del Barco, Malibu, California, under a Deed of Trust of even date with the promissory note ("05/14/21 Note"); and as to the remainder of the allegations, Defendant lacks sufficient information or belief to either admit or deny the allegations contained therein, and on this basis denies each and every allegation contained therein.

37. Re ¶ 37, Defendant denies each and every allegation contained therein.

/ / /

/ / /

38. Re ¶ 38, Defendant admits that he paid from the account ending in "6236" costs and fees incurred by the foreclosure trustee; and, as to the remainder Defendant denies each and every allegation.

39. Re ¶ 39, Defendant denies each and every allegation contained therein.

40. Re ¶ 40, Defendant lacks sufficient information or belief to either admit or deny the allegations contained therein, and on this basis denies each and every allegation contained therein.

41. Re ¶ 41, Defendant admits that as to the 6/22/21 Note secured by the property above-referenced located in Utah, the private trustee's sale process through a corporate trustee required the payment of fees and costs of the trustee; but as to the remainder of the allegations, Defendant lacks sufficient information or belief to either admit or deny the allegations contained therein, and on this basis denies each and every allegation contained therein.

42. Re ¶ 42, Defendant denies each and every allegation contained therein.

43. Re ¶ 43, Defendant admits that he caused to be paid by reimbursement to a title company required payments to the County Recorder of Fillmore County, Utah, required for recording the Deed of Trust securing the 6/22/21 Note and then to reimburse the trustee who caused to be recorded the Trustee's Deed Upon Sale thereunder; but as to the remainder of the allegations, Defendant lacks sufficient information or belief to either admit or deny the allegations contained therein, and on this basis denies each and every allegation contained therein.

44. Re ¶ 44, Defendant admits that he caused to be paid or reimbursed to the entity Peak Foreclosure Services fees and costs as it billed him for trustee services connected to the private trustee's sale process for the enforcement of the Deed of Trust securing the 05/14/21; but as to the amounts and as to the purposes, and as to the remainder of the allegations, Defendant lacks sufficient information or belief to either admit or deny the allegations contained therein, and on this basis denies each and every allegation contained therein.

ANSWER TO SECOND AMENDED COMPLAINT
*BROWN VS. SMEAD 23-cv-02938*
8

45. Re ¶ 45, Defendant admits to paying to the County Recorder of San Bernardino, California, recording fees for recording the assignment of a first priority deed of trust securing a promissory note made by Plaintiff to a third party secured by the same real property as stood as security for the above-referenced 9/21/20 Note secured by a second deed of trust in which Plaintiff was the trustor and Defendant was the beneficiary; and for recording fees for documents required to be recorded as to the private trustee's sale process, culminating in the issuance of a Trustee's Deed Upon Sale for foreclosure under the first deed of trust, which was a trustee's sale process on Plaintiff's default under the note and first-priority deed of trust for that property, which first deed of trust was acquired by purchase of Defendant from the original lender, when that first priority loan was in default to that original lender; but as to the remainder of the allegations, Defendant lacks sufficient information or belief to either admit or deny the allegations contained therein, and on this basis denies each and every allegation contained therein.

46. Re ¶ 46, Defendant denies each and every allegation contained therein.

47. Re ¶ 47, Defendant denies each and every allegation contained therein.

48. Re ¶ 48, Defendant denies each and every allegation contained therein.

49. Re ¶ 49, Defendant lacks sufficient information or belief to either admit or deny the allegations contained therein, and on this basis denies each and every allegation contained therein.

50. Re ¶50, Defendant lacks sufficient information or belief to either admit or deny the allegations contained therein, and on this basis denies each and every allegation contained therein.

51. Re ¶51, Defendant denies each and every allegation contained therein.

52. Re ¶ 52, Defendant lacks sufficient information or belief to either admit or deny the allegations contained therein, and on this basis denies each and every allegation contained therein.

///

53. Re ¶ 53, Defendant lacks sufficient information or belief to either admit or deny the allegations contained therein, and on this basis denies that "but for the foreclosure, Plaintiff would have retained his position in the development and received the economic benefits associated with the Samsung Rooh LLC project"; and as to the remainder of the allegations, Defendant denies each and every allegation contained therein.

54. Re ¶ 54, Defendant denies each and every allegation contained therein.

55. Re ¶ 55, Defendant admits that he funded a loan, as documented by a promissory note made by Plaintiff as maker to Defendant as promissee by Note Secured by A Deed of Trust, in the principal amount of $303,000, note dated 05/14/2021, made in Canoga Park, California, which was originated and brokered by a licensed California real estate broker who served as the loan broker and fiduciary to Plaintiff who sought the loan, the loan being at the rate of 12 %, which was not a usurious loan as a broker-originated and negotiated loan carrying an exemption from the California usury laws, and as secured by real property, a vacant lot, with a common address of 21472 Called Del Barco, Malibu, California, under a Deed of Trust of even date with the promissory note, the 05/14/21 Note, with interest only payments at that rate of 12% to commence monthly beginning July 1, 2021, with maturity of the note being June 1, 2023; but as to the remainder of the allegations, Defendant lacks sufficient information or belief to either admit or deny the allegations contained therein, and on this basis denies each and every allegation contained therein.

