UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON BROWN ,<br><br>　　　　Plaintiff(s),<br><br>　v.<br><br>STEVE SMEAD<br><br>　　　Defendant(s). | Case No. 2:23−cv−02938−MEMF−KS<br><br>**ORDER SETTING SCHEDULING CONFERENCE**<br><br>Date:　　　　June 12, 2025<br><br>Time:　　　　10:00 a.m. |

**PLEASE READ THIS ORDER CAREFULLY. IT GOVERNS THIS CASE**

**AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

　　This matter is set for a Scheduling Conference on the above date in

Courtroom 8B of the First Street Courthouse, 350 West First Street, Los Angeles,

CA 90012.[1] If Plaintiff has not already served the operative complaint on *all*

Defendants, Plaintiff shall do so *promptly* and shall file proofs of service within

three (3) days thereafter. *See* FED. R. CIV. P. 4; Local Rule 4. Defendants shall

also timely file and serve their responsive pleadings and file proofs of service

within three (3) days thereafter, in compliance with the requirements of Local

_____

[1] By default, all scheduling conferences shall proceed in-person, unless a request is made by the parties and granted by the Court. Requests to appear via Zoom must be e-filed by the Friday before the conference and must indicate that counsel has met and conferred per Local Rule 7-3.

Rule 5-3.2. At the Scheduling Conference, the Court will dismiss all remaining

fictitiously named Defendants. The Court will also set a date by which motions to

amend the pleadings or add parties must be heard.

The Scheduling Conference will be held pursuant to Federal Rule of Civil

Procedure 16(b). The parties are reminded of their obligations under Federal Rule

of Civil Procedure 26(f) to confer on a discovery plan no later than twenty-one (21)

days before the Scheduling Conference. The Court encourages counsel to agree to

begin to conduct discovery actively *before* the Scheduling Conference. At the very

least, the parties shall comply fully with the letter and spirit of Federal Rule of

Civil Procedure 26(a) and thereby obtain and produce most of what would be

produced in the early stages of discovery, because at the Scheduling Conference

the Court will impose strict deadlines to complete discovery.

**This Court does not exempt parties appearing pro se from compliance**

**with any of the Federal Rules of Civil Procedure and the Local Rules,**

**including Local Rule 16.** *See* **Local Rule 1-3, 83-2.2.3. "Counsel," as used in**

**this Order, includes parties appearing pro se.**

## I.  Joint Rule 26(f) Report

The Joint Rule 26(f) Report **must be filed no later than seven (7) days** after

the meeting of counsel and **fourteen (14) days** before the Scheduling Conference.

The Court discourages the submission of courtesy chambers copies of Joint Rule

26(f) Reports that have been electronically filed.

The Joint Rule 26(f) Report shall be drafted by Plaintiff or, if the parties

otherwise agree, by Defendant's counsel. If the Plaintiff is appearing pro se, the

Joint Rule 26(f) Report shall be drafted by Defendant's counsel unless Plaintiff

prefers to do so. In all circumstances, the Joint Rule 26(f) Report must be signed

jointly. "Jointly" means a single report, regardless of how many separately

represented parties are involved in the case. The Joint Rule 26(f) Report shall

specify the date of the Scheduling Conference on the caption page.

The Joint Rule 26(f) Report shall address the matters set forth in Federal Rule of Civil Procedure 26(f) and Local Rule 26, some of which are enumerated below, and shall also contain the following:

**A.    Statement of the Case:** A short statement by each party, not to exceed two (2) pages, setting forth that party's factual summary of the case, including the basis for any claims, counterclaims, or defenses.

**B.    Subject Matter Jurisdiction:** A statement of the specific basis for federal jurisdiction, including supplemental jurisdiction. If there is a federal question, cite the federal law, under which the claim arises.

**C.    Legal Issues:** A brief description of the key legal issues, including any unusual substantive, procedural, or evidentiary issues.

**D.    Damages:** The realistic range of provable damages.

**E.    Parties and Evidence:** A list of parties, percipient witnesses, and key documents with respect to the main issues in the case. For conflict purposes, corporate parties must identify all subsidiaries, parents, and affiliates. The parties should discuss the likelihood of appearance of additional parties, if any.

**F.    Insurance:** Whether there is insurance coverage, the extent of coverage, and whether there is a reservation of rights.

**G.    Manual for Complex Litigation:** Whether all or part of the procedures of the Manual for Complex Litigation should be utilized.

**H.    Motions:** A statement of the likelihood of motions seeking to add other parties or claims, file amended pleadings, transfer venue, or challenge the Court's jurisdiction.

**I.    Dispositive Motions:** A description of the issues or claims any party believes may be determined by motion to dismiss or motion for summary judgment.

