Clinton Brown, *Pro se*
1431 Ocean Ave, Unit 413
Santa Monica, CA 90401
brown_clinton@msn.com
310-775-7990

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON BROWN,<br><br>       Plaintiff,<br><br>v.<br><br>STEVE SMEAD,<br><br>       Defendant. | **Case No**. 2:23-02938-MEMF-KS<br><br>**Plaintiff's Motion to Compel Defendant's Responses to Interrogatories and Requests for Admission**<br><br>**Judge:** Honorable Maame Ewusi-Mensah Frimpong<br><br>**Chief Magistrate Judge:** Karen L. Stevenson |

**NOTICE TO THE COURT**, "declines to answer"[1] is not permitted under the Federal Rules. Allowing a party to state that he "declines to answer" and "stands on objections" would require the Court to resolve every discovery objection in every case before an answer is provided. There is no authority supporting such an approach. The Federal Rules require either substantive answers or a Rule 26(c) protective order, and Defendant has provided Plaintiff with neither.

### LEGAL STANDARD

"We give the Federal Rules of Civil Procedure their plain meaning, *Walker v. Armco Steel Corp.,* 446 U. S. 740, 750, n. 9 (1980), and generally with them, as with a statute, "[w]hen we find the terms . . . unambiguous, judicial inquiry is complete." *Rubin v. United States,* 449 U. S. 424, 430 (1981)." *See P & L v. Marvel Entertainment*, 493 U.S. 120, 123 (1989).

---

[1] At the meet and confer held on November 11, 2025, the parties stipulated under Rule 29(b) that Defendant would serve responses for RFAs Set No. 2 (Nos. 11, 12, 29, and 32) and RFAs Set No. 1 (No. 7) on Friday, November 14, 2025. Those responses were received, and Plaintiff is not challenging their sufficiency at this time. The remaining disputed Requests for Admission are RFAs, Set No. 2 (Nos. 13, 14, 15, 17, 30, and 31) and RFAs, Set No. 1 (No. 6). The remaining disputed Interrogatories are Interrogatories, Set No. 2 (Nos. 10, 11, 12, and 19). These items are the subject of this Motion. *See* Rule 37(a)(1).

"Where a party fails to provide a discovery response, the requesting party may move to compel a response under Rule 37(a). "Upon a motion to compel discovery, the movant has the initial burden of demonstrating relevance." *Nguyen v. Lotus by Johnny Dung Inc.*, 2019 WL 3064479, at *2 (C.D. Cal. June 5, 2019) (internal quotation marks omitted). "Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." *Garces v. Pickett*, 2021 WL 978540, at *2 (E.D. Cal. Mar. 16, 2021). "The opposing party is required to carry a heavy burden of showing why discovery was denied." *Id*. (internal quotation marks omitted)." *See Matthew D. Van Steenwyk v. Kedrin E. Van Steenwyk et al.*, No. 2:20-cv-02375-FLA-AJR, ECF No. 861 at *4 (C.D. Cal. Nov. 5, 2025).

"Pursuant to Rule 33, "[a]n interrogatory may relate to any matter that may be inquired into under Rule 26(b)." Rule 33(a)(2). "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Rule 33(b)(3). "The grounds for objecting to an interrogatory must be stated with specificity." Rule 33(b)(4). A propounding party may move for an order compelling an answer to an interrogatory if "a party fails to answer an interrogatory submitted under Rule 33." Rule 37(a)(3)(B)(iii). An evasive or incomplete answer or response is treated as a failure to answer. Rule 37(a)(4)." *See Nguyen v. Lotus by Johnny Dung Inc.*, 2019 WL 3064479, at *1 (C.D. Cal. June 5, 2019).

