Clinton Brown, *Pro se*
1431 Ocean Ave, Unit 413
Santa Monica, CA 90401
brown_clinton@msn.com
310-775-7990

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON BROWN,<br><br>                    Plaintiff,<br><br>    v.<br><br>STEVE SMEAD,<br><br>                    Defendant. | **Case No**. 2:23-02938-MEMF-KS<br><br>**Plaintiff's Motion to Compel Responses to Interrogatories and Requests for Admission Exhibit 1**<br><br>**Judge:** Honorable Maame Ewusi-Mensah Frimpong<br><br>**Chief Magistrate Judge:** Karen L. Stevenson |

**NOTICE TO THE COURT**, this exhibit is submitted to secure the just, speedy, and inexpensive determination of this proceeding. *See* Rule 1. This exhibit lists the discovery requests that remain unanswered and are the subject of this Motion to Compel. *See* ECF NO. 110.[1]

| Interrogatories, Set No. 2 | Relevance[2] | Claim |
|---|---|---|
| INTERROGATORY NO. 10<br><br>Identify each Federal tax form you filed for 2020–2023 that reported or related to income from your lending activities, stating: (a) form type (e.g., Schedule C, Schedule SE); (b) | Defendant has Answered: Re ¶ 6, Defendant admits that he has made loans only to individuals by funding real estate secured loans over the past several decades to individuals only. *See* ECF No. 90 at 2. | 18 U.S.C. § 1961(4) "enterprise" includes any individual, partnership, corporation, association, *or other legal entity*, and any union or group of individuals associated in fact although not a legal entity; |

[1] At the meet and confer held on November 11, 2025, the parties stipulated under Rule 29(b) that Defendant would serve responses for RFA Set No. 2 (Nos. 11, 12, 29, and 32) and RFA Set No. 1 (No. 7) on Friday, November 14, 2025. Those responses were received, and Plaintiff is not challenging their sufficiency at this time. The remaining disputed Requests for Admission are RFAs, Set No. 2 (Nos. 13, 14, 15, 17, 30, and 31) and RFAs, Set No. 1 (No. 6). The remaining disputed Interrogatories are Interrogatories, Set No. 2 (Nos. 10, 11, 12, and 19).

[2] "Upon a motion to compel discovery, the movant has the initial burden of demonstrating relevance." *See Nguyen v. Lotus by Johnny Dung Inc.*, 2019 WL 3064479, at *2 (C.D. Cal. June 5, 2019) (internal quotation marks omitted).

| | | |
|---|---|---|
| tax year; (c) whether it reported lending income; and (d) whether such income was reported as business or self-employment income. | Bank records reflect that the deposits and withdrawals in the account are made under the name 'Steve Smead d/b/a Smead D&S Rentals.' | |
| **INTERROGATORY NO. 11**<br><br>State whether you have ever reported income from making real estate-secured loans on a Schedule C (Form 1040). If so, identify each tax year in which such income was reported. *Do not provide copies of returns or specific dollar amounts — only identify the tax years.* | Defendant has Answered: Re ¶ 6, Defendant admits that he has made loans only to individuals by funding real estate secured loans over the past several decades to individuals only. *See* ECF No. 90 at 2. | 18 U.S.C. § 1961(4) "enterprise" includes any individual, partnership, corporation, association, *or other legal entity*, and any union or group of individuals associated in fact although not a legal entity; |
| **INTERROGATORY NO. 12**<br><br>State whether you have ever obtained or used any Employer Identification Number (EIN) or other tax identification number in connection with your lending activities, and if so, identify: (a) the type of tax identification number (e.g., EIN, SSN), (b) the years in which it was used, and (c) the purpose for which it was used (e.g., loan origination, tax reporting, banking). | Bank records reflect that the deposits and withdrawals in the account are made under the name "Steve Smead d/b/a Smead D&S Rentals." | 18 U.S.C. § 1961(4) "enterprise" includes any individual, partnership, corporation, association, *or other legal entity*, and any union or group of individuals associated in fact although not a legal entity; |
| **INTERROGATORY NO. 19**<br><br>State how you reported payments you collected on the Utah loan on your Federal tax return(s) (tax years 2021–2023), identifying the tax year, schedule, and line item, and the income category. If not reported, so state and explain why. | The parties have disputed whether the Utah loan was principal or interest.<br><br>Re ¶ 25, Defendant admits that he made a loan to Plaintiff …in the principal amount of $200,000. *See* ECF No. 90 at 5. | 18 U.S.C. § 1961(6) "unlawful debt" means a debt (A) which is unenforceable under State or Federal law in whole or in part *as to principal or interest* because of the laws relating to usury, and (B) which was incurred in connection with the business the business of lending money at a rate usurious under State or Federal law, where the usurious rate is at least twice the enforceable rate; |

