Fred Hickman (#124406)
fredhickman@gmail.com
17602 17th St Ste 102-206
Tustin CA 92780
714-315-1565; fax 714-838-0835

Attorney for: Defendant Steve Smead

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CLINTON BROWN,<br><br>　　　　　PLAINTIFF,<br><br>VS.<br><br>STEVE SMEAD,<br><br>　　　　　DEFENDANTS. | Case No.: 2:23-cv-02938-MEMF(KSx)<br><br>RESPONSE TO REQUEST FOR ADMISSIONS SET NO. TWO<br><br>DATE: n/a<br>TIME: n/a<br>CTRM: 8B |

PROPOUNDING PARTY: PLAINTIFF BROWN

RESPONDING PARTY: DEFENDANT SMEAD

SET NO.: REQUESTS FOR ADMISSION BY BROWN, SET NO. TWO

GENERAL OBJECTIONS

　　A. The Request for Admissions Set No. Two lacks a Certificate of Service, and as no consent to receiving an email image of it was given, and as service by mail is the only allowed option for this discovery request, the discovery request is invalid and does not require a response. However, without waiving this defect, this response is volunteered in the interests of judicial economy.

B. As to each and every Request for Admission, and the set of Requests for Admission: The Request violates Rule 11 and the violates formatting requirements of the Rules of Civil Procedure for discovery requests, and violates the Rules of Civil Procedure for Requests for Admission as the Requests for Admission are not set forth in a separately document, but included as part of a multi-part discovery request that includes interrogatories and requests for admission, in violation of Rule 36 and Rule 36(a)(2). The Responses herein are made without waiving these general objections. These general objections are included by reference in each of the Responses to each Request for Admission. This objection, set forth in each Response to each Request for Admission is defined as "Violation of: Rule 11, Rule 36, the Rules of Civil Procedure and local rules of the Central District of California for inclusion of material that is not Requests for Admission and in violation of formatting requirements."

REQUESTS FOR ADMISSION NO. 9

Admit that you relied on escrow companies to complete loan originations for loans issued to Plaintiff.

RESPONSE TO REQUEST FOR ADMISSION NO. 9:

OBJECTIONS:

1. The request and entire set violate: Rule 11, Rule 36, the Rules of Civil Procedure, and local rules of the Central District of California for inclusion of material that is not Requests for Admission and in violation of formatting requirements.

2. Vague and ambiguous as to "complete" in the context of the request.

3. The request does not separately state a matter, but improperly combines and includes more than one matter in violation of Rule 36(a)(2), as there were several loans to Plaintiff, an initial second

priority loan secured by the vacant Malibu lot, a subsequent consolidation loan replacing the second priority secured by the vacant Malibu loan, a second priority loan secured by raw land in the Hinkley area of San Bernardino County, the purchase of the first priority loan by another lender secured by that same raw land in the Hinkley area, and a loan secured by raw land in the State of Utah.

WITHOUT WAIVING AND SUBJECT TO THE OBJECTIONS:

Denied. Respondent denies the request. Escrow companies were involved in the loan originations for disbursing loan funds and obtaining properly signed, notarized and recorded deeds of trust to assure that the loans were secured against the raw land that secured the indebtedness.

REQUESTS FOR ADMISSION NO. 10

Admit that you relied on loan servicing companies to collect payments on loans issued to Plaintiff.

RESPONSE TO REQUEST FOR ADMISSION NO. 10:

OBJECTIONS:

1. The request and entire set violate: Rule 11, Rule 36, the Rules of Civil Procedure, and local rules of the Central District of California for inclusion of material that is not Requests for Admission and in violation of formatting requirements.

2. The request does not separately state a matter, but improperly combines and includes more than one matter in violation of Rule 36(a)(2), as there were several loans to Plaintiff, an initial second priority loan secured by the vacant Malibu lot, a subsequent consolidation loan replacing the second priority secured by the vacant Malibu loan, a second priority loan secured by raw land in the Hinkley area of San Bernardino County, the purchase of the first priority loan

by another lender secured by that same raw land in the Hinkley area, and a loan secured by raw land in the State of Utah.

