FRED HICKMAN
Attorney at Law
17602 17th St Ste 102-206, Tustin CA  92780
fredhickman@gmail.com; (714)315-1565

November 26, 2025

Re: *Brown v. Smead*, USDC Cal. C.D. Case No. 23-cv-02938-MEMF(KSx)
MOTIONS TO COMPEL RE Smead's Responses to Requests for Admission and to One Interrogatory.

To: The Honorable Karen L. Stevenson, Magistrate Judge:

Defendant opposes the motion by Plaintiff on the discovery disputes.

1. REQUESTS FOR ADMISSION—OBJECTIONS INTEAD OF ANSWER IS PROPER.

Plaintiff disputes that Defendant is entitled to make specific objections to a Requests for Admission (RFAs), as an alternative to an "answer". Here, Defendant Smead, has made in response to some RFAs detailed objections to specific RFAs and then not "answered", but stood on those objections, declining to "answer", i.e., either admit or deny (with qualifications if applicable). This is proper under the express statement of the rule for a response in Rule 36. Rule 36 expressly allows a respondent to "answer or object". It is one or the other. On these disputed RFAs, Respondent has made very specific objections and based on those objections, has declined to "answer" with either an admission or a denial. Here, Plaintiff takes the position that despite objections, which he did not dispute in the meet and confer nor in the informal discovery conference, Defendant Smead must still "answer" by admitting or denying. That is not the rule, and Defendant's responses with objections only, declining to answer with "admit or deny" is a proper response.

The RFAs in dispute are these:  Requests for Admission, Set # 2: ## 13, 14, 15, 17, 30, and 32; and Requests for Admission, Set #1: #6. (Defendant Smead in response to the telephonic meet and confer in the second week of November amended and served on Nov. 14 amended Responses to Requests for Admission Set #2 ## 11, 12, 29, and 32; and RFAs Set #1 #7.  The amended Responses to those, which had contained objections only rather than an "answer", amended to include admissions and denials as the answers, with the objections remaining.

2. INTERROGATORY RESPONSE DISPUTE

Plaintiff disputes the propriety of Defendant Smead's responses to Interrogatories Set #2: ## 10, 11, 12, and 19. Defendant has made specific objections to each of those, and these are sound. On #10, it is proper to object as to whether a "sole proprietorship" is involved, as that calls for Defendant to make a legal conclusion, where he is lending money in his personal capacity, as Plaintiff's complaint alleges him to be doing and the loan documents show. As to ## 11, 12, and 19, these improperly and unnecessarily seek to invade the qualified tax filings and tax information privileges, of both Defendant and his wife, and improperly invades privacy as well.

Brown v. Smead, USDC CD Cal., Case No. 23-cv-02938-MEMF(KSx)
Opposition Letter Brief by Defendant to Plaintiff's Motion re Defendant's RFA & Rog Responses
Nov. 26, 2025

> 3. SMEAD'S RESPONSES WITH OBJECTIONS ONLY TO CERTAIN REQUESTS FOR ADMISSION ARE A PROPER RESPONSE TO REQUESTS FOR ADMISSION UNDER RULE 36, AS IT PROVIDES FOR EITHER "ANSWER OR OBJECTION".

Rule 36 (a)(3) (emphasis added) states, in pertinent part: "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a **written answer or objection** addressed to the matter and signed by the party or its attorney."

Rule 36(a)(5) states: " The grounds for objecting to a request must be stated. . . ."

Rule 36(a)(6) states, in pertinent part: *Motion Regarding the Sufficiency of an Answer or Objection.* The requesting party may move to determine the *sufficiency of an **answer or objection***. Unless the court finds an objection justified, it must order that an answer be served.

"**Objections**: Instead of admitting or denying an RFA, the responding party may object thereto. [FRCP 36(a)(3)]." *Federal Civil Procedure Before Trial*, Judge Karen L. Stevenson, United States Chief of Magistrate Judge, Central Dist. Cal. (The Rutter Group 2025) 11:2053, p. 337. And, "**Proper objections:** Basically, the same objections available in response to other discovery requests are available in response to RFAs . . . " *Id*. at 11:2054, p. 337. The treatise at 11:2073 describes this: "Where responses are deemed deficient (e.g., because of objections or evasive responses), the requesting party may move for an order to determine the sufficiency of the response. [FRCP 36(a)(6)]." *Id*. at p. 339. "If the court determines an objection was unjustified, it will order an answer served." *Id*. at 11:2076, p. 340.

Here, the specific RFAs objected to and not answered contained multiple issues and multiple transactions, and multiple entities without names, but by type. The RFAs were not fairly and properly framed, but overdone. And so the objections were forthcoming as responses, on those, rather than answers.

Here, very particular and precise discovery objections are made to each of the RFAs that were not "answered", i.e., with admission or denial. This is proper under Rule 36. Objections only are entirely proper as a response without an "answer" of either admission or denial. Objections are not an "answer". They are in lieu of an answer. And then, these objections may be tested by motion. Only if the objections to the request are overruled, then the court orders the "answer", the admission or denial.

