Fred Hickman (#124406)
fredhickman@gmail.com
17602 17th St Ste 102-206
Tustin CA 92780
714-315-1565; fax 714-838-0835

Attorney for: Defendant Steve Smead

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| CLINTON BROWN, | Case No.: 2:23-cv-02938-MEMF(KSx) |
|---|---|
| PLAINTIFF, | |
| VS. | DEFENDANT SMEAD'S RESPONSE TO PLAINTIFF BROWN'S REQUESTS FOR ADMISSION, SET NO. ONE |
| STEVE SMEAD, | |
| DEFENDANTS. | DATE: n/a<br>TIME: n/a<br>CTRM: 8B |

PROPOUNDING PARTY: PLAINTIFF BROWN

RESPONDING PARTY: DEFENDANT SMEAD

SET NO.: ONE (NOT SPECIFIED AS TO SET NUMBER BY BROWN)

## GENERAL OBJECTIONS

As to each and every Request for Admission, and the set of Requests for Admission: The Request violates Rule 11 and the violates formatting requirements of the Rules of Civil Procedure for discovery requests, and violates the Rules of Civil Procedure for Requests for Admission by violating the requirement for a signature on the Requests of Admission, as no signature is made, and as the Requests for Admission are not set forth in a separate document, but included as

part of a multi-part discovery request that includes interrogatories, request for documents, and requests for admission, all in violation of Rule 36 and Rule 36(a)(2), and violates the Rules of Civil Procedure as without caption and formatting as required. The Responses herein are made without waiving these general se objections. These general objections are included by reference in each of the Responses to each Request for Admission. This objection, set forth in each Response to each Request for Admission is defined as "Violation of: Rule 11, Rule 36, the Rules of Civil Procedure and local rules of the Central District of California for formatting and signature requirements."

REQUEST FOR ADMISSION #1:

    Admit that, from on or around March 2020 to March 2023, Steve Smead conducted business at 352 East Harbor Boulevard, Santa Paula, California 93060, and that he directed, employed, or contracted with other individuals to carry out business functions at or through that address, including but not limited to lending, loan servicing, interest collection, foreclosure processing, or other real estate related activities.

RESPONSE TO REQUEST FOR ADMISSION #1:

    OBJECTIONS:

    Objection 1: the Request does not separate state a matter, but improperly combines and includes more than one matter in violation of Rule 36(a)(2).

    Objection 2: the Request is compound, conjunctive, and disjunctive.

    Objection 3: The Request is a Violation of: Rule 11, Rule 36, the Rules of Civil Procedure and local rules of the Central District of California for formatting and signature requirements.

/ / /

Objection 4: The Request is vague and ambiguous as to: "directed, employed, or contracted with other individuals"; "carry out business functions"; "including but not limited to"; "foreclosure processing"; and, "other real estate related activities."

Objection 5: The Request is framed as an interrogatory in its purpose and effect.

Without waiving and subject to these objections:

Defendant ADMITS that between March 2020 and March 2023, that he conducted business from the address of 352 East Harvard Boulevard, Santa Paula, California 93060, as his personal business office, including private lending on his own account, and dealt with third-party loan servicer personnel and title company personnel, other lenders with first priority loans on two of the real property security properties on which Defendant made loans to Brown, some of which third-parties performed loan servicing or acted as named trustees or substituted trustee under deeds of trust from Brown, and dealt with Brown's loans in communications and correspondence by email with Brown, and when Brown made any payments on the loans from Defendant, in collecting those loan payments, and in dealing with the results of foreclosure processes by foreclosure trustees as to the real property security subject to the deeds of trust Brown made to Defendant. Defendant ADMITS that at the address he kept record of the loan payments made by Plaintiff and expenses incurred in making and enforcing the loans to Plaintiff. Defendant ADMITS that as to Brown, that Defendant himself "serviced" the loans secured by Hinkley/Harper Lake and Fillmore, Utah security properties, and "serviced" some other loans made to other persons, in the sense Defendant's "servicing" being the application of payments on a loan and bookkeeping on a loan that he had made.

