1  Fred Hickman (#124406)
2  fredhickman@gmail.com
   17602 17th St Ste 102-206
   Tustin CA 92780
3  714-315-1565; fax 714-838-0835

4  Attorney for: Defendant Steve Smead

5

6

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                    WESTERN DIVISION

11 | CLINTON BROWN,                  | Case No.: 2:23-cv-02938-MEMF(KSx)
12 |         PLAINTIFF,              | FIRST AMENDED RESPONSE TO
13 | VS.                             | REQUEST FOR ADMISSIONS SET
                                     | NO. TWO, AS TO THE SET'S
14 | STEVE SMEAD,                    | NUMBERS 11, 12, 29 AND 32 ONLY.
15 |         DEFENDANTS.             | DATE: n/a
                                     | TIME: n/a
16                                   | CTRM: 8B

17

18 PROPOUNDING PARTY: PLAINTIFF BROWN

19 RESPONDING PARTY: DEFENDANT SMEAD

20 SET NO.: REQUESTS FOR ADMISSION BY BROWN, SET NO. TWO

21

22       PLEASE TAKE NOTICE. Following the telephonic meet and confer

23 between counsel for Defendant Smead and Plaintiff, in *pro se*, counsel for

24 Defendant Smead agreed to voluntarily amend the Responses to these, and only

25 these Responses to Requests for Admission in Set No. Two: 11, 12, 29 AND 32

26 ONLY. The Responses in the initial Response to Request for Admissions, Set No.

27 Two, dated and served November 1, 2025, remain as set forth in the Nov. 1

28 Responses.

As to these specified Responses, Responding Party Smead, through counsel, had declined to answer, to either admit or deny or qualify, as his right under Rule 36, standing on the objections and declining to answer. However, these specified first amended responses are made now in the spirit of cooperation, following the telephonic meet and confer.

[ALL RESPONSES TO REQUESTS FOR ADMISSIONS THAT ARE NOT HERE MADE A FIRST AMENDED RESPONSE ARE NOT AMENDED AND REMAIN AS SERVED NOV. 1, 2025].

REQUESTS FOR ADMISSION NO. 11

Admit that you relied on foreclosure trustees to conduct foreclosure proceedings on loans issued to Plaintiff.

**FIRST AMENDED RESPONSE** TO REQUEST FOR ADMISSION NO. 11:

OBJECTIONS:

1. [OMITTED]

2. The request does not separately state a matter, but improperly combines and includes more than one matter in violation of Rule 36(a)(2), as there were several loans to Plaintiff, an initial second priority loan secured by the vacant Malibu lot, a subsequent consolidation loan replacing the second priority secured by the vacant Malibu loan, a second priority loan secured by raw land in the Hinkley area of San Bernardino County, the purchase of the first priority loan by another lender secured by that same raw land in the Hinkley area, and a loan secured by raw land in the State of Utah, and there was no foreclosure proceeding on several of the loans.

WITHOUT WAIVING AND SUBJECT TO THE FOREGOING OBJECTIONS, Respondent answers as follows:

Admitted with qualification. Plaintiff took three commercial loans from Respondent that after default by Plaintiff were subjected to enforcement by the private trustees' sales processes under the three separate deeds of trust. Under applicable law, and as to Plaintiff for the three security properties for each of the deeds of trust, the private trustee's sale process must be performed by a trustee or substituted trustee and the agents of that trustee, with certain mandatory notices and publications and recordings in Official Records of the County in which the security property is located, and public auction in that County, and then prescribed issuance of trustee's deeds upon sale to the high-bidder at the public auction. As to the real property security located in Malibu California, vacant land, the trustee or substituted trustee was Peak Foreclosure Services, Inc. As to the real property security located in San Bernardino County, the trustee or substituted trustee was Chicago Title Company, Inc.. As to the rea; property security located in Utah, the trustee or substituted trustee was TitleFirst Title Insurance Agency, LLC. Except as so expressly admitted and as qualified, Respondent denies the remainder of the Request for Admission.

REQUESTS FOR ADMISSION NO. 12

Admit that you and the escrow companies, loan servicing companies, and foreclosure trustees shared the common purpose of originating, servicing, and enforcing loans made to Plaintiff.

