Fred Hickman (#124406)
fredhickman@gmail.com
17602 17th St Ste 102-206
Tustin CA 92780
714-315-1565; fax 714-838-0835

Attorney for: Defendant Steve Smead

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CLINTON BROWN,<br><br>　　　　　　　PLAINTIFF,<br><br>VS.<br><br>STEVE SMEAD,<br><br>　　　　　　　DEFENDANTS. | Case No.: 2:23-cv-02938-MEMF(KSx)<br><br>RESPONSE BY DEFENDANT SMEAD TO INTERROGATORIES BY PLAINTIFF BROWN, SET NO. TWO<br><br>DATE: n/a<br>TIME: n/a<br>CTRM: 8B |

PROPOUNDING PARTY: PLAINTIFF BROWN

RESPONDING PARTY: DEFENDANT SMEAD ("Respondent" or "Smead" or "Defendant Smead")

SET NO.: INTERROGATORIES BY BROWN, SET NO. TWO

GENERAL OBJECTIONS

As to each and every INTERROGATORY, and to the set of INTERROGATORIES:

A. OBJECTION: Exceeds limitation of 35 Interrogatories. Given the numerous subparts in the Interrogatories Set No. One, the entire request beginning with

its first and thereafter exceed the limitation of 35 under F.R.C.P. Rule 33, so each request is invalid.

B. OBJECTION: : The Interrogatories, Set No. Two lacks a Certificate of Service, and as no consent to receiving an email image of it was given, and as service by mail is the only allowed option for this discovery request, the discovery request is invalid and does not require a response. However, without waiving this defect, this response is volunteered in the interests of judicial economy.

C. OBJECTION: As to each and every Interrogatory: The Request violates Rule 11 and the violates formatting requirements of the Rules of Civil Procedure for discovery requests, and violates the Rules of Civil Procedure for Interrogatories as these are not set forth in a separately document, but included as part of a multi-part discovery request that includes interrogatories and requests for admission, in violation of Rule 36 and Rule 36(a)(2). The Responses herein are made without waiving these general objections. These general objections are included by reference in each of the Responses to each Interrogatory. This objection, set forth in each Response to each Interrogatory is defined as "Violation of: Rule 11, Rule 36, the Rules of Civil Procedure and local rules of the Central District of California for inclusion of material that is not Requests for Admission and in violation of formatting requirements."

INTERROGATORY NO. 9

Identify each individual or company that you have engaged with to assist your private real estate lending business from March 2020 to present. For each, state: (a) name and address; (b) services provided; (c) period of involvement; and (d) whether the services related to loans made to Plaintiff or the properties described in the Second Amended Complaint.

SMEAD'S RESPONSE TO INTERROGATORIES BY BROWN -- SET TWO

*BROWN VS. SMEAD 23-cv-02938*

RESPONSE TO INTERROGATORY NO. 9.

OBJECTIONS:

1.      OBJECTION: Exceeds limitation of 35 Interrogatories. Given the numerous subparts in the Interrogatories Set No. One, the entire request beginning with its first and thereafter exceed the limitation of 35 under F.R.C.P. Rule 33, so each request is invalid.

2.      OBJECTION: The : The Interrogatories, Set No. Two lacks a Certificate of Service, and as no consent to receiving an email image of it was given, and as service by mail is the only allowed option for this discovery request, the discovery request is invalid and does not require a response. However, without waiving this defect, this response is volunteered in the interests of judicial economy.

3.      OBJECTION: This request violates Rule 11, Rule 36, the Rules of Civil Procedure and local rules of the Central District of California for inclusion of material that is not Interrogatories and in violation of formatting requirements.

4.      OBJECTION: Compound.

5.      OBECTION: This is not reasonably calculated to lead to the discovery of admissible evidence. It seeks information not related to the loans identified in the action, and as to persons other than those involved with loans that were not to or related to Plaintiff.

6.      OBJECTIONS: (a) Lacks relevance to the issues or claims in this action. And, (b): The request is not proportional to the needs of this case. It seeks information not related to the loans identified in the action, and as to persons other than those involved with loans that were not to or related to Plaintiff.

Objection: The request is not proportional to the needs of this case. Smead made first one loan, a second, on the Malibu property, and then a consolidated loan, consolidating into one loan: a pre-existing first on the Malibu property by a different lender, and Smead's second priority loan, serviced by Superior Loan Servicing,  The new consolidated loan was then a single loan from Smead to

Brown, serviced by Superior Loan Servicing. An escrow company closed the first loan and then the consolidated loan on the Malibu security. Then on default a foreclosure trustee, Peak Foreclosure Services, did the trustee's sale. Then on the Hinkley/Harper Lake loan, Smead made a second priority purchase money loan, and then later bought the first priority purchase money loan from a different lender, before foreclosing on his second priority purchase money loan for loan default. Both loan transactions and purchase of the first priority loan were done by escrows. Then after default a trustee did the foreclosure. Then on the Utah loan, Smead made the loan to Brown to payoff a preexisting first by a different lender, the loan closing done by escrow, and then after default, a trustee did the foreclosure. It is not reasonable to each monetary transaction and type in one interrogatory, nor for payment  detail on each payment made or received on the numerous loans and escrows and foreclosures involved over the period from 2020 when the borrower/lender relationship began and until 2023 when it ended. This case is a RICO claim that requires that usury have been charged at double the applicable rate under applicable state law. There were two California loans that went to foreclosure, with one charging 8% per annum, with a state usury maximum of 10%, under the state usury rate, and one loan that was broker-originated by Brown's broker on vacant, undeveloped land (the Malibu security) that had as an initial rate 12.99% but was exempt from California usury limits based on the origination by Brown's licensed mortgage loan broker, and then the consolidated loan at the rate of 12% brokered by the same loan broker for Brown, and that loan was foreclosed for uncured default. The Utah loan had a fixed rate of 10%, and it went to foreclosure for uncured default. Accordingly, this request is not proportional to the needs to the needs of the case. The detail sought by this interrogatory is not properly sought in this manner. As to the third persons and loans unrelated to this action, any information about other lending by Defendant Smead may be sought by researching publicly available information and public

databases of recorded dees of trust on other loans. Then Plaintiff may tailor discovery to those third persons, or tailor discovery to Defendant Smead, though it may still be subject to objections against disclosure and responses by Defendant Smead.

