**VIA ECF**

Clinton Brown
1431 Ocean Ave, Unit 413
Santa Monica, CA 90401
brown_clinton@msn.com
310-775-7990

**November 28, 2025**

Honorable Karen L. Stevenson, Chief Magistrate Judge
United States District Court, Central District of California
255 East Temple Street, Courtroom 580
Los Angeles, CA 90012

**Re:** *Brown v. Smead*, Case No. 2:23-02938-MEMF-KS, Plaintiff's Reply Letter Brief to Defendant's Opposition to Plaintiff's Motion to Compel Responses to Interrogatories and Requests for Admission.[1]

Dear Chief Magistrate Judge:

Defendant has not carried his "heavy burden" to justify withholding discovery. *See Nguyen*; *Garces*; *Van Steenwyk*. Plaintiff will not shoulder that burden for him. Defendant also ignores the governing legal standard for sufficiency of discovery responses, despite Plaintiff having set it out plainly in the Motion. *See* ECF No. 110 at 2. Defendant cites no authority permitting a party to refuse to answer a discovery request based solely on boilerplate objections such as "compound," "conjunctive," "vague," "ambiguous," "lacks relevance," "privacy," "not reasonably calculated," or "improper formatting."[2] Defendant likewise makes no showing as to how any such objection prevented him from answering. Cases permitting that approach may exist, but none appear in this record. *See generally*, ECF No. 114

1. **Requests for admission — objections instead of an answer are not proper in this case.**

Defendant misstates Rule 36. While Rule 36(a)(3) permits a party to "answer or object," Rule 36(a)(4) requires an admission, denial, or explanation unless the stated objection actually prevents an answer. Defendant does not contend—because he cannot—that any objection prevented him from admitting or denying the straightforward factual propositions in RFAs, Set No. 2 (Nos. 13, 14, 15, 17, 30, and 31), and RFAs, Set No. 1 (No. 6). Instead, he relies on technical characterizations such as "compound," "conjunctive," "vague," "ambiguous," or "improper formatting," none of which explains why he cannot answer.

---

[1] Plaintiff's Reply follows Defendant's Opposition section-by-section to facilitate the Court's review under the expedited briefing schedule. *See* ECF No. 111. The use or modification of Defendant's headings does not reflect any agreement with his arguments or their significance; they are used solely to assist the Court in navigating the expedited schedule.

[2] If "improper formatting" sufficed to excuse a party from answering discovery, the Federal Rules would operate in a manner wholly inconsistent with their stated purpose. *See* Rule 1.

Rule 36 does not authorize a party to refuse to answer RFAs based on formatting complaints, nor does it allow a party to avoid admissions about facts supported by documents already in the record. Because Defendant's objections do not impede his ability to respond, they are not "justified" under Rule 36(a)(6).[3] The Court must therefore order proper responses.

2. **Interrogatory response dispute — Defendant has not met his burden.**

Rule 33(b)(3) requires a party to answer "to the extent not objected to." Defendant did not do so. Plaintiff is not seeking tax returns, private financial statements, or dollar amounts. The interrogatories ask (1) whether Defendant files a Schedule C, (2) whether he has reported lending income as business income, (3) whether he has used an EIN in connection with lending activity, and (4) how he reported payments on the Utah loan. These are factual questions relevant to Plaintiff's claims. *See* ECF No. 110-1 at 1-2.

Defendant's objections state "compound," "vague," "ambiguous," "lacks relevance," "privacy," and "not reasonably calculated" are boilerplate and do not explain why he cannot answer. The phrase "not reasonably calculated" was eliminated from the Federal Rules in 2015. *See* Rule 26, Committee Notes on Rules—2015 Amendment. Defendant cites no authority holding that a party may refuse to answer interrogatories based on such objections. He has therefore not carried his "heavy burden" to show that discovery should be denied.

3. **Smead's responses consisting only of objections are not proper under Rule 36, which requires an answer unless a valid objection prevents one.**

Defendant repeats the same stock objections of "compound," "conjunctive," "vague," "ambiguous," "improper formatting," "privacy," "not reasonably calculated," "framed as an interrogatory," and purported violations of Rule 11 or local rules across multiple RFAs without explaining how any objection prevented him from answering the actual factual question. Rule 36 does not permit a party to avoid answering merely because he dislikes the phrasing or prefers a different format. The Rule requires a showing that the objection impedes the ability to admit or deny.[4] Defendant makes no showing why he cannot answer.

---

[3] Defendant asserts that, "Plaintiff takes the position that despite objections, which he did not dispute in the meet and confer nor in the informal discovery conference, Defendant Smead must still 'answer' by admitting or denying." *See* ECF No. 114 at 1. The record demonstrates otherwise. During the November 11, 2025 meet and confer, the parties entered a Rule 29(b) stipulation permitting Defendant to serve amended responses on November 14, 2025. Once confronted with his objections in that discussion, Defendant—while still relying on the very same boilerplate objections—was able to provide Rule-compliant answers to RFAs Set No. 2 (Nos. 11, 12, 29, and 32) and RFAs Set No. 1 (No. 7). His objections were effectively withdrawn without protest. That sequence directly undermines his contention that Plaintiff never disputed the objections or that those objections prevented him from answering. This is precisely why a motion to compel is, unfortunately, necessary here.

