## *SECURED PROMISSORY NOTE*

$150,000.00                                                                 Date: November 04, 2020

For value received, the undersigned Clinton Brown (the "Borrower"), at 10226 Regent St, Los Angeles, California 90034, promises to pay to the order of Steve Smead (the "Lender"), at 145 S 8th Street, Santa Paula, California 93060 (or at such other place as the Lender may designate in writing), the sum of $150,000.00 with no interest.

### I. TERMS OF REPAYMENT

#### A. Payments

Unpaid principal after the Due Date shown below shall accrue interest at a rate of 10% annually until paid.

The unpaid principal shall be payable in full on November 02, 2022 (the "Due Date").

#### B. Application of Payments

All payments on this Note shall be applied first in payment of accrued interest and any remainder in payment of principal.

#### C. Acceleration of Debt

If any payment obligation under this Note is not paid when due, the remaining unpaid principal balance and any accrued interest shall become due immediately at the option of the Lender.

### II. SECURITY

This Note shall be secured by a Deed of Trust to real property commonly known as 21472 Calle Del Barco, Malibu, California 90265, executed on November 04, 2020. The Lender is not required to rely on the above security instrument and the assets secured therein for the payment of this Note in the case of default, but may proceed directly against the Borrower.

### III. PREPAYMENT

The Borrower reserves the right to prepay this Note (in whole or in part) prior to the Due Date with no prepayment penalty.

### IV. COLLECTION COSTS

EXH 59-1

If any payment obligation under this Note is not paid when due, the Borrower promises to pay all costs of collection, including reasonable attorney fees, whether or not a lawsuit is commenced as part of the collection process.

## V. DEFAULT

If any of the following events of default occur, this Note and any other obligations of the Borrower to the Lender, shall become due immediately, without demand or notice:

1) the failure of the Borrower to pay the principal and any accrued interest when due;

2) the liquidation, dissolution, incompetency or death of the Borrower;

3) the filing of bankruptcy proceedings involving the Borrower as a debtor;

4) the application for the appointment of a receiver for the Borrower;

5) the making of a general assignment for the benefit of the Borrower's creditors;

6) the insolvency of the Borrower;

7) a misrepresentation by the Borrower to the Lender for the purpose of obtaining or extending credit; or

8) the sale of a material portion of the business or assets of the Borrower.

In addition, the Borrower shall be in default if there is a sale, transfer, assignment, or any other disposition of any real estate pledged as collateral for the payment of this Note, or if there is a default in any security agreement which secures this Note.

## VI. SEVERABILITY OF PROVISIONS

If any one or more of the provisions of this Note are determined to be unenforceable, in whole or in part, for any reason, the remaining provisions shall remain fully operative.

## VII. MISCELLANEOUS

All payments of principal and interest on this Note shall be paid in the legal currency of the United States. The Borrower waives presentment for payment, protest, and notice of protest and demand of this Note.

No delay in enforcing any right of the Lender under this Note, or assignment by Lender of this Note, or failure to accelerate the debt evidenced hereby by reason of default in the payment of a monthly installment or the acceptance of a past-due installment shall be construed as a waiver of

EXH 59-2

the right of Lender to thereafter insist upon strict compliance with the terms of this Note without notice being given to Borrower. All rights of the Lender under this Note are cumulative and may be exercised concurrently or consecutively at the Lender's option.

This note may not be amended without the written approval of the holder.

**VIII. GOVERNING LAW**

This Note shall be construed in accordance with the laws of the State of California.

**IX. SIGNATURES**

This Note shall be signed by Clinton Brown and Steve Smead.

**[SIGNATURE PAGE FOLLOWS]**

EXH 59-3

This is a RocketLawyer.com document.

**IN WITNESS WHEREOF,** this Agreement has been executed and delivered in the manner prescribed by law as of the date first written above.

Signed this _____ day of _____, _____, at _____,
_____.

Borrower:
Clinton Brown

By: _____/s/ Clinton Brown_____     Date: __11/5/2020__
   Clinton Brown

Lender:
Steve Smead


By: _____     Date: _____
   Steve Smead

EXH 59-4

This is a RocketLawyer.com document.

**DO NOT DESTROY THIS NOTE**

WHEN PAID this original Note together with the Deed of Trust securing the same, must be surrendered to the Borrower for cancellation and retention before any reconveyance can be processed.

EXH 59-5

This is a RocketLawyer.com document.

## *GUARANTY AGREEMENT*

This Guaranty Agreement (this "Guaranty") is made effective as of November 04, 2020 by Clinton Brown, (the "Guarantor") of 10226 Regent St, Los Angeles, California 90034.

This Guaranty is being given to Steve Smead, (the "Creditor") of 145 S 8th Street, Santa Paula, California 93060.

