Fred Hickman (#124406)
fredhickman@gmail.com
17602 17th St Ste 102-206
Tustin CA 92780
714-315-1565; fax 714-838-0835

Attorney for: Defendant Steve Smead

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CLINTON BROWN,<br><br>　　　　　PLAINTIFF,<br><br>VS.<br><br>STEVE SMEAD,<br><br>　　　　　DEFENDANTS. | Case No.: 2:23-cv-02938-MEMF(KSx)<br><br>OBJECTION TO EVIDENCE, BY DEFENDANT SMEAD TO PLAINTIFF BROWN'S EVIDENCE, IN RE DEFENDANT'S MOTION FOR SUMMAY JUDGMENT<br><br>DATE: 03/05/2026<br>TIME: 10:00 a.m.<br>CTRM: 8B |

　　　Defendant Smead hereby objects to the following evidence presented by opposing party, Plaintiff Brown, in connection with the motion for summary judgment, or in the alternative, partial summary judgment or adjudication set for hearing on March 5, 2026 before this Court:

(1)　Declaration of Brown, dated January 16, 2026, Paragraph 3, page 1, lines 22-22, that part which reads: "Exhibit A reflects transactions in the account ending in 6236, . . . and withdrawals reflecting payments to third parties in connection with Defendant's lending and foreclosure activity."
　　　This evidence is objected to on the following grounds:

  (a) Plaintiff lacks personal knowledge as not having produced sufficient evidence of that personal knowledge. [FRE 602].

  (b) Hearsay, the evidence constitutes hearsay. [FRE 802].

  (c) Lacks authentication or identifying of the items or documents in evidence and the testimony of the declaration, as no evidence is produced sufficient to support a finding that the items or documents or entries is or are what the proponent claims it is. [FRE 901].

(2) Declaration of Brown, dated January 16, 2026, Paragraph 9, page 2, which reads: "I owned the real properties that are the subject of this action at all relevant times."

  This evidence is objected to on the following grounds:

  (a) Plaintiff lacks personal knowledge as not having produced sufficient evidence of that personal knowledge. [FRE 602].

  (b) Lacks authentication or identifying of the matter of testimony set forth in the declaration, as no evidence is produced sufficient to support a finding that matter of testimony is or are what the proponent claims it is. [FRE 901].

(3) Declaration of Brown, dated January 16, 2026, Paragraph 15, page 2, which reads: "Defendant sold the Malibu property for $550,000, as reflected in the recorded grant deed by calculating the documentary transfer tax."

  This evidence is objected to on the following grounds:

  (a). Lacks relevance, as irrelevant evidence is not admissible. [FRE 402].

  (b) Plaintiff lacks personal knowledge as not having produced sufficient evidence of that personal knowledge. [FRE 602].

  (c) Lacks authentication or identifying of the matter of testimony set forth in the declaration, as no evidence is produced sufficient to support a finding that matter of testimony is or are what the proponent claims it is. [FRE 901].

1  (d) Inadmissible Lay Opinion. The testimony is in the form of an opinion that is
2  not based rationally on the witness's perception; is not helpful to clearly
3  understanding the witness's testimony or to determining a fact in issue; and is
4  based on technical or specialized known within the scope of FRE 702, and the
5  witness is not qualified and has not qualified as an expert on this subject under
6  FRE 702. The witness has not  [FRE 701 & 702].

(4) Declaration of Brown, dated January 16, 2026, Paragraph 16, p. 2, which reads:
   "The loan transactions at issue involved communications and financial
   activity between California and Utah."
   This evidence is objected to on the following grounds:
(a) Plaintiff lacks personal knowledge as not having produced sufficient
evidence of that personal knowledge. [FRE 602].
(b)  Hearsay, the evidence constitutes hearsay. [FRE 802].
(c) Lacks authentication or identifying of the matter of testimony set forth in the
   declaration,  as no evidence is produced sufficient to support a finding that
   matter of testimony is what the proponent claims. [FRE 901].

(5) Declaration of Brown, dated January 16, 2026, Paragraph 50, p. 6, which reads:
      "Chicago Title refused to record the 100 percent interest rate".
   This evidence is objected to on the following grounds:
(a) Plaintiff lacks personal knowledge as not having produced sufficient
evidence of that personal knowledge. [FRE 602].
(b)  Hearsay, the evidence constitutes hearsay. [FRE 802].
(c) Lacks authentication or identifying of the matter of testimony set forth in the
   declaration,  as no evidence is produced sufficient to support a finding that
   matter of testimony is what the proponent claims. [FRE 901].

(6) Declaration of Brown, dated January 16, 2026, Paragraph 55, page 6, which
refers to the declaration, not the deposition testimony of Erick Ordaz, as a declaration of Ordaz was submitted as ECF 90-1, and there is not deposition testimony of Ordaz included, and as to that Declaration of Ordaz, Brown's inclusion of reference to it here, "in support of this declaration".
This evidence is objected to on the following grounds:
(a) Plaintiff lacks personal knowledge as not having produced sufficient evidence of that personal knowledge. [FRE 602].
(b) Hearsay, the evidence constitutes hearsay. [FRE 802].

(7) Declaration of Brown, dated January 16, 2026, Paragraph 56, page 7, which
refers to the declaration of Sean Chaudhuri "in support of this declaration", submitted by Brown as ECF 90-2.
This evidence is objected to on the following grounds:
(a) Plaintiff lacks personal knowledge as not having produced sufficient evidence of that personal knowledge. [FRE 602].
(b) Hearsay, the evidence constitutes hearsay. [FRE 802].

(8) Declaration of Brown, dated January 16, 2026, Paragraph 58, p. 7, which reads:
"In my deposition, I testified under oath that documents I prepared stating "0 percent interest" due within one year reflected the $150,000 in interest associated with the Harper Lake loan."
This evidence is objected to on the following grounds:
(a) Plaintiff lacks personal knowledge as not having produced sufficient evidence of that personal knowledge. [FRE 602].
(b) Hearsay, the evidence constitutes hearsay. [FRE 802].

///

Defendant Smead will respectfully request the Court at the hearing on the motion to sustain the above-objections and to strike the evidence referred to above.

Date: January 22, 2026

Respectfully Submitted,
*/s/ Fred Hickman*
Fred Hickman
fredhickman@gmail.com
Attorney for: Defendant Steve Smead

**CERTIFICATE OF SERVICE**
**SMEAD V. BROWN, U.S.D.C. CENT. DIST. CAL., WESTERN DIV. CASE NO. 2:23-cv-02938-MEMF(KSx)**

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the city of Santa Ana, California; my business address is 17602 17th St., Suite 102-206, Tustin, CA 92780.

On January 22, 2026, I served a copy of the following documents entitled:

OBJECTION TO EVIDENCE, BY DEFENDANT SMEAD TO PLAINTIFF BROWN'S EVIDENCE, IN RE DEFENDANT'S MOTION FOR SUMMAY JUDGMENT

on the interested parties in this case as follows:
ALL PERSONS ENTITLED TO NOTICE WERE SERVED ELECTRONICALLY VIA THE COURT'S CM/ECF SYSTEM.

I hereby certify that I am a member of the Bar of this Court, the United States District Court, Central District of California. This certificate of service is executed at Santa Ana California on January 22, 2026.

| FRED HICKMAN | */s/ Fred Hickman* |
|---|---|
| (Type or Print Name) | (Signature of Declarant) |