UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.  2:23-cv-02938-MEMF-KS | Date: February 9, 2026 |
| Title  *Clinton Brown v. Steve Smead* | |

Present: The Honorable:   Karen L. Stevenson, Chief United States Magistrate Judge

| Gay Roberson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| N/A | N/A |

**Proceedings:  (IN CHAMBERS) ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S RESPONSES TO INTERROGATORIES AND REQUESTS FOR ADMISSION [DKT. NO. 110]**

On November 20, 2025, the Court held a telephonic discovery conference with Plaintiff and Counsel for Defendant regarding a discovery dispute about the adequacy of Defendant's responses to certain Interrogatories and Requests for Admission.  (Dkt. No. 111.)  After hearing the parties' positions, the Court ordered Plaintiff "to file a Letter Brief of no more than five (5) pages on or before November 24, 2025 and attach the disputed responses" to the Interrogatories and Requests for Admission ("RFAs") at issue.  (*Id.*)

On November 21, 2025, Plaintiff timely filed the instant Motion to Compel Defendant's Responses to Interrogatories and Requests for Admission ("Motion") in the Letter Brief format, along with supporting exhibits.  (Dkt. No. 110.)  Defendant filed an Opposition to the Motion on November 26, 2025 (Dkt. No. 114), and Plaintiff filed a Reply on November 28, 2025 (Dkt. No. 115).  The Court has taken the Motion under submission without oral argument.  For the reasons that follow, Plaintiff's Motion is GRANTED IN PART and DENIED IN PART.

## THE PARTIES' ARGUMENTS

Plaintiff's Motion challenges the sufficiency of Defendant's responses to RFA Set No. 1 (RFA No. 6) and RFA Set No. 2 (RFA Nos. 13, 14, 15, 17, 30, and 31) as well as Interrogatory Set No. 2 (Interrogatory Nos. 10, 11, 12, and 19).  (Dkt. No. 110 at 1 n. 1.)  Plaintiff contends that Defendant's responses to the RFAs are improper because Rule 36(a) "requires an admission, denial, or explanation unless the stated objection actually prevents an answer."  (Dkt. No. 110 at 1.)  Plaintiff argues that Defendant does not and cannot contend "that any objection prevented him from admitting or denying the straightforward factual propositions in RFAs, Set No. 2 (Nos. 13,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.   2:23-cv-02938-MEMF-KS | Date: February 9, 2026 |
| Title   *Clinton Brown v. Steve Smead* | |

14, 15, 17, 30, and 31)" and that none of Defendant's "technical characterizations" explain why Defendant cannot answer. (*Id.*)

With respect to the interrogatories at issue, Plaintiff emphasizes that here too, Defendant has not complied with the applicable federal rule, Rule 33(b)(3), because "Plaintiff is not seeking tax returns, private financial statements, or dollar amounts," but asks "factual questions relevant to Plaintiff's claims." (*Id.* at 2.) As such, Plaintiff requests an order requiring Defendant to fully answer the RFAs and Interrogatories at issue. (*Id.* at 5.)

In the Opposition, Defendant contends that his responses to the RFAs are proper under Rule 36 because he "has made very specific objections and based on those objections, has declined to 'answer' with neither an admission or a denial." (Dkt. No. 114 at 1.) Defendant also emphasizes that his specific objections to the Interrogatories at issue are sound under Rule 33. (*Id.*)

In the Reply, Plaintiff reiterates that Defendant's objections to the disputed RFAs are improper under Rule 36 because Defendant makes no "showing that the objection impedes the ability to admit or deny." (Dkt. No. 115 at 2.) Plaintiff maintains that Defendant's Interrogatory objections are improper under Rule 33(b)(3) because Defendant "failed to answer to the extent not objected to." (*Id.*) Plaintiff avers that "[e]ven if Plaintiff's discovery requests were technically flawed in some way[,] . . . the Federal Rules still require the responding party to answer to the extent the request is not objectionable or to seek relief under Rule 26(c)." (*Id.* at 4.) Because "Defendant has not come close to meeting his 'heavy burden' by simply standing on his boilerplate and general objections and declining to answer," Plaintiff requests that the Court "compel Defendant to serve full, Rule-compliant responses within seven (7) days of its order" as to the RFAs and Interrogatories at issue. (*Id.*)

**LEGAL STANDARDS**

Federal Rule of Civil Procedure 26(b) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1). "The requirement of relevancy should be construed liberally and with common sense, rather than in terms of narrow legalisms." *Miller v. Pancucci*, 141 F.R.D. 292, 296 (C.D. Cal. 1992).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | | |
|---|---|---|
| Case No. | 2:23-cv-02938-MEMF-KS | Date: February 9, 2026 |
| Title | *Clinton Brown v. Steve Smead* | |

Under Rule 37, "[a] party seeking discovery may move for an order compelling an answer, . . . production, or inspection." Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). "The party moving to compel bears the burden of demonstrating why the information sought is relevant and why the responding party's objections lack merit." *Bluestone Innovations LLC v. LG Elecs. Inc.*, No. C -13-01770 SI (EDL), 2013 U.S. Dist. LEXIS 171861, at *8 (N.D. Cal. Dec. 4, 2013). "Once the minimal showing of relevance is made, '[t]he party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections.'" *12909 Cordary, LLC v. Berri*, No. 8:22-cv-01748-JWH (JDEx), 2023 U.S. Dist. LEXIS 168754, at *8 (C.D. Cal. Sep. 20, 2023) (quoting *DIRECTV. Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D. Cal. 2002)). "[G]eneral or boilerplate objections such as 'overly burdensome and harassing' are improper—especially when a party fails to submit any evidentiary declarations supporting such objections." *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006) (citing *Paulsen v. Case Corp.*, 168 F.R.D. 285, 289 (C.D. Cal. 1996)).

