Fred Hickman (#124406)
fredhickman@gmail.com
17602 17th St Ste 102-206
Tustin CA 92780
714-315-1565; fax 714-838-0835

Attorney for: Defendant Steve Smead

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CLINTON BROWN,<br><br>        PLAINTIFF,<br><br>VS.<br><br>STEVE SMEAD,<br><br>        DEFENDANTS. | Case No.: 2:23-cv-02938-MEMF(KSx)<br><br>MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION BY DEFENDANT STEVE SMEAD FOR ORDER TO MODIFY THE CIVIL TRIAL ORDER/SCHEDULING ORDER AND FOR RELIEF TO RESET HEARING ON MOTION FOR SUMMARY JUDGMENT AND ALLOW REFILING, BASED ON ATTORNEY ERROR<br><br>[F.R.C.P. Rules 16(b)(4) and 60(b)(1)]<br><br>[HON. MAAME EWUSI-MENSAH FRIMPONG, DISTRICT JUDGE]<br><br>DATE: APRIL 9, 2026<br>TIME: 10:00 A.M.<br>DEPT.: 8B |

# SUMMARY

Defendant Steve Smead ("Defendant") requests the Court to exercise its discretion to modify the Scheduling Order to allow hearing on his Summary Judgment Motion ("Motion"). The Motion's reserved date of 03/05/26 was lost due to the inadvertent error of his attorney, Fred Hickman. This motion for relief and modification seeks permission to obtain a new hearing date for the Motion, and to refile it. *The L.R. 7-3 Meet and Confer occurred on Feb. 17, 2024 (See Hickman Declaration dated Feb. 24, 2026.* ("Hickman Decl." ¶¶ 2 & 14).

Attorney Hickman's mistake and error was to mis-read and misunderstand the Order of 1/30/26 (Dkt. No 163). It specified that a corrected Joint Brief, and the Motion had to be refiled by 02/06/26 to preserve the existing hearing date of 03/05/26. Hickman incorrectly understood that re-filing of a corrected Joint Brief (filed 02/05/26 Doc. No. 164) would permit the 03/05/26 hearing date to remain, rather than a re-filing of the entire Motion, not understanding the reference in the context of denial of the motion without prejudice. Hickman's failure to understand to re-file the entire Motion was unintentional. [Order (in Chambers) of 1/30/26 (Dkt. No. 163 (text only)) ("Order"); resubmitted Joint Brief (corrected) (Doc./ECF No. 164) filed 02/05/26. Hickman began to realize his mistake only on 02/09/26, when assembling the Chambers' courtesy copy of the Motion, and in the days after researched how to remedy it if possible. This motion follows at the earliest opportunity. Defendant Smead submits that Hickman's error be seen as excusable neglect on Hickman's part, unintended error and mistake, and hopes for the Court's exercise of discretion to allow the Motion's refiling and hearing.

Currently scheduled under the Civil Trial Order, Schedule of Pretrial and Trial Dates is: Trial June 15, 2026; Final Pre-Trial Conference May 27 2026; Trial Filings (first round 04/29/26, second round 05/13/2026 (the last day to hear Motions was 03/05/2026) (Doc. 100, filed 07/15/25 p. 3). ].  The Four Factors for relief are satisfied: (1) No discernible prejudice arises to Plaintiff; (2) No or little delay in proceedings will result; (3) Loss of the Hearing Date was entirely the inadvertent mistake and fault of attorney Hickman; and, (4) Defendant acts in good faith, having mistakenly filed only a corrected joint brief, but now promptly seeks relief from his attorney's error. Judicial economy may arise from hearing the Motion.

STATEMENT OF FACTS

Defendant's hearing of March 5, 2026 on Motion for Summary Judgment ("Motion") was lost due to Attorney Hickman's error in failing to understand and accomplish the Order of this Court for resubmission of a corrected, integrated Joint Brief, with the refiling of the Motion by 02/06/26, as set forth in the Order of 01/30/26 (Dkt. No. 163 (text only) ("Order")). March 5 was the last day for hearings under the Civil Trial Order, Schedule of Pretrial and Trial Dates (Doc. 100, filed 07/15/25 p. 3).  The Motion and all supporting and opposing papers and evidence on had been filed 01/22/26 (ECF Nos. 121-157 (129-152 separately filed exhibits). Certain corrected filings were thereafter made, prior to the Court's Order of 1/30/26.[1]  (Declaration of Fred Hickman dated Feb. 24, 2026 ¶ 3 (p. 4: 7-18) ("Hickman Decl.").

