Fred Hickman (#124406)
fredhickman@gmail.com
17602 17th St Ste 102-206
Tustin CA 92780
714-315-1565; fax 714-838-0835

Attorney for: Defendant Steve Smead

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CLINTON BROWN, | Case No.: 2:23-cv-02938-MEMF(KSx) |
| PLAINTIFF, | DECLARATION OF FRED HICKMAN I.S.O. DEFENDANT STEVE SMEAD'S MOTION FOR ORDER TO MODIFY THE CIVIL TRIAL ORDER/SCHEDULING ORDER AND FOR RELIEF TO RESET HEARING ON MOTION FOR SUMMARY JUDGMENT AND ALLOW REFILING, BASED ON ATTORNEY ERROR |
| VS. | |
| STEVE SMEAD, | |
| DEFENDANTS. | |
| | [HON. MAAME EWUSI-MENSAH FRIMPONG, DISTRICT JUDGE] |
| | DATE: APRIL 9, 2026 TIME: 10:00 a.m. CTRM: 8B |

I, Fred Hickman, declare as follows.

1.     I am a member of the bar of this Court and of the bar of the courts of the State of California. I am the attorney of record in this case for Defendant Steve Smead.

2.     **The meet and confer between Plaintiff in pro se and counsel Fred Hickman for Defendant Steve Smead, under Local Rule 7-3 occurred as follows**:

DECLARATION OF FRED HICKMAN ISO MOTION MODIFY SCHED. ORDER / RE-SET HEARING M.S.J.
*BROWN VS. SMEAD 23-cv-02938*

a.  <u>DATE of Meet and Confer</u>: The conference took place on Tuesday, February 17, 2026, by telephone, lasting more than 18 minutes. It occurred by telephone because the location of defense counsel Hickman is in central Orange County and that of Plaintiff in Santa Monica, making a personal meeting to have been wasteful of time, if attempted. Plaintiff did not request an in-person meeting, nor did Hickman.

b.  <u>Position of Plaintiff and Defendant with respect to each disputed issue that will be the subject of the motion.</u> Plaintiff opposes the motion for several reasons set forth below. Defendant believes that the motion is necessary in order for the Motion for Summary Judgment/Adjudication hearing date to be reset from that of 03/05/26 which Defendant believes was lost on 02/06/26 due to his attorney's error. Detail from the meet and confer on the position both Plaintiff and Defendant on each disputed issue that will be the subject of the motion continues here:

(1). <u>Necessity</u>.

<u>Brown conditional opposition</u>: (Perhaps unnecessary as he is not sure that March 5 Motion for Summary Judgment / Summary Adjudication  hearing date is off-calendar). He believes that the motion to modify the Scheduling Order to permit resetting, refiling, and to reset the hearing and for the hearing on the Motion for Summary Judgment/Adjudication may be unnecessary or premature, as he is not certain that the hearing does not remain on calendar for March 5, as previously noticed.  But he is not willing to stipulate to any relief sought by this motion.

<u>Smead position</u>: believes the motion to modify and reset is necessary, as non-compliance with the Order [ECF 163] entered 1/30/26 resulted in denial without prejudice of the Motion for Summary Judgment/Adjudication and that the hearing date of 03/05/26 was lost due to the error of Attorney Hickman in not preserving the hearing date by a refiling by 02/06/26 of all the papers involved in the Motion for Summary Judgment/Adjudication ("M.S.J."), having refiled only

the corrected Joint Brief, in misunderstanding and mistake in response to the Chambers text only Order of 1/30/26 that required correction of Doc. 123, the violative Joint Brief as to formatting (not fully integrated and in proper form), but not refiling, as required by that Order, of all papers in connection with the entire Motion for Summary Judgment/Adjudication in order to preserve the 03/05/26 hearing date.

(2). <u>Good Cause</u>.

<u>Plaintiff's Position</u>: Plaintiff does not believe that attorney error by Hickman is good cause.

