Clinton Brown, *Pro se*
1431 Ocean Ave, Unit 413
Santa Monica, CA 90401
brown_clinton@msn.com
310-775-7990

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON BROWN,<br><br>Plaintiff,<br><br>v.<br><br>STEVE SMEAD,<br><br>Defendant. | **Case No**. 2:23-02938-MEMF-KS<br><br>**Non-Moving Party's Statement of**<br><br>**Uncontroverted Facts and Genuine Disputes**<br><br>**Judge:** Honorable Maame Ewusi-Mensah Frimpong<br><br>**Chief Magistrate Judge:** Karen L. Stevenson<br><br>**Date:** March 5, 2026<br><br>**Time:** 10:00 A.M.<br><br>**Place:** Courtroom 8B |

**NOTICE TO THE COURT**, the non-moving party may submit additional material facts that bear on or relate to the issues raised by the moving party, which shall be set forth in a separate joint statement of uncontroverted facts and follow the format described above for the moving party's separate statement. *See* CSO at 11. Plaintiff provided Defendant with his Non-Moving Party's Statement of Uncontroverted Facts and Genuine Disputes in Word format and a fully editable Excel format on January 16, 2026, for inclusion in the Joint Brief, and for submission to the Court by email to chambers on January 23, 2026, as required by the Case Scheduling Order. *See* CSO at 9 & 11. The Statement of Uncontroverted Facts and Genuine Disputes is followed by a "Conclusions of Law" section. *See* CSO at 12. Plaintiff submits his evidence in compliance with the rules governing *pro se* litigants. *See* CSO at 9-10; Brown Decl. ¶¶43-44.

/

/

/

1

I. **Non-Moving Party's Statement of Uncontroverted Facts and Genuine Disputes**

| Undisputed Fact (with evidence) | Status | Opposition | Reply |
|---|---|---|---|
| 30. Defendant Steve Smead has operated a private lending business in California for decades. Answer ¶¶5-6 | Disputed. | Smead's Answer to the Second Amended Complaint [Doc. 95], filed 04/07/2025 ("Answer") does not admit and denies this allegation. Brown mischaracterizes the Answer's averment. | |
| 31. Loan funds originate from transactions through Steve Smead DBA Smead D&S Rentals' business bank account located in California. Exhibit A at 1-74. | Undisputed. | | |
| 32. Plaintiff was directed to make, and did make, interest payments to Defendant to Defendant's business bank account. Brown Decl. ¶4 | Undisputed. | | |
| 33. On or about September 15, 2020, during a telephone call, Defendant and I discussed the Harper Lake loan, and Defendant required that I agree to pay an additional $150,000 in interest as a condition of funding. Brown Decl. ¶5 | Disputed. | In mid-September 2020, Brown asked for a loan of $150,000, and Smead wired that sum to a Chicago Title escrow for the potential loan. Smead Decl. ¶ 16. Fact 6 from Joint Appendix of Statements of Uncontroverted Facts and Genuine Disputes, dated 01/22/2026 ("Jt. Appendix"). While Brown made numerous other | |

| | | | |
|---|---|---|---|
| | | proposals for other loans at this time, mid-September through early November 2020, Smead rejected those. Fact 7, Jt. Appendix: Smead Decl. ¶¶ 11-15: (on 9/24/2020) Ex. 43-1-4 (proposed "Loan Agreement, dated Sept. 24, 2020" of loan to Atlas Dev. Group, LLP); (on 11/2/2020) Ex. 42-1-3 (proposed Guaranty of proposed loan to Atlas Dev. Group, LLC; (on 11/3/2020) Ex. 16-1-21 (email Brown to Smead of 11/3/2020, and attached proposed loan documents for a new loan against the Malibu Lot); (on 11/5/2020) Ex. 59-1-8 (11/4/2020 proposed note and guaranty for new loan on Malibu Lot, signed by Brown).<br><br>Smead made not such demand for that or any other amount as "additional interest" of $150,000. Rather the written terms of the loan are the only terms of the loan, set forth in the promissory note for $150,000 secured by the deed of trust. Fact 8, Jt. Appendix: Smead Decl. ¶¶ 16-20; Ex. 15-1 ("Note"); Ex. 15-4-7 ("Deed of Trust"); Ex. 15-2- | |

