Clinton Brown, *Pro se*
1431 Ocean Ave, Unit 413
Santa Monica, CA 90401
brown_clinton@msn.com
310-775-7990

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON BROWN, <br><br> Plaintiff, <br><br> v. <br><br> STEVE SMEAD, <br><br> Defendant. | **Case No**. 2:23-02938-MEMF-KS <br><br> **Declaration of Clinton Brown in Support of Stipulation to Extend ADR Completion Date** <br><br> **Judge:** Honorable Maame Ewusi-Mensah Frimpong <br><br> **Chief Magistrate Judge:** Karen L. Stevenson |

I, Clinton Brown, declare as follows:

1. I am the Plaintiff in this action, proceeding *pro se*, and have personal knowledge of the facts stated herein. If called to testify, I could and would testify competently to them under penalty of perjury. I submit this declaration in support of the parties' Stipulation to Extend ADR Completion Date deadline from March 18, 2026, to April 10, 2026.

**I. Nature of the Requested Modification**

2. The parties seek a single, narrow modification to the Civil Trial Order: extension of the ADR completion deadline from March 18, 2026, to April 10, 2026. *See* ECF No. 100 at 3. No other pretrial or trial date is affected. The June 15, 2026 trial date, the May 27, 2026 Final Pretrial Conference, and all other scheduled deadlines remain unchanged. The sole reason for the extension is that April 10, 2026, is the earliest date on which the Court-appointed mediator, the parties, and defense counsel are all available for the mediation session.

**II. Background: Steps Taken to Advance the Litigation and ADR Process Since Filing**

3. This Second Amended Complaint was filed on March 23, 2025. *See* ECF No. 90. On July 15, 2025, the Court issued its Civil Trial Order setting, among other dates, the ADR completion deadline of March 18, 2026, and the trial date of June 15, 2026. *See* ECF No. 100 at 3. On September

1

10, 2025, the Court issued its ADR Notice directing the parties to complete mediation under General Order No. 11-10. *See* ECF No. 101.

4. Under General Order 11-10, Section 8.1, the mediator is required to contact the parties within 30 days of the ADR Notice to schedule the session. On October 10, 2025, Plaintiff proactively reached out to Mr. Coher directly to initiate the scheduling process. Plaintiff discovered that Mr. Coher had been attempting to contact him at outdated email addresses in the Court's records and that his communications had not been received.

5. On October 13, 2025, Mr. Coher responded to Plaintiff and confirmed that he had separately spoken with defense counsel, Mr. Hickman. Mr. Coher advised that in light of the June 15, 2026 trial date, it would be most productive for the parties to reconnect in January 2026 once the case had progressed further.

6. On January 5, 2026, Mr. Coher contacted both parties to assess whether the case was ready for mediation. Plaintiff responded on January 7, 2026, confirming his availability and willingness to proceed. Mr. Hickman also responded on January 7, 2026, noting that the summary judgment motion hearing was then set for March 5, 2026.

7. On January 12, 2026, Mr. Coher provided both parties with his available dates. Mr. Coher indicated that he had limited availability in March 2026 and offered a list of available dates in April 2026. The parties each responded on January 16 and January 17, 2026, with their respective availability. After comparing the schedules of the mediator, Plaintiff, and defense counsel and Mr. Smead, the only overlapping available dates were morning sessions on April 1, 3, 8, or 10, 2026.

8. On January 20, 2026, Mr. Coher confirmed that the mediation would be held on Friday, April 10, 2026, at 9:00 a.m. Pacific Time via Zoom.

**III. Good Cause: Why the March 18, 2026 Deadline Could Not Reasonably Be Met**

9. On February 1, 2026, Plaintiff raised with both Mr. Hickman and Mr. Coher that the April 10 date falls outside the Court's ADR deadline, and that court approval would be required under General Order 11-10, Section 8.3. Plaintiff also expressly offered, as an alternative, to agree to substitute a different mediator within the ADR program who could accommodate the Court's schedule if Mr. Coher could not. Mr. Coher responded that April 10, 2026, is the earliest workable date for all

participants, and that he has never encountered difficulties conducting mediation sessions after a court-ordered deadline.

10. The March 18, 2026 ADR completion deadline cannot be met despite the parties' diligence for reasons outside either party's control. The Court-appointed mediator, Mr. Coher, has confirmed in writing that April 10, 2026, is the earliest date on which he, the parties, and defense counsel are all available. Mr. Coher has no availability in March 2026 that accommodates the schedules of all participants.

11. Plaintiff made every reasonable effort to schedule the mediation within the Court's deadline. Plaintiff (1) proactively contacted the mediator in October 2025 when the mediator had not reached him; (2) confirmed availability as soon as dates were offered in January 2026; (3) proposed the earliest available dates; and (4) expressly offered to proceed at any time, including weekends, prior to March 18, 2026. Notwithstanding these efforts, the mediator's schedule and defense counsel's and Defendant's availability do not permit a mediation session before March 18, 2026.

**IV. Prior Continuance was Denied Without Prejudice.**

12. On February 12, 2026, the parties jointly submitted a Stipulation to Extend ADR Completion Date. *See* ECF No. 167. On March 2, 2026, the Court denied the stipulation without prejudice, on the grounds that it was unaccompanied by a declaration containing a highly detailed factual showing of good cause and due diligence, as required by Section L of the Civil Trial Order. *See* ECF No. 170.

13. Plaintiff received the Court's order on March 2, 2026, at or around 3:37 p.m. and immediately prepared this declaration to cure the deficiency identified by the Court, along with a stipulation and proposed order. Plaintiff transmitted the stipulation, proposed order, and this supporting declaration to Mr. Hickman on or around 8 p.m. on the same day for his review, with a proposed filing date of March 3, 2026. Mr. Coher was copied on the transmission.

14. No other requests for continuances of pretrial or trial dates have been made by Plaintiff, and no continuances have been granted or denied as to Plaintiff. Plaintiff notes, however, that on February 25, 2026, Defendant separately filed a Motion to Modify the Scheduling Order and for Relief to Reset the Hearing on Defendant's Motion for Summary Judgment and Allow Its Refiling. *See* ECF

No. 168. That motion is set for hearing on April 9, 2026, and is opposed by Plaintiff. It is not part of this stipulation and does not affect the relief requested herein.

**V. No Impact on Remaining Scheduled Dates**

15. The requested modification extends only the ADR completion deadline. The June 15, 2026 trial date, the May 27, 2026 Final Pretrial Conference, and all other deadlines in the Civil Trial Order remain unchanged. The mediation session on April 10, 2026, is scheduled to precede all remaining major pretrial submission deadlines, including the April 29, 2026 first-round trial filings. Accordingly, the modification will not displace or disrupt any other scheduled date.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 3, 2026, at Santa Monica, CA.

/s/Clinton Brown

Dated: March 3, 2026

Respectfully submitted,

*/s/ Clinton Brown, Pro Se*
1431 Ocean Ave, Unit 413
Santa Monica, CA 90401
brown_clinton@msn.com
310-775-7990

CC: All Counsel of Record (via ECF) on March 3, 2026