Clinton Brown, *Pro se*
1431 Ocean Ave, Unit 413
Santa Monica, CA 90401
brown_clinton@msn.com
310-775-7990

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON BROWN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>STEVE SMEAD,<br><br>　　　　Defendant. | **Case No**. 2:23-02938-MEMF-KS<br><br>**Plaintiff's Opposition to Defendant's Motion to Modify the Civil Trial Order, ECF No. 168-1**<br><br>**Judge:** Honorable Maame Ewusi-Mensah Frimpong<br><br>**Chief Magistrate Judge:** Karen L. Stevenson<br><br>**Date:** April 9, 2026<br><br>**Time:** 10:00 A.M.<br><br>**Place:** Courtroom 8B |

**NOTICE TO THE COURT**, the third time's the charm, or so Defendant apparently believes. Having disregarded this Court's Scheduling Order and then a direct Court Order, Defendant now asks this Court for a *third* attempt to file a Motion for Summary Judgment. Plaintiff respectfully submits that charm is not good cause under Rule 16(b)(4).[1]

## LEGAL STANDARD

""The district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order...will not be disturbed unless they

---

[1] Defendant's first Motion for Summary Judgment was denied without prejudice on January 30, 2026, for failure to comply with the Court's Civil Standing Order ("CSO"), Section IX.D. *See* ECF No. 163. On January 16, 2026, Plaintiff transmitted his complete opposition materials to Defendant and expressly reminded him that, pursuant to the CSO, Defendant as the represented moving party was solely responsible for the integration, compilation, word-processing, formatting, pagination, and final submission of the complete Joint Brief package. *See* Brown Decl. ¶2; Ex. A. Plaintiff again notified Defendant on January 22, 2026 — as the Joint Brief package was being filed on the docket in real-time — that the filing did not comply with the Court's CSO. *See* Brown Decl. ¶3; Ex. B. Defendant's subsequent attempted filing on February 5, 2026, did not cure the defect. *See* ECF Nos. 164, 169. Defendant's present motion constitutes his *third* attempt to obtain summary judgment relief in this case. "This motion for relief and modification seeks permission to obtain a new hearing date for the Motion, and to refile it." *See* ECF No. 168-1 at 2.

1

evidence a clear abuse of discretion." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal quotation marks omitted). In general, the pretrial scheduling order can only be modified "upon a showing of good cause." *Id.* at 608 (citing Fed. R. Civ. P. 16(b)). The pretrial schedule may be modified "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* at 609. If the party seeking the modification "was not diligent, the inquiry should end" and the motion to modify should not be granted. *Id.*" *See Zivkovic v. Southern Calif. Edison Co.*, 302 F.3d 1080, 1087–1088 (9th Cir. 2002).[2]

## DISCUSSION[3]

### I.  Rule 60(b)(1) Does Not Apply.

Rule 60(b)(1) applies only to final judgments, orders, or proceedings. The January 30, 2026, order denied Defendant's Motion for Summary Judgment ("MSJ") without prejudice — is not *final*. This case remains pending with trial scheduled to begin on June 15, 2026. *See* ECF No. 100 at 3. Defendant cites no authority applying Rule 60(b) to a denial of an MSJ without prejudice in a pending case, because none exists. Thus, the Court need not reach the *Pioneer* factors. *See Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223 (9th Cir. 2000) ("Rule 60(b)(1) of Civil Procedure provides that a court may relieve a party or a party's legal representative *from a final judgment…*") (emphasis added).[4]

Even if Rule 60(b)(1) applied, carelessness alone is not compatible with a finding of diligence and offers no reason for a grant of relief. *See Engleson v. Burlington Northern R.R. Co.*, 972 F.2d 1038, 1043 (9th Cir. 1992) (carelessness not a ground for relief under Rule 60(b)); *Martella v. Marine Cooks & Stewards Union*, 448 F.2d 729, 730 (9th Cir. 1971) (same), cert. denied, 405 U.S. 974, 92 S. Ct. 1191, 31 L. Ed. 2d 248 (1972); *Smith v. Stone*, 308 F.2d 15, 18 (9th Cir. 1962) (same), *infra*.

---

[2] Rule 60(b)(1) of Civil Procedure provides that a court may relieve a party or a party's legal representative from a final judgment[.]. *See Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223 (9th Cir. 2000).

