Fred Hickman (#124406)
fredhickman@gmail.com
17602 17th St Ste 102-206
Tustin CA 92780
714-315-1565; fax 714-838-0835

Attorney for: Defendant Steve Smead

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CLINTON BROWN,<br><br>       PLAINTIFF,<br><br>VS.<br><br>STEVE SMEAD,<br><br>       DEFENDANTS. | Case No.: 2:23-cv-02938-MEMF(KSx)<br><br>REPLY BRIEF OF DEFENDANT TO OPPOSITION OF PLAINTIFF BROWN [ECF NO. 172] IN SUPPORT OF MOTION BY DEFENDANT STEVE SMEAD FOR ORDER TO MODIFY THE CIVIL TRIAL ORDER/SCHEDULING ORDER AND FOR RELIEF TO RESET HEARING ON MOTION FOR SUMMARY JUDGMENT AND ALLOW REFILING, BASED ON ATTORNEY ERROR<br><br>[F.R.C.P. Rules 16(b)(4) and 60(b)(1)]<br><br>[HON. MAAME EWUSI-MENSAH FRIMPONG, DISTRICT JUDGE]<br><br>DATE: APRIL 9, 2026<br>TIME: 10:00 A.M.<br>DEPT.: 8B |

SUMMARY

The error that Attorney Hickman made to lose the March 5 hearing date for summary judgment is "excusable neglect" under the *Pioneer* Factors. Discretion exists to grant relief to modify the Scheduling Order to permit resetting and refiling with a new hearing date. The Court was gracious in its Order of 1/30/26 (Dkt. No. 163) inviting Attorney Hickman for Defendant Smead to preserve the hearing date of March 5, 2026 for the Motion for Summary Judgment, denying without prejudice the pending Motion (Doc. 122 et seq.) due to Hickman's initially filing a non-compliant Joint Brief (Doc. 123) on 1/22/26. Attorney Hickman mistakenly misunderstood that filing the corrected Joint Brief, which he did on 2/5/26, would keep the hearing date. He erroneously did not refile the entire motion, as the Court's order invited to keep the 3/5/26 date, the last day to hear motions. So this Motion was necessary and promptly made.

Plaintiff's opposition misconstrues the requested relief and the applicable authorities. This is not for relief from "denial without prejudice" of the Motion—but for permission to reset and refile for determination on the merits. And, Plaintiff misconstrues Rule 60(b)(1) itself, asserting that it does not apply because there is no "final" judgment. But 60 (b)(1) is disjunctive, and includes relief from any orders or proceedings, not just "final judgment", as its text and case law show. Moreover, Plaintiff asserts that because Defendant picked Attorney Hickman that Defendant is irretrievably stuck with any mistake or error as "not" "excusable neglect". That is not so, as case law shows. Were that the standard then no relief could ever be granted for attorney mistake and error, but case law shows otherwise. Brown asserts unacceptable prejudice if relief is granted—but there is little if any, as only attendance for the hearing would be required—all input complete, requiring only a new hearing date on the papers and refiling.

Finally, this motion for relief is timely. Awareness of the need for this motion did not arise until the second week of February, when a 42-day noticed motion could not be set before the March 5 cut-off to hear motions. Here, discretion exists to grant the relief.

/ / /

1. <u>Relief Under 60(b)(1) Is Allowed To Permit Resetting and Refiling In This Proceeding—Relief Is Not Limited To Final Judgments. And Relief Is Not Sought For Denial Without Prejudice Of The Prior Motion</u>.

Plaintiff suggests that no relief is available because the Order of 1/30/26 merely denied without prejudice the pending Summary Judgment Motion, and that the case is not "final". But Defendant does not seek relief from the denial without prejudice. Defendant seeks relief to have a date reset to allow for refiling and hearing on the merits of the Summary Judgment motion, as necessary because the current Scheduling Order has a last hearing date of March 5, for which the last Motion had been set. And a 42-day noticed motion could not have then been set, especially as pre-clearance of a hearing date on a Summary Judgment motion is required.

Rule 60(b)(1) applies without the necessity of a final judgment, where a case is still a proceeding or an order is involved, by the Rule's express language, and under case law. The *Engleson* decision, cited by Plaintiff, shows this. In *Engleson v. Burlington N. R. Co.*, 972 F.2d 1038 (9th Cir. 1992)(held: "carelessness" of counsel was not sufficient for relief). *Engleson's* discussion shows that a Rule 60(b) motion is allowed during a case, even a newly filed case, without a judgment having been entered in the new case. In *Engleson*, the District Court had deemed a newly filed complaint as a Rule 60(b) motion. The Court of Appeal did not hold that a Rule 60(b) motion could not be considered in the newly filed case, but that "under the circumstances" it was wrong to have treated the newly filed action as a Rule 60(b) motion, stating:

> The Appellants, however, failed to appeal the dismissal of the first action. They did not move to amend the first complaint, or seek reconsideration of the dismissal of the action. Under these circumstances, we conclude that the district court abused its discretion in treating the second complaint as a proper Rule 60(b) motion.

