Fred Hickman (#124406)
fredhickman@gmail.com
17602 17th St Ste 102-206
Tustin CA 92780
714-315-1565; fax 714-838-0835

Attorney for: Defendant Steve Smead

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CLINTON BROWN,<br><br>              PLAINTIFF,<br><br>VS.<br><br>STEVE SMEAD,<br><br>             DEFENDANTS. | Case No.: 2:23-cv-02938-MEMF(KSx)<br><br>DECLARATION OF FRED HICKMAN RE COMPLIANCE WITH LOCAL RULE 7-3 RE NOTICE OF MOTION STATEMENT OF COMPLANCE AND DEFENDANT SMEAD'S MOTION FOR SUMMARY JUDGMENT / PARTIAL SUMMARY JUDGMENT<br><br>[Hon. Maame Ewusi-Mensah Frimpong, District Judge]<br><br>DATE: JUNE 25, 2026<br>TIME: 10:00 a.m.<br>CTRM: 8B |

I, Fred Hickman, declare as follows.

1.     I am a member of the bar of this Court and of the bar of the courts of the State of California. I am the attorney of record in this case for Defendant Steve Smead.

2.     **The meet and confer between Plaintiff in pro se and counsel Fred Hickman for Defendant Steve Smead, under Local Rule 7-3 occurred as follows, pertaining to the renewal of Defendant's proposed Motion for Summary Judgment:**

DECLARATION OF FRED HICKMAN RE LR 7-3 MEET & CONFER RE SUMMARY JUDGMENT MOTION
*BROWN VS. SMEAD 23-cv-02938*

1

Arrangement and Dates of Meet and Confer and Other Details. The conference took place on Tuesday, February 17, 2026, beginning at 4:00 p.m. by telephone. It lasted more than 18 minutes. It occurred by telephone because the location of defense counsel Hickman is in central Orange County and that of Plaintiff in Santa Monica, making a personal meeting to have been wasteful of time, if attempted. Plaintiff did not request an in-person meeting, nor did I as counsel for Defendant and moving party. I had arranged this telephonic meet and confer with Mr. Brown as follows:  On 2/14/26 I emailed Mr. Brown, Plaintiff *in pro se*, to request a telephonic meet and confer regarding the motion to allow a resetting and renewal of the MSJ that had been previously filed, with an amendment proposed to the Scheduling Order to permit its hearing after what was then the last day to hear motions of March 5, 2026. On 2/15/26 Plaintiff responded that he would meet and confer. On 2/16/26 in the morning I emailed a request for the telephonic meet and confer to occur this day, and Plaintiff responded that he was available on 02/17/26, at either 4:00 or 4:30 for the telephonic conference. I emailed on 02/16/26 agreeing to the 4:00 p.m. meet and confer. And it occurred then. Thereafter, I filed the motion to amend the scheduling order to reset and renew the Motion for Summary Judgment. Plaintiff filed written opposition strenuously opposing that motion. The Court on April 6, 2026 granted Defendant's motion to renew the Motion for Summary Judgment, ordering that the last date to hear motions was reset to June 25, 2026, and that a renewed Motion, which was permitted to be altered, must be filed not later than May 14, 2026.

Further, meeting and conferring about Defendant Smead's need and intention to renew and refile the Motion for Summary Judgment Occurred as follows. On April 17, 2026, one week before the deadline of April 23, 2026 to send Plaintiff the materials for the Summary Judgment Motion, I emailed to Plaintiff the entire electronic copies of the evidentiary submission, intended by Defendant, all declarations, the Request for Judicial Notice, all evidence and Defendant's input in

DECLARATION OF FRED HICKMAN RE LR 7-3 MEET & CONFER RE SUMMARY JUDGMENT MOTION
*BROWN VS. SMEAD 23-cv-02938*

a draft Joint Appendix of Evidence. Mr. Brown emailed a reply the same date, saying that my email "does not comply with ECF No. 176 n. 5. Then, on April 23, I emailed to Plaintiff an electronic copy of the rest of the entire submission required by the Civil Trial Order on the early briefing schedule, which was timely. In that same email to Mr. Brown , 6:02 p.m. I noted his mysterious email reply of April 17 and asked him if there was some additional meeting and conferring that he wanted to do about his responsive material input, which would be due from him two weeks later, May 7. In the email, I asked Mr. Brown if he wanted additional time to meet and confer that we could put in a stipulation as invited by the Court in footnote 5 of the Order, ECF No. 176, for more time, if he wanted it. He responded only that he would have all materials to me on May 7, at 6:40. I then called Mr. Brown shortly after 6:40 p.m., by telephone, and he answered. In that call, I asked him if there was anything else he wanted in connection with the anticipated Motion for Summary Judgment from Defendant. He said that no, he did not want anything else and that I would see his opposition in due time. So, the meeting and conferring about this renewed Motion for Summary Judgment commenced by telephone call between us on February 17, and concluded with the telephone call between us on April 23, 2026.

a. <u>Position of Plaintiff and Defendant with respect to the disputed issue of the subject of whether Defendant's proposed renewal of a motion for summary judgment/partial adjudication will be granted.</u>

Defendant Smead, through counsel Hickman, maintained that the previously filed Motion for Summary Judgment/Adjudication ("MSJ") should be reset for hearing, the previously set hearing date of March 5, 2026, having been lost due to counsel's excusable negligence. Plaintiff Brown maintained that as to the proposed renewal of the MSJ, that it should not be granted, as he maintained that there were genuine disputes as to material facts that would prevent that motion from being

DECLARATION OF FRED HICKMAN RE LR 7-3 MEET & CONFER RE SUMMARY JUDGMENT MOTION
*BROWN VS. SMEAD 23-cv-02938*

granted. Plaintiff Brown had fully opposed that prior MSJ that had been filed on or about 01/22/2026 for the 03/05/2026 hearing date, having provided opposition in the form of legal briefing, objections to Smead's evidence, his evidence, declaration and documents, material for inclusion in the Joint Appendix of Evidence, and input in the Joint Statement re Undisputed Facts, all of which had been filed with the Court clerk through the ECF system on or about 01/22/2026. Defendant maintained that the MSJ should be renewed as having merit.

b. _Necessity_. The necessity of the MSJ is unavoidable as Defendant has a right to file it under Rule 56, and because Plaintiff maintains that his claims in the action are meritorious and should go to trial. Defendant believes that his MSJ is potentially meritorious, and that the Court may grant the MSJ or partial adjudication. At the mediation of the matter, which occurred on April 10, 2026 (Mediation Report, ECF No. 177, filed 04/12/2026), the parties did not settle the case. Accordingly, the MSJ is necessary.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed on May 13, in Santa Ana, California.

FRED HICKMAN

/s/ _Fred Hickman_ _____

FRED HICKMAN

DECLARATION OF FRED HICKMAN RE LR 7-3 MEET & CONFER RE SUMMARY JUDGMENT MOTION
_BROWN VS. SMEAD 23-cv-02938_

4