Utah Note

# TRUST DEED NOTE

DO NOT DESTROY THIS NOTE:  WHEN PAID, THIS NOTE, WITH TRUST DEED SECURING SAME, MUST BE SURRENDERED TO TRUSTEE FOR CANCELLATION.  BEFORE RECONVEYANCE WILL BE MADE.

$200,000.00                                                                          Fillmore, UTAH

FOR VALUE RECEIVED, the undersigned, jointly and severally, promise to pay to the order of

STEVE SMEAD, BENEFICIARY

TWO HUNDRED, THOUSAND DOLLARS AND 00/100 ($200,000.00)

together with interest rate of 10 % per cent per annum beginning July 1, 2021 on the unpaid principal.

$1,667.00 Interest only payment, per Month beginning August 1st 2021 and the 1st of each and every month thereafter, until August 1st , 2023 at which time all principal and interest is due and payable.

Buyer to make  all payments directly to Steve Smead (Beneficiary)

Along with 1.73 ACFT of Underground Water evidenced by Water Right No. 71-5613 as filed in the Office of the State Engineer.

DUE ON SALE: IF ANY OF THE ABOVE PROPERTY IS SOLD, CONVEYED OR OTHERWISE IS TRANSFERRED WITHOUT THE EXPRESS WRITTEN CONSENT OF THE BENEIFICIARIES, THE UNPAID BALANCE AND ALL ACCRUED INTEREST SHALL BE IMMEDIATELY DUE AND PAYABLE.

1. $150.00 late fee assessed after 10 days.
2. No prepayment penalty assessed for early payment.
3. A charge of $50.00 shall be assessed for any payment returned by Buyers Bank.

If default occurs in the payment of said installments of principal and interest or part thereof, or in the performance of any agreement contained in the Trust Deed securing this note, the holder thereof, at its option and without notice or demand, may declare the entire principal balance and accrued interest due and payable.

If this note is collected by an attorney after default in the payment of principal or interest, either with or without suit, the undersigned, jointly and severally, agree to pay all costs and expenses of collection including a reasonable attorney's fee.

The makers, sureties, guarantors and endorsers hereof severally waive presentment for payment, demand and notice of dishonor and nonpayment of this note, and consent to any and all extensions of time, renewals, waivers or modifications that may be granted by the holder hereof with respect to the payment or other provisions of this note, and to the release of any security, or any part thereof, with or without substitution.

This note is secured by a Trust Deed of even date herewith.

CLINTON BROWN                              Approved By: STEVE SMEAD

EXH 2-1

SMEAD PRODUCTION 9/18/25                              S 180

Entry #: 00215042   B: 703 P: 381
06/29/2021 12:24 PM
Page: 1 of 5
FEE: $40.00   BY: TITLEFIRST TITLE INSURANCE AGENCY, LLC
Sierra Dickens, Millard County Recorder

## TRUST DEED

THIS TRUST DEED, made this 22nd day of June, 2021 between Clinton Brown as Trustor(s), whose address is 16821 Edgar St. Pacific Palisade, CA 90272. TITLE FIRST TITLE INSURANCE AGENCY, LLC, a Utah Corporation as Trustee, and **STEVE SMEAD** of Santa Paula, State of California, as BENEFICIARY; WITNESSETH: That Trustor CONVEYS AND WARRANTS TO TRUSTEE IN TRUST, WITH POWER OF SALE, the following described property, situated in Millard county, State of Utah:

The Southwest quarter of Section 16, Township 25 South, Range 9 West, Salt Lake Base and Meridian.

Together with A Private easement for ingress and egress for roadway and utility purposes across the following land.

State of Utah, County of Millard
The Eastern 33 feet of the Northern 700 feet of Section 21, Township 25 South, Range 9 West.

The above easement is to be an appurtenant to and for access to the Grantee's land and all future owners of any land located within the boundary of: South half Section 16, Township 25 South, Range 9 West, Salt Lake Base and Meridian.

Tax Parcel Number 8710-1

Along with 1.73 ACFT of underground water as evidenced by Water Right No. 71-5613 as filed in the office of the State Engineer.

IF ANY OF THE ABOVE PROPERTY IS SOLD, CONVEYED OR OTHERWISE IS TRANSFERRED WITHOUT THE EXPRESS WRITTEN CONSENT OF THE BENEIFICIARIES, THE UNPAID BALANCE AND ALL ACCRUED INTEREST SHALL BE IMMEDIATELY DUE AND PAYABLE.

