# *GUARANTY AGREEMENT*

This Guaranty Agreement (this "Guaranty") is made effective as of November 02, 2020 by Clinton Brown, (the "Guarantor").

This Guaranty is being given to Steve Smead, (the "Creditor"),

This Guaranty is being given for the benefit of the Guarantor and for Atlas Development Group, LLC, (the "Debtor") for the extension of credit of $150,000 as outlined in the Loan Agreement dated September 24, 2020.

**I. OBLIGATIONS.** This Guaranty is given by the Guarantor to induce the Creditor to extend credit to the Debtor, and in consideration of the Creditor doing so, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and further acknowledging that the Creditor intends to rely on this Guaranty, the Guarantor absolutely and unconditionally guarantees prompt payment when due of all payments and liabilities of the Debtor to the Creditor, whether secured or unsecured, absolute or contingent, liquidated or unliquidated, and regardless of whether the Debtor may be liable individually or jointly with others, regardless of whether recovery upon any such obligation may be or hereafter become barred or otherwise unenforceable, including interest and charges, and to the extent not prohibited by law, all costs and attorney's fees incurred in attempting to realize upon this Guaranty.

**II. DURATION.** This is a continuing Guaranty and shall not be revoked by the Guarantor. This Guaranty will remain effective until all obligations guaranteed by this Guaranty are completely discharged.

**III. NOTICE OF DEFAULT.** The Creditor shall not be required to notify the Guarantor of a default by the Debtor in the Debtor's commitments to the Creditor before proceeding against the Guarantor under this Guaranty.

**IV. CREDITOR PROVISIONS.** The Guarantor expressly waives diligence on the part of the Creditor in collection of any part of the debt or other obligation owed by the Debtor. Further, the Creditor has no duty to bring suit against the Debtor (for collection of the debt or other performance which is due) before proceeding against the Guarantor. The Guarantor waives notice of the acceptance of this Guaranty and of any and all such indebtedness and liability. The Guarantor waives presentment, protest, notice, demand, or action on delinquency in respect of any such indebtedness or liability, including any right to require the Creditor to sue or otherwise enforce payment. Until all obligations of the Debtor to the Creditor have been satisfied in full, the Guarantor waives all rights of subrogation to any collateral and remedies of the Creditor against the Debtor, and other persons or entities.

**V. AUTHORITY TO ALTER OBLIGATION.** The Guarantor agrees that, without notice to

EXH 42-1

S 937

This is a RocketLawyer.com document.

the Guarantor, the Creditor may (a) change the terms of payment or performance by the Debtor to the Creditor, and/or (b) release any security. In either event, the Guarantor shall not be released from any responsibility on the obligations of the Debtor. Liability under this Guaranty is not dependent or conditioned upon this instrument being signed by any person or persons. The Guarantor's liability under this Guaranty is several and is independent of any other guarantees. Guarantees of others, if any, may be released or modified, with or without consideration, without affecting the liability of the Guarantor.

**VI. ASSIGNMENT.** This Guaranty (a) shall bind the successors and assigns of the Guarantor (this Guaranty is not assignable by the Guarantor without the express written consent of the Creditor, and is not affected by the death of the Guarantor), (b) shall inure to the Creditor, its successors and assigns, and (c) may be enforced by any party to whom all or any part of the liabilities may be sold, transferred, or assigned by the Creditor.

**VII. FINANCIAL CONDITION.** The Creditor has no duty to advise the Guarantor of the Debtor's financial condition.

**VIII. CORPORATE AUTHORITY.** The Guarantor certifies that it is not prohibited under its articles of incorporation or bylaws (or its articles of organization or operating agreement, if a limited liability company) to act as the Guarantor.

**IX. ENTIRE AGREEMENT.** This Guaranty contains the entire agreement of the parties with respect to the subject matter of this Guaranty and there are no other promises or conditions in any other agreement, whether oral or written. This Guaranty supersedes any prior written or oral agreements between the parties with respect to the subject matter of this Guaranty.

**X. AMENDMENT.** This Guaranty may be modified or amended, if the amendment is made in writing and is signed by both parties.

**XI. SEVERABILITY.** If any provision of this Guaranty shall be held to be invalid or unenforceable for any reason, the remaining provisions shall continue to be valid and enforceable. If a court finds that any provision of this Guaranty is invalid or unenforceable, but that by limiting such provision it would become valid or enforceable, then such provision shall be deemed to be written, construed, and enforced as so limited.

**XII. WAIVER OF CONTRACTUAL RIGHT.** The failure of either party to enforce any provision of this Guaranty shall not be construed as a waiver or limitation of that party's right to subsequently enforce and compel strict compliance with every provision of this Guaranty.

**XIII. APPLICABLE LAW.** This Guaranty shall be governed by the laws of the State of California.

**XIV. RECEIPT.** The Guarantor acknowledges receipt of a copy of this Guaranty.

EXH 42-2

S 938

This is a RocketLawyer.com document.

By: _____       Date: _____

11/02/2020
05:17 PM PST

Clinton Brown

EXH 42-3

S 939

This is a RocketLawyer.com document.