UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CLINTON BROWN,<br><br>               PLAINTIFF,<br><br>VS.<br><br>STEVE SMEAD,<br><br>               DEFENDANTS. | Case No.: 2:23-cv-02938-MEMF(KSx)<br><br>[PROPOSED] ORDER GRANTING PARTIAL SUMMARY JUDGMENT TO DEFENDANT SMEAD AGAINST PLAINTIFF BROWN ON THE SECOND AMENDED COMPLAINT ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR PARTIAL SUMMARY JUDGMENT<br><br>[Hon. Maame Ewusi-Mensah Frimpong, District Judge] |

On May 14, 2026, Defendant Smead filed a Notice of Motion and Motion for summary judgment, or alternatively, for partial summary judgment or adjudication, ECF No. 178, against the Second Amended Complaint [Doc. 90], and all its claims, filed 03/23/2025. The motion is made under FRCP Rule 56(a).

The moving party, Defendant Smead, moves that, in the alternative if summary judgment is not granted as to the Second Amended Complaint, that he be granted partial summary judgment, as there is no genuine dispute as to any material fact and that movant is entitled to judgment as a matter of law on the

1

matters so moved as noticed for partial summary judgment, ECF No. 178 filed May 14, 2026. The Second Amended Complaint asserts civil claims solely under 18 U.S.C. § 1962(a)-(d), for which Plaintiff seeks remedies under 18 U.S.C. § 1964, the Racketeer and Corrupt Organizations Act (RICO), codified at 18 U.S.C. §§ 1961-1968. Defendant Smead moves, alternatively, for partial summary judgment, as set forth in the above-referenced Notice of Motion and Motion.

The Court, have considered Defendant's Motion, and finding good cause therefore, hereby GRANTS the alternative Motion for Partial Summary Judgment and ORDERS, as follows:

1. Dismissed is the Second Amended Complaint's "Count 1" or first claim, for alleged violation of 18 U.S.C. § 1962(a);

2. Dismissed is the Second Amended Complaint's "Count 2" or second claim, for alleged violation of 18 U.S.C. § 1962(c);

3. That Defendant did not collect unlawful debt (18 U.S.C. § 1961(6)) from Plaintiff in violation of 18 U.S.C. § 1962(a);

4. That Defendant did not collect unlawful debt (18 U.S.C. § 1961(6)) from Plaintiff in violation of 18 U.S.C. § 1962(c);

5. That Defendant did not violate 18 U.S.C. § 1962(c), as he was not part of an enterprise of associated-in-fact persons who through a pattern of racketeering activity (predicate acts) that caused injury to Plaintiff's business or property by unlawful conduct;

6. That there is insufficient "interstate commerce" for the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1964 to apply to the claims of the Second Amended Complaint.

7. That Defendant did not cause Plaintiff to suffer money damages compensable under 18 U.S.C. §§ 1962 and 1964;

8. That Defendant is not liable to Plaintiff for any civil remedy under 18 U.S.C. § 1964; or otherwise.

IT IS SO ORDERED.

Dated: _____, 2026

_____
MAAME EWUSI-MENSAH FRIMPONG
United States District Judge