56. Re ¶ 56, Defendant denies each and every allegation contained therein.

57. Re ¶ 57, Defendant denies each and every allegation contained therein; and denies that there was ever an "unrecorded interest" in any amount and denies that as there was never such a sum or thing in any amount "unrecorded" that Defendant never demanded any such non-existent thing to be recorded or done by the loan servicer Superior Loan Servicing.

58. Re ¶ 58 Defendant denies each and every allegation contained therein.

59. Re ¶ 59, Defendant denies each and every allegation contained therein.

60. Re ¶ 60, Defendant denies each and every allegation contained therein.

61. Re ¶ 61, Defendant lacks sufficient information or belief to either admit or deny the allegations contained therein, and on this basis denies each and every allegation contained therein.

62. re ¶ 62, which is an incorporation by reference of all preceding allegations by plaintiff, all the foregoing admissions and denials and responses are incorporated herein by reference as though fully set forth herein.

63. Re ¶ 63, Defendant denies each and every allegation contained therein.

64. Re ¶ 64, Defendant denies each and every allegation contained therein.

65. Re ¶ 65, Defendant denies each and every allegation contained therein.

66. Re ¶ 66, Defendant denies each and every allegation contained therein.

67. Re ¶ 67, Defendant denies each and every allegation contained therein.

68. Re ¶ 68, Defendant denies each and every allegation contained therein.

69. Re ¶ 69, Defendant denies each and every allegation contained therein.

70. re ¶ 70, which is an incorporation by reference of all preceding allegations by plaintiff, all the foregoing admissions and denials and responses are incorporated herein by reference as though fully set forth herein.

71. Re ¶ 71, Defendant denies each and every allegation contained therein.

72. Re ¶ 72, Defendant denies each and every allegation contained therein.

73. Re ¶ 73, Defendant denies each and every allegation contained therein.

74. Re ¶ 74, Defendant denies each and every allegation contained therein.

75. Re ¶ 75, Defendant denies each and every allegation contained therein.

76. AS TO THE PRAYER OF PLAINTIFF SET FORTH ON PAGE 15, CAPTIONED BY PLAINTIFF AS "VIII. PRAYER FOR RELIEF: Defendant denies each and every prayer request and allegation continued in the Prayer requests numbered 1., 2., 3., and 4., and denies each and all of them, and prays that

Plaintiff take nothing by way of this action and/or this Second Amended Complaint, and that a judgment of defense and for zero liability to Plaintiff and in favor of Defendant be entered by this Court.

## AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE
## PRIVILEGE TO PROTECT ECONOMIC INTERESTS
### (AS TO THE CLAIM AND ALL CAUSES THEREIN)

1. Defendant enjoys and did enjoy at all pertinent times the right and privilege to protect his economic interest in the loan transactions between Plaintiff and Defendant, having a right and privilege to protect his economic interests under the promissory notes and deeds of trust alleged in the Second Amended Complaint and all promissory notes and deeds of trust between Plaintiff and Defendant, all being commercial loans secured by real property which was vacant and raw land, and that all interest rates and agreements were lawful, and not usurious under either state or federal law as applicable, and that any and all private trustees' sales and foreclosure process involved in each and all of them as to the three loans alleged by Plaintiff were valid and proper and in compliance with the law, as Plaintiff had been in monetary default under the terms and conditions of each of the promissory notes and deeds of trust, and had not cured the defaults, nor paid off the loans and obligations secured by those deeds of trust, including defaulted interest, unpaid principal, and unpaid property taxes.

## SECOND AFFIRMATIVE DEFENSE
## EQUITABLE ESTOPPEL
### (AS TO THE CLAIM AND ALL CAUSES THEREIN)

2. Plaintiff is barred by the doctrine of equitable estoppel from asserting these claims against Defendant for these reasons: Defendant is informed and believes and thereon alleges that, at all pertinent times, Plaintiff has been licensed by the California Department of Real Estate, broker license number 02047215, as a