\\\

\\\

3

**J.    Status of Discovery:** A discussion of the present state of discovery, including a summary of completed discovery, and any current or anticipated disputes.

**K.    Discovery Plan:** A detailed discovery plan, as contemplated by Federal Rule of Civil Procedure 26(f). State what, if any, changes in the disclosures under Federal Rule of Civil Procedure 26(a) should be made, the subjects on which discovery may be needed, whether discovery should be conducted in phases or otherwise be limited, whether applicable limitations should be changed or other limitations imposed, and whether the Court should enter other orders. A statement that discovery will be conducted as to all claims and defenses or other vague description is not acceptable.

**L.    Expert Discovery:** Proposed dates for initial and rebuttal expert witness disclosures and expert discovery cut-off under Federal Rule of Civil Procedure 26(a)(2).

**M.    Settlement Conference / Alternative Dispute Resolution ("ADR"):** A statement of what settlement negotiations have occurred, excluding any statement of the terms discussed. If a Notice to Parties of Court-Directed ADR Program (Form ADR-08) was filed in this case, the Court will refer it to the magistrate judge, the Court Mediation Panel, or private mediation at the parties' expense. The parties must indicate their preference in their Joint Rule 26(f) Report.[2] No case will proceed to trial unless all parties, including an officer with full settlement authority for corporate parties, have appeared personally at an ADR proceeding.

**N.    Trial Estimate:** A realistic estimate, in days, of the court time required for trial and whether trial will be by jury or by the Court. Each side

_____

[2] Where the parties fail to select an ADR method, the Court will default select the Court Mediation Panel per Local Rule 16-15.3.

4

should specify by number, not by name, the number of witnesses it contemplates

calling. If the time estimate for trial given in the Joint Rule 26(f) Report exceeds

four (4) court days, counsel must be prepared to discuss in detail the basis for the

estimate.

**O.    Trial Counsel:** The name(s) of the counsel who will try the case.

**P.    Magistrate Judge:** Whether the parties agree to try the case before a

magistrate judge. Pursuant to 28 U.S.C. § 636 and General Order 05-07 (also

referred to as General Order 194), the parties may consent to have a magistrate

judge preside over all proceedings, including jury trials. The parties may choose

any magistrate judge identified on the Central District website.[3] The consent form

may also be found on the Central District website.[4]

**Q.    Independent Expert or Master:** Whether the Court should consider

appointing a master pursuant to Federal Rule of Civil Procedure 53 or an

independent scientific expert at the parties' expense. The appointment of a master

may be especially appropriate in cases where the parties anticipate substantial

discovery disputes, numerous claims to be construed in connection with a motion

for summary judgment, a lengthy *Daubert* hearing, or a resolution of a difficult

computation of damages.

**R.    Schedule Worksheet:** The parties must make every effort to agree on

all pretrial and trial dates. The parties must submit a completed copy of the

attached Schedule of Pretrial and Trial Dates Worksheet ("Worksheet") with their

Joint Rule 26(f) Report. The entries in the "Time Computation" column reflect

what the Court believes is appropriate for most cases and will allow the Court to

rule on potentially dispositive motions sufficiently in advance of the Final

---

[3] A list of magistrate judges in the Central District Court of California can be found at
https://www.cacd.uscourts.gov/judges-schedules-procedures.

[4] The Statement of Consent to Proceed Before a United States Magistrate Judge (CV–11D) can be
found at https://www.cacd.uscourts.gov/sites/default/files/forms/CV-011D/CV-11D.pdf.

1    Pretrial Conference. However, the parties may propose earlier dates by which the

2    key requirements must be completed. Each date should be stated as month, day,

3    and year (*e.g.*, 2/10/2022). Hearings shall be on **Thursdays starting at 10:00 a.m.**

4    Other deadlines not involving the Court may be scheduled any day of the week.

5    The parties must avoid holidays. The Court may order different dates than those

6    required. The discovery cut-off date is the last day by which all depositions must be

7    completed, responses to previously served written discovery must be provided, and

8    motions concerning discovery disputes must be heard, not filed. **In other words,**

9    **any motion challenging the adequacy of discovery responses must be filed**

10    **timely, served, and calendared sufficiently in advance of the discovery cut-off**

11    **date to permit the responses to be obtained before that date, if the motion**

12    **is granted.** If the parties wish the Court to set dates in addition to those on the

13    Worksheet, they may so request by a separate stipulation and proposed order.

14    Additional hearings are often appropriate for class actions, patent cases, and cases

15    for benefits under the Employee Retirement Income Security Act of 1974

16    ("ERISA").

17          If the parties agree on a date, the agreed–upon date should be put in the

18    Plaintiff's column while the Defendant's column should be marked "Agree." If

19    the parties disagree on a date, each party should put their proposed date in their

20    respective column.