"One of the primary purposes of requests for admission is to narrow the issues for trial by identifying and eliminating those matters on which the parties agree. *Boston v. ClubCorp USA, Inc.*, 2019 WL 1873293, at *3 (C.D. Cal. Mar. 11, 2019); *Asea, Inc. v. Southern Pacific Transportation Co.*, 669 F.2d 1242, 1245 (9th Cir. 1981) ("The purpose of Rule 36(a) is to expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial."); Fed. R. Civ. P. 36 advisory committee notes (1970 Amendment) ("Rule 36 serves two vital purposes, both of which are designed to reduce trial time. Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be.")." *See Taylor v. County of Calaveras*, No. 1:18-cv-00760-BAM, ECF No. 41, at *4 (E.D. Cal. Jan. 23, 2019).

**DISCUSSION**

**I. Rule 33 Requires Answer and Objections or a Rule 26(c) Protective Order — "Declines to Answer" Is Not Permitted.**

(b) Answers *and* Objections.[2]

(1) Responding Party. The interrogatories *must be answered*:

(A) by the party to whom they are directed

(2) Time to Respond. The responding party *must serve its answers and any objections* within 30 days after being served with the interrogatories.

(3) Answering Each Interrogatory. Each interrogatory *must,* to the extent it is not objected to,[3] *be answered* separately and fully in writing under oath.

(5) Signature. The person who makes *the answers* must sign them[4], and the attorney who objects must sign any objections.[5]

"For example, a party's income tax return is generally held not privileged, 2A Barron & Holtzoff, *Federal Practice and Procedure* , §65.2 (Wright ed. 1961)." *See* Rule 26, 1970 Advisory Committee Notes. In other words, the remedy for a party is to seek a Rule 26(c) order. In any event, Plaintiff is not asking for Defendant's or his wife's tax returns. There's a genuine dispute as to whether the Utah loan was principal or interest. *See* Exhibit 1 at 2. Defendant has plainly *failed to answer*.

---

[2] "Subdivision (b). A separate subdivision is made of the former second paragraph of subdivision (a). Language is added to paragraph (1) of this subdivision to emphasize the duty of the responding party to provide full answers to the extent not objectionable. If, for example, an interrogatory seeking information about numerous facilities or products is deemed objectionable, but an interrogatory seeking information about a lesser number of facilities or products would not have been objectionable, the interrogatory should be answered with respect to the latter even though an objection is raised as to the balance of the facilities or products. Similarly, the fact that additional time may be needed to respond to some questions (or to some aspects of questions) should not justify a delay in responding to those questions (or other aspects of questions) that can be answered within the prescribed time." *See* Notes of Advisory Committee on Rules—1993 Amendment. In other words, "declines to answer" is not permitted. *See* Exhibit 2, Interrogatories, Set No. 2: Nos. 10, 11, 12, and 19.

[3] This does not mean that an interrogatory is so objectionable it cannot be answered. The only remedy for that is a Rule 26(c) protective order. ("A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending…" *See* Rule 26(c). Defendant has not done so.

[4] "…be answered separately and *fully* in writing under oath." *See* Rule 33(b)(3). A statement that a party "declines to answer" is not an answer under oath because it is not an answer at all.

[5] "Answers and objections are served together, so that a response to each interrogatory is encouraged, and any failure to respond is easily noted." *See* Rule 33 Advisory Committee's Note to 1970 Amendment. Defendant's failure is easily noted. *See* Exhibit 2, Interrogatories, Set No. 2: Nos. 10, 11, 12, and 19.

**II. Rule 36 Requires an Admission, a Denial, or a Detailed Explanation — "Declines to Answer" Is Not Permitted.**

(3) Time to Respond; *Effect of Not Responding*. A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or[6] objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.

(4) Answer. *If* a matter is not admitted, the answer *must* specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial *must* fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer *must* specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.[7]

(5) Objections. The grounds for objecting to a request *must* be stated. A party *must not* object solely on the ground that the request presents a genuine issue for trial.