| Requests for Admissions, Set No. 2 | Relevance | Claim |
|---|---|---|
| REQUESTS FOR ADMISSION NO. 13<br><br>Admit that you used escrow companies, loan servicing companies, and foreclosure trustees on more than one loan transaction involving Plaintiff. | Bank records and documents received in discovery show that Defendant paid escrow companies, loan servicing companies and foreclosure trustees on more than one loan transaction involving plaintiff. | 18 U.S.C. § 1961(4) "enterprise" includes any individual, partnership, corporation, association, *or other legal entity*, and any union or group of individuals associated in fact although not a legal entity; |
| REQUESTS FOR ADMISSION NO. 14<br><br>Admit that you used escrow companies, loan servicing companies, and foreclosure trustees on loan transactions with borrowers other than Plaintiff. | Defendant has Answered: Re ¶ 6, Defendant admits that he has made loans only to individuals by funding real estate secured loans over the past several decades to individuals only. *See* ECF No. 90 at 2. | 18 U.S.C. § 1961(4) "enterprise" includes any individual, partnership, corporation, association, *or other legal entity*, and any union or group of individuals associated in fact although not a legal entity; |
| REQUESTS FOR ADMISSION NO. 15<br><br>Admit that you coordinated with escrow companies, loan servicing companies, and foreclosure trustees in connection with loan transactions and foreclosure proceedings involving Plaintiff. | Bank records and emails show that Defendant coordinated with escrow companies, loan servicing companies, and foreclosure trustees in connection with loan transactions and foreclosure proceedings involving Plaintiff. | 18 U.S.C. § 1961(4) "enterprise" includes any individual, partnership, corporation, association, *or other legal entity*, and any union or group of individuals associated in fact although not a legal entity; |
| REQUESTS FOR ADMISSION NO. 17<br><br>Admit that your private lending business is a sole proprietorship. | Bank records reflect that the deposits and withdrawals in the account are made under the name "Steve Smead d/b/a Smead D&S Rentals." | 18 U.S.C. § 1961(4) "enterprise" includes any individual, partnership, corporation, association, *or other legal entity*, and any union or group of individuals associated in fact although not a legal entity; |
| REQUESTS FOR ADMISSION NO. 30<br><br>Admit that you did not dispute or correct the statement in the email marked as SMEAD | Email records produced in discovery do not show that Defendant disputed or corrected the statement marked as SMEAD PRODUCTION | 18 U.S.C. § 1961(6) "unlawful debt" means a debt (A) which is unenforceable under State or Federal law in whole or in part as to *principal or interest* because of the laws relating to |

| PRODUCTION 9/18/25 S338 quoted in Request for Admission No. 29. | 9/18/25 S338 quoted in Request for Admission No. 29. | usury, and (B) which was incurred in connection with the business the business of lending money at a rate usurious under State or Federal law, where the usurious rate is at least twice the enforceable rate; |
|---|---|---|
| REQUESTS FOR ADMISSION NO. 31<br><br>Admit that the $100,000 referenced in SMEAD PRODUCTION 9/18/25 S338 was not disbursed to Plaintiff through escrow in connection with the Utah Deed of Trust recorded June 29, 2021. | Bank records do not show that the $100,000 referenced in SMEAD PRODUCTION 9/18/25 S338 was disbursed to Plaintiff through escrow in connection with the Utah Deed of Trust recorded June 29, 2021. | 18 U.S.C. § 1961(6) "unlawful debt" means a debt (A) which is unenforceable under State or Federal law in whole or in part as to *principal or interest* because of the laws relating to usury, and (B) which was incurred in connection with the business the business of lending money at a rate usurious under State or Federal law, where the usurious rate is at least twice the enforceable rate; |
| **Requests for Admission, Set No. 1** | **Relevance** | **Claim** |
| REQUEST FOR ADMISSION NO. 6<br><br>Admit that, only $100,000 of the $200,000 loan issued on or about June 22, 2021, to Clinton Brown was disbursed through escrow, and that the remaining $100,000 was accounted for as having been "settled outside of escrow." | Bank records show that only $100,000 was sent to escrow for the loan issued on or about June 22, 2021. | 18 U.S.C. § 1961(6) "unlawful debt" means a debt (A) which is unenforceable under State or Federal law in whole or in part as to *principal or interest* because of the laws relating to usury, and (B) which was incurred in connection with the business the business of lending money at a rate usurious under State or Federal law, where the usurious rate is at least twice the enforceable rate; |

Respectfully submitted,

Dated: November 21, 2025

*/s/ Clinton Brown, Pro Se*
1431 Ocean Ave, Unit 413
Santa Monica, CA 90401
brown_clinton@msn.com
310-775-7990

CC: All Counsel of Record (via ECF) on November 21, 2025