WITHOUT WAIVING AND SUBJECT TO THE OBJECTIONS:

Denied. Respondent denies the request. The only loan servicing company involved for receipt of payments from Plaintiff was as to the second priority loan and then the replacement consolidation loan secured by the Malibu vacant lot, that servicing company being Superior Loan Servicing. No loan servicing company was involved to receive loan payments as to the other loans.

REQUESTS FOR ADMISSION NO. 11

Admit that you relied on foreclosure trustees to conduct foreclosure proceedings on loans issued to Plaintiff.

RESPONSE TO REQUEST FOR ADMISSION NO. 11:

OBJECTIONS:

1. The request and entire set violate: Rule 11, Rule 36, the Rules of Civil Procedure, and local rules of the Central District of California for inclusion of material that is not Requests for Admission and in violation of formatting requirements.

2. The request does not separately state a matter, but improperly combines and includes more than one matter in violation of Rule 36(a)(2), as there were several loans to Plaintiff, an initial second priority loan secured by the vacant Malibu lot, a subsequent consolidation loan replacing the second priority secured by the vacant Malibu loan, a second priority loan secured by raw land in the Hinkley area of San Bernardino County, the purchase of the first priority loan by another lender secured by that same raw land in the Hinkley area, and a loan secured by raw land in the State of Utah, and there was no foreclosure proceeding on several of the loans.

Based on the foregoing objections, Respondent declines to answer the request.

REQUESTS FOR ADMISSION NO. 12

Admit that you and the escrow companies, loan servicing companies, and foreclosure trustees shared the common purpose of originating, servicing, and enforcing loans made to Plaintiff.

RESPONSE TO REQUEST FOR ADMISSION NO. 12:

OBJECTIONS:

1.    The request and entire set violate: Rule 11, Rule 36, the Rules of Civil Procedure, and local rules of the Central District of California for inclusion of material that is not Requests for Admission and in violation of formatting requirements.

2.    The request does not separately state a matter, but improperly combines and includes more than one matter in violation of Rule 36(a)(2), as there were several loans to Plaintiff, an initial second priority loan secured by the vacant Malibu lot, a subsequent consolidation loan replacing the second priority secured by the vacant Malibu loan, a second priority loan secured by raw land in the Hinkley area of San Bernardino County, the purchase of the first priority loan by another lender secured by that same raw land in the Hinkley area, and a loan secured by raw land in the State of Utah, and there was no foreclosure proceeding on several of the loans.

3. The request does not separately state a matter, but improperly combines and includes more than one matter in violation of Rule 36(a)(2), as it refers to: "escrow companies, loan servicing companies, and foreclosure trustees shared the common purpose of originating, servicing, and enforcing loans".

4. The Request is compound and conjunctive.

Based on the foregoing objections, Respondent declines to answer the request.

REQUESTS FOR ADMISSION NO. 13

Admit that you used escrow companies, loan servicing companies, and foreclosure trustees on more than one loan transaction involving Plaintiff.

RESPONSE TO REQUEST FOR ADMISSION NO. 13:

OBJECTIONS:

1. The request and entire set violate: Rule 11, Rule 36, the Rules of Civil Procedure, and local rules of the Central District of California for inclusion of material that is not Requests for Admission and in violation of formatting requirements.

2. The request does not separately state a matter, but improperly combines and includes more than one matter in violation of Rule 36(a)(2), as there were several loans to Plaintiff, an initial second priority loan secured by the vacant Malibu lot, a subsequent consolidation loan replacing the second priority secured by the vacant Malibu loan, a second priority loan secured by raw land in the Hinkley area of San Bernardino County, the purchase of the first priority loan by another lender secured by that same raw land in the Hinkley area, and a loan secured by raw land in the State of Utah, and there was no foreclosure proceeding on several of the loans.

3. The request does not separately state a matter, but improperly combines and includes more than one matter in violation of Rule 36(a)(2), as it refers to: "escrow companies, loan servicing companies, and foreclosure trustees shared the common purpose of originating, servicing, and enforcing loans".

4. The Request is compound and conjunctive.

Based on the foregoing objections, Respondent declines to answer the request.

REQUESTS FOR ADMISSION NO. 14

Admit that you used escrow companies, loan servicing companies, and foreclosure trustees on loan transactions with borrowers other than Plaintiff.