Here, one or more of the objections made instead of an answer were a proper response. And an "answer" or admission or denial, with or without qualifications was not required under Rule 36, which provides expressly for either "answer or objection".

Here, are the disputed Responses to Requests for Admission, stating the objections.

**Responses RFA Set One , #6.**
RFA Set 1, #6: "Admit that, only $100,000 of the $200,000 loan issued on or about June 22, 2021, to Clinton Brown was disbursed through escrow, and that the remaining $100,000 was accounted for as having been "settled outside of escrow." "
*Response Objections*: #1: the Request does not separate state a matter, but improperly combines and includes more than one matter in violation of Rule 36(a)(2). #2: the Request is compound, conjunctive,

Case 2:23-cv-02938-MEMF-KS    Document 113    Filed 11/26/25    Page 3 of 5    Page ID #:1279

Brown v. Smead, USDC CD Cal., Case No. 23-cv-02938-MEMF(KSx)
Opposition Letter Brief by Defendant to Plaintiff's Motion re Defendant's RFA & Rog Responses
Nov. 26, 2025

and disjunctive. #3: The Request is a Violation of: Rule 11, Rule 36, the Rules of Civil Procedure and local rules of the Central District of California for formatting and signature requirements. #4: The Request is vague and ambiguous as to: "loan", "issued", "accounted for", and as to the quotation " 'settled outside of escrow ' ". #5: The Request is framed as an interrogatory. #6: The Request amounts to a request for admission as to the genuineness of a document or contents, not attaching and referencing the document.

**Responses RFA Set Two, ##13, 14, 15, 17, 30, and 32.**

RFA #13: "Admit that you used escrow companies, loan servicing companies, and foreclosure trustees on more than one loan transaction involving Plaintiff."

*Response Objections* 2 & 3: matters improperly combined in violation of 36(a)(2) (multiple loan transactions are alleged in complaint, multiple types of companies referenced). Objection 4: "compound and conjunctive".

RFA #14: "Admit that you used escrow companies, loan servicing companies, and foreclosure trustees on loan transactions with borrowers other than Plaintiff."

*Response Objections* included were the same as those referenced as Objections 2, 3 and 4, in Response to    RFA #13, and also Objection 5 & 6 & 7, about loans to other than Plaintiff and not pleaded in the complaint: lacks relevance, not reasonably calculated, invasion of third party privacy.

RFA #15: "Admit that you coordinated with escrow companies, loan servicing companies, and foreclosure trustees in connection with loan transactions and foreclosure proceedings involving Plaintiff."

*Response Objections*, were the same as Objections 2, 3, and 4 to RFA ##13.

RFA #17: "Admit that your private lending business is a sole proprietorship."

*Response Objections*, were Obj. #2 calls for legal conclusion; #3 lacks relevance; #4 "vague and ambiguous as to " 'private lending business' as pertaining to the loans at issue in the case as made by Defendant Steve Smead as promissee of the respective promissory notes and beneficiary of the respective deeds of trust."

RFA #30: "Admit that you did not dispute or correct the statement in the email marked as SMEAD PRODUCTION 9/18/25 S338 quoted in Request for Admission No. 29."

*Response Objections*, were "2. The request is in the form of an interrogatory. 3. The request is not proper as it sets forth an alleged quotation from a document requesting that it states what the document reads in the quotation. 4. The request is not in proper form as cross-referencing different requests for admission.

RFA #32: "Admit that as lender, you directed TitleFirst Title Insurance Agency regarding recording and disbursement for the Utah loan closing."

*Response Objections*, were #2: " The request is confusing as the loan escrow was by instructions from Plaintiff, and reliance on Plaintiff's orchestration of the escrow and the contents of instruments and instructions made by Plaintiff to escrow, and by joint escrow instructions.

As to all these RFAs in Set Two, Respondent made Objection 1 to each as follows: "1. The request and entire set violate: Rule 11, Rule 36, the Rules of Civil Procedure, and local rules of the Central District of California for inclusion of material that is not Requests for Admission and in violation of formatting requirements."

4. **INTERROGATORIES SET NO. 2, ## 10, 11, 12, and 19**.

Rog#10: "Identify each Federal tax form you filed for 2020–2023 that reported or related to income from your lending activities, stating: (a) form type (e.g., Schedule C, Schedule SE); (b) tax year; (c)

Brown v. Smead, USDC CD Cal., Case No. 23-cv-02938-MEMF(KSx)
Opposition Letter Brief by Defendant to Plaintiff's Motion re Defendant's RFA & Rog Responses
Nov. 26, 2025

whether it reported lending income; and (d) whether such income was reported as business or self-employment income."

*Objection Responses:* #4 Compound; #5 Privilege as to tax returns and tax information and all payment record produced; #6, Privilege, Right of Privacy, for both Defendant and spouse, as joint returns are filed; #7, not reasonably calculated to lead to discovery of admissible information (for reasons stated therein).

Rog # 11: "State whether you have ever reported income from making real estate-secured loans on a Schedule C (Form 1040). If so, identify each tax year in which such income was reported. Do not provide copies of returns or specific dollar amounts — only identify the tax years."