Defendant DENIES that he directed, employed or contracted with other individuals to carry out business functions at that address, all such persons not

being at that address, but at the business addresses of each of those third-party contractors, escrow companies, and foreclosure trustees. Defendant DENIES that he had any employees and employed no one at or through that address. Defendant DENIES that: he acted as loan servicer on any loans Defendant did not make and own as lender; DENIES he was a trustee in a deed of trust; DENIES he did foreclosure processing, and DENIES that he "serviced" any loan of which he was not lender.  Defendant DENIES in its entirety each and every other part of this request for admission that is not expressly admitted above.

REQUEST FOR ADMISSION #2:
Admit that, while operating a private real estate lending business, Steve Smead has issued at least three loans to individuals that were secured by real property and that resulted in foreclosure or the transfer of title through a deed-in-lieu of foreclosure.

RESPONSE TO REQUEST FOR ADMISSION #2:
    OBJECTIONS:
    Objection 1: the Request does not separate state a matter, but improperly combines and includes more than one matter in violation of Rule 36(a)(2).
    Objection 2: the Request is compound, conjunctive, and disjunctive.
    Objection 3: The Request is a Violation of: Rule 11, Rule 36, the Rules of Civil Procedure and local rules of the Central District of California for formatting and signature requirements.
    Objection 4: The Request is framed as an interrogatory in its purpose and effect.
    Without waiving and subject to these objections:
    Defendant ADMITS that he has made or bought at least three loans to the individual, Plaintiff Brown, each of the loans in which Plaintiff Brown was the borrower, that were secured by vacant and undeveloped real property that had no

structures or dwellings, and each of which of the loans resulted in the private trustee sale process of foreclosure of three of these loans, a transfer of title upon consummation of the foreclosure process in Trustee's Deeds Upon Sale.

Defendant DENIES there were any transfers of title based on deeds-in-lieu of foreclosure. Defendant DENIES in its entirety each and every other part of this request for admission that is not expressly admitted above.

REQUEST FOR ADMISSION #3:

Admit that, from on or around November 2020 through March 2023, Steve Smead received interest payments from Clinton Brown in connection with loans secured by the properties identified in the Second Amended Complaint--specifically, 42829 Harper Lake Road in Hinkley, California; 16390 South Black Rock Cutoff Road in Fillmore, Utah; and 21472 Calle del Barco in Malibu, California--and that the effective annual interest rate on each of those loans exceeded 10%.

RESPONSE TO REQUEST FOR ADMISSION #3:

OBJECTIONS:

Objection 1: the Request does not separate state a matter, but improperly combines and includes more than one matter in violation of Rule 36(a)(2).

Objection 2: the Request is compound, conjunctive, and disjunctive.

Objection 3: The Request is a Violation of: Rule 11, Rule 36, the Rules of Civil Procedure and local rules of the Central District of California for formatting and signature requirements.

Objection 4: The Request is vague and ambiguous as to: "effective annual interest rate."

Objection 5: The Request is framed as an interrogatory in its purpose and effect.

Without waiving and subject to these objections:

  Defendant ADMITS receiving some interest payments from Brown on the loan secured by the vacant land with the address of 42829 Harper Lake Road, Hinkley CA ("Hinkley"), and the vacant land with the address of 21472 Calle del Barco, Malibu CA ("Malibu"), and vacant land with the address of 16380 South Black Rock Cutoff Road, Fillmore Utah ("Utah").

  As to the Malibu secured loan, Defendant ADMITS that the stated interest rate on the real estate secured loan originated by Brown's California licensed mortgage loan broker was 12%, which was not usurious under California law, as exempt by statute as broker-originated investment real property secured.

  As to the Utah secured loan, Defendant DENIES that the Utah loan interest rate exceeded 10% as its stated promissory note rate was 10%.