**FIRST AMENDED RESPONSE** TO REQUEST FOR ADMISSION NO. 12:

OBJECTIONS:

1. [OMITTED]

2. The request does not separately state a matter, but improperly combines and includes more than one matter in violation of Rule 36(a)(2), as there were several loans to Plaintiff, an initial second priority loan secured by the vacant Malibu lot, a subsequent consolidation loan replacing the second

priority secured by the vacant Malibu loan, a second priority loan secured by raw land in the Hinkley area of San Bernardino County, the purchase of the first priority loan by another lender secured by that same raw land in the Hinkley area, and a loan secured by raw land in the State of Utah, and there was no foreclosure proceeding on several of the loans.

3. The request does not separately state a matter, but improperly combines and includes more than one matter in violation of Rule 36(a)(2), as it refers to: "escrow companies, loan servicing companies, and foreclosure trustees shared the common purpose of originating, servicing, and enforcing loans".

4. The Request is compound and conjunctive.

WITHOUT WAIVING AND SUBJECT TO THE FOREGOING OBJECTIONS, Respondent answers as follows:

Denied. The request is denied.

REQUESTS FOR ADMISSION NO. 29

Admit that SMEAD PRODUCTION 9/18/25 S338 states: "$100,000 of this refinance has already been allocated to Steve Smead and therefore the remaining funds that will be sent by Steve will be $100,000."

**FIRST AMENDED RESPONSE** TO REQUEST FOR ADMISSION NO. 29:

Admitted. Respondent admits the request, as that is or substantially is what the specified document reads in print.

REQUESTS FOR ADMISSION NO. 32

Admit that as lender, you directed TitleFirst Title Insurance Agency regarding recording and disbursement for the Utah loan closing.

**FIRST AMENDED RESPONSE** TO REQUEST FOR ADMISSION NO. 32:

OBJECTIONS:

1. [OMITTED].

2. The request is confusing as the loan escrow was by instructions from Plaintiff, and reliance on Plaintiff's orchestration of the escrow and the contents of instruments and instructions made by Plaintiff to escrow, and by joint escrow instructions.

WITHOUT WAIVING AND SUBJECT TO THE FOREGOING OBJECTIONS, Respondent answers as follows:

Denied. The request is denied, with qualification and explanation. The origination of the specified loan in Utah, secured by real property in Utah, was requested by Plaintiff of Respondent. Plaintiff recommended and approved the the use of TitleFirst Insurance Agency, LLC of Utah for acting as the escrow in the loan origination sought by Plaintiff. Respondent agreed to use of that escrow service. Plaintiff directed activities of the escrow, in writing by email or other communication, Plaintiff signed escrow instructions that Plaintiff himself prepared, and Respondent relied on Plaintiff as a professional and state licensed loan broker to properly and lawfully and enforceable direct how the escrow would operate, subject to whatever applicable laws and regulations governed the escrow operation for the escrow company in Utah. Respondent acceded to Plaintiff's proposal for the loan origination, its terms, and its documentation and security, and signed the joint instructions of escrow that Plaintiff directed escrow to prepare. Then according to the joint instructions of Plaintiff and Respondent, the escrow as a matter of course when the loan consummated sent out for recordation the trustee's deed for recording in the County where the real property security was located.

Date: November 14, 2025    /s/ Fred Hickman
                           Fred Hickman
                           fredhickman@gmail.com
                           Attorney for: Defendant Steve Smead

CERTIFICATE OF SERVICE BY MAIL -- PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age to 18 years and not a part to the within action. My business address is 17602 17th St., Ste 102-206, Tustin CA 92780.

On November 14 2025, I served the foregoing document described as:

FIRST AMENDED RESPONSE TO REQUEST FOR ADMISSIONS SET NO. TWO, AS TO THE SET'S NUMBERS 11, 12, 29 AND 32 ONLY.

on the interested parties in this action by placing a true and correct copy enclosed in a sealed envelope as follows:

Mr. Clinton Brown
1431 Ocean Ave, Unit 413
Santa Monica, CA 90401


BY Mail: I deposited the document in a sealed envelope in the mail, United States Postal Service, with postage fully prepaid at Orange, California.

I hereby certify that I am a member of the Bar of the United States District Court, Central District of California. This certificate of service is executed on November 14 2025, at Santa Ana California.

*/s Fred Hickman*
Fred Hickman