7.      OBJECTION. Confidential Business Information/Trade Secrets. This request invades the proprietary and confidential business information and trade secrets of Respondent by seeking information regarding the service providers on loans made to persons other than Plaintiff, which loans are not at issue in this case. WITHOUT WAIVING AND SUBJECT TO THE OBJECTIONS:

The response stands on the objections, except as to the loans made to Plaintiff by Smead, and does not respond based on any other loans to any other persons. The response is as follows. Superior Loan Servicing, and Peak Foreclosure Services, as to servicing and private trustee's sale process as to the loan secured by the vacant lot in Malibu, to the date of foreclosure under the deed of trust. Escrow companies when loans originated. Chicago Title as to foreclosure under the deed of trust on the Hinkley area property in San Bernardino County. Title First in Utah as to the Utah loan. All servicers, escrows, and companies involved specified with names, addresses in the initial disclosures. All for the loans identified in the Second Amended Complaint. The detail continues below.

American Pacific Investments, a Cal. limited liability company. 5905 Old Wheeler Rd., La Verne, CA  91750. Mailing Address: POB 8181 La Verne, CA 91750. Fraz Ahmed, manager-member. Adam Ahmed, agent.  Purchase money lender on San Bernardino property, purchase money loan bought by Smead.

Arroyo, Nora. Escrow Officer, e-escrows, inc. 2501 N. Sepulveda Blvd. Suite 110 Manhattan Beach, CA  90266. 310-802-1888. Escrow officer for purchase and sale of Malibu property by Brown from Sarkany, and purchase money financing from Sarkany and Brown.

Chicago Title Company. 560 E. Hospitality Ln. San Bernardino, CA 92408. Escrow Officer Corbi Smith. 800-722-0824. Foreclosure trustee on San Bernardino property securing loan from Smith to Brown.

Clerk, Planning and Permits, County of Millard, State of Utah. 765 S Highway 99, #6, Fillmore, UT 84631, (435) 743-6223.

Dioli, Andrew Adrian. 380 Beach Road, Suite D, Burlingame CA 94010  PH #888-995-3639. Mailing address: 236 WEST PORTAL AVE #229, SAN FRANCISCO, CA 94127. Licensed broker for FMC Lending Company, Inc., and Rushmyfile, Inc. loan brokers to Brown for loans from Sarkany and / or Smead for purchase money as secured by Malibu property, and refinance loan to Brown from Smead on the two purchase money loans.

e-escrows, inc.  2501 N. Sepulveda Blvd. Suite 110 Manhattan Beach, CA 90266. e-escrow agent Diane Truong 310-802-1888. Closing agent for refinance loan of the purchase money loans from Sarkany and Smead to Brown, and closing agent for refinance loan from Smead to Brown, secured by Malibu property.

Exact Escrow. 1025 Sentinel Dr. #106 La Verne,  CA 91750, Escrow officer Shannon Packard.  909-542-0162.  Closing agent on loan purchase by Smead of that purchase money loan by American Pacific Investments, LLC to Brown for the San Bernardino county property, secured by that property.

FMC Lending Company Inc. 380 Beach Road, Suite D, Burlingame CA 94010  PH #888-995-3639. Loan broker on refinance loan to Brown from Smead secured by Malibu property.

Gale, Jeremy R.  Escrow Officer. Title First Title Insurance Agency, LLC. 190 N 100 E., P.O. BOX 849, Beaver UT 84713, 3146 5 N. Main St., St. Beaver UT. Escrow #21064364. . (435) 438-5621. Employee of Title First Title Ins. Agency. Escrow officer on Utah loan from Smead to Brown secured by the Utah land.

Levine, Mindy. Superior Loan Servicing, Asset Default Management, Inc., 7525 Topanga Canyon Blvd.  Canoga Park,  CA. 91303 (818) 483-0027. Employee of servicer on the defaulted refinance loan from Smead to Brown.

Packard, Shannon. Employee and Escrow Officer of Exact Escrow. 1025 Sentinel Dr. #106 La Verne,  CA 91750.  909-542-0162.  Closing agent on loan purchase by Smead of that purchase money loan by American Pacific Investments, LLC to Brown for the San Bernardino county property, secured by that property.

Peak Foreclosure Services, Inc 5900 Canoga Ave, Suite 220 Woodland Hills, CA 91367. Lilian Solano Trustee Sale officer. 818-591-9237. Foreclosure trustee for enforcement of the defaulted refinance loan from Smead to Brown secured by the Malibu property. And foreclosure trustee for enforcement of the defaulted loan from Smead to Brown on the San Bernardino property securing Smead's second priority loan to Brown.

Rushmyfile, Inc. 380 Beach Road, Suite D, Burlingame CA 94010  PH #888-995-3639. Dioli, Andrew Adrain, designated offer. Broker on Sarkany and Smead loans to Brown for purchase money of Malibu property.