[4] Defendant erroneously inserted RFA No. 32 into his Opposition, but that request is not at issue because it was already answered pursuant to the parties' Rule 29(b) stipulation on November 11, 2025. Defendant's reliance on the same boilerplate objections—while still answering the request—underscores the real problem: he provides responses only when it suits him, not when the Federal Rules require them. *Compare* ECF Nos. 114-2 at 21 and 114-5 at 4–5. The "omitted" objection stated: "The request and entire set violate: Rule 11, Rule 36, the Rules of Civil Procedure, and local rules of the Central District of California for inclusion of material that is not Requests for Admission and in violation of formatting requirements." Whatever that means, it is not compliant with the Federal Rules.

**4. Interrogatories Set No. 2 — Nos. 10, 11, 12, and 19 are proper and require full answers.**

Defendant plainly understands the interrogatories but chooses not to answer them. Rule 33(b)(3) requires him to respond "to the extent it is not objected." And because Plaintiff has not requested tax returns, marital details, or dollar amounts—only the *years, forms,* and *categories* that reflect how he reports lending income in an unlawful debt Civil RICO case—his privacy objections are not a basis to refuse to answer, *infra*.

**5. The "qualified tax-return privilege" does not apply.**

Plaintiff is **not** seeking any tax returns. Interrogatories asking whether Defendant reports lending income on a Schedule C or uses an EIN does not implicate any qualified privilege. None of Defendant's cited cases concern factual questions about form type or income classification. They concern the *tax returns* themselves, third-party, non-associated parties, or government entities. In any event, the interrogatories were written specifically to avoid this issue. The parties already flagged the tax return issue in the Rule 26(f) Report, and Plaintiff narrowed and clarified his position in good faith as discovery advanced. *See* ECF No. 98 at 8, 10–11

Defendant was notified of authority directly addressing this issue. *See S.E.C. v. Garber*, 990 F. Supp. 2d 462, 466 (S.D.N.Y. 2014). Although out of circuit, *Garber* is persuasive authority and is cited by Westlaw's treatises regarding the so-called tax return privilege. In any event, Plaintiff is not seeking Defendant's tax returns and has substantially narrowed the dispute. Moreover, Plaintiff would arguably be entitled to the tax returns themselves in a civil RICO action where Defendant disputes whether the Utah loan proceeds constituted principal or interest, and that would be consistent with persuasive and analogous Ninth Circuit authority. (citation omitted). Plaintiff has plainly established relevance and Defendant cites no authority—indeed, several of his own cases cut against his position—holding that a party may categorically prohibit all discovery into the tax treatment of principal or interest in a civil RICO case alleging unlawful debt. Again, Plaintiff will not carry Defendant's "heavy burden" for him.

**6. The privacy rights of Defendant and his wife do not bar disclosure.**

*Griswold v. Connecticut*, 381 U.S. 479, 484 (1965) addresses intimate marital privacy, not the penumbras of a discovery dispute. And to the extent Defendant now reveals that he files his taxes as married filing jointly, that is an intimate fact never requested by Plaintiff and disclosed solely by Defendant in his Opposition. The actual issue presented by Interrogatory No. 11, for example, is whether Defendant reports his lending activity on Schedule C. That information is directly relevant because Defendant acknowledges he has been making real estate secured loans for decades while simultaneously characterizing them as merely "personal loans," yet his own banking records reflect his account is titled "Smead dba Smead D&S Rentals." These circumstances underscore why a straightforward, factual answer is required. Defendant's Opposition reflects the broader problem: he selectively provides information he wishes to disclose while refusing to answer discovery that the Federal Rules require him to answer. *See* ECF No. 107.

### 7. Conclusion

Even if Plaintiff's discovery requests were technically flawed in some way—and they probably are, because any party can identify some supposed technical defect in almost *any* propounded request—the Federal Rules still require the responding party to answer to the extent the request is not objectionable *or* to seek relief under Rule 26(c).[5] Defendant has not come close to meeting his "heavy burden" by simply standing on his boilerplate and general objections and declining to answer.

Accordingly, the Court should compel Defendant to serve full, Rule-compliant responses within seven (7) days of its order as to Interrogatories, Set No. 2 (Nos. 10, 11, 12, and 19), Requests for Admission, Set No. 2 (Nos. 13, 14, 15, 17, 30, and 31), and Request for Admission, Set No. 1 (No. 6).

Respectfully submitted,

*/s/ Clinton Brown, Pro Se*
1431 Ocean Ave, Unit 413
Santa Monica, CA 90401
brown_clinton@msn.com
310-775-7990

CC: All Counsel of Record (via ECF) on November 28, 2025

---

[5] Notably, Defendant does not mention Rule 26(c) in his Opposition at all.