This Guaranty is being given for the benefit of the Guarantor and for Clinton Brown, (the "Debtor") of 10226 Regent St, Los Angeles, California 90034.

**I. OBLIGATIONS.** This Guaranty is given by the Guarantor to induce the Creditor to extend credit to the Debtor, or to forebear in the exercise of the Creditor's rights against the Debtor, and in consideration of the Creditor doing so, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and further acknowledging that the Creditor intends to rely on this Guaranty, the Guarantor absolutely and unconditionally guarantees prompt payment when due of all payments and liabilities of the Debtor to the Creditor, whether voluntary or involuntary and however arising, whether secured or unsecured, absolute or contingent, liquidated or unliquidated, and regardless of whether the Debtor may be liable individually or jointly with others, regardless of whether recovery upon any such obligation may be or hereafter become barred or otherwise unenforceable, including interest and charges, and to the extent not prohibited by law, all costs and attorney's fees incurred in attempting to realize upon this Guaranty.

**II. DURATION.** This Guaranty is effective for all obligations incurred by the Debtor on or before November 04, 2022. The Guarantor will assume no responsibility for any obligation incurred by the Debtor after such date. No notice of the passing of the above date need be given to the Creditor for the termination of this Guaranty to have legal effect.

**III. NOTICE OF DEFAULT.** The Creditor shall not be required to notify the Guarantor of a default by the Debtor in the Debtor's commitments to the Creditor before proceeding against the Guarantor under this Guaranty.

**IV. CREDITOR PROVISIONS.** The Guarantor expressly waives diligence on the part of the Creditor in collection of any part of the debt or other obligation owed by the Debtor. Further, the Creditor has no duty to bring suit against the Debtor (for collection of the debt or other performance which is due) before proceeding against the Guarantor. The Guarantor waives notice of the acceptance of this Guaranty and of any and all such indebtedness and liability. The Guarantor waives presentment, protest, notice, demand, or action on delinquency in respect of any such indebtedness or liability, including any right to require the Creditor to sue or otherwise enforce payment. Until all obligations of the Debtor to the Creditor have been satisfied in full, the Guarantor waives all rights of subrogation to any collateral and remedies of the Creditor against the

EXH 59-6

Debtor, and other persons or entities. Any indebtedness of the Debtor now or hereafter owed to the Guarantor is hereby subrogated to the indebtedness of the Debtor to the Creditor, and such indebtedness of the Debtor to the Guarantor, if the Creditor so requests, shall be collected, enforced, and received by the Guarantor as trustee for the Creditor and be paid over to the Creditor on account of the indebtedness of the Debtor to the Creditor, but without reducing or affecting in any manner the liability of the Guarantor under the provisions of this Guaranty.

**V. ASSIGNMENT.** This Guaranty (a) shall bind the successors and assigns of the Guarantor (this Guaranty is not assignable by the Guarantor without the express written consent of the Creditor, and is not affected by the death of the Guarantor), (b) shall inure to the Creditor, its successors and assigns, and (c) may be enforced by any party to whom all or any part of the liabilities may be sold, transferred, or assigned by the Creditor.

**VI. FINANCIAL CONDITION.** The Creditor has no duty to advise the Guarantor of the Debtor's financial condition.

**VII. CORPORATE AUTHORITY.** The Guarantor certifies that it is not prohibited under its articles of incorporation or bylaws (or its articles of organization or operating agreement, if a limited liability company) to act as the Guarantor.

**VIII. ENTIRE AGREEMENT.** This Guaranty contains the entire agreement of the parties with respect to the subject matter of this Guaranty and there are no other promises or conditions in any other agreement, whether oral or written. This Guaranty supersedes any prior written or oral agreements between the parties with respect to the subject matter of this Guaranty.

**IX. AMENDMENT.** This Guaranty may be modified or amended, if the amendment is made in writing and is signed by both parties.

**X. SEVERABILITY.** If any provision of this Guaranty shall be held to be invalid or unenforceable for any reason, the remaining provisions shall continue to be valid and enforceable. If a court finds that any provision of this Guaranty is invalid or unenforceable, but that by limiting such provision it would become valid or enforceable, then such provision shall be deemed to be written, construed, and enforced as so limited.

**XI. WAIVER OF CONTRACTUAL RIGHT.** The failure of either party to enforce any provision of this Guaranty shall not be construed as a waiver or limitation of that party's right to subsequently enforce and compel strict compliance with every provision of this Guaranty.

**XII. APPLICABLE LAW.** This Guaranty shall be governed by the laws of the State of California.

**XIII. RECEIPT.** The Guarantor acknowledges receipt of a copy of this Guaranty.

EXH 59-7

By: _____  Date: 11/05/2020
Clinton Brown

EXH 5398

This is a RocketLawyer.com document.