### ALLEGATIONS IN THE SECOND AMENDED COMPLAINT

Because the claims and defenses at issue in the case guide the Court's analysis of the relevance and proportionality of the discovery in dispute, the Court summarizes below the allegations in the operative pleading. *See* Fed. R. Civ. P. 26(b)(1).

This lawsuit concerns alleged financing/security transactions between Plaintiff and Defendant in connection with several real property transactions. "On November 10, 2020, Defendant issued a $150,000 loan to Plaintiff, secured by a second deed of trust on 42829 Harper Lake Rd., Hinkley, California, a 400-acre solar property." (Dkt. No. 90 ¶ 16.) "The recorded loan documents reflected an 8% annual interest rate for a term of two years, totaling $24,000 in interest." (*Id.* ¶ 17.) "In addition to the recorded terms, Defendant required Plaintiff to pay an additional $150,000 in unrecorded interest within one year, resulting in a total interest obligation of $174,000 on a $150,000 loan—an effective interest rate exceeding 108%." (*Id.* ¶ 18.) "After Plaintiff provided Defendant with an appraisal valuing the Harper Lake property at $1.1 million, Defendant acquired the first deed of trust and initiated foreclosure the following month." (*Id.* ¶ 23.)

"On June 29, 2021, Defendant issued a $200,000 loan to Plaintiff, secured by a deed of trust on 16390 S Black Rock Cutoff Rd., Fillmore, Utah, a 160-acre solar property." (*Id.* ¶ 25.) "The Black Rock Cutoff Property was appraised for $240,000 in June 2021 by Colliers

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:23-cv-02938-MEMF-KS | Date: February 9, 2026 |
| Title *Clinton Brown v. Steve Smead* | |

International Valuation and Advisory Services." (*Id.* ¶ 26.) "Defendant directed $100,000 of interest from the prior unrecorded California loan to be recorded in Utah, exploiting Utah Code Ann. § 15-1-1(1), which permits higher interest rates than California law." (*Id.* ¶ 27.) "Defendant foreclosed on the Utah property after Plaintiff disclosed a confidential contract with HST, a solar company that later facilitated the Samsung Rooh LLC project." (*Id.* ¶ 30.) "Plaintiff's property, which had been positioned for inclusion in the project, was ultimately excluded as a result of the foreclosure, which was carried out using proceeds from unlawful debt." (*Id.*)

Additionally, "Defendant loaned $300,000 to Plaintiff . . . secured by real property located at 21472 Calle del Barco, Malibu, California 90265, at an interest rate of 12%. (*Id.* ¶ 55.) "Defendant imposed an additional 5% interest rate during the forbearance period, which lasted approximately from September 2021 through August 2022." (*Id.* ¶ 56.) "Although the additional $50,000 in unrecorded interest from the prior California and Utah loans was never officially recorded against the Malibu Property, Defendant demanded that it be tied to the Malibu loan as a condition of forbearance." (*Id.* ¶ 58.) "Given that the Malibu Property was appraised at $450,000 in January 2021, Defendant and his agents functionally treated the entire property as collateral for both the recorded and unrecorded portions of the debt." (*Id.*) "As a direct result of Defendant['s] scheme, Plaintiff was forced to pledge the alleged unlawful interest of $50,000 directly to the Malibu property, and when Plaintiff could no longer comply with the payment demands, Defendant used the enterprise's legal foreclosure mechanisms to take Plaintiff's Malibu property." (*Id.* ¶ 59.)

"In sum, Defendant Smead structured Plaintiff's loans so that the same $150,000 in unlawful interest—originally associated with the Harper Lake loan—was not only collected, but later applied across multiple properties, including the Black Rock Cutoff and Malibu properties." (*Id.* ¶ 60.) "Defendant required that portions of the unlawful interest be incorporated into new or existing loan obligations, including the Malibu loan, even though those amounts were never formally recorded." (*Id.*) "This arrangement allowed Defendant to recycle income derived from unlawful debt into additional loan demands and foreclosure actions." (*Id.*) "As a result, Plaintiff was harmed not only by the initial collection of unlawful interest, but also by Defendant's continued use and reinvestment of those funds to initiate and complete further foreclosures, including the taking of the Malibu property." (*Id.*)

\\
\\

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-02938-MEMF-KS                                     Date: February 9, 2026

Title      *Clinton Brown v. Steve Smead*

**DISCUSSION**

**I.      Requests for Admission**

   **A.  Legal Standard**

Federal Rule of Civil Procedure 36 provides that "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters . . . relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). "If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." Fed. R. Civ. P. 36(a)(4). "A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only part of a matter, the answer must specify the part admitted and qualify or deny the rest." *Id.*

If an answering party asserts lack of knowledge or information as a reason for failing to admit or deny, the party must state "that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." *Id.* If an answering party objects to a request for admission, it must expressly state its grounds for the objection and "must not object solely on the ground that the request presents a genuine issue for trial." Fed. R. Civ. P. 36(a)(5).