The Order of 01/30/26 required filing of a corrected Joint Brief, as that submitted by Defendant on 1/22/26 (ECF No. 123) failed compliance with Civil Standing Order IX.D, as not integrated. It also denied the Motion without prejudice. And, it ordered that to preserve the hearing date of March 5, 2026, that the Motion would have to be refiled within seven days, i.e., February 6. [Order (text only) (Dkt. No. 163 01/30/26). Hickman Decl. ¶ 3 (p. 4:18 - 5:3) (and quoting text)]:

> (IN CHAMBERS) ORDER TEXT ONLY ENTRY by Judge Maame Ewusi-
> Mensah Frimpong: This Court is in receipt of the Motion for Summary Judgment
> filed by Steve Smead. Dkt. So. [123]. Per Section IX.D of the operative Civil
> Standing Order, any parties intending to file or oppose an Motion for Summary
> Judgment / Summary Adjudication  shall work cooperatively to create a sign,
> fully integrated joint brief covering all parties' summary judgment motions, in
> which each issue (or sub-issue) raised by a party is immediately followed by the
> opposing party's response and then the moving party's reply. As the parties' filing
> is not in compliance with the Standing Order, the Motion is DENIED WITHOUT

---

[1] Proposed orders re evidentiary objections were made in response to Notice of Filer Deficiencies (Doc. 158 filed 01/23/26 "Notice"; corrected docs, Doc. Nos. 159 and 159-1, and 160 and 160-1 filed 01/26/26). And, without a Notice of Filer Deficiencies, corrections to alternative proposed orders granting the Motion then resubmitted (Doc. Nos. 161 and 161-1 filed 01/28/26, and 162 and 162-1 filed 01/29/26).

PREJUDICE. Should the parties wish to keep the noticed March 5 hearing, the parties must correct and refiling the Motion withing seven days of the issuance of this Order. IT IS SO ORDERED. . . . . (dbe) TEXT ONLY ENTRY."

Attorney Fred Hickman ("Hickman"), counsel of record for Defendant, mistakenly misread and misunderstood the Order to require refiling only of a corrected Joint Brief to preserve the Motion's hearing date. His error in misunderstanding was based in part on Hickman's reading of the Order's reference to Dkt. No. [123], which was the non-compliant Joint Brief. Bur more broadly, Hickman's mistaken understanding led to failure to comply, as he did intend to comply to preserve the hearing date. Hickman erred inadvertently on February 5, refiling only the corrected Joint Brief (ECF No. 164), not the entire Motion, believing incorrectly that this was compliance. Hickman's mistake in not refiling all documents for the Motion was a serious error, so the hearing date was lost. (Hickman Decl. ¶ 4).

On February 9, 2026, Hickman began to realize his error in failing to comply with the Order, when, as he began to assemble the Chambers' courtesy copy he checked the docket to confirm that the hearing date remained set for March 5. Seeing no hearing date for it, Hickman then checked the docket for the clerk's notations on the corrected Notice of Motion and Motion (ECF Nos. 121 & 122) and saw that it reflected that the Motion had been terminated as of 02/06/2026. Hickman then read the Order again, and realized that he had not complied with it, through misunderstanding and inadvertence on his part. (Hickman Decl. ¶ 5).

Defendant asks the Court to find that the error of Hickman is excusable neglect, and asks the opportunity to have the Motion heard, modifying the Scheduling Order to so allow a reset date and refiling.  The same documents, though as previously corrected through 02/05/26 would be to be set, and a refiling to be allowed, the same documents being refiled, as corrected in filings from 01/22/26 through 02/05/26, but with a new hearing date.(Hickman Decl. ¶ 6).

Judicial economy may be served, and no undue prejudice arises to Plaintiff. Defendant submits that there is some likelihood that the Motion will be granted in whole or in part. Further, no prejudice arises to Plaintiff, as the Motion requires no further responses or input from Plaintiff, as it was complete with the filing of all Motion papers, supporting and opposing, as

corrected. Further, the Motion, if allowed could be heard before the currently scheduled Final Pre-Trial Conference now set for May 27, 2026, (Hickman Decl. ¶ 7).