<u>Defendant's Position</u>: Defendant Smead maintains that attorney error by Hickman, inadvertent error based on Hickman's mistake in understanding and executing the Order of 1/30/26 to preserve the 03/05/26 hearing date for the M.S.J. is good cause. Defendant Smead himself did nothing to cause this error, or the loss of the hearing date, and would hope for the opportunity to have his M.S.J. heard.

(3). <u>Prejudice.</u>

<u>Plaintiff's position</u>: Brown would be prejudiced if the motion is reset for hearing, as he maintains that resetting would (1) interfere with his trial preparation and his April trial filings; and (2) does not want the trial date moved if that would otherwise be necessary.

<u>Defendant's Position</u>: Plaintiff will not be unduly prejudiced by a hearing to be reset. All the work and submissions by Plaintiff and Defendant are entirely done, and no more work or effort on Plaintiff's part is necessary as Defendant as represented did all the filings for Plaintiff in pro se, under the Standing Order IX.D., and there is no more briefing or submissions to make, just to have the motion and all related papers refiled with a new Notice of Motion if a new hearing date is set. Further, it is possible that the M.S.J. could be heard before the Final Pre-Trial Conference, depending on the Court's schedule and calendar, and if not, only a short delay in that and a short delay in the trial date would be necessitated,

that would not prejudice Plaintiff. Further, Plaintiff's opposition to this motion would be due in the first or second week of March, long before the first-round of trial filings due in April.

3.    Defendant Smead's Motion for Summary Judgment had been set for hearing on March 5, 2026. I had timely made the reservation of the date with the Clerk, and had timely made the electronic filing of the papers supporting and opposing of both Defendant and Plaintiff in pro se on Jan. 22, 2026. These filings were ECF Nos. 121-157 (the ECF Nos. 129-152 being separately filed single exhibits, filed 01/22/26). I made corrected filings of proposed orders pertaining to evidentiary objections in response to Notice of Filer Deficiencies (Doc. 158 filed 01/23/26), by Notices of Lodging (Doc. Nos. 159 and 159-1, and 160 and 160-1 filed 01/26/26). And, without a Notice of Filer Deficiencies, I then made corrections to proposed orders granting summary judgment or partial summary judgment, and resubmitted as corrected by Notices of Lodging (Doc. Nos. 161 and 161-1 filed 01/28/26, and 162 and 162-1 filed 01/29/26). Then, on 1/30/26, the Court issued an order requiring a corrected Joint Brief, as that submitted by Defendant on 1/22/26 (ECF No. 123) did not comply with the operative Civil Standing Order IX.D, as not integrated, and denied the Motion without prejudice, and ordered that to preserve the hearing date of March 5, 2026, that the Motion would have to be re-filed within seven days, i.e., February 6. (Order (text only), Dkt. No. 163 01/30/26). The text of the Order reads, in pertinent part:

(IN CHAMBERS) ORDER TEXT ONLY ENTRY by Judge Maame Ewusi-Mensah Frimpong: This Court is in receipt of the Motion for Summary Judgment filed by Steve Smead. Dkt. So. [123]. Per Section IX.D of the operative Civil Standing Order, any parties intending to file or oppose an Motion for Summary Judgment / Summary Adjudication  shall work cooperatively to create a sign, fully integrated joint brief covering all parties' summary judgment motions, in which each issue (or sub-issue) raised by a party is immediately followed by the opposing party's response and then the moving party's reply. As the parties' filing is not in compliance with the Standing Order, the Motion is DENIED WITHOUT PREJUDICE. Should the parties wish to keep the noticed March 5 hearing, the parties must correct and refiling the Motion withing seven days of the issuance of this Order. IT IS SO ORDERED. . . . . (dbe) TEXT ONLY ENTRY."