| | | | | |
|---|---|---|---|---|
| | | | 3 (Final Buyer's Statement). | |
| | 34. On September 16, 2020, Mr. Smead wired $150,000 to the Harper Lake escrow from his Bank of Sierra account ending in 6236. Brown Decl. ¶6; Exhibit A at 15 (S 862) | Undisputed. | | |
| | 35. "I purchased the Harper Lake property on or around November 10, 2020." Brown Decl. ¶8 | Undisputed. | | |
| | 36. "I owned the real properties that are the subject of this action at all relevant times." Brown Decl. ¶9 | Disputed. | The real estate, the three lots, that were security are not the subject of this action. It is an action for money damages for alleged "collection of unlawful debt". The three lots that were security for the three loans foreclosed upon, the Malibu Lot, the Hinkley Lot, and the Utah Lot, were no longer owned by Brown upon the completion of the foreclosures in early 2023. From the Jt. Appendix: Malibu Lot, Fact 6, Smead Decl. ¶ 9; Ex. 14-2-3 (Trustee's Deed Upon Sale dated 1/4/2023); Hinkley Lot, Fact 19, Smead Decl. ¶ 26; Ex. 20 (Trustee's Deed Upon Sale dated 1/30/2023); Utah Lot, Fact 20, Smead Decl. ¶ 36; Ex. 9-1-2 (Trustee's Deed, dated 03/08/2023). | |
| | 37. "Defendant Steve Smead was the lender | Undisputed. | | |

4

| | | | |
|---|---|---|---|
| on loans secured by the real properties in this action." Brown Decl. ¶10 | | | |
| 38. "Defendant acquired the properties by submitting credit-bids, and I lost ownership of the properties after he credit-bid the properties. Brown Decl. ¶13 | | | |
| 39. "The loan transactions at issue involved communications and financial activity between California and Utah." Brown Decl. ¶16; Exhibit A at 37 (S 884) | Disputed. | Brown and Smead were both in California. (Admission, Second Amended Complaint [Doc. 90], filed 03/23/2025, ¶¶ 4 & 5. The Malibu Loan and Hinkley Loan were both California loans, secured by Cal. real estate. On the Utah loan, the promissory note and deed of trust are made and secured in Utah on Utah land. Smead wired funds from his California bank account to the Utah escrow for the loan Brown requested. Fact 14, Jt. Appendix: Smead Decl. ¶¶ 33 & 34; Ex. 2-1 ((promissory note called "Trust Deed Note"); Ex. 2-7-9 (Settlement Statement). Malibu Lot, Fact 6, Smead Decl. ¶ 9; Ex. 14-2-3 (Trustee's Deed Upon Sale dated 1/4/2023); Hinkley Lot, Fact 19, Smead Decl. ¶ 26; Ex. 20 (Trustee's Deed | |

5

| | | |
|---|---|---|
| | | Upon Sale dated 1/30/2023); Utah Lot, Fact 20, Smead Decl. ¶ 36; Ex. 9-1-2 (Trustee's Deed, dated 03/08/2023). |
| 40. "Defendant directed that $100,000 associated with the Harper Lake transaction be included in and recorded with the Utah loan." Brown Decl. ¶16 | Disputed. | Nothing from the Harper Lake Loan, aka, the Hinkley Loan, no interest, no charges, not fees, nor anything associated with it was, nor directed to be included in the Utah Loan. The Hinkley Loan / Harper Lake Loan was a stand alone loan on written terms that included no other sums. And the Utah loan was a stand alone loan that included no other sums. Jt. Appendix: Fact 8, Smead Decl. ¶¶ 16-20; Ex. 15-1 ("Note"); Ex. 15-4-7; Fact 12, Smead Decl. ¶ 32; Fact 14, Smead Decl. ¶¶ 33 & 34; Ex. 2-1 ((promissory note called "Trust Deed Note"); Ex. 2-7-9 (Settlement Statement). |
| 41. "Mr. Smead communicated with me by telephone regarding the Utah deed of trust while I was in New York at or around the time I signed the Utah deed of trust." Brown Decl. ¶42; MSJ Ex. 2 at 6 (S 185). | Disputed. | Smead has no way of knowing if Brown communicated from another state than California regarding the Utah loan, as Brown is a resident of California and was a California licensed real estate broker. (Admission, Second Amended Complaint [Doc. 90], filed 03/23/2025, ¶¶ 4 & |