[3] Defendant did not seek leave of Court before noticing this Motion for hearing on April 9, 2026. *See* ECF No. 168. Defendant thus seeks modification of the Civil Trial Order through a motion that is itself noticed outside the Court's March 5, 2026, motion hearing cutoff date. *See* ECF No. 100 at 3.

[4] The case of *Loitman v. Evolution Metals LLC* is indeed instructive. *See* Motion at 8-11. In *Loitman*, unlike here, the entire action had been dismissed by court order, which is why Rule 60(b)(1) applied. *See Loitman v. Evolution Metals LLC*, No. 2:25-cv-02203-MEMF-AJR, ECF No. 19 (C.D. Cal. May 27, 2025) (order dismissing entire action without prejudice, triggering Rule 60(b)(1) relief granted at ECF No. 32 at 1-2). Here, no such order exists and this case remains fully active with trial approaching in approximately 100 days, *supra*.

## II. Rule 16(b)(4) "Good Cause" Has Not Been Met.[5]

Defendant's assertion that the MSJ filing defect arose from a "misunderstanding" is belied by the record. *See* Motion at 4, 7, 10 & 11. On January 16, 2026, Plaintiff advised defense counsel in writing of the Civil Standing Order's integration requirements and Defendant's responsibility as the moving party to compile and file the complete joint submission. *See* Brown Decl. ¶2; Ex. A (Jan. 16, 2026 email). On January 22, 2026—as the defense counsel was filing the noncompliant MSJ in real-time—Plaintiff again notified defense counsel in writing that the filing did not comply with the Court's integrated joint brief requirements and urged correction before the deadline. *See* Brown Decl. ¶3; Ex. B (Jan. 22, 2026 email). Despite these notices, Defendant proceeded with the noncompliant filing. The Court subsequently denied the Motion without prejudice. *See* ECF No. 163. Defendant now attributes the failure to comply to a misunderstanding of the Court's January 30, 2026 order. *See* Hickman Decl. ¶¶4-5. However, that Order did not create a new obligation; it reiterated compliance requirements Defendant had already been advised of prior to filing, *supra*. The Order afforded Defendant a clear and limited opportunity to cure and preserve the noticed hearing. Defendant did not do so. *See* ECF No. 169. On this record, the failure to file a complete MSJ does not demonstrate diligence under Rule 16(b)(4). Thus, "the inquiry should end," *supra*.[6]

## III. Prejudice to Plaintiff Supplies an Additional Ground to Deny the Motion.

The "existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion[.]" *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Prejudice here is substantial and concrete. Plaintiff is currently preparing for the April 10, 2026 mediation[7] and for multiple pretrial submissions due later that month, including motions in

---

[5] The 1983 Advisory Committee Notes on Rule 16 states that, "the court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension." *Cf.* Rule 6(b) ("When an act may or must be done within a specified time, the court may, for *good cause*, extend the time[.]").

[6] Even assuming *arguendo* that defense counsel discounted the notices that Plaintiff sent in good faith, the CSO's language is unambiguous. Section IX.D expressly requires the parties to "work cooperatively to create a single, fully integrated joint brief" in which "each issue (or sub-issue) raised by a party is immediately followed by the opposing party's response and then the moving party's reply." *See* ECF No. 163 (quoting Civil Standing Order § IX.D).

[7] The parties stipulated on February 12, 2026, to request that the Court extend the ADR completion date from March 18, 2026 to April 10, 2026. *See* ECF No. 167. The stipulation was denied without prejudice on March 2, 2026. *See* ECF No. 170. The parties thereafter filed a renewed stipulation with a supporting declaration on March 3, 2026. *See* ECF No. 171.

*limine*, witness lists, exhibit lists, and other filings required by the Local Rules and the Court's Civil Trial Order. *See* Brown Decl. ¶¶4-8. Granting the present motion would require Plaintiff to divert time and attention from trial preparation to defend a *third* summary judgment attempt.[8] That burden arises solely from Defendant's failure to comply with Plaintiff's notices and the Court's prior directives, *supra*.[9] [10]

### IV. Defendant Failed to Comply with Section L of the Civil Trial Order.

Section L requires that *any* continuance request be supported by a declaration containing "a highly detailed factual showing of good cause and due diligence" tracing efforts "dating back to the filing of the complaint." *See* ECF No. 100 at 18. "General statements are insufficient." *Id.* Mr. Hickman's Declaration fails to meet this standard. Mr. Hickman claims the January 22, 2026, filing was "timely." *See* Hickman Decl. ¶10. But the declaration omits that Plaintiff informed him on January 16, 2026, of the CSO's integration and formatting requirements, and informed him again on January 22, 2026 — as the filing was being docketed — that it did not comply with the required format and would make it more difficult for the Court to evaluate the record. *See* Brown Decl. ¶¶2-3; Exs. A & B. Mr. Hickman did not attempt to correct the filing until ordered by the Court. A filing made with advance written notice of its own deficiency is not a showing of good cause and due diligence. Mr.