*Id*. at 1044.

*Bateman v. U.S. Postal Serv*., 231 F.3d 1220, 1224 (9th Cir. 2000) does not limit application of Rule 60(b)(1) to only relief from a final judgment. *Bateman* holds "that a one-

month delay in filing a motion for relief, after plaintiff's request to rescind summary judgement was denied, was a minimal length of delay and had minimal impact on proceedings". *Id*. at 1225.

Notably, Plaintiff does not respond to the motion's citation of the *Ahanchian* and *Pincay* decisions, both of which support relief here on this showing, in the Court's equitable discretion.

*Ahanchian v. Xenon Pictures, Inc*., 624 F.3d 1253, 1260-1262 (9th Cir. 2010) shows that Rule 60(b) applies to interim proceedings and interim orders, not only "final judgments". *Ahanchian* held that "attorney error" was "excusable neglect" under Rule 60(b). It held that denial of the request for relief in the ex parte application to make a late-filed opposition to a summary judgment motion was an abuse of discretion under Rule 60(b). It held that the district court erred in not considering the four-factor equitable test for attorney "excusable neglect", and that the attorney had made a showing satisfying the four-part test. *Id.* at 1260-1261. It states:

> The district court's errors are particularly troublesome because our application of the correct equitable analysis convinces us that Ahanchian's delay was the result of excusable neglect. . . . Applying the correct legal standard, we conclude that Ahanchian's counsel sufficiently established that his failure to timely file the opposition to summary judgment was the result of excusable neglect, and that the motion to allow the late opposition should have been granted.

*Id*. at 1262. Thus, *Ahanchian* supports granting relief here.

The *Pincay* decision affirmed relief to allow an appeal to proceed, under Rule 60(b), despite what the Court characterized as the "egregious mistake" and "negligence" of the attorney and paralegal, in calendaring and reading of the local rule in a late filed notice of appeal. But that was the "beginning of the inquiry" and not "the end of it." *Pincay v. Andrews*, 389 F.3d 853, 859-860 (9th Cir. 2004), *cert. den.* 544 U.S. 961, 125 S. Ct. 1726 (2005). Said the Court:

> In this case the mistake itself, the misreading of the Rule, was egregious, and the lawyer undoubtedly should have checked the Rule itself before relying on the paralegal's reading. Both the paralegal and the lawyer were negligent. That, however, represents the beginning of our inquiry as to whether the negligence is excusable, not the end of it. The real question is whether there was enough in the

context of this case to bring a determination of excusable neglect within the district court's discretion.

*Id*. at 859-860. The Court characterized the mistake itself this way: "In this case, the mistake itself, the misreading of the Rule, was egregious . . . . Both the paralegal and the lawyer were negligent." But then the Court then went on to apply the Pioneer equitable four-factor test:

> *Pioneer* itself instructs courts to determine the issue of excusable neglect within the context of the particular case, a context with which the trial court is most familiar. Any rationale suggesting that misinterpretation of an unambiguous rule can never be excusable neglect is, in our view, contrary to that instruction. "The right way, under *Pioneer*, to decide cases involving ignorance of federal rules is with an 'elastic concept' equitable in nature, not with a per se rule."

*Id*. at 859 (quoting a prior *Pincay* decision, *Pincay v. Andrews*, 351 F.3d 947, 953 (9th Cir. 2003) (Kleinfeld, J., dissenting)). And the Court found on the factors that the "egregious mistake" and "negligence" of the attorney and paralegal was "excusable neglect" and allowed appeal to proceed on the late filed notice. Justice Kleinfeld, in the 2003 *Pincay* decision summarized the *Pioneer* decision this way, at 351 F.3d at 952-953 )(quotations in original):

> The Supreme Court in Pioneer expressly approved of the principle that "ignorance of the rules" may sometimes be "excusable  neglect." The Court rejected the view taken by some courts that "excusable neglect" had to have some cause beyond the reasonable control of the attorney, and held instead that "neglect" included "faultless omissions to act and, more commonly, omissions caused by carelessness." This definition encompasses missing a filing deadline because of "negligence." Thus, "Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." Because the Supreme Court has stated that "ignorance of the rules" may constitute excusable neglect, it is not permissible for us to hold that "it cannot be classed as excusable neglect."