TOGETHER with all buildings, fixtures, and improvements thereon and all water rights, rights of way, easements, rents, issues, profits, income, tenements, hereditaments, franchises, privileges and appurtenances thereunto belonging, now or hereafter used or enjoyed with said property, or any part thereof, SUBJECT, HOWEVER, to the right, power, and authority hereinafter given to and conferred upon Beneficiary to collect and apply such rents, issues, and profits;

FOR THE PURPOSE OF SECURING (1) Payment of the indebtedness evidenced by a promissory note of even date herewith, in the principle sum of **$200,000.00** made by Trustor, payable to the Beneficiary or order at the times, in the manner and with interest as therein set forth, and with the final payment due, **August 1, 2023** and any extensions and/or renewals or modifications thereof; (2) the performance of each agreement of Trustor herein contained; (3) the payment of all sums which shall hereafter be advanced by the Beneficiary to the Trustor by way of additional loan or loans, and to secure any and all indebtedness of any kind whatsoever from the Trustor to the Beneficiary hereafter expended or advanced by Beneficiary under or pursuant to the terms hereof, together with interest thereon as herein provided. PROVIDED, HOWEVER, that the making of such further loans, advances or expenditures shall be optional with the Beneficiary and PROVIDED FURTHER that it is the express intention of the parties to this Trust Deed that it shall stand as continuing security until all such further loans, advances and expenditures together with interest thereon, have been paid in full.

A.   TO PROTECT THE SECURITY OF THIS TRUST DEED, TRUSTOR AGREES:

1.   To keep the buildings upon the above described real property continuously occupied and used, and not to permit the same to become vacant, and keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon; to comply with all laws, covenants and restrictions affecting said property; not to commit or permit waste thereof; not to commit, suffer or permit any act thereupon said property in violation of law. To cultivate, irrigate, fertilize, fumigate, prune, and do all other acts which from the character of said property may be reasonably necessary, the specific enumerations herein not excluding the general, and in the event the above described property is used for agricultural purposes, the Trustor will use all manure produced by stock selection, seed selection, crop rotation, weed control, fertilizing the soil, drainage, prevention of erosion and

EXH 2-2

pasture maintenance in accordance with good husbandry and the most approved methods of agricultural development. The Beneficiary may recover as damages for any breach of this covenant the amount it would cost to put the property in the condition called for herein. Proof of impairment of security shall be unnecessary in any suit or proceeding under this paragraph. If the loan secured hereby or any part thereof is being obtained for the purpose of financing construction of improvements on said property, Trustor further agrees:

(a) To commence construction promptly and to pursue same with reasonable diligence to completion in accordance with plans and specifications satisfactory to Beneficiary and

(b) To allow Beneficiary to inspect said property at all times during construction. Trustee, upon presentation to it of an affidavit signed by Beneficiary, setting forth facts showing a default by Trustor under this numbered paragraph, is authorized to accept as true and conclusive all facts and statements therein, and to act thereon hereunder.

2.   To keep the buildings and improvements now and/or hereafter upon the said premises unceasingly insured against loss by fire or other hazards in such amount and form as may be required by the Beneficiary in a Company or Companies selected by the Trustor subject disapproval by the Beneficiary, the insurance to be payable in case of loss to the Beneficiary as its interest may appear, all renewal policies to be delivered to the Beneficiary at least ten days prior to the expiration of the policy or policies renewed and in the event of the failure of the Trustor to so deliver a renewal policy, then the Beneficiary may renew or procure all required insurance upon said property and the Trustor agrees to pay all premiums therefore. All insurance policies covering any structure upon said premises, regardless of amount, shall be payable as aforesaid and delivered to the Beneficiary. In the event of loss, Trustor shall give immediate notice to Beneficiary who may make proof of loss. The amount collected under any fire and other insurance policy may be applied by the Beneficiary upon any indebtedness secured hereby and in such order as Beneficiary may determine, or, at option of Beneficiary, the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or any act done pursuant to such notice.

3.   To deliver to, pay for and maintain with Beneficiary until the indebtedness secured hereby is paid in full, such evidence of title as Beneficiary may require, including abstracts of title or policies of title insurance and any extensions or renewals thereof or supplements thereto.