real estate broker, from and after 2020, who himself has a right to be involved in origination of loans such as these in his capacity as broker for the exemption of the rates in loans such as these, commercial real estate secured loans, to be exempt from usury law under the laws of the State of California, and that Plaintiff used such licensing, knowledge and experience in dealing with and soliciting from Defendant these loans and terms of interest on the loans, and Defendant reasonably relied on Plaintiff's licensing, knowledge and skill as a licensed real estate broker, trusting that all loans and terms that Plaintiff solicited from Defendant were thus lawful and proper and exempt from the state usury laws. Plaintiff himself proposed and negotiated all the terms of all the loans at issue, and Defendant accepted the terms proposed by Plaintiff, relying on Plaintiff's representations and licensing and skills and experience and knowledge as a licensed real estate broker in making these loans to Plaintiff. Accordingly, the doctrine of equitable estoppel applies to estop and prevent and bar Plaintiff from making the claims in this action against Defendant, for if any law as alleged by Plaintiff in the terms and enforcement of these loans was violated by Defendant, then it was inadvertent on Defendant's part, and caused and orchestrated by Plaintiff to harm Defendant by creating claims against Defendant that Plaintiff would seek to seize to advantage against Defendant, and seek to profit against Defendant for the harm that Plaintiff led Defendant into suffering, that being the burden and risk of defending this action by Plaintiff.

THIRD AFFIRMATIVE DEFENSE

LACK OF CLEAN HANDS

(AS TO THE CLAIM AND ALL CAUSES THEREIN)

3.     Plaintiff is barred by the doctrine of Lack of Clean Hands from asserting these claims against Defendant for these reasons. Defendant incorporates by reference the allegations of fact from the Second Affirmative Defense, and further avers to support this affirmative defense the following facts: Plaintiff, with

superior knowledge and experience, and himself licensed as a real estate broker by the California Department of Real Estate, found and solicited Defendant, and proposed all loan terms, and induced Defendant to make such loans, all secured by commercial real property, leading and causing Defendant to believe and to rely upon Plaintiff trusting that the loan terms were lawful and that all terms and rates of the loans would not be nor constitute usurious loans in any respect, and that this conduct by Plaintiff against Defendant was of the very essence of the loan transactions on which Plaintiff sues Defendant, Defendant whom merely instructed foreclosure trustees' to commence and complete private trustees' sales and public auctions under the Deed of Trust to secure the loans that Plaintiff induced Defendant to make based on failure of Plaintiff to make interest payments, and but for Plaintiff leading Defendant to understand and believe that the loans were lawful and were not usurious, Defendant so relied upon Plaintiff to his detriment, as seen in this suit for money damages by Plaintiff against Defendant based on these loans Plaintiff induced Defendant to make. This defense applies to each and every loan of the three loans pleaded, and bars the right and remedy sought by Plaintiff herein as to each claim and as to the action.

FOURTH AFFIRMATIVE DEFENSE

SETOFF

(AS TO THE CLAIM AND ALL CAUSES THEREIN)

4. Defendant asserts a right to setoff against Plaintiff in an amount exceeding $400,000.00, for money due on a promissory note made by Brown to a third-party lender for a loan of purchase money for the Harper Lake property, San Bernardino, California. That loan was bought from that third-party lender by Defendant in or about July of 2022 for the sum then due on by Brown on that loan for a total of $370,350 approximately, as Brown had defaulted on the payment obligations to the third-party holder of the note, which itself was made by Brown to that third party for principal for purchase money as a purchase money seller

carryback in the amount of $348,000, at the rate of 8% interest, with tax defaults of Brown cured by Defendant on the security property that secured that promissory note, and accruing interest since then, and nothing has been paid since Defendants' purchase of the note in July of 2022, and there remains, due, owing and unpaid a sum of not less than $400,000 under that promissory note. And to the extent a damages award of money would be rendered in favor of Plaintiff against Defendant, Defendant requests that the money due to Defendant from Plaintiff be set off against the Plaintiff's award, if any.

## PRAYER

WHEREFORE, Defendant prays as follows:

1. That Plaintiff take nothing by way of this action nor by way of the Second Amended Complaint;
2. That a judgment of defense in favor of Defendant be entered by this Court, with a finding of zero liability;
3. For setoff of the money owed to Defendant from Plaintiff, should any award by made to Plaintiff on his claim against Defendant;
4. That no costs nor attorneys' fees be awarded to Plaintiff;
5. If allowed by law, that costs and attorney's fees be awarded to Defendant.

Date: April 7, 2025                    Respectfully Submitted,

                                       /s/ *Fred Hickman*
                                       _____
                                       Fred Hickman
                                       fredhickman@gmail.com
                                       for: Defendant Steve Smead

PROOF OF SERVICE

All persons, including Plaintiff, are deemed served under Local Rule 5-3.2.1 for documents filed electronically, as Plaintiff is a registered user of the court's electronic filing notice in this action.

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Orange, State of California, and not a party to the above-entitled cause.

I hereby certify that I am a member of the Bar of the United States District Court, Central District of California.

DATED: _April 7, 2025

                           _/s/ Fred Hickman_____
                           Fred Hickman
                           fredhickman@gmail.com