21          **S.    Class Actions:** If the action is a putative class action, the parties are to

22    use the Class Action Worksheet found on the Court's website and provide a

23    proposed briefing schedule for the motion for class certification. The schedule

24    must provide for at least twenty-one (21) days between the filing of the reply

25    and the hearing and should include a discovery cut-off date in advance of the

26    date for filing of the motion. The Court expects the parties to act diligently and

27    begin discovery immediately, because the motion must be filed no later than

28    one-hundred-twenty (120) days from the date originally set for the Scheduling

1   Conference, unless the Court orders otherwise. In other words, a continuance of
2   the date for the Scheduling Conference will not extend the time to file the motion
3   for class certification.

4       **T.   Patent Cases:** If the action is a patent case, the parties are to use the
5   Patent Action Worksheet found on the Court's website.

6       **U.   Other Issues:** A statement of any other issues affecting the status or
7   management of the case, such as unusually complicated technical or technological
8   issues, disputes over protective orders, extraordinarily voluminous document
9   production, witnesses who will need the assistance of a court interpreter,
10  reasonable ADA accommodations, discovery in foreign jurisdictions, the
11  applicability of foreign law, the advanced age or health of parties or key witnesses,
12  and any proposals concerning severance, bifurcation, or other ordering of proof.

13      The Joint Rule 26(f) Report should set forth the above-described information
14  under section headings corresponding to those in this Order.

15  **II.   Trade Secret Cases**

16      This provision shall apply in any case in which there is a claim, counterclaim,
17  or crossclaim for misappropriation of trade secrets in violation of either the
18  California Uniform Trade Secret Act ("CUTSA," Cal. Civ. Code.
19  § § 3426-3426.11) or Defend Trade Secrets Act ("DTSA," 18 U.S. Code
20  §§ 1836-1839).

21      As a matter of case management, **this Court requires an identification**
22  **trade secrets with particularity,** akin to the disclosure required by California law.
23  *See* Cal. Civ. Proc. Code § 2019.210 ("In any action alleging the misappropriation
24  of a trade secret . . . before commencing discovery relating to the trade secret,
25  the party alleging the misappropriation shall identify the trade secret with
26  reasonable particularity").

27      A party asserting a claim for trade secrets must both serve upon the opposing
28  part and file (under seal if appropriate) a **trade secret identification statement**

that includes: (1) a numbered list of each trade secret at issue, including a summary

each trade secret, and specific elements that define each trade secret (and if

appropriate, elements that distinguish the claimed trade secret from similar and

more broadly known technologies); (2) the background of the trade secret and

a description of how each secret has derived independent, actual or potential

economic value by virtue of not being generally known to the public; and (3)

a description of how each secret has been the subject of reasonable efforts

to maintain its secrecy.

This identification statement shall be used throughout the litigation. For

example, at summary judgment, either party may move for summary judgment

as to any one of or combination of the individually identified trade secrets, and

at trial, the jury may find that claims have been proven as to any one of or

combination of the individually identified trade secrets. The trade secret

identification may only be amended with leave of the Court (via either

stipulation or motion). The identification must comply with the requirements

of California law for trade secret identifications pursuant to Section 2019.210.

*See, e.g., Advanced Modular Sputtering, Inc. v. Sup. Ct.*, 132 Cal. App. 4th

82, 836 (2005) (The plaintiff must identify the trade secrets with "sufficient

particularity" to distinguish the trade secrets from "matters of general

knowledge in the trade or of special knowledge of those persons skilled in the

trade." (internal alterations omitted)).

**The identification must be filed and served within 60 days from the

the date of this order.**Should the parties wish, they may agree to a later

deadline, and should state as such in the 26(f) report. Discovery into trade

secrets shall not commence until the identification has been served and filed,

but the plaintiff may commence discovery on any other subject prior to the

identification.

\\\

**III.   Scheduling Conference**

    **A.   Continuance:** A request to continue the Scheduling Conference will be granted only for good cause. The parties should refer to the Court's Standing Order for additional guidance regarding requests for continuance.

    **B.   Vacating Scheduling Conference:** The Court may vacate the Scheduling Conference and issue the Scheduling Order based solely on the parties' Joint Rule 26(f) Report pursuant to Federal Rule of Civil Procedure 16(b).

    **C.   Participation:** If the Court elects to conduct a Scheduling Conference, lead trial counsel must attend unless excused by the Court for good cause before the conference.

    **D.   Failure to Submit a Joint Rule 26(f) Report:** The failure to submit a Joint Rule 26(f) Report in advance of the Scheduling Conference or to attend the Scheduling Conference may result in dismissal of the action, striking of the answer and entry of default, and/or imposition of sanctions.