(6) Motion Regarding the Sufficiency of an Answer or Objection. The requesting party may move to determine the sufficiency of an answer or objection.[8] Unless the court

---

[6] Although Defendant's Counsel notes that Rule 36(a)(4) is drafted in the disjunctive, that does not create a separate option of "declines to answer." Rule 36(a)(3) makes clear that a matter is admitted unless the responding party serves a written answer or objection within 30 days. Rule 36(a)(4) then specifies what an 'answer' must contain: if the matter is not admitted, the responding party must "specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." A denial must fairly meet the substance of the request, and a party may assert lack of knowledge only after making reasonable inquiry. Nothing in Rule 36 permits a party to avoid all three required forms of response by simply stating that it "declines to answer." <u>In other words, if a party does not admit a matter, it is necessarily objecting and must explain the basis for that objection. Rule 36 does not permit a response that states objections and then "declines to answer."</u> *See* Exhibit 3. Requests for Admission, Set No. 2: Nos. 11, 12, 13, 14, 15, 17, 29, 30, 31, and 32; *See also*, Exhibit 4. Requests for Admission, Set No. 1: Nos. 6 and 7.

[7] "Courts have also divided on whether an answering party may properly object to request for admission as to matters which that party regards as "in dispute." *Compare, e.g., Syracuse Broadcasting Corp. v. Newhouse*, 271 F.2d 910, 917 (2d Cir. 1959); *Driver v. Gindy Mfg. Corp*., 24 F.R.D. 473 (E.D.Pa. 1959); with *e.g., McGonigle v. Baxter*, 27 F.R.D. 504 (E.D.Pa. 1961); *United States v. Ehbauer*, 13 F.R.D. 462 (W.D.Mo. 1952). <u>The proper response in such cases is an answer</u>. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit. On the other hand, requests to admit may be so voluminous and so framed that the answering party finds the task of identifying what is in dispute and what is not unduly burdensome. If so, the responding party may obtain a protective order under Rule 26(c). *See* Notes of Advisory Committee on Rules—1970 Amendment.

[8] Here, there is effectively no answer at all. "Declines to answer" is not an answer or a permissible objection under Rule 36 because it neither admits, denies, nor provides the required detailed explanation. *See* Fn. 6.

4

finds an objection justified, it must order that an answer be served.[9] On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served.

If Defendant believed any of these requests were improper, the remedy is Rule 26(c), not refusing to answer. Defendant did not file a Rule 26(c) motion or ask Plaintiff to stipulate to one. Defendant appears to be relying on California state-court discovery standards. But in Federal Court, Rule 36 does not permit "objections only" or "declines to answer." A party that does not admit, deny, or provide a detailed explanation has *failed to answer* under the Rule.[10] [11]

## CONCLUSION

Based on the foregoing, and the plain language of the Federal Rules, the Court should order Defendant to answer Interrogatories, Set No. 2 (Nos. 10, 11, 12, and 19); Requests for Admission, Set No. 2 (Nos. 13, 14, 15, 17, 30, and 31); and Requests for Admission, Set No. 1 (No. 6).

Respectfully submitted,

Dated: November 21, 2025

*/s/ Clinton Brown, Pro Se*
1431 Ocean Ave, Unit 413
Santa Monica, CA 90401
brown_clinton@msn.com
310-775-7990

CC: All Counsel of Record (via ECF) on November 21, 2025

---

[9] The problem is that Plaintiff will be forced to test the sufficiency of Defendant's answers—if any are ever provided—on the same objections. This would require yet another round of meet and confers, another informal discovery conference, and another round of briefing. Such a process cannot be reconciled with Rule 1. The Federal Rules require more than a statement that a party "declines to answer" and regardless of any objection, a substantive response is required, absent a protective order.

[10] Plaintiff will review any authority Defendant believes supports his "declines to answer" approach—none of which was provided during the meet and confer. The Chief Magistrate Judge's observation at the November 20, 2025, Informal Discovery Conference that she has not seen such a response in seventeen years of Federal litigation practice underscores that no such authority exists. Nothing in the Federal Rules permits this form of obstruction.

[11] If Plaintiff had responded to Defendant's discovery by stating that he "declines to answer," such a response would have been immediately challenged as non-compliant. The Federal Rules impose the same obligation on Defendant.