RESPONSE TO REQUEST FOR ADMISSION NO. 14:

OBJECTIONS:

1. The request and entire set violate: Rule 11, Rule 36, the Rules of Civil Procedure, and local rules of the Central District of California for inclusion of material that is not Requests for Admission and in violation of formatting requirements.

2. The request does not separately state a matter, but improperly combines and includes more than one matter in violation of Rule 36(a)(2), as there were several loans to Plaintiff, an initial second priority loan secured by the vacant Malibu lot, a subsequent consolidation loan replacing the second priority secured by the vacant Malibu loan, a second priority loan secured by raw land in the Hinkley area of San Bernardino County, the purchase of the first priority loan by another lender secured by that same raw land in the Hinkley area, and a loan secured by raw land in the State of Utah, and there was no foreclosure proceeding on several of the loans.

3. The request does not separately state a matter, but improperly combines and includes more than one matter in violation of Rule 36(a)(2), as it refers to: "escrow companies, loan servicing companies, and foreclosure trustees on loan transactions with borrowers other than Plaintiff".

4. The Request is compound and conjunctive.

5. The request lacks relevance to the issues in the case as it seeks admission or denial of information on other loans not made to Plaintiff, i.e., re "loan transactions with borrowers other than Plaintiff".

6. The request is not reasonably calculated to pertain to issues or discoverable matters in the case as it seeks admission or denial of information on other loans not made to Plaintiff, i.e., re "loan transactions with borrowers other than Plaintiff", those "other borrowers" not being parties to this case, nor loans involving other that those to Plaintiff.

7. The request invades the rights of privacy protected by federal and California constitutional provisions of Respondent and other persons, as Plaintiff requests admission or denial regarding "loan transactions with borrowers other than Plaintiff", those "other borrowers" not being parties to this case, nor loans involving other that those to Plaintiff.

Based on the foregoing objections, Respondent declines to answer the request.

REQUESTS FOR ADMISSION NO. 15

Admit that you coordinated with escrow companies, loan servicing companies, and foreclosure trustees in connection with loan transactions and foreclosure proceedings involving Plaintiff.

RESPONSE TO REQUEST FOR ADMISSION NO. 15:

OBJECTIONS:

1. The request and entire set violate: Rule 11, Rule 36, the Rules of Civil Procedure, and local rules of the Central District of California for inclusion of material that is not Requests for Admission and in violation of formatting requirements.

2. The request does not separately state a matter, but improperly combines and includes more than one matter in violation of Rule 36(a)(2), as there were

several loans to Plaintiff, an initial second priority loan secured by the vacant Malibu lot, a subsequent consolidation loan replacing the second priority secured by the vacant Malibu loan, a second priority loan secured by raw land in the Hinkley area of San Bernardino County, the purchase of the first priority loan by another lender secured by that same raw land in the Hinkley area, and a loan secured by raw land in the State of Utah, and there was no foreclosure proceeding on several of the loans.

3.  The request does not separately state a matter, but improperly combines and includes more than one matter in violation of Rule 36(a)(2), as it refers to: "escrow companies, loan servicing companies, and foreclosure trustees in connection with loan transactions and foreclosure proceedings".

4.  The Request is compound and conjunctive and disjunctive.

Based on the foregoing objections, Respondent declines to answer the request.

REQUESTS FOR ADMISSION NO. 16

Admit that your private lending business is not a corporation, partnership, or limited liability company.

RESPONSE TO REQUEST FOR ADMISSION NO. 16:

OBJECTIONS:

1.    The request and entire set violate: Rule 11, Rule 36, the Rules of Civil Procedure, and local rules of the Central District of California for inclusion of material that is not Requests for Admission and in violation of formatting requirements.

2.    The Request is compound and conjunctive and disjunctive.

3.    The request is vague and ambiguous as to "private lending business" as pertaining to the loans at issue in the case as made by Defendant Steve

Smead as promissee of the respective promissory notes and beneficiary of the respective deeds of trust.

WITHOUT WAIVING AND SUBJECT TO THE OBJECTIONS:

Respondent admits the request No. 16.


REQUESTS FOR ADMISSION NO. 17

Admit that your private lending business is a sole proprietorship.