*Objection Responses:* Same as objection ##s to Rog #10, i.e., Objections 4-7. And also , Obj. #8 (seeking "year" and re other loans and persons) not reasonably calculated re discovery of admission information"; Obj. 9, "lacks relevance."

Rog #12: "State whether you have ever obtained or used any Employer Identification Number (EIN) or other tax identification number in connection with your lending activities, and if so, identify: (a) the type of tax identification number (e.g., EIN, SSN), (b) the years in which it was used, and (c) the purpose for which it was used (e.g., loan origination, tax reporting, banking)."

*Objection Responses*: Same as objection ##s to Rog #10 i.e., Objections 4-7, plus as in response to Rog#11, Objections 8 and 9.

Rog #19: "State how you reported payments you collected on the Utah loan on your Federal tax return(s) (tax years 2021–2023), identifying the tax year, schedule, and line item, and the income category. If not reported, so state and explain why."

*Objection Responses*: Obj. 4 (compound); Obj. 5 (vague/ambiguous); Obj. 6 (tax information privilege for Defendant and spouse); Obj. 7 (privilege, violation personal privacy); Obj. 8 (not reasonably calculated re discovery of admission information).

5. THE QUALIFIED TAX PRIVILEGE AS TO BOTH DEFENDANT SMEAD AND HIS NON-PARTY SPOUSE, AND OTHER OBJECTIONS, APPLY AND ARE APPROPRIATE SO THAT A FURTHER RESPONSE WAS NOT REQUIRED TO THE DISPUTED INTERROGATORIES – PLAINTIFF HAS ALL INFORMATION DISCOVERED AND PRODUCED ON PAYMENTS AND INCOME TO SMEAD, LEAVING NO BASIS TO JUSTIFY THIS INVASION OF THE QUALIFIED PRIVILEGE.

In *Premium Serv. Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975), the Ninth Circuit upheld the quashing of a subpoena of third-party tax returns in an antitrust suit. Although the court adduced other grounds, the opinion suggests that it might equally have sustained the quashing for privacy reasons: "The district court could reasonably have found, without abusing its discretion, that [the plaintiff's] need for these documents was not sufficient to outweigh the burden and invasion of corporate privacy which would have resulted to [the third parties], especially since they were not parties to the suit." *Id.* at 229. Further, stated the Ninth Circuit: ("A public policy against unnecessary public disclosure arises from the need, if the tax laws are to function properly, to encourage taxpayers to file complete and accurate returns."). *Id*. at p. 229.

Brown v. Smead, USDC CD Cal., Case No. 23-cv-02938-MEMF(KSx)
Opposition Letter Brief by Defendant to Plaintiff's Motion re Defendant's RFA & Rog Responses
Nov. 26, 2025

In *Heathman v. United States Dist. Ct.*, 503 F.2d 1032, 1036 (9th Cir. 1974) the Ninth Circuit held that the qualified privilege against disclosure applied in civil discovery and only in appropriate circumstances ought disclosure of information to be required. (Chambers, J., concurring and dissenting) ("Because of our system of taxation through self-assessment, the maximization of federal revenue hinges on complete and detailed reporting by each taxpayer. Such reporting is in a large part nourished by the confidential nature of the tax returns."). And, it ought not be "routinely required." *Troglione v. McIntyre Aviation, Inc.*, 60 F.R.D. 511, 512 (W.D. Pa. 1973).

Court's recognize there is no need for invasion of tax return information, where it is available from other sources. *Eastern Auto Distribs., Inc., v. Peugeot Motors of Am.*, 96 F.R.D. 147, 149 & n. 1 (E.D. Va 1982) (reports and other sources of financial information disclosed by opponent); *Rele-Radi Sys., Ltd. V. DeForest Elecs., Inc.*, 92 F.R.D. 371, 374 n. 1, 375 (D.N.J. 1981 (corporate records financial statements, payment records, ledgers, bills "and the like"; *United States v. Bisceglia*, 420 U.S. 141, 146 (1975) (weighing alternatives for IRS to acquire information related to tax returns).

6. THE RIGHT TO PRIVACY OF NON-PARTY MRS. SMEAD AND OF DEFENDANT SMEAD APPLIES TO PREVENT DISCLOSURE.

The right of privacy also applies as to both Defendant Smead and his spouse, who is not a party to this case. Griswold v. Connecticut, 381 U.S. 479, 484 (1965) (right to personal privacy arises from the first, third, fourth, fifth and ninth Amendments to the Constitution. Ordering the responses would force disclosure of these individuals tax information, and such disclosure is prevented by the right to privacy under the disclosures, and that would be violated by disclosure, as the spouse of Defendant Smead is included in joint returns.

7. CONCLUSION.

Based on the foregoing, the motions to compel supplemental responses should be denied.

Respectfully submitted,

*Fred Hickman*

Fred Hickman

APPENDIX OF PDFS OF RESPONSES FILED AS ATTACHMENTS
1. RFA Set #1 Response
2. RFA Set #2 Response
3. Interrogatories Set #1 Response
4. Amended Response RFA Set #1, RFA #7
5. Amended Response RFA Set #2, RFAs ## 11, 12, 29, 32