  As to the Hinkley secured loan, Defendant DENIES that the interest rate exceeded 10% on the second-priority loan secured by Hinkley as its promissory note rate was 8%. As to the first priority loan secured by the Hinkley property, Defendant DENIES that the first priority loan on the Hinkley property, the promissory note that Brown made to the purchase money seller, American Pacific Investments, LLC, exceeded 10%, as the stated rate on the note was 8%.

  Defendant ADMITS that on Dec. 2, 2022, a loan workout and Modification Agreement was entered between Defendant and Plaintiff that provided for future interest payments to be at the rate of 12% simple interest. Defendant DENIES that any interest payments were made on any of the loans on or after Dec. 2, 2022, nor under the Modification Agreement.

  Defendant DENIES in its entirety each and every other part of this request for admission that is not expressly admitted above.

///

REQUEST FOR ADMISSION #4:

Admit that, in connection with one or more loans issued to Clinton Brown, Steve Smead required interest payments beyond the terms recorded in the official loan documents and directed those additional payments to be made outside of escrow to an account ending in 6236.

RESPONSE TO REQUEST FOR ADMISSION #4:

OBJECTIONS:

Objection 1: the Request does not separate state a matter, but improperly combines and includes more than one matter in violation of Rule 36(a)(2).

Objection 2: the Request is compound, conjunctive, and disjunctive.

Objection 3: The Request is a Violation of: Rule 11, Rule 36, the Rules of Civil Procedure and local rules of the Central District of California for formatting and signature requirements.

Objection 4: The Request is vague and ambiguous as to: "beyond"; "additional payments"; "outside of escrow".

Objection 5: The Request is framed as an interrogatory in its purpose and effect.

Without waiving and subject to these objections,

Defendant DENIES the request for admission.

/ / /

REQUEST FOR ADMISSION #5:

Admit that, Steve Smead required Clinton Brown to pay additional interest on the Harper Lake loan outside of escrow as a condition of receiving loan proceeds or forbearance.

RESPONSE TO REQUEST FOR ADMISSION #5:

    OBJECTIONS:

    Objection 1: the Request does not separate state a matter, but improperly combines and includes more than one matter in violation of Rule 36(a)(2).

    Objection 2: the Request is compound, conjunctive, and disjunctive

    Objection 3: The Request is a Violation of: Rule 11, Rule 36, the Rules of Civil Procedure and local rules of the Central District of California for formatting and signature requirements.

    Objection 4: The Request is vague and ambiguous as to: "additional interest"; "outside of escrow"; "as a condition of receiving loan proceeds"; and, "as a condition for receiving . . . forbearance".

    Without waiving and subject to these objections:

    Defendant DENIES the request for admission.

/ / /

REQUEST FOR ADMISSION #6:

Admit that, only $100,000 of the $200,000 loan issued on or about June 22, 2021, to Clinton Brown was disbursed through escrow, and that the remaining $100,000 was accounted for as having been "settled outside of escrow."

RESPONSE TO REQUEST FOR ADMISSION #6:

    OBJECTIONS:

    Objection 1: the Request does not separate state a matter, but improperly combines and includes more than one matter in violation of Rule 36(a)(2).

    Objection 2: the Request is compound, conjunctive, and disjunctive

    Objection 3: The Request is a Violation of: Rule 11, Rule 36, the Rules of Civil Procedure and local rules of the Central District of California for formatting and signature requirements.

    Objection 4: The Request is vague and ambiguous as to: "loan", "issued", "accounted for", and as to the quotation " 'settled outside of escrow ' ".

    Objection 5: The Request is framed as an interrogatory.

    Objection 6: The Request is framed in what amounts to a request for admission as to the genuineness of a document, without attaching and referencing the document.

    Based on these objections, Defendant declines to respond to this request, and declines to either admit or to deny the request.