Sarkany, Vince, P. 3393 Barham Blvd., Los Angeles, CA  90034.   Seller of Malibu property to Brown. Lender to Brown of purchase money of $119,000 dated March 17, 2020, secured by Malibu property.

Simper, Mr. Chet, 1641 West 1500 South, Delta, UT 84624. 435-406-5954. Real property investigator on use of Utah land securing Utah loan.

Smith, Corbi, Chicago Title Company. 560 E. Hospitality Ln. San Bernardino, CA 92408.  800-722-0824. Escrow Officer . Employee of foreclosure trustee enforcing defaulted loan from Smead.

Solano, Lilian, Trustee Sale officer, Peak Foreclosure Services, Inc 5900 Canoga Ave, Suite 220 Woodland Hills, CA 91367 . 818-591-9237. Employee of foreclosure trustee for enforcement of the defaulted refinance loan from Smead to Brown secured by the Malibu property.

Superior Loan Servicing, Inc. 7525 Topanga Canyon Blvd.  Canoga Park, CA. 91303.  888-587-9757. Loan servicer on loans from Smead to Brown secured by Malibu property. Initial trustee on Deed of Trust securing $300,000 loan (refinance of first and second from purchase money purchase by Brown from Sarkany, and the $119,000 loan from Sarkany and $170,000 loan from Smead, then refinanced and consolidated in the $300,000 loan from Smead to Brown)

Superior Loan Servicing Asset Default Management, Inc. 7525 Topanga Canyon Blvd.  Canoga Park,  CA. 91303 818-483-0027. Servicer when $300,000 loan secured by Malibu property went into default.

 Title First Title Insurance Agency, LLC. 190 N 100 E., P.O. BOX 849, Beaver UT 84713, 3146 5 N. Main St., St. Beaver UT. Escrow #21064364. Employee, Jeremy R. Gale. (435) 438-5621. Loan closing agent for Utah loan secured by Utah land on loan from Smead to Brown. Foreclosure trustee on defaulted Utah loan from Smead to Brown.

Truong, Diane. Escrow Officer. e-escrow, Inc.  2501 N. Sepulveda Blvd. Suite 110 Manhattan Beach, CA  90266. e-escrow agent 310-802-1888. Escrow officer on $300,000 loan of refinance by Smead to Brown secured by Malibu property, and loan payoff on the Sarkany loan.

INTERROGATORY NO. 10

Identify each Federal tax form you filed for 2020–2023 that reported or related to income from your lending activities, stating: (a) form type (e.g., Schedule C, Schedule SE); (b) tax year; (c) whether it reported lending income; and (d) whether such income was reported as business or self-employment income.

RESPONSE TO INTERROGATORY NO. 10.

OBJECTIONS:

1.    OBJECTION: Exceeds limitation of 35 Interrogatories. Given the numerous subparts in the Interrogatories Set No. One, the entire request beginning with its first and thereafter exceed the limitation of 35 under F.R.C.P. Rule 33, so each request is invalid.

2.    OBJECTION: The : The Interrogatories, Set No. Two lacks a Certificate of Service, and as no consent to receiving an email image of it was given, and as service by mail is the only allowed option for this discovery request, the discovery request is invalid and does not require a response. However, without waiving this defect, this response is volunteered in the interests of judicial economy.

3.    OBJECTION: This request violates Rule 11, Rule 36, the Rules of Civil Procedure and local rules of the Central District of California for inclusion of material that is not Interrogatories and in violation of formatting requirements.

4.    OBJECTION: Compound.

5.    OBJECTION. Privilege. The information sought is Privileged against Disclosure in this case. The Privilege is asserted as to both Respondent and his spouse.  This request invades the privilege against disclosure of tax returns and tax return information. Firstly, the tax returns and tax return information is not relevant to the action. Secondly, the information contained in the returns is otherwise obtainable. Thirdly, this information regarding payments or income from propounding party pertaining to this commercial transaction have been produced and Propounding Party has the documentary evidence of what he has paid to Respondent, as he paid it with checks or electronic payments from his own accounts, and Propounding Party has received documentary proof of all payments

received from him by Responding Party through the discovery process in this action. Sections 6103 and 7213 of the Internal Revenue Code confer a privilege of privacy and confidentiality on the taxpayer returns and return information in the possession of the taxpayer. The Privacy Act of 1974, 5 U.S.C. section 552a (1982) provides for privacy of tax returns, prohibiting federal disclosure without the individual's consent. The privacy right invoked here arise also under Rule 501 and the principles of common law.

6. OBJECTION: Privilege. Personal Privacy as to Respondent and his spouse. The request invades the constitutional rights of privacy under the federal Constitution, the 14th Amendment and otherwise, and under the California Constitution, Article 1, section 1. The right of privacy of both Respondent and of his spouse, on the joint returns and joint information is asserted here. The tax returns and tax return information include sensitive and confidential personal financial information pertaining to both Respondent and his spouse, who file joint tax returns, and it contains summary information that involves other income that just payments made or income derived from payments by Plaintiff or by liquidation of Real Estate Owned following any private trustee's sale process resulting in issuance of a Trustee's Deed Upon Sale, as no third-party bought any of the three security properties at the auctions conducted by trustee's under the respective deeds of trust.