"The requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served." Fed. R. Civ. P. 36(a)(6). "Parties may not view requests for admission as a mere procedural exercise requiring minimally acceptable conduct. They should focus on the goal of the Rules, full and efficient discovery, not evasion and word play." *Marchand v. Mercy Med. Ctr.*, 22 F.3d 933, 936 (9th Cir. 1994).

\\
\\

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | |
|---|---|---|
| Case No. | 2:23-cv-02938-MEMF-KS | Date: February 9, 2026 |
| Title | *Clinton Brown v. Steve Smead* | |

**B. Analysis**

The disputed RFAs are RFA No. 6 in Set No. 1 and RFA Nos. 13, 14, 15, 17, 30, and 31 in Set No. 2.[1] Having reviewed each of the requests for admission at issue and Defendant's operative responses, the Court finds that several of Defendant's responses to the disputed requests are insufficient and fail to comply with Rule 36. "Although Plaintiff's requests are not artfully drafted, Defendant has 'an obligation to construe . . . discovery requests in a reasonable manner . . . .'" *Burke v. Basil*, No. 8:20-cv-00635-JVS (JDEx), 2021 U.S. Dist. LEXIS 227450, at *8 (C.D. Cal. May 13, 2021) (quoting *Boston v. Clubcorp USA, Inc.*, No. CV 18-3746 PSG (SS), 2019 U.S. Dist. LEXIS 72975, at *4 (C.D. Cal. Mar. 11, 2019)). Thus, for the following reasons, Plaintiff's motion to compel further RFA responses is GRANTED IN PART and DENIED IN PART.

1. **RFA Set No. 1**

   a. *RFA No. 6*

In RFA No. 6 of Set No. 1, Plaintiff seeks Defendant's admission that "only $100,000 of the $200,000 loan issued on or about June 22, 2021, to Clinton Brown was disbursed through escrow, and that the remaining $100,000 was accounted for as having been 'settled outside of escrow.'" (Dkt. Nos. 110-4 at 9; 114-1 at 9.)

Defendant neither admitted nor denied the statement contained in RFA No. 6. Instead, Defendant objected to RFA No. 6 on the grounds it:

(1) "improperly combines and includes more than one matter in violation of Rule 36(a)(2)";
(2) "is compound, conjunctive, and disjunctive";
(3) violates "Rule 11, Rule 36, the Rules of Civil Procedure and local rules of the Central District of California for formatting and signature requirements";
(4) "is vague and ambiguous" as to several terms;
(5) "is framed as an interrogatory"; and
(6) "is framed in what amounts to a request for admission as to the genuineness of a document, without attaching and referencing the document."

---

[1] Although Defendant included RFA No. 32 in Set No. 2 as a disputed RFA, Plaintiff notes that because Plaintiff has already received amended responses to RFA No. 7 in Set No. 1 and RFA Nos. 11, 12, 29, and 32 in Set No. 2, Plaintiff is not challenging their sufficiency at this time. (Dkt. No. 110 at 1, n. 1.) Therefore, the remaining RFAs at issue in this Motion are RFA No. 6 in Set No. 1 and RFA Nos. 13, 14, 15, 17, 30, and 31 in Set No. 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.   2:23-cv-02938-MEMF-KS | Date: February 9, 2026 |
| Title     *Clinton Brown v. Steve Smead* | |

(Dkt. Nos. 110-4 at 9; 114-1 at 9.)

Defendant's objection on the ground that the request is compound is SUSTAINED. "[G]enerally, requests for admission should not be compound"; rather, RFAs "should be simple and clearly phrased 'in such a manner that they can be answered with a simple admit or deny without an explanation.'" *Astafan v. BRK Hosp., Inc.*, No. EDCV 21-240-JWH (KKx), 2022 U.S. Dist. LEXIS 111057, at *9 (C.D. Cal. Apr. 1, 2022) (citations omitted) (quoting *Henry v. Champlain Enters., Inc.*, 212 F.R.D. 73, 77 (N.D.N.Y. 2003)). Here, the request is "compound to such an extent that it is not capable of being answered with a simple admission or denial" because it asks for an admission as to two separate transactions, i.e. the funds disbursed through escrow and amounts settled outside of escrow. *Motley v. Covello*, No. 2:24-cv-00002-DJC-EFB (PC), 2025 U.S. Dist. LEXIS 260045, at *18 (E.D. Cal. Dec. 16, 2025). Thus, Plaintiff's Motion to Compel further response to RFA No. 6 is DENIED.

2. **RFA Set No. 2**

    a. ***General Objection***

In RFA Set No. 2, Defendant asserts the following general objection:

The Request violates Rule 11 and [] violates formatting requirements of the Rules of Civil Procedure for discovery requests, and violates the Rules of Civil Procedure for Requests for Admission as the Requests for Admission are not set forth in a separately document, but included as part of a multi-part discovery request that includes interrogatories and requests for admission, in violation of Rule 36 and Rule 36(a)(2).

(Dkt. Nos. 110-2 at 2; 114-2 at 2.)