For the court to assess whether there is a likelihood that the Motion could be granted, either for Defendant, or for Plaintiff, attached to Hickman's Declaration are: The Notice of Motion (corrected) (Doc. 122 filed 01/22/26), the Joint Appendix of Statement of Uncontroverted Facts and Genuine Disputes (Doc. 122-1 filed 01/22/26), the Non-Moving Party's Statement of Uncontroverted Facts and Genuine Disputes (Doc. 122-2 filed 01/22/26), and, the corrected and fully integrated Joint Brief re the Motion (Doc. 164 filed 02/05/26) attached thereto as Exhibits A, B, C, and D, respectively. (Hickman Decl. ¶ 8).

The Motion documents filed, as corrected, between 01/22/26 and 02/05/26 are listed in this footnote (excluding the separately filed exhibits by number which are Docs. 129-152, filed 01/22/26), and would be refiled, if allowed, with a new hearing date.[2] (Hickman Decl. ¶ 9).

Reasonable diligence is being exercised in making this motion. The mistake was discovered February 9, when Hickman checked the docket as he went to assemble the Chambers' courtesy copy. Then over the course of that week Hickman had to determine what procedure and

_____

[2] (1) Notice of Motion (corrected) (Doc. 122 filed 01/22/26); (2) Joint Appendix of Statement of Uncontroverted Facts and Genuine Disputes (Doc. 122-1 filed 01/22/26); (3) the Non-Moving Party's Statement of Uncontroverted Facts and Genuine Disputes (Doc. 122-2 filed 01/22/26); (4) Plaintiff's Evidentiary Objections to Defendant's Motion for Summary Judgment (Doc. 153 filed 01/22/26; (5) the (corrected) Joint Brief (Memo of Points & Authorities) (Doc. 164 filed 02/05/26); (6) Joint Appendix of Evidence (with all attachments in one pdf bookmarked) (Doc. 124 filed 01/22/26 (which contained all Declarations, Request for Judicial Notice, evidence and exhibits bookmarked); (7)  Declaration of Steve Smead (Doc. 125 filed 01/22/26); (8) Declaration of Fred Hickman in Authentication of Deposition Excerpts of Clinton Brown (Doc. 126 filed 01/22/26); (9) Request for Judicial Notice ISO Smead's Motion for Summary Judgment (Doc. 127 filed 01/22/26); (10) Declaration of Clinton Brown (Doc. 128 filed 01/22/26); (11) Plaintiff's [Proposed] Order Granting Plaintiff's Evidentiary Objections (Doc. 154 filed 01/22/26); (12) Defendant's Response Opposition and Reply to Plaintiff's Evidentiary Objections (Doc. 155 filed 01/22/26); (13) Objection to Evidence by Defendant Smead to Plaintiff Brown's Evidence (Doc. 156 filed 01/22/26); (14) Notice of Lodging of Proposed Order (Re-Submission) on Plaintiff's Objections to Defendant's Evidence on Motion for Summary Judgment and Proposed Order (Doc. 159 filed 01/26/26 and Doc. 159-1, filed 01/26/26); (15) Notice of Lodging of [Proposed] Order (Re-Submission) on Defendant's Objections to Plaintiff's Evidence in Opposition to Motion for Summary Judgment and Proposed Order (Resubmission) (Doc. 160 and Doc. 160-1 filed 01/26/26); (16) Notice of Lodging (Resubmission) of [Proposed] Order and Judgment Granting the Motion for Summary Judgment . . . and [Proposed] Order (Resubmission) (ECF No. 122-3 (Proposed Order Being Corrected) (Doc. 161 and Doc. 161-1 filed 01/28/26); (17) Notice of Lodging (Re-Submission) [Proposed] Order Granting Partial Summary Judgment . . . [ECF No. 122-4 (Proposed Order Being Corrected) and [Proposed] Order (Resubmission) (Doc. 162 and 162-1 filed 01/29/26). Further, all the individual exhibits would of court be separately filed anew, which were all exhibits last filed 01/22/26 as Doc. Nos. 129-152.

MEMO POINTS & AUTH. ISO MODIFY SCHED. ORDER / RE-SET HEARING M.S.J.