4.  I mistakenly misread and misunderstood the Order of 1/30/26 to require refiling of only one document, a compliant and corrected Joint Brief only in order to preserve the hearing date and allow the Motion to proceed. This error on my part was due to my misreading and misunderstanding of the Order's reference to Dkt. No. [123], which was the non-compliant Joint Brief. So, I mistakenly believed that filing the compliant Joint Brief within seven days of the Order was the Order's requirement to preserve the hearing date and to proceed with the Motion. My error arose, in part, also, from so many documents having been involved in the filing so that re-filing the one document specified as non-compliant, corrected, seemed like what I ought to do then. So, then, on February 5, I refiled only the corrected Joint Brief (ECF No. 164, Doc. 164 filed 02/05/26). (I worked very hard to make that integrated Joint Brief right, wishing to fully and properly comply with the requirement of Section IX.D. of the Civil Standing Order. It was a very great labor for me, as I had only to work with a pdf from Plaintiff in pro se, and was not conversant with how to switch it to a word document to splice all in together). My failing to understand the Order to require a refiling of all papers of the Motion, which is what the Order meant, was a serious error on my part, and I soon learned that this error inadvertently cost my client his then set hearing date of March 5, as I failed inadvertently  to refile ALL Motion papers by 02/26/26.  I first learned that I lost the date and did not comply with the Order on February 9. and his refiling of only the corrected Joint Brief did not comply with the Order, and the Motion's hearing date was not preserved.

5.  On February 9, 2026, I realized my error in failing to comply with the Order, when. This day is when I began to assemble the Chambers' courtesy copy, and I checked the docket to confirm that the hearing date remained set for March 5. Seeing no hearing date for it, I then checked the docket for the clerk's notations on the corrected Notice of Motion and Motion (ECF Nos. 121 & 122) and saw that it reflected that the Motion had been terminated as of 02/06/2026. I then read the

Order again, and realized that he had not complied with it, through misunderstanding and inadvertence on his part, and that I had caused by my mistake the unintended loss of the hearing date, with the denial without prejudice of the Motion.

6. I, on behalf of Defendant Steve Smead ask the Court to find that my error as counsel to be inadvertent mistake and excusable neglect. I ask that on behalf of Defendant Steve Smead, the opportunity to have the Motion heard, with a modification of the Scheduling Order to allow for it, and a date to be set, and a refiling of the Motion (in its entirety) to be allowed, that being all documents of and related to the Motion, with all documents as corrected in re-filings or resubmissions through the last filing of 02/05/26.

7. Judicial economy will be promoted, possibly, by the allowing the Motion to be heard, as it may be granted in whole or in part, or granted in favor of the non-moving party, Plaintiff, "when appropriate" under FRCP Rule 56(f), as "the Court may sua sponte enter summary judgment in favor of the non-moving party", as stated in the Civil Standing Order 08/27/25 p. 8 lines 14-16. Further, no prejudice arises to Plaintiff from resetting the hearing date, as all papers have once been filed, and would be refiled, there being no further inputs on the Motion required from either Plaintiff or Defendant, as corrected to date of 02/05/26. Further, the Motion could be heard prior to the presently set Final Pre-Trial Conference scheduled for May 27, 2026.

8. I attach for ease of reference three key documents from the prior Motion filing, should the Court wish to give them a cursory review to determine whether there may be some likelihood of granting summary judgment, either for or against either of the parties, should a resetting be allowed, and these are: The Notice of Motion (corrected) (Doc. 122 filed 01/22/26), the Joint Appendix of Statement of Uncontroverted Facts and Genuine Disputes (Doc. 122-1 filed 01/22/26), the Non-Moving Party's Statement of Uncontroverted Facts and Genuine Disputes (Doc.

122-2 filed 01/22/26), and, the corrected and fully integrated Joint Brief re the Motion (Doc. 164 filed 02/05/26) true and correct conformed copies of which are attached hereto as Exhibits A, B, C, and D., respectively.