6

| | | | |
|---|---|---|---|
| | | 5. Brown Decl. ¶ 7. Brown and Smead were both in California. (Admission, Second Amended Complaint [Doc. 90], filed 03/23/2025, ¶¶ 4 & 5. The Malibu Loan and Hinkley Loan were both California loans, secured by Cal. real estate. On the Utah loan, the promissory note and deed of trust are made and secured in Utah on Utah land. Smead wired funds from his California bank account to the Utah escrow for the loan Brown requested. Fact 14, Jt. Appendix: Smead Decl. ¶¶ 33 & 34; Ex. 2-1 ((promissory note called "Trust Deed Note"); Ex. 2-7-9 (Settlement Statement). Malibu Lot, Fact 6, Smead Decl. ¶ 9; Ex. 14-2-3 (Trustee's Deed Upon Sale dated 1/4/2023); Hinkley Lot, Fact 19, Smead Decl. ¶ 26; Ex. 20 (Trustee's Deed Upon Sale dated 1/30/2023); Utah Lot, Fact 20, Smead Decl. ¶ 36; Ex. 9-1-2 (Trustee's Deed, dated 03/08/2023). | |
| 42. "I have been a licensed California real estate broker since | Undisputed. | | |

7

| | | | | |
|---|---|---|---|---|
| 1 | October 28, 2020." Brown Decl. ¶7. | | | |
| 2-21 | 43. "Steve Smead DBA Smead D&S Rentals," is used for Defendant's lending business and other business activities, not solely by Defendant in an individual capacity. Ex. A at 1–74; ECF No. 119 at 6 ("Mr. Smead and his wife used for all their business purposes.") | Disputed. | The account is owned by Steve Smead, and was the account to which he had a right to receive payments made to him by Brown. Further, Smead is named on the bank statements showing payments received, and a "d.b.a." on the account does not change that. Further, Brown offers no evidence that any other person than Smead received payments, nor that anyone but Smead had a right to payments. Further, the Ex. A and ECF cited do not evidence that anyone other than Smead was the lender, nor had a right to loan payments, nor received loan payments. Fact 25, Jt. Appendix, Smead Decl. ¶ 47. And from the Jt. Appendix, Smead was the promissee on the promissory notes. Jt. Appendix Facts 1, 2, 8 & 14, ("Malibu Lot"). Smead Decl. 12/30/2025 ("Smead Decl.") ¶ 3; Ex. 11-1-4 (Promissory Note). Smead Decl. ¶¶ 4 - 6; Ex. 12-1-2 (Promissory Note); Smead Decl. ¶¶ 16-20; Ex. 15-1 ("Note"); Smead Decl. ¶¶ 33 & 34; Ex. 2-1 | |
| 22-28 | 44. "Defendant directed that $100,000 associated with the Harper Lake transaction be included in and recorded with the Utah loan" Brown Decl. ¶17 | | | |

| | | ((promissory note called "Trust Deed Note"); | |
|---|---|---|---|

## II. Conclusions of Law

| Conclusions of Law | Relevant Facts |
|---|---|
| Defendant was in the business of lending money within the meaning of 18 U.S.C. § 1961(6). | Facts 30-32 |
| Plaintiff has standing within the meaning of 18 U.S.C. § 1964(c). | Facts 36-38 |
| Defendant engaged in, or the activities affected, interstate commerce within the meaning of 18 U.S.C. §§ 1962(a) and 1962(c). | Facts 39-41 |
| Plaintiff was not a California licensed real estate broker within the meaning of meaning of Cal. Code § 1916.1 at the commencement of the Harper Lake loan. | Facts 33-34, 42 |
| Defendant is a "person" within the meaning of 18 U.S.C. § 1961(3) | Facts 31-32, 38 |
| Defendant is an "enterprise" within the meaning of 18 U.S.C. § 1961(4) for 18 U.S.C. § 1962(a). | Facts 30-32, 38 |
| Defendant constituted an "other legal entity" enterprise within the meaning of 18 U.S.C. § 1961(4) for purposes of 18 U.S.C. § 1962(c) | Facts 30-32, 38, 43 |
| Defendant used or invested income derived from the collection of unlawful debt through credit-bids within the meaning of 18 U.S.C. § 1962(a) | Fact 38 |
| Defendant collected unlawful debt within the meaning of 18 U.S.C. § 1961(6). | Fact 32 |

Respectfully submitted,

Dated: January 16, 2026

*/s/ Clinton Brown, Pro Se*
1431 Ocean Ave, Unit 413
Santa Monica, CA 90401
brown_clinton@msn.com
310-775-7990

CC: All Counsel of Record (via email) on January 16, 2026