---

[8] Mr. Hickman's assertion that "[n]o prejudice exists to Plaintiff, as the Motion for Summary Judgment is fully developed and ready for re-filing based on the prior filing" belies the record. *See* Motion at 6; Hickman Decl. ¶11. The Court has since ordered discovery responses that were previously withheld and that materially affect the evidentiary record. *See* ECF No. 166 at 20. In Plaintiff's summary judgment opposition, Plaintiff expressly invoked Rule 56(d) in the alternative, explaining that, if the Court were to conclude that Defendant had met his initial burden and that Plaintiff's submitted evidence did not show a genuine dispute of material fact, the outstanding discovery would show a genuine dispute of material fact. Defendant thus seeks relief based on a superseded evidentiary record that has only recently been supplemented pursuant to Court order. In other words, the MSJ is not "fully developed" in light of the Court's subsequent discovery ruling. *See* Brown Decl. ¶9.

[9] Mr. Hickman's assertion that monetary sanctions against *him* under Rule 16(f) would cure any prejudice is unpersuasive. *See* Motion at 11; Hickman Decl. ¶13. Monetary sanctions cannot restore the time and trial preparation efforts that would necessarily be diverted to relitigating a dispositive motion that should have been properly filed in compliance with the Court's January 30, 2026 order. Moreover, "[Smead] voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent." *See Link v. Wabash R. Co.*, 370 U.S. 626, 633-634 & fn. 10 (1962).

[10] Mr. Hickman's assertion that "should the Court wish to give [his filings] a cursory review to determine whether there may be some likelihood of granting summary judgment" reflects a fundamental misunderstanding of summary judgment procedure. *See* Motion at 5*;* Hickman Decl. ¶8. No motion for summary judgment is currently pending before this Court. Summary judgment requires the moving party to demonstrate the absence of a genuine dispute of material fact by citing to *evidence* in the record. *See* Rule 56(c). A "cursory review" of attorney argument alone is not the standard. *See* ECF Nos. 168-3, 168-4, 168-5 & 168-6.

Hickman Declaration's omission of these facts disqualifies it under Section L, and the motion should be denied on that basis alone.

### V. If Granted, Defendant's Motion Would Schedule a Summary Judgment Hearing After the Jury Trial.

Defendant requests that a new summary judgment hearing be set prior to the May 27, 2026, Final Pretrial Conference. *See* Motion at 11; Hickman Decl. ¶11. However, Section IX.D of the Civil Standing Order requires reservation of a hearing date at least seventy-five (75) days in advance. If relief were granted on April 9, 2026 (the date of this Motion's noticed hearing, *see* fn. 3), the first Thursday that is at least seventy-five (75) days from that date is June 25, 2026. The jury trial begins on June 15, 2026, and is set for three days. *See* ECF No. 100 at 3. Thus, under Section IX.D timing requirements, the summary judgment hearing would occur *after* the completion of trial.[11] *See* Brown Decl. ¶10.

### CONCLUSION

For the foregoing reasons, Defendant has not demonstrated good cause to modify the Civil Trial Order under Rule 16(b)(4). Reopening dispositive motion practice would impose substantial and concrete prejudice upon Plaintiff as this matter proceeds to trial on June 15, 2026. Therefore, the motion should be denied in its entirety.

Dated: March 4, 2026

Respectfully submitted,

*/s/ Clinton Brown, Pro Se*
1431 Ocean Ave, Unit 413
Santa Monica, CA 90401
brown_clinton@msn.com
310-775-7990

CC: All Counsel of Record (via ECF) on March 4, 2026

---

[11] Granting Defendant's motion would necessarily contradict the representation that "no delay in the trial date need occur." *See* Hickman Decl. ¶11. The relief requested would, in practical effect, require modification of the trial date under Section L of the Civil Trial Order, which expressly provides that "trial dates set by the Court are firm, and rarely will be changed." *See* ECF No. 100 at 18. In effect, Defendant seeks modification of the Court's scheduling order to remedy his repeated failure to comply with it.