REPLY I.S.O. MOTION TO MODIFY SCHEDULING ORDER TO RE-SET HEARING ON M.S.J.
*BROWN VS. SMEAD 23-cv-02938*
4

Under *Pincay* and *Pioneer*, however Hickman's error is characterized--inadvertence, mistake, or negligence—it falls within what may be excusable neglect that allows relief.

Plaintiff may mistakenly mis-characterize an aspect of the decision *of Loitman v. Evolution Metals LLC*, 2025 U.S. Dist. LEXIS 215019, *1-*13, 2025 WL 3022291 (USDC Cal. Cent. Dist., Frimpong, J., 8/21/25) as not supporting Defendant's motion. However, the decision granted relief under 60(b)(1) from the mistake of untimely lack of Opposition to a Motion to Dismiss, which could have resulted in a Judgment of Dismissal with prejudice. (Plaintiff cites to an ECF in that case that the case had been "dismissed without prejudice"). There, plaintiff had learned of his mistake from the Court, and it allowed late filing of the opposition on the Motion to Dismiss. Attorney error or mistake was found to be "excusable neglect".

Here, Attorney Hickman learned of his mistake in the week of 2/9/26, checking the clerk's notations entered 2/6/26 on "termination" of the Motion, the docket then reflecting no hearing date for it. Seeing that, and revisiting his error in the Order of 1/30/26, immediately Hickman spent time in research and analysis that week to determine the proper course of action to seek relief, then conducting a full Local Rule 7-3 meet and confer, before filing the motion for relief and modification one week after the meet and confer, as documented in the notice of motion and supporting declaration of Hickman.

As briefed in the Memo of Points, *Pioneer* held "late filing" due to "attorney inadvertence" of creditor claims violating the deadline set by the bankruptcy court was "excusable neglect" and allowed relief. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993) (affirmed judgment that attorney's inadvertent failure to file proof of claim for creditors within the deadline set by the bankruptcy court constituted "excusable neglect" to allow for the late filing, taking account of all relevant circumstances). The *Pioneer* decision is discussed further, below.

2. <u>Here, Attorney Mistake, Error and Inadvertence, Is Excusable Neglect Allowing Relief</u>.

Plaintiff wrongly asserts that Hickman's "carelessness" is not "excusable neglect", citing *Engleson*. But no such order of failure is here involved as that in *Engleson*, which failure there

REPLY I.S.O. MOTION TO MODIFY SCHEDULING ORDER TO RE-SET HEARING ON M.S.J.
*BROWN VS. SMEAD 23-cv-02938*
5

1  also included, "counsel's ignorance of the statute that governs labor law disputes between a
2  railway worker and his or her employer" in addition to that described in section 1." *Engleson*,
3  972 F.2d 1038 at 1044.

4  Plaintiff's cite to *Martella* but does not support him, pertaining to prosecution of an
5  appeal and extraordinary long delay in seeking relief, and little showing of excuse. *Martella*
6  denied relief to prosecute an appeal of dismissal, where the attorney had violated Rules and local
7  court orders, and had <u>not moved under Rule 60(b) to be relieved of the judgment until more than</u>
8  <u>five months after the case's dismissal</u>. *Martella v. Marine Cooks & Stewards Union,* 448 F.2d
9  729, 730 (9th Cir. 1971), *cert. denied,* 405 U.S. 974, 92 S. Ct. 1191, 31 L. Ed. 2d 248 (1972). It
10 held that petitioner's failure to appeal the dismissal of the action was due to his lack of diligence
11 and was not "excusable neglect" under Rule 60(b)(1). The decision states:

12  > In order to bring himself within the limited area of Rule 60(b) (6) a petitioner is
13  > required to establish the existence of extraordinary circumstances which
14  > prevented or rendered him unable to prosecute an appeal. . . . Plaintiff made no
15  > such showing. . . . "Nor does the record reveal facts, or any fact, which would
16  > tend to show that plaintiff's failure to seek review was due to "excusable neglect,"
17  > a ground for relief under Rule 60(b) (1). To the contrary, it discloses plaintiff's
18  > entire lack of diligence and attention to the matter.

19 *Id*. (internal citations omitted, quotations in original). Here Defendant made the motion under
20 Rule 60(b) within 2 and 1/2 weeks of the attorney's error in losing the hearing date of 3/5/26 for
21 the summary judgment motion.