4.   To appear in and defend any action or proceeding purporting to affect the security hereof, the title to said property, or the rights or powers of Beneficiary or Trustee; and should Beneficiary or Trustee elect to also appear in or defend any such action or proceeding, to pay all costs and expenses, including cost of evidence of title and attorney's fees incurred by Beneficiary a reasonable sum incurred by Beneficiary or Trustee, or incurred or advanced by the Beneficiary and/or Trustee in connection with any such action or proceeding in which the Beneficiary and/or Trustee may be joined as a party defendant or receives notice of such action, proceeding or claim asserted in such action or proceeding or proposed action or proceeding. Trustor covenants that the Trustor has a valid and unencumbered title in fee simple to the property described herein and has the right to convey the same and warrants and will defend said title unto the Trustee and Beneficiary against the claims and demands of all person whomsoever.

5.   To pay when all taxes and assessments affecting said property, including all assessments upon water company stock and all rents, assessments and charges for water, appurtenant to or used in connection with said property; to pay, when due, all encumbrances, charges, and liens with interest, on said property or any part thereof, which at any time appear to be prior or superior hereto; to pay all costs, fees and expenses of this Trust.

6.   Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may: make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; commence, appear in and defend any action or proceeding purporting to affect the security hereof or the rights and powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and in exercising any such powers, incur any liability,

Entry#: 00215042  B: 703 P: 382   Page 2 of 5  Millard County  Recorder

**EXH 2-3**

SMEAD PRODUCTION 9/18/25                                  S 182

expend whatever amounts in its absolute discretion it may deem necessary therefore, including costs of evidence of title, employ counsel, and pay his reasonable fees.

7.  To pay immediately and without demand all sums expended hereunder by Beneficiary or Trustee, with interest from date of expenditure at the rate of ten per cent (10%) per annum until paid, and the repayment thereof shall be secured hereby.

8.  In addition to the payments due in accordance with the terms of the note secured hereby, the Trustor shall, at the option and demand of the Beneficiary, pay each year to the Beneficiary, in equal monthly installments, the estimated amount of the annual taxes, assessments insurance premiums, maintenance and other charges upon the property, such sums to be held in trust by the Beneficiary for Trustor's use and benefit for the payment by the Beneficiary of any such items when due.  The estimate shall be made by the Beneficiary.  If the Beneficiary shall fail to make such estimate, the amount of the preceding annual taxes, assessments, insurance premiums, maintenance and other charges as the case may be, shall be deemed to be the estimate for that year.  If, however, the payment made hereunder shall not be sufficient to pay such charges when the same shall be due, the Trustor shall pay the Beneficiary any amount necessary to make up the deficiency on or before the date when the same shall become due.

B.  IT IS MUTUALLY AGREED THAT:

1.  If the Trustor permits any deficiency in the amount of the aggregate monthly, or other periodic payments, provided for herein or in the note secured hereby, or any failure to pay any advancements or payments made by the Trustee and/or Beneficiary to protect and preserve the lien hereof or property described herein, such deficiency or failure shall constitute an event of default under this Deed of Trust and, if not cured within 15 days Trustor promises and agrees to pay a "late charge", and that any such "late charge" shall constitute an additional item secured by this Deed of Trust.  PROVIDED HOWEVER, that Trustor shall not become liable to pay total interest and "late charge" in excess of the highest legal rate permissible by contract under the laws of the State of Utah.

2.  The fixtures and equipment described herein and/or affixed to and used and enjoyed in connection with the real property herein or any part thereof constitute permanent fixtures thereof and that such fixtures and equipment will not be severed and removed from said real property without the written consent of the Beneficiary and written reconveyance thereof by the Trustee and shall be deemed part of the realty.

3.  Should said property or any part thereof be taken or damaged by reason of any public improvement or condemnation proceeding, or damaged by fire, or earthquake, or in any other manner, Beneficiary shall be entitled to all compensation, awards, and other payments or relief therefor, and shall be entitled at its option to commence, appear in and prosecute in its own name, any action or proceedings, or to make any compromise or settlement, in connection with such taking or damage.  All such compensation, awards, damages, rights of action and proceeds, including the proceeds of any policies of fire and other insurance affecting said property, are hereby assigned to Beneficiary, who may, after deducting therefrom all its expenses, including attorney's fees, apply the same on any indebtedness secured hereby.  Trustor agrees to execute such further assignments of any compensation, award, damages, and rights of action and proceeds as Beneficiary or Trustee may require.