**IV.   Notice to Be Provided by Counsel**

    Plaintiff's counsel or, if Plaintiff is appearing pro se, Defendant's counsel, shall provide this Order to any parties who first appear after the date of this Order and to parties who are known to exist but have not yet entered appearances.

**V.   Disclosures to Clients**

    Counsel are ordered to deliver to their clients a copy of this Order.

\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\

9

## VI.  Court's Website

This and all other generally applicable orders of this Court are available on the Central District of California website[5] and on Judge Frimpong's webpage.[6] The Local Rules are also available on the Central District of California website.[7]

The Court thanks the parties and their counsel for their anticipated cooperation.

IT IS SO ORDERED.

Dated:  April 9, 2025

_____
MAAME EWUSI-MENSAH FRIMPONG
United States District Judge

**DISTRICT JUDGE MAAME EWUSI-MENSAH FRIMPONG**
**SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET**
Please complete this worksheet jointly and file it with your Joint Rule 26(f) Report.
The parties must make every effort to agree on dates or the court will set them.

| Case No. | Case Name: | | |
|---|---|---|---|
| **Trial and Final Pretrial Conference Dates** | | **Pl(s)' Date mm/dd/yyyy** | **Def(s)' Date mm/dd/yyyy** |
| Check one:  ☐ Jury Trial   or   ☐ Bench Trial<br>[Monday at 8:30 a.m. within 12-15 months of Scheduling Conference based on complexity]<br>Estimated Duration:            Days | | | |
| Final Pretrial Conference ("FPTC") [L.R. 16], Hearing on Motions in Limine [Wednesday at 9:00 a.m. at least 19 days before trial] | | | |
| **Event [1]**<br>Note: Hearings shall be on Thursdays at 10:00 a.m.[2]<br>Other dates can be any day of the week | **Time Computation[3]** | **Pl(s)' Date mm/dd/yyyy** | **Def(s)' Date mm/dd/yyyy** |
| Last Date to Hear Motion to Amend Pleadings or Add Parties [Thursday] | 6 weeks after scheduling conference | | |
| Fact Discovery Cut-Off<br>(no later than deadline for filing dispositive motion) | 24 weeks before FPTC | | |
| Expert Disclosure (Initial) | 23 weeks before FPTC | | |
| Expert Disclosure (Rebuttal) | 21 weeks before FPTC | | |
| Expert Discovery Cut-Off | 19 weeks before FPTC[4] | | |
| Last Date to Hear Motions [Thursday]<br>• Parties shall take note of the Court's briefing schedule as set forth in the Civil Standing Order, found on Judge Frimpong's website | 12 weeks before FPTC | | |
| Deadline to Complete Settlement Conference [L.R. 16-15]<br>Select one:  ☐ 1. Magistrate Judge (with Court approval)<br>☐ 2. Court Mediation Panel<br>☐ 3. Private Mediation | 10 weeks before FPTC | *Select deadline and settlement method* | *Select deadline and settlement method* |
| Trial Filings (first round)<br>• Motions in Limine<br>• Memoranda of Contentions of Fact and Law [L.R. 16-4]<br>• Witness Lists [L.R. 16-5]<br>• Joint Exhibit List [L.R. 16-6.1]<br>• Joint Status Report Regarding Settlement<br>• Proposed Findings of Fact and Conclusions of Law [L.R. 52] (bench trial only)<br>• Declarations containing Direct Testimony, if ordered (bench trial only) | 4 weeks before FPTC | | |
| Trial Filings (second round)<br>• Oppositions to Motions in Limine<br>• Joint Proposed Final Pretrial Conference Order [L.R. 16-7]<br>• Joint Agreed Upon Proposed Jury Instructions (jury trial only)<br>• Disputed Proposed Jury Instructions (jury trial only)<br>• Joint Proposed Verdict Forms (jury trial only)<br>• Joint Proposed Statement of the Case (jury trial only)<br>• Proposed Voir Dire Questions, if any (jury trial only)<br>• Evidentiary Objections to Declarations of Direct Testimony (bench trial only) | 2 weeks before FPTC | | |

[1]  The parties may seek dates for additional events by filing a separate stipulation and proposed order.
[2]  By default, all hearings shall proceed in-person, unless a request is made by the parties and granted by the Court. Requests to appear via Zoom must be e-filed by the Friday before the hearing and must indicate that counsel has met and conferred per Local Rule 7-3.
[3]  The numbers below represent the court's recommended timeline. The parties may propose alternate dates based on the needs of each individual case. But in every case, the last date to hear motions shall be no later than eight (8) weeks before the deadline for Trial Filings (First Round), and the deadline for Trial Filings (First Round) and Trial Filings (Second Round) must be no later than four (4) and two (2) weeks before the FPTC, respectively.
[4]  The parties may choose to cut off expert discovery prior to the deadline to file a motion for summary judgment.