RESPONSE TO REQUEST FOR ADMISSION NO. 17:

OBJECTIONS:

1.   The request and entire set violate: Rule 11, Rule 36, the Rules of Civil Procedure, and local rules of the Central District of California for inclusion of material that is not Requests for Admission and in violation of formatting requirements.

2.   The request calls for a legal conclusion.

3.   The request lacks relevance to the case.

4.   The request is vague and ambiguous as to "private lending business" as pertaining to the loans at issue in the case as made by Defendant Steve Smead as promissee of the respective promissory notes and beneficiary of the respective deeds of trust.

Based on the foregoing objections, Respondent declines to answer the request.


REQUESTS FOR ADMISSION NO. 18

Admit that after Plaintiff provided you an appraisal valuing the Harper Lake property at approximately $1.1 million, you acquired the first deed of trust on that property.

RESPONSE TO REQUEST FOR ADMISSION NO. 18:

OBJECTIONS:

RESPONSE REQUESTS FOR ADMISSION BY BROWN TO SMEAD SET TWO
*BROWN VS. SMEAD 23-cv-02938*

1.   The request and entire set violate: Rule 11, Rule 36, the Rules of Civil Procedure, and local rules of the Central District of California for inclusion of material that is not Requests for Admission and in violation of formatting requirements.

2.   The request is misleading and false, as there is no basis to assert that the raw land securing the loan was of such a value as set forth in the request.

3.   The request lacks relevance to the case.

WITHOUT WAIVING AND SUBJECT TO THE OBJECTIONS:

Denied. The Request is denied. Respondent denies that any appraisal provided by Plaintiff was bona fide or correct. Respondent viewed the appraisal provided by Plaintiff after default on both loans, the first and the second, to be false, and intended by Plaintiff to mislead Respondent in his choice of remedies and enforcement of his purchase money promissory note and his second priority deed of trust securing his promissory note. When Plaintiff was long in default with foreclosure under the second priority promissory note and deed of trust of which Respondent was promissee and beneficiary, respectively, as to the security property, raw land, in the Hinkley area, Harper Lake area, of San Bernardino County, Plaintiff sent Respondent a false and inflated an illegitimate appraisal for the raw land, not performed or issued by a qualified certified real estate appraiser, and not based on true values. Respondent purchased and received endorsement of the other lender's promissory note from Plaintiff, and received assignment of the first trust deed securing the first priority purchase money loan, that first priority loan being long in default at the time of the endorsement and assignment for Plaintiff's failure to pay real property taxes, those being in default, and failure to make the required payments under that first priority promissory note and deed of trust, as the loan and deed of trust of the first priority from the other lender was itself subject to foreclosure under that other lender's deed of trust, that other lending being a purchase money lender, as was Respondent, Respondent himself

having a second trust deed against the raw land, and took endorsement of the promissory note from the first priority lender in order not to have Respondent's security interest be foreclosed out as a junior lienor to an anticipated trustee's sale under the other lender's first priority deed of trust, with Respondent's second priority loan against the security property being subject to foreclosure for Plaintiff's defaults on failure to pay property taxes and failure to make payments under the promissory note and deed of trust of Respondent as promissee and beneficiary.

REQUESTS FOR ADMISSION NO. 19

    Admit that after acquiring the first deed of trust on the Harper Lake property, you initiated foreclosure against Plaintiff.

RESPONSE TO REQUEST FOR ADMISSION NO. 19:

    OBJECTIONS:

1.  The request and entire set violate: Rule 11, Rule 36, the Rules of Civil Procedure, and local rules of the Central District of California for inclusion of material that is not Requests for Admission and in violation of formatting requirements.

2.  The request does not separately state a matter, but improperly combines and includes more than one matter in violation of Rule 36(a)(2), as there were several loans to Plaintiff, an initial second priority loan secured by the vacant Malibu lot, a subsequent consolidation loan replacing the second priority secured by the vacant Malibu loan, a second priority loan secured by raw land in the Hinkley area of San Bernardino County, the purchase of the first priority loan by another lender secured by that same raw land in the Hinkley area, and a loan secured by raw land in the State of Utah, and there was no foreclosure proceeding on several of the loans.