/ / /

REQUEST FOR ADMISSION #7:

Admit that, applied, incorporated or otherwise demanded that Plaintiff pay a portion of the $150,000 in interest associated with the Harper Loan as part of the loan obligations related to either the Utah loan (June 2021) or the Malibu loan (May 2021), even though that interest was not recorded in the Harper Lake escrow.

RESPONSE TO REQUEST FOR ADMISSION #7:

    OBJECTIONS:

    Objection 1: the Request does not separate state a matter, but improperly combines and includes more than one matter in violation of Rule 36(a)(2).

    Objection 2: the Request is compound, conjunctive, and disjunctive

    Objection 3: The Request is a Violation of: Rule 11, Rule 36, the Rules of Civil Procedure and local rules of the Central District of California for formatting and signature requirements.

    Objection 4: The Request is vague and ambiguous as to: "applied", "incorporated", "otherwise demanded", a "portion", the $150,000 in interest associated", "part of the loan obligations", "related", "interest was not recorded", "Harper Lake escrow".

    Objection 5: The Request is framed as an interrogatory in its purpose and effect.

    Based on these objections, Defendant declines to respond to this request, and declines to either admit or to deny the request.

///

REQUEST FOR ADMISSION #8:

Admit that, on or about March 17, 2025, Steve Smead transferred title to 21472 Calle del Barco, Malibu, CA (APN 4451-015-021) to Northern Realty Investments LLC while this litigation was pending, without notice to Plaintiff or the Court.

RESPONSE TO REQUEST FOR ADMISSION #8:

 OBJECTIONS:

Objection 1: the Request does not separate state a matter, but improperly combines and includes more than one matter in violation of Rule 36(a)(2).

Objection 2: the Request is compound, conjunctive, and disjunctive

Objection 3: The Request is a Violation of: Rule 11, Rule 36, the Rules of Civil Procedure and local rules of the Central District of California for formatting and signature requirements.

 Without waiving and subject to these objections, Defendant ADMITS this request.

Date: August 30, 2025

      */s/ Fred Hickman*
      Fred Hickman
      fredhickman@gmail.com
      Attorney for: Defendant Steve Smead

CERTIFICATE OF SERVICE BY MAIL AND EMAIL -- PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age to 18 years and not a part to the within action. My business address is 17602 17th St., Ste 102-206, Tustin CA 92780.

On August 30, 2025, I served the foregoing document described as:
DEFENDANT SMEAD'S RESPONSE TO PLAINTIFF BROWN'S REQUESTS FOR ADMISSION, SET NO. ONE
on the interested parties in this action by placing a true and correct copy enclosed in a sealed envelope as follows:

Mr. Clinton Brown
1431 Ocean Ave, Unit 413
Santa Monica, CA 90401

[for reference: Email: clinton@atlasinc.solar. T: 310-775-7990]

BY Mail: I deposited the document in a sealed envelope in the mail, United States Postal Service, with postage fully prepaid at Santa Ana, California.

I hereby certify that I am a member of the Bar of the United States District Court, Central District of California. This certificate of service is executed on August 30, 2025, at Santa Ana California.

                __/s Fred Hickman_____
                Fred Hickman

PROOF OF ELECTRONIC SERVICE / DISCOVERY / NON-FILING

1. I am at least 18 years old. My business address is 17602 17th St Ste 102-206, Tustin CA 92780. My electronic service address is: fredhickman@gmail.com.
2. I electronically served the following documents, as entitled: DEFENDANT SMEAD'S RESPONSE TO PLAINTIFF BROWN'S REQUESTS FOR ADMISSION, SET NO. ONE
3. I electronically served the document(s) listed in 2 as follows:
a. name: Clinton Brown on behalf of party Clinton Brown, in *pro se*;
b. electronic service address of person served: clinton@atlasinc.solar;
c. on (date): August 30, 2025.

No error message was observed in the transmission of the foregoing document sent by email.

I hereby certify that I am a member of the Bar of the United States District Court, Central District of California. This certificate of service is executed on August 30, 2025, at Santa Ana California.

                __/s Fred Hickman_____
                Fred Hickman