7. OBJECTION. This is not reasonably calculated to lead to the discovery of admissible evidence. The information regarding income derived from loans involving Plaintiff has been disclosed and is known to Propounding Party. This information regarding payments or income from propounding party pertaining to this commercial transaction have been produced and Propounding Party has the documentary evidence of what he has paid to Respondent, as he paid it with checks or electronic payments from his own accounts, and Propounding Party has received documentary proof of all payments received from him by Responding Party

through the discovery process in this action. Further, The tax returns and tax return information include sensitive and confidential personal financial information pertaining to both Respondent and his spouse, who file joint tax returns, and it contains summary information that involves other income that just payments made or income derived from payments by Plaintiff or by liquidation of Real Estate Owned following any private trustee's sale process resulting in issuance of a Trustee's Deed Upon Sale, as no third-party bought any of the three security properties at the auctions conducted by trustee's under the respective deeds of trust, as shown by public records and the trustee's deeds upon sale for the security properties for the loans at issue in this case and as produced in response to Document Request Set 1 by Brown to Smead.

Standing on the objections, Respondent declines to answer this interrogatory.

INTERROGATORY NO. 11

State whether you have ever reported income from making real estate-secured loans on a Schedule C (Form 1040). If so, identify each tax year in which such income was reported. Do not provide copies of returns or specific dollar amounts — only identify the tax years.

RESPONSE TO INTERROGATORY NO. 11.

OBJECTIONS.

1.      OBJECTION: Exceeds limitation of 35 Interrogatories. Given the numerous subparts in the Interrogatories Set No. One, the entire request beginning with its first and thereafter exceed the limitation of 35 under F.R.C.P. Rule 33, so each request is invalid.

2.      OBJECTION: The : The Interrogatories, Set No. Two lacks a Certificate of Service, and as no consent to receiving an email image of it was given, and as service by mail is the only allowed option for this discovery request, the discovery

request is invalid and does not require a response. However, without waiving this defect, this response is volunteered in the interests of judicial economy.

3.      OBJECTION: This request violates Rule 11, Rule 36, the Rules of Civil Procedure and local rules of the Central District of California for inclusion of material that is not Interrogatories and in violation of formatting requirements.

4.      OBJECTION: Compound.

5.      OBJECTION. Privilege. The information sought is Privileged against Disclosure in this case. The Privilege is asserted as to both Respondent and his spouse.  This request invades the privilege against disclosure of tax returns and tax return information. Firstly, the tax returns and tax return information is not relevant to the action. Secondly, the information contained in the returns is otherwise obtainable. Thirdly, this information regarding payments or income from propounding party pertaining to this commercial transaction have been produced and Propounding Party has the documentary evidence of what he has paid to Respondent, as he paid it with checks or electronic payments from his own accounts, and Propounding Party has received documentary proof of all payments received from him by Responding Party through the discovery process in this action. Sections 6103 and 7213 of the Internal Revenue Code confer a privilege of privacy and confidentiality on the taxpayer returns and return information in the possession of the taxpayer. The Privacy Act of 1974, 5 U.S.C. section 552a (1982) provides for privacy of tax returns, prohibiting federal disclosure without the individual's consent. The privacy right invoked here arise also under Rule 501 and the principles of common law.

6. OBJECTION: Privilege. Personal Privacy as to Respondent and his spouse. The request invades the constitutional rights of privacy under the federal Constitution, the 14th Amendment and otherwise, and under the California Constitution, Article 1, section 1. The right of privacy of both Respondent and of his spouse, on the joint returns and joint information is asserted here. The tax

returns and tax return information include sensitive and confidential personal financial information pertaining to both Respondent and his spouse, who file joint tax returns, and it contains summary information that involves other income that just payments made or income derived from payments by Plaintiff or by liquidation of Real Estate Owned following any private trustee's sale process resulting in issuance of a Trustee's Deed Upon Sale, as no third-party bought any of the three security properties at the auctions conducted by trustee's under the respective deeds of trust.

7. OBJECTION. This is not reasonably calculated to lead to the discovery of admissible evidence. The information regarding income derived from loans and whether or not these are set forth on tax filing forms is irrelevant to this action. This information regarding payments or income from any persons that are set forth in tax form filings, is irrelevant in this action. As to his loans, propounding party pertaining to this commercial transaction have been produced and Propounding Party has the documentary evidence of what he has paid to Respondent, as he paid it with checks or electronic payments from his own accounts, and Propounding Party has received documentary proof of all payments received from him by Responding Party through the discovery process in this action. Further, The tax returns and tax return information include sensitive and confidential personal financial information pertaining to both Respondent and his spouse, who file joint tax returns, and it contains summary information that involves other income that just payments made or income derived from payments by Plaintiff or by liquidation of Real Estate Owned following any private trustee's sale process resulting in issuance of a Trustee's Deed Upon Sale, as no third-party bought any of the three security properties at the auctions conducted by trustee's under the respective deeds of trust, as shown by public records and the trustee's deeds upon sale for the security properties for the loans at issue in this case and as produced in response to Document Request Set 1 by Brown to Smead.

8.     OBECTION: This is not reasonably calculated to lead to the discovery of admissible evidence. It seeks information from and on tax form filings and identification by "year", and including for loans not related to the loans identified in the action, and as to persons other than those involved with loans that were not to or involving Plaintiff.

9.     OBJECTIONS: (a) Lacks relevance to the issues or claims in this action, as it seeks information for loans other than those to Plaintiff and that are in issue in this action.

Standing on the objections, Respondent declines to answer this interrogatory.

INTERROGATORY NO. 12

State whether you have ever obtained or used any Employer Identification Number (EIN) or other tax identification number in connection with your lending activities, and if so, identify: (a) the type of tax identification number (e.g., EIN, SSN), (b) the years in which it was used, and (c) the purpose for which it was used (e.g., loan origination, tax reporting, banking).

RESPONSE TO INTERROGATORY NO. 12.

OBJECTIONS.