Defendant's general objection is OVERRULED. To the extent Plaintiff's RFAs are improper under the Federal Rules of Civil Procedure and Local Civil Rules because they are not set forth in a separate document, any such deficiencies do not impede Defendant's ability to respond to the RFAs in Set No. 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  2:23-cv-02938-MEMF-KS | Date: February 9, 2026 |
| Title  *Clinton Brown v. Steve Smead* | |

### b. RFA No. 13

In RFA No. 13, Plaintiff seeks Defendant's admission that he "used escrow companies, loan servicing companies, and foreclosure trustees on more than one loan transaction involving Plaintiff." (Dkt. Nos. 110-2 at 6; 114-2 at 6.)

Defendant declined to answer the statement contained in RFA No. 13 and objected on the grounds that RFA No. 13:

(1) violates "Rule 11, Rule 36, the Rules of Civil Procedure, and local rules of the Central District of California for inclusion of material that is not Requests for Admission and in violation of formatting requirements";
(2) "does not separately state a matter, but improperly combines and includes more than one matter in violation of Rule 36(a)(2), as there were several loans to Plaintiff";
(3) "does not separately state a matter, but improperly combines and includes more than one matter in violation of Rule 36(a)(2), as it refers to: 'escrow companies, loan servicing companies, and foreclosure trustees'"; and
(4) "is compound and conjunctive."

(Dkt. Nos. 110-2 at 6; 114-2 at 6.)

Defendant's objection that RFA No. 13 is compound is SUSTAINED as RFA No. 13 seeks admissions related to multiple distinct types of entities, specifically, "escrow companies, loan servicing companies, and foreclosure trustees," each of which play separate and distinct roles in real estate transactions. Therefore, Plaintiff's Motion to Compel further response to RFA No. 13 is DENIED.

### c. RFA No. 14

In RFA No. 14, Plaintiff seeks Defendant's admission that he "used escrow companies, loan servicing companies, and foreclosure trustees on loan transactions with borrowers other than Plaintiff." (Dkt. Nos. 110-2 at 7; 114-2 at 7.)

Defendant declined to answer the statement contained in RFA No. 14 and instead objected on the grounds that RFA No. 14:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:23-cv-02938-MEMF-KS | Date: February 9, 2026 |
| Title *Clinton Brown v. Steve Smead* | |

(1) violates "Rule 11, Rule 36, the Rules of Civil Procedure, and local rules of the Central District of California for inclusion of material that is not Requests for Admission and in violation of formatting requirements";

(2) "does not separately state a matter, but improperly combines and includes more than one matter in violation of Rule 36(a)(2), as there were several loans to Plaintiff . . .";

(3) "does not separately state a matter, but improperly combines and includes more than one matter in violation of Rule 36(a)(2), as it refers to: 'escrow companies, loan servicing companies, and foreclosure trustees'";

(4) "is compound and conjunctive";

(5) "lacks relevance to the issues in the case as it seeks admission or denial of information on other loans not made to Plaintiff";

(6) "is not reasonably calculated to pertain to issues or discoverable matters in the case as it seeks admission or denial of information on other loans not made to Plaintiff"; and

(7) "invades the rights of privacy protected by federal and California constitutional provisions of Respondent and other persons."

(Dkt. Nos. 110-2 at 7-8; 114-2 at 7-8.)

Defendant's objections regarding the compound form of RFA No. 14 are SUSTAINED because RFA No. 14 seeks admissions related to multiple distinct types of entities that play separate and distinct roles in real estate transactions. Defendant's privacy objection is OVERRULED because Defendant has failed to "describe the nature of the documents, communications, or tangible things not produced or disclosed . . . in a manner that . . . will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(ii). Although Defendant's privacy objection is overruled, Plaintiff's Motion to Compel further response to RFA No. 14 is nonetheless DENIED due to the compound form of the request.

### d. RFA No. 15

In RFA No. 15, Plaintiff seeks Defendant's admission that he "coordinated with escrow companies, loan servicing companies, and foreclosure trustees in connection with loan transactions and foreclosure proceedings involving Plaintiff." (Dkt. Nos. 110-2 at 8; 114-2 at 8.)

Defendant declined to answer RFA No. 15 and objected on the grounds that RFA No. 15:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-02938-MEMF-KS                                                              Date: February 9, 2026

Title     *Clinton Brown v. Steve Smead*

(1) violates "Rule 11, Rule 36, the Rules of Civil Procedure, and local rules of the Central District of California for inclusion of material that is not Requests for Admission and in violation of formatting requirements";
(2) "does not separately state a matter, but improperly combines and includes more than one matter in violation of Rule 36(a)(2), as there were several loans to Plaintiff . . .";
(3) "does not separately state a matter, but improperly combines and includes more than one matter in violation of Rule 36(a)(2), as it refers to: 'escrow companies, loan servicing companies, and foreclosure trustees in connection with loan transactions and foreclosure proceedings'"; and
(4) "is compound and conjunctive."

(Dkt. Nos. 110-2 at 8-9; 114-2 at 8-9.)

Defendant's objections regarding the compound form of RFA No. 15 are SUSTAINED because RFA No. 15 again seeks admissions related to multiple distinct types of entities that play separate and distinct role in real estate transactions.  Therefore, Plaintiff's Motion to Compel further response to RFA No. 15 is DENIED, and Defendant need not provide any further answer to RFA No. 15.

      e.  **RFA No. 17**

In RFA No. 17, Plaintiff asks Defendant to admit that his "private lending business is a sole proprietorship."  (Dkt. Nos. 110-2 at 10; 114-2 at 10.)