*BROWN VS. SMEAD 23-cv-02938*

4

rules applied to seeking this relief. (Hickman Decl. ¶10) Hickman requested the L.R. 7-3 meet and confer of Plaintiff on February 14, and then then on Feb. 17 it occurred, as to this matter and motion. The seven day hold on filing the motion after that meet and confer has now elapsed, under L.R. 7-3. (Hickman Decl. ¶¶ 2 & 14).

No prejudice arises to Plaintiff from granting this motion to hear the Summary Judgment Motion. It is fully developed and its refiling will occasion no further input from Plaintiff. Further, the hearing on a refiled Motion could be heard before the Final Pre-Trial Conference now set for May 27.  No other modifications to the Scheduling Order need to be made, and no delay in the trial date need occur. (Hickman Decl. ¶ 11).  The four factor analysis that Court's typically consider on such a motion is discussed within, and also set forth in the Hickman Declaration at paragraph 12. Sanctions, if any, should be directed only against Attorney Hickman, as Defendant Smead had no part in this error. (Hickman Decl. ¶ 13).

DISCUSSION

I.  *Rule 16(b)(4)'s Standard Of Discretion Allows Modification Of Scheduling Order To The Limited Extent Requested To Reset The Motion Hearing Based On Attorney Mistake as Excusable Neglect, Good Faith Diligence To Correct, No Prejudice to Plaintiff, and Low Impact On Court Proceedings, Together Constituting Good Cause.*

"[D]istrict judges have broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16." *Avila v. Willits Env't Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011). In general, the pretrial scheduling order can only be modified "upon a showing of good cause." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992)); accord Fed. R. Civ. P. 16(b)(4). "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension,'" but "[i]f the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic*, 302 F.3d at 1087 (quoting *Johnson*, 975 F.2d at 609). Prejudice to the opposing

MEMO POINTS & AUTH. ISO MODIFY SCHED. ORDER / RE-SET HEARING M.S.J.

*BROWN VS. SMEAD 23-cv-02938*

5

party, though not the focus of the inquiry, also may support denying a

motion. *Johnson*, 975 F.2d at 609.

*ML Prods. Inc. v. Billiontree Tech. USA, Inc.*, (USDC Cal. Cent. Dist., Frimpong, J., 8/20/2025)
2025 U.S. Dist. LEXIS 119277, *3-4, 2025 WL 1717642 (punctuation as in original).

      Here, to overcome the attorney mistake, Defendant Smead is exercising reasonable
diligence, given that only last week Attorney Hickman by his mistake and misunderstanding lost
the hearing date of 03/05/26 for the Motion filed on 1/22/26, based on inadvertent non-
compliance with the Order of 1/30/26. The Motion was terminated by the Clerk on 02/06/26,
based on Hickman's failure to recognize that he must refile the Motion in full, and not to just
merely correct and refile the Joint Brief, fully-integrated, which he did on 02/05/26. And this was
his mistake. Diligence, despite his error and hoping to correct it, is shown by the following:
timely filing of the Motion on 1/22/26, his timely filing of the corrected Joint Brief on 02/05/26,
but failing to refile all the rest of the Motion, thinking wrongly that only this was required. And,
diligence exists in seeking relief from his mistake in this motion for modification of the
Scheduling Order, as Hickman discovered and realized his error only on 02/09/26, this week. To
have the Motion heard, the Scheduling Order needs to be amended, and the Court to set a new
date for the hearing and refiling of the Motion. No prejudice exists to Plaintiff, as the Motion for
Summary Judgment is fully developed and ready for re-filing based on the prior filing, as
corrected. The hearing on a refiled Motion could be heard before the Final Pre-Trial Conference
now set for May 27.  No other modifications to the Scheduling Order need to be made, and no
delay in the trial date need occur, of if any, only a small delay. In sum, granting the Motion
comports with the broad discretion allowed the Court under Rule 16.

II.    *Rule 60(b)(1) Allows The Court To Relieve Defendant Smead From The Error Of His
Attorney In Causing The Hearing Date Of 03/05/26 To Be Lost, So To Reset A New
Hearing Date And Allow Refiling Of The Motion.*

      Here, given the error of Attorney Hickman by failure to refile the Motion by Feb. 6, the
hearing of 03/05/26 was lost to Defendant, as the Motion was denied without prejudice in the
Order of 1/30/26. However, Rule 60(b)(1) allows relief from the consequence of missing the
opportunity to have Defendant Smead's Motion for Summary Judgment heard.

MEMO POINTS & AUTH. ISO MODIFY SCHED. ORDER / RE-SET HEARING M.S.J.