9.  Here I list all the documents I filed in submitting or correcting the Motion, from Notice of Motion (corrected) filed on 01/22/26 with corrections filed thereafter through the corrected Joint Brief (Doc. 164) filed 02/50/26.  This is to show that the Motion just requires refiling, and no preparation of anything new to be newly submitted, as the filings were for what would have been the prior and now lost hearing date of March 5, 2026. If the court grants this motion to allow for a hearing of the Motion, then these are the documents that would be refiled, with only a date change to reflect the new hearing date on the caption page of each and on the Notice of Motion itself—all if the Court permits. Here I list them by Doc. No., *i.e.*, or the ECF No., and the filed date: (1) Notice of Motion (corrected) (Doc. 122 filed 01/22/26); (2) Joint Appendix of Statement of Uncontroverted Facts and Genuine Disputes (Doc. 122-1 filed 01/22/26); (3) the Non-Moving Party's Statement of Uncontroverted Facts and Genuine Disputes (Doc. 122-2 filed 01/22/26); (4) Plaintiff's Evidentiary Objections to Defendant's Motion for Summary Judgment (Doc. 153 filed 01/22/26; (5) the (corrected) Joint Brief (Memo of Points & Authorities) (Doc. 164 filed 02/05/26); (6) Joint Appendix of Evidence (with all attachments in one pdf bookmarked) (Doc. 124 filed 01/22/26 (which contained all Declarations, Request for Judicial Notice, evidence and exhibits bookmarked); (7)  Declaration of Steve Smead (Doc. 125 filed 01/22/26); (8) Declaration of Fred Hickman in Authentication of Deposition Excerpts of Clinton Brown (Doc. 126 filed 01/22/26); (9) Request for Judicial Notice ISO Smead's Motion for Summary Judgment (Doc. 127 filed 01/22/26; (10) Declaration of Clinton Brown (Doc. 128 filed 01/22/26); (11) Plaintiff's [Proposed] Order Granting Plaintiff's Evidentiary Objections (Doc. 154 filed 01/22/26); (12) Defendant's Response Opposition and Reply to Plaintiff's Evidentiary Objections

(Doc. 155 filed 01/22/26); (13) Objection to Evidence by Defendant Smead to Plaintiff Brown's Evidence (Doc. 156 filed 01/22/26); (14) Notice of Lodging of Proposed Order (Re-Submission) on Plaintiff's Objections to Defendant's Evidence on Motion for Summary Judgment and Proposed Order (Doc. 159 filed 01/26/26 and Doc. 159-1, filed 01/26/26); (15) Notice of Lodging of [Proposed] Order (Re-Submission) on Defendant's Objections to Plaintiff's Evidence in Opposition to Motion for Summary Judgment and Proposed Order (Resubmission) (Doc. 160 and Doc. 160-1 filed 01/26/26); (16) Notice of Lodging (Resubmission) of [Proposed] Order and Judgment Granting the Motion for Summary Judgment . . . and [Proposed] Order (Resubmission) (ECF No. 122-3 (Proposed Order Being Corrected) (Doc. 161 and Doc. 161-1 filed 01/28/26); (17) Notice of Lodging (Re-Submission) [Proposed] Order Granting Partial Summary Judgment . . . [ECF No. 122-4 (Proposed Order Being Corrected) and [Proposed] Order (Resubmission) (Doc. 162 and 162-1 filed 01/29/26). Further, all the individual exhibits would of court be separately filed anew, which were all exhibits last filed 01/22/26 as Doc. Nos. 129-152.  All the foregoing would be refiled, but with a date change on the notice of motion and other documents bearing a hearing date, if the Court permits.

10.     Here, seeking to set right and to overcome the attorney mistake, Defendant Smead is exercising reasonable diligence, given that only on 02/09/26 did I begin to realize that I had made this mistake to lose the hearing date of 03/05/26 for the Motion filed on 1/22/26, resulting from my inadvertent non-compliance with the Order of 1/30/26. The Motion was terminated by the Clerk on 02/06/26, based on my failure to recognize that I must refile the Motion in full, and not to just merely correct and refile the Joint Brief, fully-integrated, which I did on 02/05/26. And this was my mistake, alone, without any fault of Defendant Steve Smead. Diligence, despite my error and hoping to correct it, is shown by the following: timely filing of the Motion on 1/22/26, and timely filing of only the corrected Joint Brief on 02/05/26, but failing to recognize that I must have refiled

all the rest of the Motion, to comply with the Order. Over the course of the week of 02/09/26 I researched how to seek relief from my error and how to amend a scheduling order, as I have never made these motions before, and then began to prepare the motion and declaration and related documents. I learned that to have the Motion heard, the Scheduling Order needs to be amended, and the Court to set a new date for the hearing and a new deadline for refiling of the entire Motion, all in its discretion and based on a motion with a satisfactory showing.