22  Also distinguishable is Plaintiff's citation to *Smith v. Stone*, 308 F.2d 15 (9th Cir. 1962).
23 In *Smith*, Rule 60(b) relief was denied to set aside a summary judgment where Plaintiff's counsel
24 had filed no opposition, presented no evidence, had continuances of hearing granted to Plaintiff
25 to make his required showing in opposition, missed several subsequent opportunities to rectify
26 his default, did not offer a written request for continuance to oppose, and did not appear at the
27 hearing, preferring his "vacation" instead. *Id*. at 16-17. Finding no excusable neglect to set aside
28 the final judgment, the Court reasoned:

|   |   |
|---|---|
| 1 | His vacation was more important to him than this 'important' case. He made not |
| 2 | the slightest attempt to reach the court, or any attache thereof, at any time prior to |
| 3 | the hearing on October 3, 1961. He has made a showing of carelessness and lack |
| 4 | of proper regard for his duty as an attorney and an officer of the court, and no |
| 5 | showing of inadvertence, excusable neglect, mistake, surprise, nor any one or |
| 6 | more of them. [¶] We find no abuse of discretion in the trial court's refusal to |
| 7 | reopen. |

*Id*. at 18.

Plaintiff cites *Link v. Wabash R. Co*., 370 U.S. 626, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) for the proposition that Defendant must be stuck with his attorney's error and mistake. But the case has no bearing here. In *Link*, no Rule 60(b) motion was made to reopen the case, which was dismissed for lack of prosecution. Dismissal had occurred because of the unexplained and unexcused failure to attend the Pre-Trial Conference, which followed a long history of dilatory conduct of counsel, on the "the oldest civil case on the court docket". *Id*. at 632-635. Plaintiff Link had not made a Rule 60(b) motion. *Id*. at 632.

3. <u>Diligence In Seeking Modification Of The Scheduling Order Exists Here</u>.

Plaintiff argues that the "Pioneer Factors" need not be reached for insufficient diligence, arguing under the cases *Zivkovic* and *Johnson*. But these cases do not support his position.

Under *Zivkovic v. S. Cal. Edison Co*., 302 F.3d 1080, 1087 (9th Cir. 2002) the lack of diligence in seeking to modify the Scheduling Order was due to these factors:

> Zivkovic moved to modify the scheduling order to extend discovery by almost ten months, postpone the trial date for almost five months and increase the trial duration from one day to five days. . . . However, Zivkovic's counsel did not seek to modify that order until four months after the court issued the order.

Notably, *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992) in denying modification for the deadline to add new parties, dealt with only this narrow question for modification, stating at its page 609 this:

/ / /

REPLY I.S.O. MOTION TO MODIFY SCHEDULING ORDER TO RE-SET HEARING ON M.S.J.
*BROWN VS. SMEAD 23-cv-02938*

7

> This case turns on a single, narrow question: when and under what circumstances may a party join an additional defendant once the district court has entered an order limiting the time for joinder. [¶] Johnson has failed to demonstrate good cause for his belated motion to amend. . . . Failing to heed clear and repeated signals that not all the necessary parties had been named in the complaint does not constitute diligence.

But here, Defendant seeks very limited modification promptly after the need arises and only for the purpose of allowing a resetting of the summary judgment motion. No extension of discovery is requested, a change in trial date, if any, could be modest, and no change in trial duration is sought. Rather, here, diligence is shown upon prompt recognition of the need arising.

    4.  <u>Some Delay Is Allowable, If Not Inordinate</u>.

Plaintiff complains of the prejudice of risk of delay. But some delay and potential impact on proceedings is allowable, where not "inordinate." *Bateman*, 231 F.3d at 1224 (holding: a delay is not sufficient to deny a Rule 60(b)(1) motion).

A setting, in the Court's discretion, could occur prior to the Final Pre-Trial Conference. However, if a modest continuance of the Final Pre-Trial Conference and Trial Date are determined by the Court as suitable, then such is consistent with relief.

## CONCLUSION

Excusable neglect by Attorney Hickman exists here to support resetting of a Summary Judgment hearing date and its refiling under the Pioneer Factors. Diligence in seeking Modification of the Scheduling Order to allow for this proposed new last date to here that motion exists, as this motion was filed within 2 and 1/2 weeks of Hickman's learning on 2/9/26 of his mistake from the clerk's entries on the docket of 2/6/2026. Some delay in proceedings, if any, is no reason not to grant relief. True prejudice to Plaintiff does not exist here, as this motion seeks only permission to refile with a new date the Summary Judgment motion, fully assembled and awaiting the Court's determination under its sound discretion. Accordingly the motion for relief and modification should be granted.

[signature block next page]

Date: March 9, 2026

Respectfully Submitted,
*/s/ Fred Hickman*
Fred Hickman
fredhickman@gmail.com
Attorney for: Defendant Steve Smead