4.  At any time and from time to time upon written request of Beneficiary, payment of its fees and presentation of this Trust Deed and the note for endorsement (in case of full reconveyance for cancellation and retention), without affecting the liability of any person for the payment of the indebtedness secured hereby, Trustee may (a) consent to the making of any map or plat of said property; (b) join in granting any easement or creating any restriction thereon; (c) join in any subordination or other agreement affecting this Trust Deed or the lien of charge thereof; (d) reconvey, without warranty, all or any part of said property.  The grantee in any reconveyance may be described as "the person or persons entitled thereto," and the recitals therein of any matters or facts shall be conclusive proof of the truthfulness thereof.  Trustor agrees to pay Trustee's fees for any of the services mentioned in this paragraph.

5.  As additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, and hereby constitutes and appoints Beneficiary attorney in fact during the continuance of this Trust, with or without taking possession of the property affected hereby to collect the rents, issues, and profits of said property, (reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues, and profits, as they become due and payable.  Upon any such default.)  Beneficiary may, at any time without notice, by agent or by receiver, to be

**EXH 2-4**

Entry#: 00215042   B: 703 P: 383    Page 3 of 5   Millard County  Recorder

SMEAD PRODUCTION 9/18/25                                    S 183

appointed by court, Trustor hereby consenting to the appointment of Beneficiary as such receiver and without regard to any security for the indebtedness hereby secured, enter upon and take possession of said property, or any part thereof, and in its own name sue for or otherwise collect such rents, issues and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. Nothing contained herein, nor the exercise of the right by Beneficiary to collect, shall be, or be construed to be, an affirmation by Beneficiary of any tenancy, lease or option, or an assumption of liability under or a subordination of the lien or charge of this Trust Deed to any such tenancy, lease or option.

6.  The entering upon and taking possession of said property, the collection of such rents, issues and profits, or the proceeds of fire and other insurance policies, or compensation or awards for any taking or damage of said property, and the application or release thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

7.  The discontinuance or failure on the part of Beneficiary promptly to enforce any right hereunder shall not operate as a waiver of such right and the waiver by Beneficiary of any default shall not constitute a waiver of any other or subsequent default.

8.  In the event of the passage, after the date of this Trust Deed, of any law of the State of Utah, directing from the value of land for the purpose of taxation any lien thereon, or taxing such lien or the owner or holder of the same, or changing in any way the laws for the taxation of Trust Deeds or debts secured by Trust Deeds for state or local purposes, or the manner of the collection of any such taxes, so as to affect this Trust Deed, the Beneficiary or the Assignee of this Trust Deed and of the debt which it secures, shall have the right to give 30 days written notice to the owner of said land requiring the payment of the debt secured hereby, and it is hereby agreed that if such notice be given, the said debt shall become due, payable and collectable at the expiration of the said 30 days.

9.  Time is of the essence hereof. Upon default by Trustor in the payment of any indebtedness secured hereby or in the performance of any agreement hereunder, all sums secured hereby shall immediately become due and payable at the option of Beneficiary. In the event of such default, Beneficiary may execute or cause Trustee to execute a written notice of default and of election to cause said property to be sold to satisfy the obligations hereof, and Trustee shall file such notice for record in each county wherein said property or some part of parcel thereof is situated. Beneficiary also shall deposit with Trustee, the note and all documents evidencing expenditures secured hereby.

10. After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of default and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property on the date and at the time and place designated in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine subject to any statutory right of Trustor to direct the order in which such property, if consisting of several known lots of parcels, shall be sold, at public auction to the highest bidder, the purchase price payable in lawful money of the United States, at the time of sale. The person conducting the sale may, for any cause he deems expedient, postpone the sale from time to time until it shall be completed and, in every case, notice of postponement shall be given by public declaration thereof by such person at the time and place last appointed for the sale, provided, if the sale is postponed for longer than one day beyond the day designated in the notice of sale, notice thereof shall be given in the same manner as the original notice of sale. Trustee shall execute and deliver to the purchaser its Deed conveying said property so sold, but without any covenant or warranty, express or implied. The recitals in the deed of any manners or facts shall be conclusive proof of the truthfulness thereof. Any person including Beneficiary, may bid at the sale. Trustee shall apply the proceeds of sale to payment of (1) the costs and expenses of exercising the power of sale and of the sale, including the payment of the Trustee's and attorney's fees; (2) cost of any evidence of title procured in connection with such sale and revenue stamps on Trustee's Deed; (3) all sums expended under the terms hereof, not then repaid, with accrued interest as herein provided from date of expenditure (4) all other sums then secured hereby; and (5) the remainder, if any, to the person or persons legally entitled thereto, or the Trustee, in its discretion, may deposit the balance of such proceeds with the county Clerk of the county in which the sale took place.