3.  The request does not separately state a matter, but improperly combines and includes more than one matter in violation of Rule 36(a)(2), as there

were two loans owned by Respondent secured by the subject real property at the time of the private trustee's sale under the second priority deed of trust, the first priority loan also being in default and subject to the private trustee's sale process.

4.     The Request is vague and ambiguous, as there were two loans owned by Respondent secured by the subject real property at the time of the private trustee's sale under the second priority deed of trust, the first priority loan also being in default and subject to the private trustee's sale process.

WITHOUT WAIVING AND SUBJECT TO THE OBJECTIONS:

Respondent admits that he caused the trustee under the second priority deed of trust securing the second priority note to initiate, i.e., commence the private trustee's sale process, called by Plaintiff, "foreclosure", after purchasing and taking endorsement of the other purchase money lender's first priority promissory note and receiving assignment of the deed of trust securing the first priority note. Respondent denies the remainder of the request.


REQUESTS FOR ADMISSION NO. 20

Admit that you knew the Harper Lake property was appraised at about $1.1 million when you foreclosed.

RESPONSE TO REQUEST FOR ADMISSION NO. 20:

OBJECTIONS:

1.     The request and entire set violate: Rule 11, Rule 36, the Rules of Civil Procedure, and local rules of the Central District of California for inclusion of material that is not Requests for Admission and in violation of formatting requirements.

2.     The request is misleading and false, as there is no basis to assert that the raw land securing the loan was of such a value as set forth in the request.

WITHOUT WAIVING AND SUBJECT TO THE OBJECTIONS:

Denied. Respondent denies the request. Respondent is not aware of any bona fide or objectively prepared appraisal, not any appraisal by a certified appraiser for property of the subject's type, and lacks any information or belief that such a value existed at any time for the subject property.

REQUESTS FOR ADMISSION NO. 21

Admit that you believed the Harper Lake property was worth more than the loan balance at the time you foreclosed.:

RESPONSE TO REQUEST FOR ADMISSION NO. 21:

OBJECTIONS:

1. The request and entire set violate: Rule 11, Rule 36, the Rules of Civil Procedure, and local rules of the Central District of California for inclusion of material that is not Requests for Admission and in violation of formatting requirements.

2. The request is vague and ambiguous as there were two loans as to the subject real property identified in the request, and both subject to foreclosure for Plaintiff's default on both the first and second priority purchase money loans, and at the time of the private trustee's sale process ending in the issuance of a Trustee's Deed Upon Sale to Respondent, under the second priority note and deed of trust, Respondent was also the endorsee and owner of the first priority promissory notes as lender by endorsement from that initial lender, and was the assignee of the respective first priority deed of trust from that initial lender.

WITHOUT WAIVING AND SUBJECT TO THE OBJECTIONS:

Denied. Respondent denies the request.

REQUESTS FOR ADMISSION NO. 22

Admit that at the time you foreclosed on Harper Lake, the property was worth more than the amount you were owed under the loan.

RESPONSE TO REQUEST FOR ADMISSION NO. 22:

OBJECTIONS:

1. The request and entire set violate: Rule 11, Rule 36, the Rules of Civil Procedure, and local rules of the Central District of California for inclusion of material that is not Requests for Admission and in violation of formatting requirements.

2. The request is vague and ambiguous as there were two loans as to the subject real property identified in the request, and both subject to foreclosure for Plaintiff's default on both the first and second priority purchase money loans, and prior to the trustee's sale process on the second priority deed of trust that resulted in the issuance to Respondent of a Trustee's Deed Upon Sale for the indebtedness owed on the second priority loan, the first priority loan originated by another lender was also at that time, endorsed to Respondent and the deed of trust securing it assigned to Respondent, that first priority loan not having had a private trustee's sale process formally initiated.

WITHOUT WAIVING AND SUBJECT TO THE OBJECTIONS:

Denied. Respondent denies the request.


REQUESTS FOR ADMISSION NO. 23

Admit that you acquired the Malibu property on January 4, 2023, the Harper Lake property on January 5, 2023, and the Utah property on March 8, 2023, with funds from your bank account ending in 6236.

RESPONSE TO REQUEST FOR ADMISSION NO. 23:

OBJECTIONS:

1.    The request and entire set violate: Rule 11, Rule 36, the Rules of Civil Procedure, and local rules of the Central District of California for inclusion of material that is not Requests for Admission and in violation of formatting requirements.