1.     OBJECTION: Exceeds limitation of 35 Interrogatories. Given the numerous subparts in the Interrogatories Set No. One, the entire request beginning with its first and thereafter exceed the limitation of 35 under F.R.C.P. Rule 33, so each request is invalid.

2.     OBJECTION: The Interrogatories, Set No. Two, lacks a Certificate of Service, and as no consent to receiving an email image of it was given, and as service by mail is the only allowed option for this discovery request, the discovery request is invalid and does not require a response. However, without waiving this defect, this response is volunteered in the interests of judicial economy.

3.    OBJECTION: This request violates Rule 11, Rule 36, the Rules of Civil Procedure and local rules of the Central District of California for inclusion of material that is not Interrogatories and in violation of formatting requirements.

4.    OBJECTION: Compound.

5.    OBJECTION. Privilege. The information sought is Privileged against Disclosure in this case. The Privilege is asserted as to both Respondent and his spouse.  This request invades the privilege against disclosure of tax returns and tax return information. Firstly, the "Employer Identification Number or social security number" or otherwise used by Respondent in tax filings, and tax returns and tax return information is not relevant to the action. Thirdly, this information regarding payments or income from propounding party pertaining to this commercial transaction have been produced and Propounding Party has the documentary evidence of what he has paid to Respondent, as he paid it with checks or electronic payments from his own accounts, and Propounding Party has received documentary proof of all payments received from him by Responding Party through the discovery process in this action. Sections 6103 and 7213 of the Internal Revenue Code confer a privilege of privacy and confidentiality on the taxpayer returns and return information in the possession of the taxpayer. The Privacy Act of 1974, 5 U.S.C. section 552a (1982)  provides for privacy of tax returns, prohibiting federal disclosure without the individual's consent. The privacy right invoked here arise also under Rule 501 and the principles of common law.

6. OBJECTION: Privilege. Personal Privacy as to Respondent and his spouse. The request invades the constitutional rights of privacy under the federal Constitution, the 14th Amendment and otherwise, and under the California Constitution, Article 1, section 1. The right of privacy of both Respondent and of his spouse, on the joint returns and joint information is asserted here. The tax identification numbers of Respondent, and returns and tax return information include sensitive and confidential personal financial information pertaining to both

Respondent and his spouse, who file joint tax returns, and it contains summary information that involves other income that just payments made or income derived from payments by Plaintiff or by liquidation of Real Estate Owned following any private trustee's sale process resulting in issuance of a Trustee's Deed Upon Sale, as no third-party bought any of the three security properties at the auctions conducted by trustee's under the respective deeds of trust. Further, disclosure to Plaintiff of tax identification information such as EINs, SSNs or TINs or otherwise risks misuse and fraud by Plaintiff or other persons.

     7. OBJECTION. This is not reasonably calculated to lead to the discovery of admissible evidence. The tax identification information such as EINs, SSNs or TINs of Respondent have no bearing to this case nor discoverable or admissible information or evidence. The information regarding income derived from loans and whether or not these are set forth on tax filing forms is irrelevant to this action. This information regarding payments or income from any persons that are set forth in tax form filings, is irrelevant in this action. As to his loans, propounding party pertaining to this commercial transaction have been produced and Propounding Party has the documentary evidence of what he has paid to Respondent, as he paid it with checks or electronic payments from his own accounts, and Propounding Party has received documentary proof of all payments received from him by Responding Party through the discovery process in this action. Further, The tax returns and tax return information include sensitive and confidential personal financial information pertaining to both Respondent and his spouse, who file joint tax returns, and it contains summary information that involves other income that just payments made or income derived from payments by Plaintiff or by liquidation of Real Estate Owned following any private trustee's sale process resulting in issuance of a Trustee's Deed Upon Sale, as no third-party bought any of the three security properties at the auctions conducted by trustee's under the respective deeds of trust, as shown by public records and the trustee's deeds upon sale for the

security properties for the loans at issue in this case and as produced in response to Document Request Set 1 by Brown to Smead.

8.    OBECTION: This is not reasonably calculated to lead to the discovery of admissible evidence. It seeks information from and on tax form filings and communications with taxing authorities, as to tax identification information such as EINs, SSNs or TINs and identification by "year", and including for loans not related to the loans identified in the action, and as to persons other than those involved with loans that were not to or involving Plaintiff, and as to "years in which used" and "purpose" such as "e.g., loan origination, tax reporting, banking".

9.    OBJECTIONS: (a) Lacks relevance to the issues or claims in this action, as it seeks information not related to Plaintiff's loans, the tax identification information such as EINs, SSNs or TINs and identification by "year", and including for loans not related to the loans identified in the action, and as to persons other than those involved with loans that were not to or involving Plaintiff, and as to "years in which used" and "purpose" such as "e.g., loan origination, tax reporting, banking", all for loans other than those to Plaintiff and that are in issue in this action.

Standing on the objections, Respondent declines to answer this interrogatory.

INTERROGATORY NO. 13

State the value you attributed to the Harper Lake property at the time of foreclosure and identify all appraisals, valuations, market analyses, or other information sufficient to demonstrate the basis for that attribution.

RESPONSE TO INTERROGATORY NO. 13.

OBJECTIONS.

1.    OBJECTION: Exceeds limitation of 35 Interrogatories. Given the numerous subparts in the Interrogatories Set No. One, the entire request beginning

with its first and thereafter exceed the limitation of 35 under F.R.C.P. Rule 33, so each request is invalid.

2.     OBJECTION: The Interrogatories, Set No. Two lacks a Certificate of Service, and as no consent to receiving an email image of it was given, and as service by mail is the only allowed option for this discovery request, the discovery request is invalid and does not require a response. However, without waiving this defect, this response is volunteered in the interests of judicial economy.