Defendant declined to answer RFA No. 17 and objected on the grounds that RFA No. 17:

(1) violates "Rule 11, Rule 36, the Rules of Civil Procedure, and local rules of the Central District of California for inclusion of material that is not Requests for Admission and in violation of formatting requirements";
(2) "calls for a legal conclusion";
(3) "lacks relevance to the case"; and
(4) "is vague and ambiguous as to 'private lending business' as pertaining to the loans at issue in the case as made by Defendant Steve Smead as promissee of the respective promissory notes and beneficiary of the respective deeds of trust."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:23-cv-02938-MEMF-KS                                                               Date: February 9, 2026

Title   *Clinton Brown v. Steve Smead*

(Dkt. Nos. 110-2 at 10; 114-2 at 10.)

Defendant's Objections are OVERRULED.  As to vagueness and ambiguity, Defendant has not made any attempt to interpret and respond to the disputed request.  Additionally, to the extent RFA No. 17 calls for a legal conclusion, it is one that is reasonably related to the *facts* of the case and within Defendant's personal knowledge.  *See* Fed. R. Civ. P 36(a)(1)(A) ("A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to . . . facts, the application of law to fact, or opinions about either.").  Therefore, Plaintiff's Motion to Compel further response to RFA No. 17 is GRANTED, and Defendant must admit or deny RFA No. 17.

      *f.*   **RFA No. 30**

In RFA No. 30, Plaintiff asks Defendant to admit that he " did not dispute or correct the statement in the email marked as SMEAD PRODUCTION 9/18/25 S338 quoted in Request for Admission No. 29."  (Dkt. Nos. 110-2 at 20; 114-2 at 20.)

Defendant declined to answer RFA No. 30 and objected on the grounds that RFA No. 30:

(1) violates "Rule 11, Rule 36, the Rules of Civil Procedure, and local rules of the Central District of California for inclusion of material that is not Requests for Admission and in violation of formatting requirements;
(2) "is in the form of an interrogatory";
(3) "is not proper as it sets forth an alleged quotation from a document requesting that it states what the document reads in the quotation"; and
(4) "is not in proper form as cross-referencing different requests for admission."

(Dkt. Nos. 110-2 at 20; 114-2 at 20.)

Defendant's Objections are OVERRULED.  Again, despite purported issues with the formatting of the RFA, Defendant could admit or deny the information requested subject to any qualifications.  Thus, Plaintiff's Motion to Compel further response to RFA No. 30 is GRANTED, and Defendant must admit or deny RFA No. 30

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-02938-MEMF-KS                              Date: February 9, 2026

Title      *Clinton Brown v. Steve Smead*

### g. RFA No. 31

In RFA No. 31, Plaintiff asks Defendant to admit that "the $100,000 referenced in SMEAD PRODUCTION 9/18/25 S338 was not disbursed to Plaintiff through escrow in connection with the Utah Deed of Trust recorded June 29, 2021." (Dkt. Nos. 110-2 at 20; 114-2 at 20.)

Defendant declined to answer and objected on the grounds that RFA No. 31:

(1) violates "Rule 11, Rule 36, the Rules of Civil Procedure, and local rules of the Central District of California for inclusion of material that is not Requests for Admission and in violation of formatting requirements; and
(2) "is ambiguous and confusing in the context of the request as to the document referenced."

(Dkt. Nos. 110-2 at 20-21; 114-2 at 20-21.)

Defendant's Objections are OVERRULED. The request seeks information of a purely factual nature on a discrete issue referenced in a specific document produced in discovery. Furthermore, any purported formatting issues are not so significant as to prevent Defendant from admitting or denying the requested information with any necessary qualifications. Therefore, Plaintiff's Motion to Compel further response to RFA No. 31 is GRANTED, and Defendant must admit or deny RFA No. 31.

## II.  Interrogatories

### A. Legal Standard

Pursuant Federal Rule of Civil Procedure 33, "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts" that "relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(1)-(2). "The responding party must serve its answers and any objections within 30 days after being served with the interrogatories." Fed. R. Civ. P. 33 (b)(2). "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath" . Fed. R. Civ. P. 33(b)(3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:23-cv-02938-MEMF-KS　　　　　　　　　　　　　　　　　Date: February 9, 2026

Title　　*Clinton Brown v. Steve Smead*

"The grounds for objecting to an interrogatory must be stated with specificity." Fed. R. Civ. P. 33(b)(4). It is "the duty of the responding party to provide full answers to the extent not objectionable," and "the fact that additional time may be needed to respond to some questions (or to some aspects of questions) should not justify a delay in responding to those questions (or other aspects of questions) that can be answered within the prescribed time." Fed. R. Civ. P. 33 Advisory Committee's Notes to 1993 amendment. A propounding party may move for an order compelling an answer to an interrogatory if "a party fails to answer an interrogatory submitted under Rule 33." Fed. R. Civ. P. 37(a)(3)(B)(iii).