*BROWN VS. SMEAD 23-cv-02938*

6

Rule 60(b)(1) of the Federal Rules of Civil Procedure states that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).

The case of *Loitman v. Evolution Metals LLC*, 2025 U.S. Dist. LEXIS 215019, *1-*13, 2025 WL 3022291 (USDC Cal. Cent. Dist., Frimpong, J., 8/21/25) is instructive. It held as follows: granted relief mistake that would have resulted in case dismissal for failure to timely file opposition to motion to dismiss, after Plaintiff learned of his mistake from the Court, and the Court and allowed late filing of the Opposition and hearing on the Motion to Dismiss). The *Loitman* decision provides guidance, and these authorities cited below are drawn from it.

The determination is an equitable one. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993) (affirmed judgment that attorney's inadvertent failure to file proof of claim for creditors within the deadline set by the bankruptcy court constituted "excusable neglect" to allow for the late filing, taking account of all relevant circumstances surrounding the party's omission). A Court looks to the four Pioneer factors: "[1] the danger of prejudice to the debtor [opposing party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Id.* ("[opposing party]" at factor 1 added for clarity). This weighing is left to the discretion of the district court. *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004).

Factor 1: No prejudice to Plaintiff arises, as all input is complete, and only a refiling is required, with a date change. The Motion with all Plaintiff's opposition positions, papers, and evidence, does not involve any new work for Plaintiff. The Motion was filed on 1/22/26 for the 3/5/26 hearing. No change other rescheduling seems required, so no prejudice arises to Plaintiff.

Factor 2: No delay in the proceedings needs to be caused, as the Motion is ready for refiling for a hearing date as selected by the Court. Defendant submits that if the Court so permitted, the Motion could be heard prior to the Final Pre-Trial Conference of May 27. The Motion can be refiled promptly if relief of modification and a date setting is granted.

MEMO POINTS & AUTH. ISO MODIFY SCHED. ORDER / RE-SET HEARING M.S.J.

*BROWN VS. SMEAD 23-cv-02938*

7

Factor 3: The error and delay has been caused entirely by Attorney Fred Hickman's mistake, and not in the control of Defendant Smead himself. Nothing about the error was malicious or willful or calculating.

Factor 4: Defendant has acted in good faith, in acting promptly to seek correction of the consequences of his attorney's mistake filing an incorrect Joint Brief on 1/22/26 in support of the Motion, and then when filing the corrected Joint Brief on 02/05/26, mistakenly failing to file the entire Motion with all related papers by Feb. 6 to preserve the 03/05/26 hearing date.

Even if there is some delay, such delay in the proceedings alone is not enough of a prejudice to justify denying a motion for relief.  *Bateman v. U.S. Postal Serv.,* 231 F.3d 1220, 1224 (9th Cir. 2000) (losing quick victory or a delay is not sufficient to deny a Rule 60(b)(1) motion). Also, the test on prejudice is not about prejudice to the Court, for the Pioneer factor tests the "prejudice to the debtor." (Here, that would be the Plaintiff, as in Pioneer it was an appeal of a bankruptcy case and "excusable neglect" on attorney error was held to allow filing a late claim by creditor's counsel). *Pioneer*, 507 U.S. at 395.

As for delay, at most, any necessitated will be short and will have a minimal impact on proceedings. And, if the Motion is granted in whole or part, may possibly avoid or truncate trial, and otherwise promote judicial economy. Further, Defendant has acted in good faith, as he had no part in causing Attorney Hickman to err and cause the hearing date to be lost.

*Bateman,* 231 F.3d at1225, held "that a one-month delay in filing a motion for relief, after plaintiff's request to rescind summary judgement was denied, was a minimal length of delay and had minimal impact on proceedings". *Loitman,* 2025 U.S. Dist. LEXIS 119277, at *3. In *Pincay,* 389 F.3d at 855 the Court held that the "delay in filing a motion for relief, where the delay was under the thirty-day grace period for appeal, was small". *Loitman,* 2025 U.S. Dist. LEXIS 119277, at *6-*7. In *Ahanchian v. Xenon Pictures, Inc*., 624 F.3d 1253, 1262 (9th Cir. 2010) the Court held that "a delay of three days was minimal and would not have adversely affected the summary judgement hearing date or trial". *Loitman,* 2025 U.S. Dist. LEXIS 119277 at *7. Here, the motion for relief and resetting is filed promptly, once Attorney Hickman determined the need and his error, and determined what relief might be sought, and then

MEMO POINTS & AUTH. ISO MODIFY SCHED. ORDER / RE-SET HEARING M.S.J.