11.No prejudice exists to Plaintiff, as the Motion for Summary Judgment is fully developed and ready for re-filing based on the prior filing, as corrected. The hearing on a refiled Motion could be heard before the Final Pre-Trial Conference now set for May 27.  No other modifications to the Scheduling Order need to be made, and no delay in the trial date need occur.

12. In sum, it is my opinion and the position of Defendant Steve Smead that granting the Motion comports with the broad discretion allowed the Court under Rule 16.  Here is my view and opinion of the facts on the four factors involved supporting relief to my client from my mistake.

Factor 1: No prejudice to Plaintiff arises, as the Motion with all Plaintiff's opposition positions, papers, and evidence, is fully done and ready for refiling, as already having been filed on 1/22/26 for the 3/5/26 hearing. No change in the other scheduling seems to be required. Further, Rule 56(f) permits summary judgment to be granted to Plaintiff, sua sponte, if appropriate. Thus, no prejudice arises to Plaintiff.

Factor 2: No delay in the proceedings needs to result, as the Motion is ready for refiling for a hearing date as selected by the Court. Defendant submits that if the Court so permitted, the Motion could be heard prior to the Final Pre-Trial Conference of May 27. The Motion can be refiled promptly if relief of modification and a date setting is granted.

Factor 3: The delay has been caused entirely by my mistake and misunderstanding of the Order and failure to comply with the deadline and refiling offered by it. There is nothing here in the control of Defendant Smead himself. Nothing about the error was malicious or willful or calculating.

Factor 4: Defendant has acted in good faith, in acting promptly to seek correction of the consequences of his attorney's mistake filing an the incorrect Joint Brief on 1/22/26 in support of the Motion, and then when filing the corrected Joint Brief, mistakenly failing to file the entire Motion with all related papers by Feb. 6 to preserve the 03/05/26 hearing date.

13.  If any sanctions are imposed under Rule 16(f), or other authority, these are my responsibility to pay, and only I should be ordered to pay, as I alone caused this problem for which I am now seeking relief for my client, Defendant Steve Smead. However, the Scheduling Order (Doc. 100) itself is not violated in this instance, as modification is sought, rather than its terms violated.

14.  MEET AND CONFER, L.R. 7-3 ARRANGEMENT. (The details of the meet and confer, the position of each on each disputed issue is set forth in detail in paragraph 2, above. The telephonic "meet and confer" between Plaintiff Brown and I on behalf of Defendant Steve Smead occurred on Tuesday, February 17, 2026, with the call I originated to Mr. Brown at 4:00 p.m., the time and day of his choosing. The meet and confer phone call lasted over 18 minutes and discussed this anticipated motion and its issues and the positions of each of us. I had arranged this telephonic meet and confer with Mr. Brown as follows:  On 2/14/26 I emailed Mr. Brown, Plaintiff in pro se, to request a telephonic meet and confer regarding this motion and this request for relief, modification of the Scheduling Order and rescheduling the Motion. (Plaintiff is in the Santa Monica area and I am in the Santa Ana area, so an in-person meet and confer is not practical). On 2/15/26 Plaintiff responded that he would meet and confer. On 2/16/26 in the morning I emailed a request for the telephonic meet and confer to occur this day, and Plaintiff

responded that he was available on 02/17, at either 4:00 or 4:30 for the telephonic conference. I emailed on 02/16 agreeing to the 4:00 p.m. meet and confer. And it occurred then. The substance of the meet and confer and the areas in dispute are set forth in paragraph 2 of this declaration.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed on February 24, 2026, in Santa Ana, California.

FRED HICKMAN                    /s/ Fred Hickman _____

                                FRED HICKMAN

DECLARATION OF FRED HICKMAN ISO MOTION MODIFY SCHED. ORDER / RE-SET HEARING M.S.J.

*BROWN VS. SMEAD 23-cv-02938*

11