11. Upon the occurrence of any default hereunder, Beneficiary shall have the option to declare all sums secured hereby immediately due and payable and foreclose this Trust Deed in the manner provided by law for the

SMEAD PRODUCTION 9/18/25                    S 184

foreclosure of mortgages on real property and Trustor agrees to pay Beneficiary or Trustee, whichever may be the Plaintiff in said foreclosure suit, the cost of said suit and a reasonable sum for attorney's fees, whether Beneficiary or Trustee shall have paid for procuring an abstract or other deed and also a reasonable fee for Trustee. All moneys herein agree to be paid shall be secured hereby.

12. In the event suit is instituted to effect foreclosure of this Trust Deed the Trustee and/or Beneficiary shall as a matter of right and without regard to the sufficiency of the security or of waste or danger of misapplication of any of the property of the Trustor, be entitled forthwith to have a receiver appointed of all the property described in this Trust Deed, and the Trustor hereby expressly consents to the appointment of a receiver by any court of competent jurisdiction and expressly stipulates and agrees that such receiver may remain in possession of the property until the final determination of such suit or proceedings. Trustor hereby expressly consents to the appointment of Beneficiary as such receiver.

13. Beneficiary may appoint a successor Trustee at any time by filing for record in the office of the County Recorder of each county in which said property or some part thereof is situated, a substitution of Trustee. From the time the substitution is filed for record, the new Trustee shall succeed to all the powers, duties, authority and title of the Trustee named herein or of any successor Trustee. Each such substitution shall be executed and acknowledged, and notice thereof shall be given and proof thereof made as provided by law

14. This Trust Deed shall apply to, inure to the benefit of, and bind all parties hereto, their heirs, legatees, devisees, administrators, executors, successors, and assigns. All obligations of Trustor hereunder are joint and several. The term "Beneficiary" shall mean the owner and holder, including any pledgee, of the note secured hereby. In this Trust Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

15. Trustee accepts this Trust when this Trust Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Trust Deed or of any action or proceeding in which Trustor, Beneficiary, or Trustee shall be a party unless brought by Trustee.

16. This Trust Deed shall be construed according to the laws of the State of Utah.

17. The undersigned Trustor requests that a copy of any notice of default and of any notice of sale hereunder be mailed to him at the address hereinbefore set forth.

18. The Trustor acknowledges that full disclosure has been made of the terms of the loan and the finance charge as required by Federal and State law and acknowledges receipt of a copy of such disclosure statements together with copies of the promissory note and trust deed.

Signed in the presence of:

Clinton Brown

STATE OF _____ NY _____ )

_____ ) SS.

County of _____ NY _____ )

On this day personally appeared before me    Clinton Brown
to me known to be the individual, or individuals described in and who executed the within and foregoing instrument, and acknowledged that he signed the same as his/her/their free and voluntary act and deed, for the uses and purposes therein mentioned.
Given under my hand and official seal this _____ day of _____ June _____ .2021 _____

NOTARY PUBLIC

Jenice Hernandez
Notary Public State Of New York
No. 01HE6359254
Qualified in Bronx, Cert. Kings, NY Counties
Commission Expires May 22nd 2025
The UPS Store @ 82 Nassau  212.406.9010