2.    The request is vague and ambiguous as the trustee's sale process under the several deeds of trust as to the several properties and several loans is based on defaults under the respective promissory notes and deeds of trust.

3.    The request does not separately state a matter, but improperly combines and includes more than one matter in violation of Rule 36(a)(2), as there were three separately trustee's private sales processes as to the several real property securities under several deeds of trust, one as to the vacant Malibu lot, another as to a second priority loan secured by raw land in the Hinkley area of San Bernardino County, and another as to raw land in the in the State of Utah.

4.    The request is compound and conjunctive.

5.    The request is vague and ambiguous and confusing as the private trustee's sale process that results in issuance by the trustee of Trustee's Deeds Upon Sale is based on indebtedness and default under promissory notes and deeds of trust, not on "funds" from an account ending in -6236 or otherwise.

WITHOUT WAIVING AND SUBJECT TO THE OBJECTIONS:

Denied. Respondent denies the request.


REQUESTS FOR ADMISSION NO. 24

Admit that the Deed of Trust recorded June 29, 2021 (Utah loan) states a principal obligation of $200,000.

RESPONSE TO REQUEST FOR ADMISSION NO. 24:

OBJECTIONS:

1.    The request and entire set violate: Rule 11, Rule 36, the Rules of Civil Procedure, and local rules of the Central District of California for inclusion of material that is not Requests for Admission and in violation of formatting requirements.

WITHOUT WAIVING AND SUBJECT TO THE OBJECTIONS:

Admitted. Respondent admits this request.


REQUESTS FOR ADMISSION NO. 25

Admit that you did not fund $200,000 to Plaintiff through escrow in connection with the Deed of Trust recorded June 29, 2021.

RESPONSE TO REQUEST FOR ADMISSION NO. 25:

OBJECTIONS:

1.    The request and entire set violate: Rule 11, Rule 36, the Rules of Civil Procedure, and local rules of the Central District of California for inclusion of material that is not Requests for Admission and in violation of formatting requirements.

2.    The request is vague and ambiguous as to the subject loan.

3.    The request is vague and ambiguous as to the meaning of "fund" in connection with a loan.

WITHOUT WAIVING AND SUBJECT TO THE OBJECTIONS:

Denied. The respondent denies this request.


REQUESTS FOR ADMISSION NO. 26

Admit that you funded only $100,000 to Plaintiff through escrow in connection with the Deed of Trust recorded June 29, 2021.

RESPONSE TO REQUEST FOR ADMISSION NO. 26:

OBJECTIONS:

1. The request and entire set violate: Rule 11, Rule 36, the Rules of Civil Procedure, and local rules of the Central District of California for inclusion of material that is not Requests for Admission and in violation of formatting requirements.

2. The request is vague and ambiguous as to the subject loan.

3. The request is vague and ambiguous as to the meaning of "funded" in connection with a loan.

WITHOUT WAIVING AND SUBJECT TO THE OBJECTIONS:

Denied. The respondent denies this request.


REQUESTS FOR ADMISSION NO. 27

Admit that you collected interest payments calculated on $200,000 principal under the Utah Deed of Trust recorded June 29, 2021.

RESPONSE TO REQUEST FOR ADMISSION NO. 27:

OBJECTIONS:

1. The request and entire set violate: Rule 11, Rule 36, the Rules of Civil Procedure, and local rules of the Central District of California for inclusion of material that is not Requests for Admission and in violation of formatting requirements.

2. The request is vague and ambiguous as to the subject loan.

3. The request is vague and ambiguous as to the meaning of "funded" in connection with a loan.

WITHOUT WAIVING AND SUBJECT TO THE OBJECTIONS:

Denied. Respondent denies the request. Plaintiff made only four payments totaling $11,669.00 on the Utah loan.

REQUESTS FOR ADMISSION NO. 28

Admit that the document SMEAD PRODUCTION 9/18/25 S338 is a true and correct copy of an email dated June 18, 2021, that you received.

RESPONSE TO REQUEST FOR ADMISSION NO. 28:

OBJECTIONS:

1. The request and entire set violate: Rule 11, Rule 36, the Rules of Civil Procedure, and local rules of the Central District of California for inclusion of material that is not Requests for Admission and in violation of formatting requirements.