3.     OBJECTION: This request violates Rule 11, Rule 36, the Rules of Civil Procedure and local rules of the Central District of California for inclusion of material that is not Interrogatories and in violation of formatting requirements.

4.     OBJECTION: Compound.

WITHOUT WAIVING AND SUBJECT TO THESE OBJECTIONS:

Respondent did not attribute a value to the Harper Lake real property security at the time of foreclosure, basing the credit bid on what was owed on the loan secured by that collateral. Only the loan amount due was the basis for the bidding amount of the credit bid at the private trustee's sale. So there are no things to identify as requested, as there was no such "attribution." The credit bid is the only value based just on the indebtedness at the time of foreclosure of $498,000.

INTERROGATORY NO. 14

Identify and describe what you contend the $100,000 difference between the $200,000 stated principal in the Deed of Trust recorded June 29, 2021 and the $100,000 disbursed through escrow represents, including the facts, documents, and communications supporting your contention.

RESPONSE TO INTERROGATORY NO. 14.

OBJECTIONS.

1.     OBJECTION: Exceeds limitation of 35 Interrogatories. Given the numerous subparts in the Interrogatories Set No. One, the entire request beginning

with its first and thereafter exceed the limitation of 35 under F.R.C.P. Rule 33, so each request is invalid.

2.     OBJECTION: The Interrogatories, Set No. Two lacks a Certificate of Service, and as no consent to receiving an email image of it was given, and as service by mail is the only allowed option for this discovery request, the discovery request is invalid and does not require a response. However, without waiving this defect, this response is volunteered in the interests of judicial economy.

3.     OBJECTION: This request violates Rule 11, Rule 36, the Rules of Civil Procedure and local rules of the Central District of California for inclusion of material that is not Interrogatories and in violation of formatting requirements.

4.     OBJECTION: Compound.

5.     OBJECTION: Vague and ambiguous and confusing as the different parts of the sum are not identified in the interrogatory.

WITHOUT WAIVING AND SUBJECT TO THESE OBJECTIONS:

This was the amount suggested by Brown, at his request, to induce the loan, proposed by Brown, and accepted by Respondent in order to obtain funding on the loan. Brown stated that he would pay the additional $100,000 to secure the loan with a quick closing and due to the fact that it was vacant, raw land, and a very risky loan, according to him, and so it seemed to Respondent. The amount of the principal stated on the promissory note and deed of trust was set by proposal of Plaintiff, cash through escrow and a sum of $100,000 as allocated and determined by Plaintiff to Defendant as part of the principal indebtedness, as described in email and instructions from Plaintiff to the escrow company involved in documenting the Utah loan, as a loan fee owed by Plaintiff for origination of the loan, a risky loan secured only by raw land with no income for it in a remote rural area with little commercial value. The emails of communication from Brown and between Brown and the title company in Utah copied to Respondent have been

produced, as has the escrow closing statement and the entire escrow file of the Utah escrow.

INTERROGATORY NO. 15

State all facts, identify all documents, and identify all persons with sufficient knowledge to support the valuation you used for the Utah property securing the Deed of Trust recorded June 29, 2021, including: (a) the valuation amount; (b) the date determined; and (c) the sources used.

RESPONSE TO INTERROGATORY NO. 15.

OBJECTIONS.

1.      OBJECTION: Exceeds limitation of 35 Interrogatories. Given the numerous subparts in the Interrogatories Set No. One, the entire request beginning with its first and thereafter exceed the limitation of 35 under F.R.C.P. Rule 33, so each request is invalid.

2.      OBJECTION: The Interrogatories, Set No. Two lacks a Certificate of Service, and as no consent to receiving an email image of it was given, and as service by mail is the only allowed option for this discovery request, the discovery request is invalid and does not require a response. However, without waiving this defect, this response is volunteered in the interests of judicial economy.

3.      OBJECTION: This request violates Rule 11, Rule 36, the Rules of Civil Procedure and local rules of the Central District of California for inclusion of material that is not Interrogatories and in violation of formatting requirements.

4.      OBJECTION: Compound.

WITHOUT WAIVING AND SUBJECT TO THESE OBJECTIONS:

None. Respondent did not make a valuation. The valuation was Plaintiff's entirely and according to his statements.

INTERROGATORY NO. 16

Identify and describe the purpose of the $100,000 referenced in the June 18, 2021 email (SMEAD PRODUCTION 9/18/25 S338), including: (a) whether it represented loan principal, interest, fees, or other; (b) the date it was disbursed or allocated; (c) the person or entity to whom it was disbursed; and (d) the account or source of funds from which it was paid.

RESPONSE TO INTERROGATORY NO. 16.

OBJECTIONS.

    1.    OBJECTION: Exceeds limitation of 35 Interrogatories. Given the numerous subparts in the Interrogatories Set No. One, the entire request beginning with its first and thereafter exceed the limitation of 35 under F.R.C.P. Rule 33, so each request is invalid.

    2.    OBJECTION: The Interrogatories, Set No. Two lacks a Certificate of Service, and as no consent to receiving an email image of it was given, and as service by mail is the only allowed option for this discovery request, the discovery request is invalid and does not require a response. However, without waiving this defect, this response is volunteered in the interests of judicial economy.

    3.    OBJECTION: This request violates Rule 11, Rule 36, the Rules of Civil Procedure and local rules of the Central District of California for inclusion of material that is not Interrogatories and in violation of formatting requirements.

    4.    OBJECTION: Compound.

    5.    OBJECTION: Vague and ambiguous and confusing as the different parts of the sum are not identified in the interrogatory.