**B. Analysis**

Having reviewed each of the interrogatories at issue and Defendant's responses, the Court finds that many of Defendant's responses are insufficient. Federal Rule of Civil Procedure 33 requires that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath" and that "[t]he grounds for objecting to an interrogatory must be stated with specificity." Fed. R. Civ. P. 33(b)(3)-(4). Here, Defendant only proffers objections, several of which lack the specificity required under Rule 33. In particular, Defendant's privilege and privacy objections are deficient because Defendant failed to provide a privilege log or confer with Plaintiff regarding a protective order for any sensitive information that may be disclosed in response to the discovery requests. Thus, for the reasons detailed below, Plaintiff's motion to compel further interrogatory responses is GRANTED IN PART and DENIED IN PART.

　　1. **Interrogatory Set No. 2**

　　　　a. *General Objections*

In response to Interrogatory Set No. 2, Defendant provided general objections as to each interrogatory. First, Defendant objects on the ground that "[g]iven the numerous subparts in the Interrogatories Set No. One, the entire request beginning with its first and thereafter exceed the limitation of 35 under F.R.C.P. Rule 33, so each request is invalid." (Dkt. Nos. 110-2 at 1-2; 114-3 at 1-2.) Next, Defendant objects on the ground that Set No. 2 "lacks a Certificate of Service, and as no consent to receiving an email image of it was given, and as service by mail is the only allowed option for this discovery request, the discovery request is invalid and does not require a response." (Dkt. Nos. 110-2 at 2; 114-3 at 2.) Lastly, Defendant objects on the ground that each request in Set No. 2 "violates Rule 11[,] . . . formatting requirements of the Rules of Civil Procedure for

Case 2:23-cv-02938-MEMF-KS   Document 166   Filed 02/09/26   Page 14 of 20   Page ID #:2178

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  2:23-cv-02938-MEMF-KS | Date: February 9, 2026 |
| Title  *Clinton Brown v. Steve Smead* | |

discovery requests, and . . . Rules of Civil Procedure for Interrogatories as these are not set forth in a separate[] document, but included as part of a multi-part discovery request that includes interrogatories and requests for admission . . . ." (Dkt. Nos. 110-2 at 2; 114-3 at 2.)

Defendant's general objections are OVERRULED.  Defendant has not provided the Court with sufficient information to determine whether or why any purported subparts in the interrogatories in Set No. 2 cause the discovery requests to exceed the Rule 33 limit.  Nor has Defendant established how service of process was deficient.  Additionally, any purported formatting issues with the interrogatories at issue are not so problematic as to prevent a response from Defendant.  Thus, Defendant's general objections to Interrogatory Set No. 2 are overruled.

### b. *Interrogatory No. 10*

In Interrogatory No. 10, Plaintiff asks Defendant the following:

Identify each Federal tax form you filed for 2020–2023 that reported or related to income from your lending activities, stating: (a) form type (e.g., Schedule C, Schedule SE); (b) tax year; (c) whether it reported lending income; and (d) whether such income was reported as business or self-employment income.

(Dkt. Nos. 110-2 at 8; 114-3 at 8.)

Defendant declined to answer Interrogatory No. 10 and objected on the following grounds:

(1) Set No. 2 exceeds limitation of 35 Interrogatories;
(2) Set No. 2 lacks a certificate of service;
(3) "This request violates Rule 11, Rule 36, the Rules of Civil Procedure and local rules of the Central District of California for inclusion of material that is not Interrogatories and in violation of formatting requirements";
(4) This request is compound;
(5) "This request invades the privilege against disclosure of tax returns and tax return information";
(6) "The right of privacy of both Respondent and of his spouse, on the joint returns and joint information is asserted here"; and
(7) "This is not reasonably calculated to lead to the discovery of admissible evidence" as

CV-90 (03/15)   Civil Minutes – General   Page 14 of 20

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-02938-MEMF-KS                              Date: February 9, 2026

Title      *Clinton Brown v. Steve Smead*

"[t]he information regarding income derived from loans involving Plaintiff has been disclosed and is known to Propounding Party."

(Dkt. Nos. 110-2 at 9-11; 114-3 at 9-11.)

Defendant's objections are OVERRULED. First, Interrogatory No. 10 does not seek the actual tax returns themselves, the contents of any returns, or any income figures reported on the returns. Rather, Plaintiff asks about the filing year, type of form used, and the characterization of certain information contained in the filing. To the extent these characteristics describe the format of a federal tax form, these are not impermissible subparts.

Second, Defendant withheld information responsive to Interrogatory No. 10 based on an assertion of privilege without providing a privilege log with sufficient information for Plaintiff to identify and assess those privilege assertions. *Smith v. Bank of Am., N.A.*, No. CV 14-6668-DSF (PLAx), 2019 U.S. Dist. LEXIS 222618, at *22 (C.D. Cal. Sep. 20, 2019) (citing Fed. R. Civ. P. 26(b)(5)) ("The party who withholds discovery materials based on a privilege must provide sufficient information to enable the other party to evaluate the applicability of the privilege or other protection.").