*BROWN VS. SMEAD 23-cv-02938*

8

prepared this motion and performed a full Local Rule 7-3 meet and confer on Feb. 17. Further, there does not need to be a delay in the trial date, necessarily, if the Motion is reset for hearing.

Notably, the "Supreme Court, in defining "excusable neglect," relied on Congress' interpretation and stated that "the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Loitman,* 2025 U.S. Dist. LEXIS 119277 at *8 (citing *Pioneer*, 507 U.S. at 388). The decision in Loitman explains: "For the same reason, the case law does not require that the circumstances be solely out of the movant's control, since "mistake" or "carelessness" is already encompassed as excusable neglect. *Loitman*, 2025 U.S. Dist. LEXIS 119277 at *8-*9 (citing *Pioneer,* 507 U.S. at 388).

The *Loitman* decision cites and discusses these standards for granting relief:

> Nowhere in the case law are "extraordinary circumstances" required in order to be granted Rule 60(b)(1) relief. Furthermore, there is no one factor that is given more weight than the other factors. It is up to the discretion of the Court to weigh each factor in an equitable manner. *See Pincay*, 389 F.3d at 860 ("[W]e leave the weighing of Pioneer's equitable factors to the discretion of the district court in every case"). Finally, courts in this circuit have previously found calendaring mistakes as constituting excusable neglect, although not a strong justification for delay. *See Ahanchian*, 624 F.3d at 1262 (finding excusable neglect where movant committed a calendaring mistake by failing to apply a local rule); *Pincay*, 389 F.3d at 859-60 (affirming district court's ruling of excusable neglect where the movant did not apply the local rule); *Bateman*, 231 F.3d at 1222-25 (finding excusable neglect where movant missed a filing deadline due to being out of the country and did not follow up with the district court until sixteen days after his return with the defense of jet lag and mail pileup).

*Loitman*, 2025 U.S. Dist. LEXIS 119277 at *9 (internal quotations as in original).

Here, as in *Loitman* and *Bateman*, the error for which relief is sought was not calculated or in bad faith.  Attorney Hickman's error was in his mistaken reading and misunderstanding of

MEMO POINTS & AUTH. ISO MODIFY SCHED. ORDER / RE-SET HEARING M.S.J.

*BROWN VS. SMEAD 23-cv-02938*

9

the direction of the Order for a full Motion refiling, a failure of his to comprehend, which at worst ought to be seen as more error of negligence and carelessness--not from deviousness or willfulness. *See Bateman*, 231 F.3d at 1225 ("But there is no evidence that he acted with anything less than good faith. His errors resulted from negligence and carelessness, not from deviousness or willfulness.") *Loitman*, 2025 U.S. Dist. LEXIS 119277 at *11.

Moreover, the four Pioneer factors weigh in Defendant Smead's favor and a finding of excusable neglect by Attorney Hickman. There is (1) little to no prejudice to the other side; (2) the length of the delay will have minimal impact on proceedings; (3) misunderstanding of the Order's offer to allow the hearing date to be kept by refiling the entire Motion, rather than just the corrected part the Joint Brief, is a failure to properly apply action to obtain the outcome allowed by the Order for retention of the hearing date; and (4) Defendant Steve Smead and his Attorney Hickman have acted in good faith without any ill purpose or intent.

If any sanctions are imposed under Rule 16(f), or other authority, these are the responsibility of Attorney Hickman, who caused this problem by his misunderstanding. However, the Scheduling Order itself is not violated in this instance, as modification is sought, rather than its terms violated.

CONCLUSION

For the reasons set forth above, Defendant Smead requests that the Scheduling Order be modified and a hearing date reset prior to the Final Status Conference of May 27, 2026, due to his attorney's error in losing the 03/05 hearing date, the discretion of the Court being allowed to do so, and a proper showing for relief from the mistake having been set forth.

Date: February 25, 2026                    Respectfully Submitted,
                                           */s/ Fred Hickman*
                                           Fred Hickman
                                           fredhickman@gmail.com
                                           Attorney for: Defendant Steve Smead