EXH 2-6

Entry#: 00215042  B: 703 P: 385    Page 5 of 5   Millard County  Recorder

SMEAD PRODUCTION 9/18/25                                S 185

American Land Title Association

ALTA Settlement Statement - Borrower/Buyer
Adopted 05-01-2015

## TitleFirst Title Insurance Agency, LLC
### ALTA Universal ID 1023307
### 190 N 100 E PO Box 849
### Beaver, UT  84713

| | |
|---|---|
| **File No./Escrow No.:** | 21064364 |
| **Print Date & Time:** | June 22, 2021 at 11:45·AM |
| **Officer/Escrow Officer:** | |
| **Settlement Location:** | |
| **Property Address:** | APN 8710-1<br>Fillmore, UT 84631 |
| **Borrower:** | Clinton Brown |
| **Lender:** | STEVE SMEAD |
| **Settlement Date:** | June 30, 2021 |
| **Disbursement Date:** | June 30, 2021 |

| Description | | Borrower/Buyer | |
|---|---|---|---|
| | | **Debit** | **Credit** |
| **Financial** | | | |
| Loan Amount | | | $ 200,000.00 |
| **Prorations/Adjustments** | | | |
| **Loan Charges to STEVE SMEAD** | | | |
| **Other Loan Charges** | | | |
| Closing Fee | to TitleFirst Title Insurance Agency, LLC | $ 220.00 | |
| Courier Fee | to TitleFirst Title Insurance Agency, LLC | $ 30.00 | |
| Wire Fee | to TitleFirst Title Insurance Agency, LLC | $ 30.00 | |
| Document Prep Fee | to TitleFirst Title Insurance Agency, LLC | $ 35.00 | |
| Full Reconveyance for Thaddeus D.O.T. | to TitleFirst Title Insurance Agency, LLC | $ 120.00 | |
| **Impounds** | | | |
| **Title Charges & Escrow / Settlement Charges** | | | |
| Title - Lender's Title Insurance | to TitleFirst Title Insurance Agency, LLC | $ 690.00 | |
| Coverage: $ 200,000.00 | | | |
| Premium: $ 690.00 | | | |
| **Government Recording and Transfer Charges** | | | |
| Recording Fees-D.O.T. | to TitleFirst Title Insurance Agency, LLC | $ 40.00 | |

EXH 2-7

Copyright 2015 American Land Title Association
All rights reserved
SMEAD PRODUCTION 9/18/25                    S 178

(21064364.PFD/21064364/18)
Printed on 06/22/21 at 11:45·AM

**ALTA Settlement Statement Borrower/Buyer - Continued**

| | | Debit | Credit |
|---|---|---|---|
| **Payoffs** | | | |
| **Miscellaneous** | | | |
| Payoff | to Equity Trust Co. Cust FBO Thaddeus Faeth IRA | $ 38,656.41 | |
| Loan Funds paid outside of close | to Clinton Brown | $ 100,000.00 | |
| **Subtotals** | | $ 139,821.41 | $ 200,000.00 |
| **Balance Due TO** | | $ 60,178.59 | |
| **TOTALS** | | $ 200,000.00 | $ 200,000.00 |

**Acknowledgement**

We/I have carefully reviewed the ALTA Settlement Statement and find it to be a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction and further certify that I have received a copy of the ALTA Settlement Statement. We/I authorize TitleFirst Title Insurance Agency, LLC to cause the funds to be disbursed in accordance with this statement.

Clinton Brown

Approved by: Steve Smead, Lender

, Escrow Officer

**EXH 2-8**

Copyright 2015 American Land Title Association
All rights reserved

SMEAD PRODUCTION 9/18/25                    S 327

Printed on 06/22/21 at 11:45 AM

ALTA Settlement Statement Borrower/Buyer - Continued

| | | | Debit | Credit |
|---|---|---|---|---|
| **Payoffs** | | | | |
| | | | | |
| **Miscellaneous** | | | | |
| Payoff | to | Equity Trust Co. Cust FBO Thaddeus Faeth IRA | $ 38,656.41 | |
| Loan Funds paid outside of close | to | Clinton Brown | $ 100,000.00 | |
| **Subtotals** | | | $ 139,821.41 | $ 200,000.00 |
| **Balance Due TO** | | | $ 60,178.59 | |
| **TOTALS** | | | $ 200,000.00 | $ 200,000.00 |

### Acknowledgement

We/I have carefully reviewed the ALTA Settlement Statement and find it to be a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction and further certify that I have received a copy of the ALTA Settlement Statement. We/I authorize TitleFirst Title Insurance Agency, LLC to cause the funds to be disbursed in accordance with this statement.

_____
Clinton Brown

Approved by: Steve Smead, Lender    6-28-21

_____
, Escrow Officer

Copyright 2015 American Land Title Association
All rights reserved

EXH 2-9

(21064364.PFD/21064364/18)
Printed on 06/22/21 at 11:45 AM

SMEAD PRODUCTION 9/18/25          S 179