WITHOUT WAIVING AND SUBJECT TO THE OBJECTIONS:

Admitted. Respondent admits the request.

REQUESTS FOR ADMISSION NO. 29

Admit that SMEAD PRODUCTION 9/18/25 S338 states: "$100,000 of this refinance has already been allocated to Steve Smead and therefore the remaining funds that will be sent by Steve will be $100,000."

RESPONSE TO REQUEST FOR ADMISSION NO. 29:

OBJECTIONS:

1. The request and entire set violate: Rule 11, Rule 36, the Rules of Civil Procedure, and local rules of the Central District of California for inclusion of material that is not Requests for Admission and in violation of formatting requirements.

2. The request is in the form of an interrogatory.

3. The request is not proper as it sets forth an alleged quotation from a document requesting that it states what the document reads in the quotation.

Based on the foregoing objections, Respondent declines to respond to answer the request.

REQUESTS FOR ADMISSION NO. 30

Admit that you did not dispute or correct the statement in the email marked as SMEAD PRODUCTION 9/18/25 S338 quoted in Request for Admission No. 29.

RESPONSE TO REQUEST FOR ADMISSION NO. 30:

OBJECTIONS:

1. The request and entire set violate: Rule 11, Rule 36, the Rules of Civil Procedure, and local rules of the Central District of California for inclusion of material that is not Requests for Admission and in violation of formatting requirements.

2. The request is in the form of an interrogatory.

3. The request is not proper as it sets forth an alleged quotation from a document requesting that it states what the document reads in the quotation.

4. The request is not in proper form as cross-referencing different requests for admission.

Based on the foregoing objections, Respondent declines to answer the request.

REQUESTS FOR ADMISSION NO. 31

Admit that the $100,000 referenced in SMEAD PRODUCTION 9/18/25 S338 was not disbursed to Plaintiff through escrow in connection with the Utah Deed of Trust recorded June 29, 2021.

RESPONSE TO REQUEST FOR ADMISSION NO. 31:

OBJECTIONS:

1. The request and entire set violate: Rule 11, Rule 36, the Rules of Civil Procedure, and local rules of the Central District of California for

inclusion of material that is not Requests for Admission and in violation of formatting requirements.

2. The request is ambiguous and confusing in the context of the request as to the document referenced.

Based on the foregoing objections, Respondent declines to answer the request.

REQUESTS FOR ADMISSION NO. 32

Admit that as lender, you directed TitleFirst Title Insurance Agency regarding recording and disbursement for the Utah loan closing.

RESPONSE TO REQUEST FOR ADMISSION NO. 32:

OBJECTIONS:

1. The request and entire set violate: Rule 11, Rule 36, the Rules of Civil Procedure, and local rules of the Central District of California for inclusion of material that is not Requests for Admission and in violation of formatting requirements.

2. The request is confusing as the loan escrow was by instructions from Plaintiff, and reliance on Plaintiff's orchestration of the escrow and the contents of instruments and instructions made by Plaintiff to escrow, and by joint escrow instructions.

Based on the foregoing objections, Respondent declines to answer the request.

Date: November 1, 2025    _/s/ Fred Hickman_ Fred Hickman
Fred Hickman
fredhickman@gmail.com
Attorney for: Defendant Steve Smead

CERTIFICATE OF SERVICE BY MAIL -- PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age to 18 years and not a part to the within action. My business address is 17602 17th St., Ste 102-206, Tustin CA 92780.

On November 1, 2025, I served the foregoing document described as:

DEFENDANT SMEAD'S RESPONSE TO PLAINTIFF BROWN'S REQUESTS FOR ADMISSION, SET NO. TWO

on the interested parties in this action by placing a true and correct copy enclosed in a sealed envelope as follows:

Mr. Clinton Brown
1431 Ocean Ave, Unit 413
Santa Monica, CA 90401

BY Mail: I deposited the document in a sealed envelope in the mail, United States Postal Service, with postage fully prepaid at Santa Ana, California.

I hereby certify that I am a member of the Bar of the United States District Court, Central District of California. This certificate of service is executed on November 1, 2025, at Santa Ana California.

_/s Fred Hickman_
Fred Hickman