WITHOUT WAIVING AND SUBJECT TO THESE OBJECTIONS:

    The $100,000 was offered and proposed by Plaintiff to obtain the loan and secure the loan for a quick closing, on a risky, vacant, raw remote security property with no income. The amount of the principal stated on the promissory note and deed of trust was set by proposal of Plaintiff, cash through escrow and a sum of

$100,000 as allocated and determined by Plaintiff to Defendant as part of the principal indebtedness, as described in email and instructions from Plaintiff to the escrow company involved in documenting the Utah loan. The emails of communication from Brown and between Brown and the title company in Utah copied to Respondent have been produced, as has the escrow closing statement and the entire escrow file of the Utah escrow.

INTERROGATORY NO. 17

Identify the source, recipient, and disbursement path of the $100,000 referenced in SMEAD PRODUCTION 9/18/25 S338 including any escrow file, wire, ACH, or check number(s).

RESPONSE TO INTERROGATORY NO. 17

OBJECTIONS.

    1.    OBJECTION: Exceeds limitation of 35 Interrogatories. Given the numerous subparts in the Interrogatories Set No. One, the entire request beginning with its first and thereafter exceed the limitation of 35 under F.R.C.P. Rule 33, so each request is invalid.

    2.    OBJECTION: The Interrogatories, Set No. Two lacks a Certificate of Service, and as no consent to receiving an email image of it was given, and as service by mail is the only allowed option for this discovery request, the discovery request is invalid and does not require a response. However, without waiving this defect, this response is volunteered in the interests of judicial economy.

    3.    OBJECTION: This request violates Rule 11, Rule 36, the Rules of Civil Procedure and local rules of the Central District of California for inclusion of material that is not Interrogatories and in violation of formatting requirements.

    4.    OBJECTION: Compound.

    5.    OBJECTION: Vague and ambiguous and confusing as the different parts of the sum are not identified in the interrogatory.

WITHOUT WAIVING AND SUBJECT TO THESE OBJECTIONS:

The $100,000 cash disbursed from Respondent's funds, to and for the benefit of Plaintiff through the escrow. The other $100,000 was offered and proposed by Plaintiff, without demand or expectation of Respondent, and Brown represented that the additional sum would be paid off when the loan matured. The documents from the escrow file showing all such have been produced, these are the closing statements and communications from escrow to Plaintiff.

INTERROGATORY NO. 18

Explain how you accounted for the $200,000 principal balance stated in the Utah Deed of Trust including any portion funded outside of escrow; identify all documents reflecting your accounting.

RESPONSE TO INTERROGATORY NO. 18

OBJECTIONS.

1.      OBJECTION: Exceeds limitation of 35 Interrogatories. Given the numerous subparts in the Interrogatories Set No. One, the entire request beginning with its first and thereafter exceed the limitation of 35 under F.R.C.P. Rule 33, so each request is invalid.

2.      OBJECTION: The Interrogatories, Set No. Two lacks a Certificate of Service, and as no consent to receiving an email image of it was given, and as service by mail is the only allowed option for this discovery request, the discovery request is invalid and does not require a response. However, without waiving this defect, this response is volunteered in the interests of judicial economy.

3.      OBJECTION: This request violates Rule 11, Rule 36, the Rules of Civil Procedure and local rules of the Central District of California for inclusion of material that is not Interrogatories and in violation of formatting requirements.

4.      OBJECTION: Compound.

5.    OBJECTION: Vague and ambiguous and confusing as the different parts of the sum are not identified in the interrogatory and as to "accounted for". WITHOUT WAIVING AND SUBJECT TO THESE OBJECTIONS:

The amount of the principal stated on the promissory note and deed of trust was set by proposal of Plaintiff, cash through escrow and a sum of $100,000 as allocated and determined by Plaintiff to Defendant as part of the principal indebtedness, as described in email and instructions from Plaintiff to the escrow company involved in documenting the Utah loan, and the amount is accounted for in the promissory note and deed of trust and according to Plaintiff's written directions to escrow, the promissory note that Plaintiff proposed, agreed to and signed. The emails of communication from Brown and between Brown and the title company in Utah copied to Respondent have been produced, as has the escrow closing statement and the entire escrow file of the Utah escrow.

INTERROGATORY NO. 19

State how you reported payments you collected on the Utah loan on your Federal tax return(s) (tax years 2021–2023), identifying the tax year, schedule, and line item, and the income category. If not reported, so state and explain why.

RESPONSE TO INTERROGATORY NO. 19

OBJECTIONS.

1.    OBJECTION: Exceeds limitation of 35 Interrogatories. Given the numerous subparts in the Interrogatories Set No. One, the entire request beginning with its first and thereafter exceed the limitation of 35 under F.R.C.P. Rule 33, so each request is invalid.

2.    OBJECTION: The Interrogatories, Set No. Two lacks a Certificate of Service, and as no consent to receiving an email image of it was given, and as service by mail is the only allowed option for this discovery request, the discovery

request is invalid and does not require a response. However, without waiving this defect, this response is volunteered in the interests of judicial economy.

3.    OBJECTION: This request violates Rule 11, Rule 36, the Rules of Civil Procedure and local rules of the Central District of California for inclusion of material that is not Interrogatories and in violation of formatting requirements.

4.    OBJECTION: Compound.

5.    OBJECTION: Vague and ambiguous and confusing as the different parts of the sum are not identified in the interrogatory.