Third, "[t]o the extent there are any legitimate privacy concerns, the Court finds such concerns can be mitigated by an appropriate protective order." *Gomez Cabrales v. Aerotek, Inc.*, No. EDCV 17-1531-JGB-KKx, 2018 U.S. Dist. LEXIS 77705, at *10 (C.D. Cal. May 8, 2018) (citing *Soto v. City of Concord*, 162 F.R.D. 603, 617 (N.D. Cal. 1995)). And "to the extent defendant objects that certain requests . . . seek information equally available to plaintiff, 'courts have unambiguously stated that this exact objection is insufficient to resist a discovery request.'" *Nat'l Acad. of Recording Arts & Scis., Inc. v. On Point Events, LP*, 256 F.R.D. 678, 682 (C.D. Cal. 2009) (quoting *St. Paul Reinsurance Co., Ltd., CNA v. Commercial Fin. Corp.*, 198 F.R.D. 508, 514 (N.D. Iowa 2000)).

For all these reasons, Defendant's objections to Interrogatory No. 10 are OVERRULED. Accordingly, Plaintiff's Motion is GRANTED as to Interrogatory No. 10.

    **c.   Interrogatory No. 11**

In Interrogatory No. 11, Plaintiff asks Defendant to "[s]tate whether you have ever reported

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:23-cv-02938-MEMF-KS | Date: February 9, 2026 |
| Title *Clinton Brown v. Steve Smead* | |

income from making real estate-secured loans on a Schedule C (Form 1040). If so, identify each tax year in which such income was reported. Do not provide copies of returns or specific dollar amounts — only identify the tax years." (Dkt. Nos. 110-2 at 11; 114-3 at 11.)

Defendant declined to answer and instead objected to Interrogatory No. 11 on the following grounds:

(1) Set No. 2 exceeds limitation of 35 Interrogatories;
(2) Set No. 2 lacks a certificate of service;
(3) "This request violates Rule 11, Rule 36, the Rules of Civil Procedure and local rules of the Central District of California for inclusion of material that is not Interrogatories and in violation of formatting requirements";
(4) This request is compound;
(5) "This request invades the privilege against disclosure of tax returns and tax return information";
(6) "The right of privacy of both Respondent and of his spouse, on the joint returns and joint information is asserted here";
(7) "The information regarding income derived from loans and whether or not these are set forth on tax filing forms is irrelevant to this action:'
(8) "This is not reasonably calculated to lead to the discovery of admissible evidence" as "[i]t seeks information from and on tax form filings and identification by 'year', and including for loans not related to the loans identified in the action, and as to persons other than those involved with loans that were not to or involving Plaintiff"; and
(9) "Lacks relevance to the issues or claims in this action, as it seeks information for loans other than those to Plaintiff and that are in issue in this action."

(Dkt. Nos. 110-2 at 11-14; 114-3 at 11-14.)

Defendant's objections to Interrogatory No. 11 are overruled for many of the same reasons the Court provided for Interrogatory No. 10. The interrogatory does not seek the actual tax returns or the contents of any returns. And to the extent it asks for tax years in which real estate income was reported, that query does not constitute impermissible subparts.

Furthermore, Plaintiff asks whether a Schedule C form was used to report real estate-secured loans. That is a "yes" or "no" question and does not require disclosure of any privileged

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.   2:23-cv-02938-MEMF-KS | Date: February 9, 2026 |
| Title   *Clinton Brown v. Steve Smead* | |

information.  Even if Defendant could make a colorable argument that the information sought is somehow privileged or private, Defendant did not provide a privilege log to support his privilege objections and did not confer with Plaintiff on a protective order to protect his asserted privacy interests.

Lastly, the Court finds that Interrogatory No. 11 seeks information within the broad scope of relevance and proportionality for discovery purposes based on the claims and defenses at issue in the case.  Thus, Defendant's objections are OVERRULED, and Plaintiff's Motion is GRANTED as to Interrogatory No. 11.

### d. Interrogatory No. 12

In Interrogatory No. 12, Plaintiff requests the following information:

> State whether you have ever obtained or used any Employer Identification Number (EIN) or other tax identification number in connection with your lending activities, and if so, identify: (a) the type of tax identification number (e.g., EIN, SSN), (b) the years in which it was used, and (c) the purpose for which it was used (e.g., loan origination, tax reporting, banking).

(Dkt. Nos. 110-2 at 14; 114-3 at 14.)

Again, Defendant declined to answer and instead raised the following objections to Interrogatory No. 12:

(1) Set No. 2 exceeds limitation of 35 Interrogatories;
(2) Set No. 2 lacks a certificate of service;
(3) "This request violates Rule 11, Rule 36, the Rules of Civil Procedure and local rules of the Central District of California for inclusion of material that is not Interrogatories and in violation of formatting requirements";
(4) This request is compound;
(5) "This request invades the privilege against disclosure of tax returns and tax return information";
(6) "The right of privacy of both Respondent and of his spouse, on the joint returns and joint information is asserted here";

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:23-cv-02938-MEMF-KS | Date: February 9, 2026 |
| Title  *Clinton Brown v. Steve Smead* | |

(7) "This is not reasonably calculated to lead to the discovery of admissible evidence" as "[t]he tax identification information such as EINs, SSNs or TINs of Respondent have no bearing to this case nor discoverable or admissible information or evidence";

(8) "This is not reasonably calculated to lead to the discovery of admissible evidence" as "[i]t seeks information from and on tax form filings and communications with taxing authorities, as to tax identification information . . . by 'year', and including for loans not related to the loans identified in the action, and as to persons other than those involved with loans that were not to or involving Plaintiff"; and

(9) "Lacks relevance to the issues or claims in this action, as it seeks information not related to Plaintiff's loans, the tax identification information . . . and identification by 'year', and including for loans not related to the loans identified in the action, and as to persons other than those involved with loans that were not to or involving Plaintiff."