6.    OBJECTION. Privilege. The information sought is Privileged against Disclosure in this case. The Privilege is asserted as to both Respondent and his spouse. This request invades the privilege against disclosure of tax returns and tax return information. Firstly, the tax returns and tax return information is not relevant to the action. Secondly, the information contained in the returns is otherwise obtainable. Thirdly, this information regarding payments or income from propounding party pertaining to this commercial transaction have been produced and Propounding Party has the documentary evidence of what he has paid to Respondent, as he paid it with checks or electronic payments from his own accounts, and Propounding Party has received documentary proof of all payments received from him by Responding Party through the discovery process in this action. Sections 6103 and 7213 of the Internal Revenue Code confer a privilege of privacy and confidentiality on the taxpayer returns and return information in the possession of the taxpayer. The Privacy Act of 1974, 5 U.S.C. section 552a (1982) provides for privacy of tax returns, prohibiting federal disclosure without the individual's consent. The privacy right invoked here arise also under Rule 501 and the principles of common law.

7. OBJECTION: Privilege. Personal Privacy as to Respondent and his spouse. The request invades the constitutional rights of privacy under the federal Constitution, the 14th Amendment and otherwise, and under the California

Constitution, Article 1, section 1. The right of privacy of both Respondent and of his spouse, on the joint returns and joint information is asserted here. The tax returns and tax return information include sensitive and confidential personal financial information pertaining to both Respondent and his spouse, who file joint tax returns, and it contains summary information that involves other income that just payments made or income derived from payments by Plaintiff or by liquidation of Real Estate Owned following any private trustee's sale process resulting in issuance of a Trustee's Deed Upon Sale, as no third-party bought any of the three security properties at the auctions conducted by trustee's under the respective deeds of trust.

8. OBJECTION. This is not reasonably calculated to lead to the discovery of admissible evidence. The information regarding income derived from loans involving Plaintiff has been disclosed and is known to Propounding Party. This information regarding payments or income from propounding party pertaining to this commercial transaction have been produced and Propounding Party has the documentary evidence of what he has paid to Respondent, as he paid it with checks or electronic payments from his own accounts, and Propounding Party has received documentary proof of all payments received from him by Responding Party through the discovery process in this action. Further, The tax returns and tax return information include sensitive and confidential personal financial information pertaining to both Respondent and his spouse, who file joint tax returns, and it contains summary information that involves other income that just payments made or income derived from payments by Plaintiff or by liquidation of Real Estate Owned following any private trustee's sale process resulting in issuance of a Trustee's Deed Upon Sale, as no third-party bought any of the three security properties at the auctions conducted by trustee's under the respective deeds of trust, as shown by public records and the trustee's deeds upon sale for the security

properties for the loans at issue in this case and as produced in response to Document Request Set 1 by Brown to Smead.

Standing on the objections, Respondent declines to answer this interrogatory.

INTERROGATORY NO. 20

State how you calculated the $220,923.20 you bid to acquire the Utah property at the March 8, 2023 foreclosure sale, including: (a) principal claimed owed; (b) interest claimed owed; (c) calculation/accounting to reach the total; and (d) documents supporting the calculation.

RESPONSE TO INTERROGATORY NO. 20

OBJECTIONS.

1.    OBJECTION: Exceeds limitation of 35 Interrogatories. Given the numerous subparts in the Interrogatories Set No. One, the entire request beginning with its first and thereafter exceed the limitation of 35 under F.R.C.P. Rule 33, so each request is invalid.

2.    OBJECTION: The Interrogatories, Set No. Two lacks a Certificate of Service, and as no consent to receiving an email image of it was given, and as service by mail is the only allowed option for this discovery request, the discovery request is invalid and does not require a response. However, without waiving this defect, this response is volunteered in the interests of judicial economy.

3.    OBJECTION: This request violates Rule 11, Rule 36, the Rules of Civil Procedure and local rules of the Central District of California for inclusion of material that is not Interrogatories and in violation of formatting requirements.

4.    OBJECTION: Compound.

5.    OBJECTION: Vague and ambiguous and confusing as the different parts of the sum are not identified in the interrogatory.

WITHOUT WAIVING AND SUBJECT TO THESE OBJECTIONS:

The bid was calculated as the amount due and owing under the promissory note and deed of trust for principal and interest, $200,000 in principal and 20,923.20 in interest on the principal, and late charges and foreclosure fees to the trustee under the deed of trust, and as calculated from the payment history as kept by Respondent, and as produced in response to the Document Request Set One from Brown.

Date: Nov. 3, 2025

/s/ *Fred Hickman*  *Fred Hickman*

## VERIFICATION

I, STEVE SMEAD, do solemnly declare and affirm under the penalty of perjury that the foregoing Responses to Interrogatories, entitled RESPONSE BY DEFENDANT SMEAD TO INTERROGATORIES BY PLAINTIFF BROWN, SET NO. TWO, are true and correct to the best of my knowledge, information, and belief.

Executed on November 3, 2025

STEVE SMEAD

CERTIFICATE OF SERVICE BY MAIL AND EMAIL -- PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age to 18 years and not a part to the within action. My business address is 17602 17th St., Ste 102-206, Tustin CA 92780.

On Nov. 3, 2025, I served the foregoing document described as:

RESPONSE BY DEFENDANT SMEAD TO INTERROGATORIES BY PLAINTIFF BROWN, SET NO. TWO

on the interested parties in this action by placing a true and correct copy enclosed in a sealed envelope as follows:

Mr. Clinton Brown
1431 Ocean Ave, Unit 413
Santa Monica, CA 90401


BY Mail: I deposited the document in a sealed envelope in the mail, United States Postal Service, with postage fully prepaid at Santa Ana, California.

I hereby certify that I am a member of the Bar of the United States District Court, Central District of California. This certificate of service is executed on Nov. 3, 2025, at Santa Ana California.

_/s Fred Hickman_____
Fred Hickman