(Dkt. Nos. 110-2 at 14-17; 114-3 at 14-17.)

Here too, the interrogatory does not seek disclosure of any privileged tax content, but instead simply asks if Defendant "ever used an Employer Identification Number (EIN) or other tax identification number in connection with [Defendant's] lending activities,"—a simple "yes" or "no" question. And follow-on inquiries as to an affirmative response do not constitute impermissible subparts that would render the interrogatory objectionable. Furthermore, Defendant failed to answer any portion of the interrogatory, did not provide a privilege log to support his privilege objections, and did not confer with Plaintiff on a protective order.

Nevertheless, it is not clear how the information sought in Interrogatory No. 12 is relevant to the claims and defenses at issue in the action and proportionate to the needs of the case. Therefore, Defendant's objections on relevance grounds are SUSTAINED, and Plaintiff's Motion is DENIED as to Interrogatory No. 12.

   e. **Interrogatory No. 19**

Finally, in Interrogatory No. 19, Plaintiff asks Defendant to "[s]tate how you reported payments you collected on the Utah loan on your Federal tax return(s) (tax years 2021–2023), identifying the tax year, schedule, and line item, and the income category. If not reported, so state and explain why." (Dkt. Nos. 110-2 at 24; 114-3 at 24.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.   2:23-cv-02938-MEMF-KS | Date: February 9, 2026 |
| Title   *Clinton Brown v. Steve Smead* | |

Again, Defendant declined to answer and objected to Interrogatory No. 19 on the following grounds:

(1) Set No. 2 exceeds limitation of 35 Interrogatories;
(2) Set No. 2 lacks a certificate of service;
(3) "This request violates Rule 11, Rule 36, the Rules of Civil Procedure and local rules of the Central District of California for inclusion of material that is not Interrogatories and in violation of formatting requirements";
(4) This request is compound;
(5) This request is "[v]ague and ambiguous and confusing as the different parts of the sum are not identified in the interrogatory";
(6) "This request invades the privilege against disclosure of tax returns and tax return information";
(7) "The right of privacy of both Respondent and of his spouse, on the joint returns and joint information is asserted here"; and
(8) "This is not reasonably calculated to lead to the discovery of admissible evidence" as "[t]he information regarding income derived from loans involving Plaintiff has been disclosed and is known to Propounding Party."

(Dkt. Nos. 110-2 at 24-27; 114-3 at 24-27.)

As an initial matter, the Court finds that the first part of the interrogatory seeks information both relevant to the claims and defenses at issue in this litigation and proportionate to the needs of the case.  The interrogatory does not seek disclosure of the contents of a tax return but asks about *how* Defendant characterized certain loan payments for tax reporting purposes.  The fact of that characterization is not privileged.  Even if it were, Defendant did not provide a privilege log and did not confer with Plaintiff regarding a protective order.

However, it is not clear how the information sought in the second part of Interrogatory No. 19 is relevant to the claims and defenses at issue in the action and proportionate to the needs of the case.  (Dkt. Nos. 110-2 at 24; 114-3 at 24.)  Thus, Defendant's relevance objections are OVERRULED as to the first part of Interrogatory No. 19 and SUSTAINED as to the second part of Interrogatory No. 19.  Accordingly, the Motion is GRANTED with respect to the first part of Interrogatory No. 19 as delineated above and DENIED as to the second part of Interrogatory No. 19.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  2:23-cv-02938-MEMF-KS                                      Date: February 9, 2026

Title     *Clinton Brown v. Steve Smead*

## CONCLUSION

For the reasons discussed above, Plaintiff's Motion to Compel is **GRANTED IN PART and DENIED IN PART** as follows:

- Plaintiff's Motion is GRANTED as to:
    - RFA Nos. 17, 30, and 31 in RFA Set No. 2;
    - Interrogatory Nos. 10 and 11 in Interrogatory Set No. 2; and
    - The first part of Interrogatory No. 19 in Interrogatory Set No. 2.
- Plaintiff's Motion is DENIED as to:
    - RFA No. 6 in RFA Set No. 1;
    - RFA Nos. 13, 14, and 15 in RFA Set No. 2;
    - Interrogatory No. 12 in Interrogatory Set No. 2; and
    - The second part of Interrogatory No. 19 in Interrogatory Set No. 2.
- Defendant shall serve verified amended responses consistent with this Order by no later than **February 25, 2026**.
    - Defendant is cautioned to avoid boilerplate objections already rejected in this Order.  If Defendant objects to any of these requests based on privilege, Defendant must provide a privilege log with sufficient information for Plaintiff to identify and assess those privilege assertions.
    - If Defendant objects to any of these requests on privacy grounds, the parties must meet and confer on a stipulated protective order in accordance with the Court's procedures.[2]

**IT IS SO ORDERED**.

|                          | : mins |
|-------------------------:|:------:|
| **Initials of Preparer** |   gr   |

---

[2] The Court's procedures for stipulated protective orders can be found here: https://apps.cacd.uscourts.gov/Jps/honorable-karen-l-stevenson.